IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

       Plaintiff,

v.	Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

       Defendants.

_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF
AND INCORPORATED MEMORANDUM OF LAW**

Defendants ZeniMax Media Inc. and Bethesda Softworks LLC (collectively, "Defendants"), through their counsel and pursuant to M.D. Fla. L.R. 3.01, respectfully request leave to file a reply brief of no more than five (5) pages in further support of Defendants' Motion to Dismiss ("Motion") Plaintiff Lawrence Walewski's ("Plaintiff") Class Action Complaint ("Complaint") in its entirety.  In support of this Motion, Defendants state as follows:

    1.     Plaintiff's Opposition to Defendants' Motion to Dismiss and Incorporated Memorandum of Law ("Opposition") introduces new issues by arguing that this Court "should refrain from conducting a comprehensive choice of law analysis until the close of discovery." (Opposition at 8.)  This assertion is wrong, and, if leave is granted, Defendants will provide the Court with the appropriate case law showing that the Court properly may – and should – resolve the choice of law question at this stage of the case.

2. Plaintiff's Opposition mischaracterizes the facts relevant to the proper resolution of the choice of law question by claiming that certain "disputed or unknown facts" are relevant to this issue and that discovery is necessary to resolve the choice of law question. Plaintiff's contention is incorrect. No discovery is necessary to resolve this issue. Plaintiff's Opposition also mischaracterizes the factual allegations of Counts III and IV of the Complaint by claiming that these claims "stand independently from" its fraud-based allegations.

3. Plaintiff's Opposition relies on certain case law to support its incorrect assertion that Maryland law governs this case. The cases cited by Plaintiff are inapposite and the Opposition ignores the proper application of Section 148 of the Restatement (Second) of Conflict of Laws under established Eleventh Circuit case law. The Opposition further ignores the required application of the doctrine of *lex loci contractus* to Plaintiff's unjust enrichment and breach of implied warranty of merchantability counts, under which Florida law governs.

4. Plaintiff's Opposition further introduces new issues by apparently arguing that an alleged material omission stands apart from the vaguely alleged misrepresentations as a separate cause of action. Plaintiff is wrong and, in any event, these allegations also fail to meet the standards of Rule 9(b).

**MEMORANDUM OF LAW**

Rule 3.01(d) of the Middle District of Florida Local Rules provides that a party may request leave to file a reply by filing a motion not to exceed three pages, specifying the length of the proposed filing. Granting leave to file a reply brief is appropriate where the opposing party has misstated facts, cited case law that should not be applied to a given set of facts, or where the opposing party's brief has raised additional issues not addressed in the original motion. *See, e.g., Ottaviano v. Nautilus Ins. Co.*, Case No. 08 Civ. 2204, 2009 WL 425976 (M.D. Fla. Feb. 19,

2009) (granting leave to file reply brief where movant properly asserted in motion for leave that respondent's brief misstated facts and cited inapposite case law).  Plaintiff's Opposition raises new issues, mischaracterizes facts and relies on inapposite case law – and Defendants should be granted leave to address these deficiencies in Plaintiff's Opposition.

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request leave to file a short reply brief of no more than five pages in further support of their Motion to Dismiss.

## M.D. LOCAL RULE 3.01(g) CERTIFICATION

On October 14, 2011, counsel for Defendants in good faith conferred with counsel for Plaintiff regarding the relief requested herein.  Plaintiff did not agree to the relief requested by Defendants.

Dated: October 17, 2011

Respectfully submitted,

s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

*Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Leave to File Reply Brief and Incorporated Memorandum of Law was served upon the following counsel of record by electronic mail through the ECF System on October 17, 2011.

        s/ John T. Williams
        HINKHOUSE WILLIAMS WALSH LLP
        John T. Williams (admitted *pro hac vice*)
        Jason H. Nash (admitted *pro hac vice*)
        180 N. Stetson Avenue, Suite 3400
        Chicago, Illinois  60601
        Telephone: (312) 784-5400
        Facsimile: (312) 784-5499
        jwilliams@hww-law.com
        jnash@hww-law.com

        William F. Jung
        FBN: 380040
        JUNG & SISCO, P.A.
        101 E. Kennedy Blvd., Ste. 3920
        Tampa, FL 33602
        Telephone: (813) 225-1988
        Facsimile: (813) 225-1392
        wjung@jungandsisco.com

        ***Attorneys For Defendants ZeniMax Media Inc.***
        ***and Bethesda Softworks LLC***

ND: 4841-3666-2284, v.  1