## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

      *Plaintiff*,                                                    Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

      *Defendants*,
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## FOR LEAVE TO FILE REPLY BRIEF

Plaintiff Lawrence Walewski respectfully responds to Defendants Zenimax Media, Inc.'s and Bethesda Softworks, LLC's ("Defendants") Motion for Leave to File Reply Brief and Incorporated Memorandum of Law, and states as follows:

### ARGUMENT

Defendants fail to demonstrate that they are entitled to a reply brief in support of their Motion to Dismiss. Plaintiff's Opposition is narrowly tailored to address each argument introduced by Defendants (and nothing more), relies on an abundance of well-established and relevant case law, and, unlike Defendants' opening brief, relies solely on well-pleaded facts asserted in the Complaint. Defendants claim – without citation to a single argument, factual assertion, or authority contained within Plaintiff's Opposition – that Plaintiff purportedly introduces new issues, mischaracterizes facts, and relies on improper case law in support of its arguments. But Defendants can only support these bare assertions with claims that Plaintiff's "assertion is wrong," that "no discovery is necessary to resolve [the choice of law] issue," that Plaintiff

"ignores the proper application" of relevant authority, and that Plaintiff's allegations "fail to meet the standards of Rule 9(b)." In other words, Defendants simply take issue with Plaintiff's application of well-pleaded facts and analysis of indisputably relevant law. While Defendants' disagreement is not surprising, it alone does not entitle Defendants to a reply brief under MD. Fla. L.R. 3.01.

Defendants raise four separate points in support of their Motion, each of which is insufficient to demonstrate the need for a reply brief. First, Defendants argue that Plaintiff's Opposition "introduces new issues" by asserting that Defendants' choice of law arguments are premature. But Defendants ignore the fact that they chose to introduce choice of law issues into this litigation, and Plaintiff's straightforward response merely demonstrates that Defendants raised the issue prematurely in their Motion to Dismiss. Defendants had ample opportunity to demonstrate why the facts pleaded in the complaint supported application of Florida law, and it was proper for Plaintiff to oppose Defendants' argument by demonstrating that a decision based solely on such facts (as well as numerous assumed, unknown facts) was premature.

Second, Defendants argue that Plaintiff "mischaracterizes" certain unspecified facts relevant to the "choice of law question." Notably, Defendants fail to identify even a single fact that Plaintiff purportedly misstated or misrepresented in the Opposition, and this alone is sufficient reason to reject Defendants' argument. Moreover, it is ironic that Defendants accuse Plaintiff of mischaracterizing facts in this context, considering that Plaintiff demonstrates – with specific citations to portions of Defendants' Motion to Dismiss – that Defendants themselves rely on numerous "facts" not alleged in the complaint in support of their choice of law argument. In contrast, Plaintiff's Opposition is based entirely on well-pleaded facts (which are supported with citations to the complaint) and identification of demonstrable unknown facts, none of which have been mischaracterized in any way by Plaintiff.

Third, Defendants' claim that Plaintiff "relies on certain case law to support its incorrect assertion that Maryland law governs this case" is entirely unsupported and without merit. Once again, Defendants do

not identify a *single case* cited by Plaintiff that is inapplicable to the facts asserted in the Complaint, arguing instead that all "cases cited by Plaintiff are inapposite." In reality, Defendants appear to base their argument on what *does not* appear in Plaintiff's Opposition, claiming that Plaintiff "ignores the proper application of [the Restatement] under established Eleventh Circuit case law." But to the extent that Defendants believe that Plaintiff "ignores" relevant case law and its proper application, there is little more to say. Presumably Defendants will argue that they properly analyzed and applied the relevant case law in their opening brief, and the Court is well suited to weigh the parties' respective arguments.

Finally, Defendants' claim that Plaintiff "introduces new issues" by "arguing that an alleged material omission stands apart . . . as a separate cause of action" showcases Defendants' startling misunderstanding of Plaintiff's argument and governing law. As is clear in Plaintiff's Opposition and scores of supporting case law, a plaintiff may satisfy Rule 9(b) and state a claim under applicable consumer fraud statutes by alleging *either* an affirmative misrepresentation or an omission of a material fact. Plaintiff does not argue that Defendants' failure to disclose a material defect in the *Oblivion* video game gives rise to a "separate" cause of action not alleged in the Complaint. Rather, Defendants' material omission – along with its affirmative misrepresentations regarding the gameplay of *Oblivion* – is the underlying conduct that gives rise to Plaintiff's claims under the Maryland Consumer Protection Act and False Advertising Law, and Plaintiff properly limits his argument accordingly.

## CONCLUSION

In the end, Defendants' desire to have the last word before the Court is not a sufficient basis to grant leave for them to file a reply brief. Accordingly, and for the reasons detailed herein, Defendants' Motion should be denied.

Dated: October 19, 2011                                          Respectfully submitted,

/s/ Steven Teppler
One of Mr. Walewski's Attorneys


EDELSON MCGUIRE LLC
Steven Teppler
Florida Bar No. 14787
steppler@edelson.com
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

Jay Edelson (admitted *pro hac vice*)
Rafey Balabanian (admitted *pro hac vice*)
Bradley Baglien (admitted *pro hac vice*)
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
bbaglien@edelson.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on October 19 2011, he caused the foregoing Opposition to Defendants' Motion for Leave to File Reply Brief to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated: October 19, 2011                                                /s/ Steven Teppler
                                                                                  EDELSON MCGUIRE LLC
                                                                                  5715 Firestone Court
                                                                                  Sarasota, FL 34238
                                                                                  Telephone: (941) 487-0050
                                                                                  Facsimile: (312) 572-7210

                                                                                  *Attorney for Plaintiff Lawrence Walewski*