IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

    Plaintiff,

v.                                                      Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

    Defendants.

_____/

**DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS
AND INCORPORATED MEMORANDUM OF LAW**

Defendants ZeniMax Media Inc. and Bethesda Softworks LLC (collectively, "Defendants"), through their counsel and pursuant to Federal Rule of Civil Procedure 12(f) and M.D. Fla. L.R. 4.04(b), respectfully move to strike the class allegations from Plaintiff Lawrence Walewski's ("Plaintiff") Class Action Complaint ("Complaint") in their entirety and with prejudice. In support of this Motion, Defendants state as follows:

**INTRODUCTION**

Plaintiff filed his Complaint on July 18, 2011 purporting to represent a class of all U.S. purchasers of *The Elder Scrolls IV: Oblivion*® video game. [Dkt. #1 at ¶ 51.] Rule 4.04(b) of the Middle District of Florida Local Rules requires:

> Within ninety (90) days following the filing of the initial complaint in such an action, unless time is extended by the Court for cause shown, the named plaintiff or plaintiffs **shall move** for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action.

M.D. Fla. L.R. 4.04(b) (emphasis added). Plaintiff was required to file a motion for class certification no later than October 17, 2011. Plaintiff has failed to do so. Plaintiff further has failed to move this Court for leave to conduct any class discovery. M.D. Fla. L.R. 4.04(b) ("If discovery relating to class action issues is needed, the parties may move the Court for leave to take such discovery prior to the case management meeting.")[1] Notwithstanding that Plaintiff's Complaint utterly fails to set forth even a single cognizable cause of action as to Plaintiff as an individual – it does not [Dkt. #25][2] – Plaintiff has not satisfied any of the procedural requirements necessary to maintain this case as a class action. The class allegations in Plaintiff's Complaint should be stricken.

## ARGUMENT

**I.   Plaintiff's Failure To Comply With M.D. Fla. L.R. 4.04(b) Warrants Striking Plaintiff's Class Allegations From The Complaint With Prejudice**

The Eleventh Circuit unambiguously has affirmed the authority of district courts to strictly enforce local rules setting deadlines for class certification motions and the authority of the district court to deny class certification for a plaintiff's failure to comply with those deadlines. *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F. 3d 1200, 1216 n. 38 (11th Cir. 2003) (expressly acknowledging the availability of sanctions for plaintiff's failure to comply with N.D. Fla. L.R. 23.1(b) "which imposes on class action plaintiffs a duty to move for class certification within ninety days of filing their complaint"); *Gonzalez v. Asset Acceptance, LLC*, 308 Fed. Appx. 429, 430 (11th Cir. 2009) (affirming denial of class certification based on

---

[1] The parties conducted a case management meeting pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. L.R. 3.05 on October 5, 2011 regarding the parties' Joint Case Management Report and further conferred on October 28, 2011.

[2] Defendants simultaneously file herewith their Reply Memorandum in Support of Motion to Dismiss addressing the deficiencies in Plaintiff's Opposition to Defendants' Motion to Dismiss and Incorporated Memorandum of Law and further demonstrating the numerous inadequacies of Plaintiff's Complaint.

plaintiff's failure to move for class action determination within 90 days of filing the initial complaint pursuant to M.D. Fla. L.R. 4.04(b)). The Middle District of Florida accordingly strictly enforces the 90 day deadline imposed by L.R. 4.04(b) and routinely strikes class allegations for violation of that deadline. *Seyboth v. General Motors Corp.*, Case No. 07 Civ. 2292, 2008 WL 1994912 at *2 (M.D. Fla. May 8, 2008) (granting motion to strike class allegations for violation of M.D. Fla. L.R. 4.04(b)); *Wilcox v. Taco Bell of America, Inc.*, Case No. 10 Civ. 2383, 2011 WL 3444261 at *2 (M.D. Fla. Aug. 8, 2011) (granting motion to strike class allegations filed four days after the expiration of the L.R. 4.04(b) deadline).

Other federal district courts sitting in Florida and around the country also consistently hold that class allegations should be stricken for a plaintiff's failure to timely move for class certification. *See Jones v. Hartford Ins. Co. of the Midwest*, 243 F.R.D. 694, 697 (N.D. Fla. 2006) (granting motion to strike class allegations where plaintiff failed to comply with the local rule requiring class certification motions be filed within 90 days of the filing of the complaint); *Young v. BellSouth Communications, Inc.*, Case No. 01 Civ. 8387, 2001 WL 36260499 at *1 (S.D. Fla. Sept. 25, 2001) (striking plaintiffs' class allegations where plaintiffs "failed to comply with any of the[] requirements" of N.D. Fla. L.R. 23.1, which "requires plaintiffs to file a motion to certify a class within 90 days of filing the complaint"); *Williams v. Southern Bell Tel. and Tel. Co.*, Case No. 77 Civ. 1895, 1978 WL 73 at *3 (S.D. Fla. April 4, 1978) (striking class action allegations for failure to move for class certification within 90 days of filing the complaint); *Hall v. Bio-Med. App. Inc.*, 671 F.2d 300, 302-03 (8th Cir. 1982) (affirming striking of class allegations for plaintiff's failure to comply with local rule requiring class certification motion be filed within 90 days after filing of complaint).

Plaintiff has failed to comply with any of the requirements of Local Rule 4.04(b). Plaintiff failed to move for class certification within the required 90 days of filing his Complaint.[3] *Id.* Defendants' pending Motion to Dismiss [Dkt. #25] does not in any way impact the Local Rule 4.04(b) deadline – much less excuse Plaintiff's failure to timely move for class certification. *See, e.g., Crawley v. Paskert-Johnson Co.*, Case No. 07 Civ. 1789, 2008 WL 4793650, at *2 (M.D. Fla. Nov. 3, 2008) (dismissing putative class claims for failure to timely move for certification under Local Rule 4.04(b) where the 90 day deadline expired while defendants' Rule 12(b)(6) motion to dismiss was pending). Plaintiff's Complaint accordingly cannot be maintained as a class action, and all class allegations should be stricken in their entirety with prejudice.

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that this Court strike the class allegations in Plaintiff's Complaint in their entirety and with prejudice.

---

[3] Plaintiff's failure to timely file a motion for class certification further demonstrates Plaintiff's inability to fairly and adequately protect the interests of the putative class pursuant to Fed. R. Civ. P. 23(a)(4). *Seyboth v. General Motors Corp.*, 2008 WL 1994912 at *2 (the failure to comply with M.D. Fla. L.R. 4.04(b) "calls into question Plaintiff's ability to adequately protect the interests of the class"); *Williams v. Southern Bell Tel. and Tel. Co.*, 1978 WL 73 at *2 ("Numerous other courts have also held that when a plaintiff has failed to move for class certification in a timely manner, i.e. in compliance with a local rule governing such matters or a court order, such a plaintiff has failed to satisfy the mandate of Rule 23(a)(4) of fairly and adequately representing the interests of the putative class.")

Dated: October 28, 2011						Respectfully submitted,

							s/ John T. Williams
							HINKHOUSE WILLIAMS WALSH LLP
							John T. Williams (admitted *pro hac vice*)
							Jason H. Nash (admitted *pro hac vice*)
							180 N. Stetson Avenue, Suite 3400
							Chicago, Illinois  60601
							Telephone: (312) 784-5400
							Facsimile: (312) 784-5499
							jwilliams@hww-law.com
							jnash@hww-law.com

							William F. Jung
							FBN: 380040
							JUNG & SISCO, P.A.
							101 E. Kennedy Blvd., Ste. 3920
							Tampa, FL 33602
							Telephone: (813) 225-1988
							Facsimile: (813) 225-1392
							wjung@jungandsisco.com

							***Attorneys For Defendants ZeniMax Media Inc.***
							***and Bethesda Softworks LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Strike Class Allegations and Incorporated Memorandum of Law was served upon the following counsel of record by electronic mail through the ECF System on October 28, 2011.

        s/ John T. Williams
        HINKHOUSE WILLIAMS WALSH LLP
        John T. Williams (admitted *pro hac vice*)
        Jason H. Nash (admitted *pro hac vice*)
        180 N. Stetson Avenue, Suite 3400
        Chicago, Illinois 60601
        Telephone: (312) 784-5400
        Facsimile: (312) 784-5499
        jwilliams@hww-law.com
        jnash@hww-law.com

        William F. Jung
        FBN: 380040
        JUNG & SISCO, P.A.
        101 E. Kennedy Blvd., Ste. 3920
        Tampa, FL 33602
        Telephone: (813) 225-1988
        Facsimile: (813) 225-1392
        wjung@jungandsisco.com

        ***Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC***

ND: 4828-7607-4253, v. 1