IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

      Plaintiff,

v.                                                 Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

      Defendants.
_____/

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants ZeniMax Media Inc. and Bethesda Softworks LLC (collectively, "Defendants") hereby submit this Reply Memorandum in Support of their Motion to Dismiss and Incorporated Memorandum of Law and request that this Court enter an order dismissing Plaintiff Lawrence Walewski's ("Plaintiff") Class Action Complaint ("Complaint") in its entirety.[1]

**ARGUMENT**

**I.**     **Plaintiff's Complaint Is Not Governed By Maryland Law And Each Count Should Be Dismissed For Failure To State A Claim**

    **A.**     **Plaintiff's Fraud-Based Claims Are Governed By Florida Law.**

Plaintiff's Opposition to Defendants' Motion to Dismiss and Incorporated Memorandum of Law ("Opposition") predictably ignores the proper standard under which the choice of law issue should be resolved because these factors overwhelmingly favor the application of Florida law. The Eleventh Circuit squarely has held that Section 148 of the Restatement (Second) of

---

[1] Defendants' Motion does not discuss the merits of any potential claims under Florida law because no such claims were pleaded in the Complaint. Defendants reserve the right to challenge the merits of any later pleaded claims under Florida law.

Conflict of Laws ("Restatement") governs choice of law determinations for fraud and misrepresentation claims. *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1118 (11th Cir. 1996) (affirming application of the law of the state in which the misrepresentations and the initial acts of reliance occurred). Plaintiff cannot evade the factors central to this determination under Restatement Section 148: (a) where the plaintiff acted in reliance on the representations; (b) where the plaintiff received the representations; (c) where the defendant made the representations; (d) the residence of the parties; (e) where a tangible thing which is the subject of the transaction between the parties was situated at the time; and (f) where the plaintiff is to perform the contract which he has been induced to enter by the false representations. *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1365 (S.D. Fla. 2007) (citing *Trumpet Vine*, 92 F.3d at 1118).

The Opposition does not dispute that the state in which Plaintiff resides, received the alleged misrepresentations, and acted in reliance on the alleged misrepresentations is Florida. Plaintiff's copy of *The Elder Scrolls IV: Oblivion*® ("*Oblivion*") is located in Florida, and the Complaint alleges that "a substantial part of the events giving rise to the claims asserted herein occurred in this district." (Compl. ¶ 5.) Plaintiff's fraud-based claims are governed by Florida law. *Berry* at 1363; *In re Grand Theft Auto Video Game Consumer Litigation*, 251 F.R.D. 139, 146 (S.D.N.Y. 2008) ("In analyzing putative, nationwide, consumer-protection class actions, several courts have determined that the law of the state where each plaintiff resides and purchased the relevant product should apply;" decertifying proposed settlement class consisting of all nationwide video game purchasers).

    **B.**    **The Choice Of Law Issue Is Properly Decided On Defendants' Motion to Dismiss.**

The Opposition's entreaty that the Court "should refrain from conducting a comprehensive choice of law analysis until the close of discovery" is wrong as a matter of law

and fact. This Court can resolve this issue at this stage as a matter of law. *David v. American Suzuki Motor Corp*, 629 F. Supp. 2d 1309, 1314 (S.D. Fla. 2009) ("To properly evaluate each Defendants' Motion to Dismiss, [the Court] must determine which state's law applies to Plaintiff's claims") (citing *Brisson v. Ford Motor Co.*, 602 F. Supp. 2d 1227 (M.D. Fla. 2009) (determining choice of law issue before reaching defendant's motion to dismiss)). As a matter of fact, the Opposition does not dispute the determinative facts under Section 148 of the Restatement, detailed *supra*.[2] The claimed "disputed or unknown facts" identified in the Opposition have no bearing on the choice of law issue.[3] *Id.*

The case law cited in the Opposition is inapposite and does not support the contention that the Court should not resolve the choice of law at this time. For example, the Court in *Arroyo v. Milton Academy* declined to determine the choice of law issue in connection with defendants' motion to amend their answer – which did not require resolution of the issue to determine the viability of the complaint. Case No. 10 Civ. 117, 2011 WL 65938, *3 (D. Vt. Jan. 10, 2011). In *Synder v. Farnam Companies, Inc.*, the Court actually determined the proper law to be applied to each count "on an issue-by-issue basis" for all counts for which additional facts were not required to conduct the choice of law analysis. Case No. 10 Civ. 1391, 2011 WL 2112500, at *3 (D.N.J. May 26, 2011). In *Graboff v. The Collern Firm*, the Court held that "a

---

[2] Plaintiff attempts to argue that these facts "are not alleged in the pleadings" and therefore should not be considered by this Court – but Plaintiff cannot rely on its deficient pleading to delay this Court's proper determination of the choice of law question. *Brisson*, 602 F. Supp. 2d at 1231 ("In a situation in which the facts alleged do not substantiate application of any particular foreign law, the forum generally applies the law of the state in which it sits.")

[3] Plaintiff incorrectly states that "Defendants fail to identify any authority to support its [sic] contention that Maryland's false advertising law does not permit a private right of action." (Opposition at 10.) Maryland's False Advertising Statute ("MFAS") only provides for enforcement by the Attorney General and expressly states that it "does not modify any right of a person in private litigation." Md. Code Ann., Comm. Law §§ 11-705, 11-707. Plaintiff has failed to identify a single case in which a private cause of action under the MFAS was recognized – because none exist.

choice of analysis is premature because the record lacks necessary facts for the Court to conduct the fact-intensive, context-specific analysis required by Pennsylvania law." Case No. 10 Civ. 1710, 2010 WL 4456923, at *8 (E.D. Pa. Nov. 8, 2010). No additional facts are necessary to resolve the choice of law issue for Defendants' Motion to Dismiss.

### C. Plaintiff Does Not Dispute That His Breach of Warranty and Unjust Enrichment Claims are Governed by Florida Law.

Plaintiff's Opposition does not dispute that because Count III (breach of the implied warranty of merchantability) and Count IV (unjust enrichment) are governed by Florida law under the doctrine of *lex loci contractus*, *David v. American Suzuki Motor Corporation*, 629 F. Supp. 2d at 1316-17 (applying the doctrine of *lex loci contractus* to claims for breach of the implied warranty of merchantability and unjust enrichment), these Counts must be dismissed.[4]

## II. Plaintiff's Omission Allegations Are Subsumed Within His Misrepresentation Claim And Do Not State An Independent Claim

The Opposition erroneously claims that the Defendants' alleged omissions constitute an independent cause of action that has been properly pleaded under Rule 9(b). (Opposition at 16.) But any alleged omission is subsumed within Plaintiff's allegation that Defendants misrepresented *Oblivion's* gameplay and does not properly state an independent claim. First, Plaintiff's argument that Defendants "intentionally failed to disclose the existence of the Animation Defect" (Opposition at 16) is directly contradicted by Paragraph 34 of Plaintiff's Complaint, in which Plaintiff alleges that "Defendants admitted their knowledge of the Animation Defect on Bethesda's forums[.]" (Compl. ¶ 34.) Second, the Complaint fails to state a claim under Rule 9(b) because it does not identify "the time and place of th[e] omission [and]

---

[4] Plaintiff's contention that these claims "stand independently from" his fraud-based allegations is flat wrong. These claims incorporate by reference and rely upon Plaintiff's fraud allegations in claiming that Defendants breached the warranty and were unjustly enriched. (Compl. ¶¶ 75-78, 80-83.)

4

the person responsible for making the omission." *Thomas v. Pentagon Federal Credit Union*, 393 Fed. Appx. 635, 638 (11th Cir. 2010) (affirming dismissal of fraud claims based on plaintiff's failure to identify the specific details of any omission). Third, the Complaint fails to state a claim based on any alleged omission because it has not alleged – and cannot properly allege – that Defendants owed a duty of disclosure to Plaintiff. *Behrman v. Allstate Ins. Co.*, 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005) ("Under Florida law, omissions are not actionable as fraudulent misrepresentations unless the party omitting the information owes a duty of disclosure to the party receiving the information.")

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Class Action Complaint in its entirety.

Dated: October 28, 2011                    Respectfully submitted,

                                                                    s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Memorandum in Support of Motion to Dismiss was served upon the following counsel of record by electronic mail through the ECF System on October 28, 2011.

                              s/ John T. Williams
                              HINKHOUSE WILLIAMS WALSH LLP
                              John T. Williams (admitted *pro hac vice*)
                              Jason H. Nash (admitted *pro hac vice*)
                              180 N. Stetson Avenue, Suite 3400
                              Chicago, Illinois  60601
                              Telephone: (312) 784-5400
                              Facsimile: (312) 784-5499
                              jwilliams@hww-law.com
                              jnash@hww-law.com

                              William F. Jung
                              FBN: 380040
                              JUNG & SISCO, P.A.
                              101 E. Kennedy Blvd., Ste. 3920
                              Tampa, FL 33602
                              Telephone: (813) 225-1988
                              Facsimile: (813) 225-1392
                              wjung@jungandsisco.com

                              ***Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC***

ND: 4817-3398-6060, v.  2