**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LAWRENCE WALEWSKI, individually and on behalf of all others similarly situated,

*Plaintiff*,

Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware Corporation, and BETHESDA SOFTWORKS, LLC, a Delaware Limited Liability Company,

*Defendants*,
_______________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Lawrence Walewski, through his counsel and pursuant to Federal Rule of Civil Procedure 6(b) and M.D. Fla. L.R. 4.04(b), respectfully moves this Court for leave to file his Motion for Class Certification. Plaintiff has attached a proposed class certification motion hereto as Exhibit A. In support of this Motion, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff filed his Class Action Complaint on July 18, 2011. Plaintiff concedes that, pursuant to Local Rule 4.04(b), he was required to file a motion for class certification on or before October 17, 2011, ninety days after the date of filing of the complaint. However, as discussed fully below, Plaintiff's failure to file a timely class certification motion was the result of excusable neglect—and Defendants do not argue otherwise in their pending Motion to Strike Plaintiff's Class Allegations.[1]

The circumstances surrounding the delay, as well as its lack of impact on Defendants and the

[1] Plaintiff has simultaneously filed his opposition to Defendants' pending Motion to Strike.

progress of this action, strongly weigh in favor of granting Plaintiff a brief extension to move for class certification. Defendants do not argue that they have been (or will be) prejudiced by the modest delay in receiving Plaintiff's motion. There has been no impact on the progress of these judicial proceedings, as Defendants' motion to dismiss remains pending and the period for class and merits discovery has just begun. Indeed, Defendants have agreed to extend class discovery through October 2012, which led Plaintiff to believe that Defendants had acquiesced to Plaintiff filing his class certification motion after the agreed-upon date for the conclusion of class discovery. And perhaps most importantly, counsel for Plaintiff has acted promptly and in good faith to resolve the oversight, filing the instant Motion and a proposed class certification motion one court-day after counsel was put on notice of the error by Defendants' motion to strike. For these reasons, and as explained fully below, the Court should grant Plaintiff leave to file the attached Motion for Class Certification.

**ARGUMENT**

It is well within the Court's equitable discretion to grant Plaintiff leave to move for class certification after the October 17 deadline. "A court may grant a motion for extension of time made after a deadline has expired 'if the party failed to act because of excusable neglect.'" *Wilcox v. Taco Bell of America, Inc.*, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 8, 2011) (citing Fed. R. Civ. P. 6(b)). The Supreme Court has endorsed a "flexible understanding" of excusable neglect and has held that the term encompasses "inadvertence, mistake, or carelessness." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). In *Pioneer*, the Supreme Court enumerated four factors to consider when determining whether delay was the result of excusable neglect: "[1] the danger of prejudice to the [nonmovant,] [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant

acted in good faith." *Id.* The Eleventh Circuit has recognized that *Pioneer* "accorded primary importance to the absence of prejudice . . . and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

The Eleventh Circuit's application of the excusable neglect standard in *Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999) is instructive. In *Walter*, the defendant filed a motion to dismiss on July 2, 1997, which, pursuant to local rules, set the plaintiff's response deadline to July 18. *Id.* at 1200. On July 14, the plaintiff requested a 20-day extension to respond, which the court granted on August 19. *Id.* Over six weeks later, and after the plaintiff had failed to file a response, the district court granted the defendant's motion to dismiss on October 6. *Id.* Upon receiving notice of the judgment, the plaintiff promptly filed her response to the motion to dismiss on October 8, and one week later, the plaintiff moved to set aside the district court's order granting the motion to dismiss. *Id.* While the plaintiff admitted that her counsel "learned" of the pending motion to dismiss in late September and realized her response was past due, the plaintiff asserted that her motion to set aside the ruling "was brought in good faith" and that "no prejudice will arise to the Defendant by setting aside the order" granting the defendant's motion to dismiss. *Id.* The district court disagreed and denied the plaintiff's motion to set aside its dismissal order. *Id*

On appeal, the court of appeals found that the district court abused its discretion in failing to excuse the plaintiff's error. *Id.* at 1201-1202. The court noted that the Supreme Court's analysis of the excusable neglect standard "directly control[s] the outcome of this case, and all four factors weigh in favor of [the plaintiff's] position." *Id.* at 1202. The court found that counsel's neglect was excusable because: [1] the defendant "admitted that it had not suffered any prejudice from [the plaintiff's] delay"; [2] despite the one-month delay, "there is no reason to believe allowing [the plaintiff] to file the untimely response would have had an adverse impact on the district court or its resources"; [3] the reason for the delay was the failure of a

former secretary of [the plaintiff's] attorney to record the applicable deadline," which was an "innocent oversight"; and [4] the defendant "concedes that [the plaintiff] did not act in bad faith." *Id.*

The Eleventh Circuit reached a similar conclusion in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996). In *Cheney*, the plaintiff attempted to demand a trial *de novo* following an arbitration award, but filed his request six days after the deadline had passed and three days after the district court had entered judgment against him. *Id.* at 849. On appeal, the Eleventh Circuit reversed the district court's order because the *Pioneer* factors weighed in the plaintiff's favor. *Id.* at 850. In particular, the court found that the defendant could not show that it had suffered any prejudice, and the six-day delay had no adverse impact on the district court. *Id.* In addition, the court explained that the delay was caused by a miscommunication between two attorneys, which constituted "simply an innocent oversight by counsel." *Id.* Finally, the court emphasized that there was no evidence that the plaintiff had acted in bad faith. *Id*

Here, much like in *Pioneer*, *Walter*, and *Cheney*, the balance of factors demonstrates that counsel's oversight was the result of excusable neglect. Most significantly, Defendants do not—and indeed cannot—argue that they have suffered any prejudice as a result of Plaintiff's modest delay in moving for class certification. And because Plaintiff attaches and proposes to immediately file the required class certification motion upon receiving leave from the Court, there is no danger of newfound prejudice resulting from further delay. The lack of prejudice to Defendants is not surprising, given that Defendants agreed to a discovery plan that contemplated a period for class discovery extending to October 1, 2012. (Baglien Decl. ¶¶ 5-7.) Had Defendants required an early resolution of whether Plaintiff could proceed on a class-wide basis to avoid prejudice, they would not have agreed to allow Plaintiff to seek class-related discovery through October of next year. As it stands, this case is still in its early stages. While the Parties have met and conferred pursuant to Rule 26(f) and will soon exchange initial disclosures pursuant to Rule 26(A)(1),

they have not yet submitted their proposed scheduling order to the Court, and the Court has not held an initial Case Management Conference. (Baglien Decl. ¶ 7.) The Parties are also not yet at issue. Indeed, Defendants just filed their reply in support of the motion to dismiss on October 28. (Dkt. No. 32.) Accordingly, Defendants have not been prejudiced by the delay, which weighs strongly in favor of a finding of excusable neglect. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("The inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case.").

As to the second factor, Plaintiff's modest delay has not adversely impacted these proceedings, and counsel's prompt acknowledgement and proposed remedy negates the risk that this litigation will be unnecessarily delayed. Again, it is little surprise that Defendants do not argue to the contrary. Defendants' motion to dismiss is still pending, the discovery period has only recently begun, and Plaintiff's class certification motion will be filed well before any pending discovery or dispositive motion deadline. Accordingly, the requested extension poses no threat to the efficiency of continued judicial proceedings.

Defendants do not suggest that Plaintiff has acted in bad faith, and Plaintiff's prompt response to remedy any defect provides ample evidence of good faith. Upon learning from Defendants' Motion to Strike—filed on Friday, October 28—that Plaintiff's class certification motion was untimely, counsel immediately began to prepare this motion, a motion for class certification, and an opposition to Defendants' motion. (Baglien Decl. ¶ 8.) Plaintiff has now filed both documents concurrently just one court-day later, on Monday, October 31. Plaintiff's good faith response to remedy the delay strongly weighs in favor of a finding that any neglect was excusable.

Finally, while compliance with Local Rule 4.04 ultimately falls within Plaintiff's control, numerous factors contributed to Plaintiff's failure to move for class certification by October 17, 2011. Counsel for

Defendants first appeared in this action on or about September 16, 2011, and filed a motion to dismiss on September 26, 2011—only three weeks before the expiration of the 90-day deadline. (Dkt. No. 25.) Plaintiff prepared and filed a timely opposition on October 11, 2011, and later filed an additional opposition to Defendants' request for a reply brief. (Dkt. Nos. 27, 29.) Because Defendants' challenge to the legal sufficiency of Plaintiff's complaint could potentially moot any class certification issues, counsel focused his efforts on opposing Defendants' motion to dismiss and inadvertently failed to calendar the deadline imposed by Rule 4.04. (Baglien Decl. ¶ 8.) But counsel's failure to "record the applicable deadline" is precisely the type of "innocent oversight" that the Eleventh Circuit expressly recognized as excusable. *Walter*, 181 F.3d at 1202. Moreover, during an initial Rule 26(f) conference held on October 5, 2011, the parties agreed to extend discovery relating to both class and merits issues until October 1, 2012. Baglien Decl. ¶ 4-7. As a result of the agreed discovery schedule, Plaintiff reasonably believed that Defendants had acquiesced to Plaintiff moving for class certification after the close of class discovery.

Defendants' suggestion that Plaintiff could have sought leave of court to issue class-related discovery requests prior to the passing of the October 17 deadline is both opportunistic and disingenuous. Given the timing of Defense counsel's appearance in the case (September 16) and the general prohibition on issuing discovery requests predating a Rule 26(f) conference, Plaintiff could not have plausibly met and conferred in time to issue and receive back discovery requests and then file a timely class certification based on those responses. Defendants' argument simply ignores the timeline of this litigation, and it does not support striking Plaintiff's class allegations.

Accordingly, each of the *Pioneer* factors weighs heavily in favor of finding that plaintiff's failure to move for class certification on or before October 17 was the result of excusable neglect. Plaintiff has been actively engaged in this litigation and mindful of relevant deadlines, including those relating to Defendants'

motion to dismiss and relevant discovery cutoffs. Defendants have suffered no prejudice as a result of the brief delay, which has had no discernible impact on the progress of this litigation or continued judicial proceedings. Finally, Plaintiff has acted in good faith to promptly address the mistake, filing this Motion and a proposed motion for class certification only one court-day after learning of the error. Combined with the fact that Plaintiff could not timely issue discovery requests and receive responses before the deadline, and the fact that Defendants agreed to extend the class discovery period to October 2012, Plaintiff's inadvertent failure to move for class certification on or before October 17, 2011 was the result of excusable neglect, and should be excused by the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave for Plaintiff to file the attached Motion for Class Certification.

Dated: October 31, 2011

Respectfully submitted,

LAWRENCE WALEWSKI, individually, and on behalf of all others similarly situated,

/s/ Steven Teppler
One of Mr. Walewski's Attorneys

EDELSON MCGUIRE LLC
Steven Teppler
steppler@edelson.com
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

Jay Edelson (admitted *pro hac vice*)
Rafey Balabanian (admitted *pro hac vice*)
Bradley Baglien (admitted *pro hac vice*)

EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
bbaglien@edelson.com

**LOCAL RULE 3.01(g) CERTIFICATION OF COUNSEL**

On October 31, 2011, counsel for Plaintiff in good faith conferred with counsel for Defendants' regarding the relief requested herein. Defendants did not agree to the relief requested by Plaintiff.

Dated: October 31, 2011

/s/ Steven Teppler__
EDELSON MCGUIRE LLC
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

*Attorney for Plaintiff Lawrence Walewski*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on October 31, 2011, he caused the foregoing ***Opposition to Defendants' Motion to Strike Class Allegations*** to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: October 31, 2011

/s/ Steven Teppler

EDELSON MCGUIRE LLC
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

*Attorney for Plaintiff Lawrence Walewski*