# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

    *Plaintiff*,

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

    *Defendants*,

                                               /

Case No. 6:11-cv-01178-JA-DAB

## **DECLARATION OF BRADLEY M. BAGLIEN**

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated.

2. I am an attorney with the law firm of Edelson McGuire LLC and represent the named Plaintiff in this matter, Lawrence Walewski.

3. On September 26, 2011, I sent an email to Jason Nash, Esq. and John Williams, Esq., counsel for Defendants, requesting that the parties engage in an initial case management conference pursuant to Fed. R. Civ. P. 26(f). Mr. Nash replied that Defendants' counsel were not available to meet and confer until October 5, 2011.

4. On October 5, 2011, and along with Rafey Balabanian, Esq. of Edelson McGuire LLC, I participated in a Rule 26(f) teleconference with Mr. Nash. During the teleconference, counsel for the parties agreed to a discovery plan and set deadlines for the close of class, merits, and expert discovery, among other things.

5. Counsel for both parties agreed that discovery relating to both class and merits issues would proceed simultaneously. The parties then agreed that the deadline to complete class and merits discovery would extend until October 1, 2012.

6. After the teleconference, I prepared a draft Joint Case Management Report detailing the parties' discovery plan, which I sent to Defendants' counsel vial email on October 19, 2011.

7. On October 28, 2011, the parties further conferred about the agreed discovery plan, as well as the Case Management Report. At that time, counsel for Defendants did not request any changes to the agreed-upon discovery plan. The parties intend to file the Joint Case Manage Report with the court shortly.

8. I am admitted *pro hac vice* in this case. While I reviewed the Local Rules for the Middle District of Florida prior to appearing in this action, I inadvertently failed to calendar the deadline imposed by Local Rule 4.04 to file Plaintiff's Motion for Class Certification on my personal or docket calendar. I first learned of the error upon receiving Defendants' Motion to Strike Plaintiff's Class Allegations. Immediately thereafter, I began preparing Plaintiff's Motion for Class Certification, Opposition to Defendants' Motion to Strike Plaintiff's Class Allegations, and Motion for Leave to File Plaintiff's Class Certification Motion.

9. Prior to filing their Motion to Strike Plaintiff's Class Allegations, counsel for Defendants had never inquired about the status of Plaintiff's Motion for Class Certification. Plaintiff is not aware of any prejudice that Defendants have suffered as a result of Plaintiff's failure to move for class certification on or before October 17, 2011.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on October 31, 2011 at Chicago, Illinois.

            /s/ Bradley M. Baglien