## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

        *Plaintiff*,                           Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

        *Defendants*,
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS AND INCORPORATED MEMORANDUM

Plaintiff Lawrence Walewski, through his counsel, submits this Opposition to Defendants' Motion to Strike Class Allegations.  In addition, Plaintiff has concurrently filed his Motion for Leave to File Motion for Class Certification and attaches thereto a proposed class certification motion.  In support of this Opposition, Plaintiff states as follows:

## INTRODUCTION

Plaintiff filed his Class Action Complaint on July 18, 2011.  Plaintiff concedes that, pursuant to Local Rule 4.04(b), he was required to file a motion for class certification on or before October 17, 2011, ninety days after the date of filing of the complaint.  However, for the reasons discussed below, Plaintiff's failure to file a timely class certification motion was the result of excusable neglect—and Defendants do not argue otherwise.  Rather, Defendants' mechanical argument relies on the passing of the deadline alone, and Defendants fail to address the fact that they have not been (and will not be) prejudiced by the delay, that the brief delay will not have an adverse impact on these proceedings, that Plaintiff has zealously pursued this

action in good faith, and that Defendants have in fact agreed to extend class discovery through October 2012, which Plaintiff reasonably believed would be followed by a motion for class certification after the completion of discovery.

Most importantly, counsel for Plaintiff has acted promptly to resolve the oversight, filing this Opposition as well as a proposed motion for class certification only one court-day after counsel was first put on notice of the error by Defendants' motion to strike. Plaintiff's good faith efforts have further ensured that Defendants will not be prejudiced by the delay, and that these proceedings will not be adversely affected. For these reasons, and as explained fully below, the Court should deny Defendants' Motion to Strike Class Allegations and grant Plaintiff leave to file his motion for class certification.

## ARGUMENT

This Court should exercise its equitable discretion and grant Plaintiff's request for a brief extension to file his class certification motion. In support of their motion to strike, Defendants simply point out that the 90-day deadline for Plaintiff to move for class certification has passed, and argue that this alone warrants striking Plaintiff's class allegations. While Plaintiff recognizes the importance of this District's local rules— and has thus promptly moved to comply with Local Rule 4.04(b)—Defendants' failure to identify any prejudice suffered from delay, inability to explain how the delay may adversely impact this proceeding, and lack of any claim that Plaintiff acted in bad faith weigh strongly in favor of finding that Plaintiff's failure to move for class certification on or before October 17, 2011 was the result of excusable neglect. As a result, this Court should deny Defendants' motion to strike and grant Plaintiff's request for leave to file his motion for class certification.

"A court may grant a motion for extension of time made after a deadline has expired 'if the party failed to act because of excusable neglect.'" *Wilcox v. Taco Bell of America, Inc.*, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 8, 2011) (citing Fed. R. Civ. P. 6(b)). The Supreme Court has endorsed a "flexible

understanding" of excusable neglect and has held that the term encompasses "inadvertence, mistake, or carelessness." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993).   In *Pioneer*, the Supreme Court enumerated four factors to consider when determining whether delay was the result of excusable neglect: "[1] the danger of prejudice to the [nonmovant,] [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*   The Eleventh Circuit has recognized that *Pioneer* "accorded primary importance to the absence of prejudice . . . and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

The Eleventh Circuit's decision in *Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999) is instructive on the proper application of the excusable neglect standard.   In *Walter*, the defendant filed a motion to dismiss on July 2, 1997, which, pursuant to local rules, set the plaintiff's response deadline to July 18.  *Id.* at 1200.  On July 14, the plaintiff requested a 20-day extension to respond, which the court granted on August 19.  *Id.*  Over six weeks later, and after the plaintiff had failed to file a response, the district court granted the defendant's motion to dismiss on October 6.  *Id.*  Upon receiving notice of the judgment, the plaintiff promptly filed her response to the motion to dismiss on October 8, and one week later, the plaintiff moved to set aside the district court's order granting the motion to dismiss.  *Id.* While the plaintiff admitted that her counsel "learned" of the pending motion to dismiss in late September and realized her response was past due, the plaintiff asserted that her motion to set aside the ruling "was brought in good faith" and that "no prejudice will arise to the Defendant by setting aside the order" granting the defendant's motion to dismiss.  *Id.*  The district court disagreed and denied the plaintiff's motion to set aside its dismissal order.  *Id.*

On appeal, the Eleventh Circuit found that the district court abused its discretion in failing to excuse

the plaintiff's error.  *Id.* at 1201-1202.  The Court noted that the Supreme Court's analysis of the excusable neglect standard "directly control[s] the outcome of this case, and all four factors weigh in favor of [the plaintiff's] position."  *Id.* at 1202.  The court found that counsel's neglect was excusable because: [1] the defendant "admitted that it had not suffered any prejudice from [the plaintiff's] delay"; [2] despite the one-month delay, "there is no reason to believe allowing [the plaintiff] to file the untimely response would have had an adverse impact on the district court or its resources"; [3] the reason for the delay was the failure of a former secretary of [the plaintiff's] attorney to record the applicable deadline," which was an "innocent oversight"; and [4] the defendant "concedes that [the plaintiff] did not act in bad faith."  *Id.*

The Eleventh Circuit reached a similar conclusion in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996).  In *Cheney*, the plaintiff attempted to demand a trial *de novo* following an arbitration award, but filed his request six days after the deadline had passed and three days after the district court had entered judgment against him.  *Id.* at 849.  On appeal, the Eleventh Circuit reversed the district court's order because the *Pioneer* factors weighed in the plaintiff's favor.  *Id.* at 850.  In particular, the Court found that the defendant could not show that it had suffered any prejudice, and the six-day delay had no adverse impact on the district court.  *Id.*  In addition, the court explained that the delay was caused by a miscommunication between two attorneys, which constituted "simply an innocent oversight by counsel." *Id.*  Finally, the court emphasized that there was no evidence that the plaintiff had acted in bad faith.  *Id.*

Here, much like in *Pioneer*, *Walter*, and *Cheney*, the balance of factors demonstrates that counsel's oversight was the result of excusable neglect.  Most significantly, Defendants do not—and indeed cannot— argue that they have suffered any prejudice as a result of Plaintiff's modest delay in moving for class certification.  And because Plaintiff has filed the required class certification motion concurrently with this opposition, any danger of newfound prejudice has been eliminated.  The lack of prejudice to Defendants is not surprising, given that Defendants agreed to a discovery plan that contemplated a period for class

4

discovery extending to October 1, 2012.  (Baglien Decl. ¶¶ 4-7.)  Had Defendants required an early

resolution of whether Plaintiff could proceed on a class-wide basis to avoid prejudice, they would not have

agreed to allow Plaintiff to seek class-related discovery through October of next year.  As it stands, this case

is still in its early stages.  While the Parties have met and conferred pursuant to Rule 26(f) and will soon

exchange initial disclosures pursuant to Rule 26(A)(1), they have not yet submitted their proposed

scheduling order to the Court, and the Court has not held an initial Case Management Conference.  (Baglien

Decl. ¶ 7.)  The Parties are also not yet at issue.  Indeed, Defendants just filed their reply in support of the

motion to dismiss on October 28, the same day that they filed their Motion to Strike. (Dkt. No. 32.)

Accordingly, Defendants have not been prejudiced by the delay, which weighs strongly in favor of a finding

of excusable neglect.  *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337,

1357 (11th Cir. 2009) ("The inquiry is whether prejudice results from the *delay*, not from having to continue

to litigate the case.").

As to the second factor, Plaintiff's modest delay has not adversely impacted these proceedings, and

counsel's prompt acknowledgement and proposed remedy negates the risk that this litigation will be

unnecessarily delayed.  Again, it is little surprise that Defendants do not argue to the contrary.  Defendants'

motion to dismiss is still pending, the discovery period has only recently begun, and Plaintiff's class

certification motion will be filed well before any pending discovery or dispositive motion deadline.

Accordingly, the requested extension poses no threat to the efficiency of continued judicial proceedings.

Defendants do not suggest that Plaintiff has acted in bad faith, and Plaintiff's prompt response to

remedy any defect provides ample evidence of good faith.  Upon learning from Defendants' Motion to

Strike—filed on Friday, October 28—that Plaintiff's class certification motion was untimely, counsel

immediately began to prepare this Opposition as well as a motion for class certification.  Plaintiff has now

filed both documents concurrently just one court-day later, on Monday, October 31.  Plaintiff's good faith

response to remedy the delay strongly weighs in favor of a finding of excusable neglect.

Finally, while compliance with Local Rule 4.04 ultimately falls within Plaintiff's control, numerous factors contributed to Plaintiff's failure to move for class certification by October 17, 2011. Counsel for Defendants first appeared in this action on or about September 16, 2011, and filed a motion to dismiss on September 26, 2011—only three weeks before the expiration of the 90-day deadline. (Dkt. No. 25.) Plaintiff prepared and filed a timely opposition on October 11, 2011, and later filed an additional opposition to Defendants' request for a reply brief. (Dkt. Nos. 27, 29.) Because Defendants' challenge to the legal sufficiency of Plaintiff's complaint could potentially moot any class certification issues, counsel focused his efforts on opposing Defendants' motion to dismiss and inadvertently failed to calendar the deadline imposed by Rule 4.04. (Baglien Decl. ¶ 8.) But counsel's failure to "record the applicable deadline" is precisely the type of "innocent oversight" that the Eleventh Circuit expressly recognized as excusable. *Walter*, 181 F.3d at 1202. Moreover, during an initial Rule 26(f) conference held on October 5, 2011, the Parties agreed to extend discovery relating to both class and merits issues until October 1, 2012. (Baglien Decl. ¶¶ 4-7.) As a result of the agreed discovery schedule, Plaintiff reasonably believed that Defendants had assented to Plaintiff moving for class certification after the close of class discovery.

Defendants' suggestion that Plaintiff could have sought leave of court to issue class-related discovery requests prior to the passing of the October 17 deadline is both opportunistic and disingenuous. Given the timing of Defense counsel's appearance in the case (September 16) and the general prohibition on issuing discovery requests predating a Rule 26(f) conference, Plaintiff could not have plausibly met and conferred in time to issue and receive back discovery requests and then file a timely class certification based on those responses. Defendants' argument simply ignores the timeline of this litigation, and it does not support striking Plaintiff's class allegations.

While Defendants purport to cite numerous cases demonstrating that courts "routinely" strike class

allegations for failure to comply with Local Rule 4.04, the facts presented in each case, and counsel's actions in response to the delay in each case, differ substantially from the circumstances in this action.  In *Wilcox v. Taco Bell of America*, 2011 WL 3444261 (M.D. Fla. 2011), the plaintiff waited over three weeks after he was put on notice of the expiration of the class certification deadline before attempting to address the oversight with the court.  *Id.* at 2.  While recognizing that excusable neglect includes instances of "inadvertence, mistake or carelessness," the court noted that the plaintiff failed to promptly file for an extension of time to move for class certification, "instead including a request in his response to Defendants' Motion to Strike."  *Id.*  Moreover, the court noted that "Plaintiff requested an additional 60 days to file the motion for class certification rather than promptly remedying the defect."  *Id.*  Similarly, in *Seyboth v. Gen. Motors Corp.*, 2008 WL 1994912 (M.D. Fla. May 8, 2008), the plaintiff waited nearly a month after the class certification deadline passed to request an extension of time; and most importantly to the court, did not propose to promptly remedy the defect.  *Id.* at *1-2.  Instead, the plaintiff requested four months in which to prepare and file a class certification motion.  *Id.*

In *Jones v. Hartford Ins. Co. of the Midwest*, 243 F.R.D. 694 (N.D. Fla. 2006), the plaintiff improperly attempted to file an amended complaint after the expiration of the 90-day class certification date, arguing that the amended filing reset the deadline.  *Id.* at 695.  After the court rejected this primary argument, the court noted that the plaintiff had failed to provide any other justification for the late filing.  *Id.* at 696-697.  In *Williams v. Southern Bell Tel. and Tel.*, 1978 WL 73 (S.D. Fla. Apr. 4, 1978), the plaintiff missed the initial 90-day deadline to move for class certification, but requested—and was granted—an additional 120 days in which to obtain discovery and move for class certification.  *Id.* at *1.  The plaintiffs again failed to file any motion following the expiration of the 120-day deadline, and failed to respond to numerous motions filed by the defendant.  *Id.*  As a result, the court dismissed the case, noting that "Plaintiffs have not taken any action in this case for the past five months."  *Id.* at *3.  Finally, in *Hall v. Bio-*

*Med App. Inc.*, 671 F.2d 300 (8th Cir. 1982), the district court granted plaintiff an extension to file a class certification motion beyond the 90-day deadline, and set a new deadline for 30 days after the plaintiff received defendant's answers to certain interrogatory requests. *Id.* at 302-303. The court found no excusable neglect because the plaintiff received the requested interrogatory responses (which triggered the response deadline), but took no action until six weeks after the new deadline had passed. *Id. See also Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200 (11th Cir. 2003) (no discussion of excusable neglect standard; court addressing whether a plaintiff could continue to represent a class of similarly situated individuals after losing her own case on the merits); *Gonzalez v. Asset Acceptance, LLC*, 308 Fed. Appx. 429 (11th Cir. 2009) (case involved *pro se* plaintiff, and plaintiff never actually moved the court for class certification).

The circumstances surrounding the inexcusable delays in each of these cases stand in stark contrast to Plaintiff's actions in this litigation. Plaintiff has been actively engaged in this action and mindful of relevant deadlines, including those relating to Defendants' motion to dismiss and relevant discovery cutoffs. Defendants have suffered no prejudice as a result of the modest delay, which has had no discernible impact on the progress of this litigation or continued judicial proceedings. Finally, Plaintiff has acted in good faith in promptly addressing the mistake, filing a motion for class certification only one court-day after learning of the error. Combined with the facts that Plaintiff could not timely issue discovery requests and receive responses before the deadline, and that Defendants agreed to extend the class discovery period to October 2012, Plaintiff's inadvertent failure to move for class certification on or before October 17, 2011 was the result of excusable neglect, and should be excused by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike Class Allegations, and grant leave for Plaintiff to file his Motion for Class Certification.

Dated:  October 31, 2011

Respectfully Submitted,

LAWRENCE WALEWSKI, individually, and
on behalf of all others similarly situated,

/s/ Bradley M. Baglien
One of Mr. Walewski's Attorneys

EDELSON MCGUIRE LLC
Steven Teppler
steppler@edelson.com
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

Jay Edelson (admitted *pro hac vice*)
Rafey Balabanian (admitted *pro hac vice*)
Bradley Baglien (admitted *pro hac vice*)
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
bbaglien@edelson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 31, 2011, he caused the foregoing ***Opposition to Defendants' Motion to Strike Class Allegations*** to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated:  October 31, 2011

/s/ Steven Teppler_____
EDELSON MCGUIRE LLC
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

*Attorney for Plaintiff Lawrence Walewski*