IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

      Plaintiff,

v.                                    Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

      Defendants.

_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF
AND INCORPORATED MEMORANDUM OF LAW**

Defendants ZeniMax Media Inc. and Bethesda Softworks LLC (collectively, "Defendants"), through their counsel and pursuant to M.D. Fla. L.R. 3.01, respectfully request leave to file a reply brief of no more than five (5) pages in further support of Defendants' Motion to Strike Class Allegations and Incorporated Memorandum of Law ("Motion"). In support of this Motion, Defendants state as follows:

1. First, Plaintiff Lawrence Walewski's ("Plaintiff") Opposition to Defendants' Motion to Strike Class Allegations and Incorporated Memorandum of Law ("Opposition") introduces new issues by claiming that this Court should deny Defendants' Motion because Plaintiff's admitted failure to timely move for class certification purportedly "was a result of excusable neglect" by his counsel. (Opposition at 1.) This assertion is erroneous on its face and, if leave is granted, Defendants will provide the Court with case law holding that Plaintiff's counsel's failure to appreciate and comply with M.D. Fl. L.R. 4.04(b)'s deadlines cannot

constitute excusable neglect under any circumstances and merits striking Plaintiff's class allegations. Plaintiff's Opposition relies inapposite case law in support of his erroneous claim that his counsel's failure to calendar Local Rule 4.04(b) constitutes excusable neglect. Plaintiff's Opposition ignores binding Eleventh Circuit precedent holding that an attorney's failure to appreciate and comply with deadlines set by the Local Rules cannot be construed to be excusable neglect.

2. Second, Plaintiff's Opposition misstates the facts of record by erroneously claiming that Defendants agreed to conduct class discovery in this case until October 1, 2012. Third, Plaintiff's Opposition incorrectly asserts that Plaintiff's filing of a purported "motion for class certification" cures Plaintiff's multiple violations of the Local Rules. It does not. Plaintiff's purported "motion for class certification" is in fact an untimely and thinly-veiled motion for leave to conduct class discovery that improperly seeks to postpone this Court's determination of class certification **until October 1, 2012**, further compounding Plaintiff's violations of M.D. Fla. 4.04(b) and Fed.R.Civ.P. 23(c)(1)(A). ([Dkt. # 33-2] at ¶ 22.)

3. Fourth, Plaintiff's Opposition introduces new issues by arguing that Defendants' motion to dismiss, Plaintiff's purported (though ignored) need to conduct class discovery, and Plaintiff's delayed service of his Complaint somehow contributed to his counsel's purported excusable neglect. Plaintiff's unsupported arguments are directly contradicted by well-settled case law in this and other federal Circuits.

**MEMORANDUM OF LAW**

Rule 3.01(d) of the Middle District of Florida Local Rules provides that a party may request leave to file a reply by filing a motion not to exceed three pages, specifying the length of the proposed filing. Granting leave to file a reply brief is appropriate where the opposing party has misstated facts, cited case law that should not be applied to a given set of facts, or where the

opposing party's brief has raised additional issues not addressed in the original motion. *See, e.g., Ottaviano v. Nautilus Ins. Co.*, Case No. 08 Civ. 2204, 2009 WL 425976 (M.D. Fla. Feb. 19, 2009) (granting leave to file reply brief where movant properly asserted in motion for leave that respondent's brief misstated facts and cited inapposite case law).  Here, Plaintiff's Opposition raises new issues, misstates facts and relies on inapposite case law – and Defendants should be granted leave to address these matters in Plaintiff's Opposition.

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request leave to file a short reply brief of no more than five (5) pages in further support of their Motion to Strike.

## M.D. LOCAL RULE 3.01(g) CERTIFICATION

On November 4, 2011, counsel for Defendants in good faith conferred with counsel for Plaintiff regarding the relief requested herein.  Plaintiff did not agree to the relief requested by Defendants.

Dated: November 7, 2011                    Respectfully submitted,

s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
wjung@jungandsisco.com

*Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Leave to File Reply Brief and Incorporated Memorandum of Law was served upon the following counsel of record by electronic mail through the ECF System on November 7, 2011.

                                                s/ John T. Williams
                                                HINKHOUSE WILLIAMS WALSH LLP
                                                John T. Williams (admitted *pro hac vice*)
                                                Jason H. Nash (admitted *pro hac vice*)
                                                180 N. Stetson Avenue, Suite 3400
                                                Chicago, Illinois  60601
                                                Telephone: (312) 784-5400
                                                Facsimile: (312) 784-5499
                                                jwilliams@hww-law.com
                                                jnash@hww-law.com

                                                William F. Jung
                                                FBN: 380040
                                                JUNG & SISCO, P.A.
                                                101 E. Kennedy Blvd., Ste. 3920
                                                Tampa, FL 33602
                                                Telephone: (813) 225-1988
                                                Facsimile: (813) 225-1392
                                                wjung@jungandsisco.com

                                                ***Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC***

4831-8530-8941, v. 1