**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

       *Plaintiff*,                         Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA INC., a Delaware Corporation,
and BETHESDA SOFTWORKS LLC, a Delaware
Limited Liability Company,

       *Defendants*,
_____/

**DEFENDANTS' CASE MANAGEMENT REPORT**

       Defendants ZeniMax Media Inc. and Bethesda Softworks LLC ("Defendants") and

Plaintiff Lawrence Walewski ("Plaintiff") are unable to reach an agreement on many material

matters pursuant to M.D. Fla. L.R. 3.05.  On October 28, 2011, Defendants requested, and

Plaintiff agreed, that the parties file one Case Management Report setting forth both parties'

positions.  Plaintiff's positions set forth in this Case Management Report were drafted by

Plaintiff's counsel, without modification by Defendants.  On November 10, 2011, Plaintiff

refused to agree to the filing of a Case Management Report setting forth Defendants' positions.

Accordingly, Defendants submit Defendants' Case Management Report.

**A.**      **Meeting of Parties**

       The Parties conferred by telephone on October 5, 2011 to discuss the matters required by

Fed. R. Civ. P. 26(f) and Local Rule 3.05.  The Parties further conferred by telephone on October

28, 2011.  Rafey Balabanian and Bradley Baglien participated in the conference on behalf of

Plaintiff, while Jason Nash participated on behalf of Defendants.  The parties exchanged several

drafts of this Report but were unable to reach an agreement regarding the matters detailed herein.

**B.    Initial Disclosures**

**Plaintiff's Position**

Defendants understand Plaintiff's position to be as follows:

On October 5, 2011, the Parties agreed to the form of the Initial Disclosures required under Fed. R. Civ. P. 26(a) and to exchange initial disclosures pursuant to Rule 26(a)(1) on or before October 31, 2011.  Accordingly, Plaintiff served his initial disclosures on the afternoon of October 31.  Prior to October 31, Defendants never requested, and Plaintiff never agreed to, an extension of the agreed-upon deadline.  After receiving Plaintiff's initial disclosures, Defendants—for the first time—"propose[d]" a deadline of November 11, 2011 to serve initial disclosures.  Plaintiff does not agree to Defendants' proposed modification to the deadline to serve Rule 26(a)(1) disclosures.

**Defendants' Position**

On October 19, 2011 Plaintiff served Defendants with his draft proposed Joint Case Management Report.  Defendants did not consent to Plaintiff's proposed Joint Case Management Report, and on October 19, 2011 Defendants sent Plaintiff a letter specifically confirming that Defendants did not consent to Defendants' proposed Joint Case Management Report.  The parties further conferred on October 28, 2011, agreeing that Defendants would serve Plaintiff with a revised Joint Case Management Plan.  On October 31, 2011 Defendants served their draft proposed Joint Case Management Report with an Initial Disclosure deadline of November 11, 2011.  Plaintiff served Defendants with Initial Disclosures submitted by "Christopher Kertesz," an individual who is not a party or counsel in this case, on October 31, 2011 and did not consent to the deadline for the exchange of Initial Disclosures in Defendants' proposed Joint Case

Management Plan.  The parties have not reached an agreement on the deadline for the exchange of Initial Disclosures.  Defendants served their Initial Disclosures on November 11, 2011.

## C.     Discovery Plan

### (1)     The Scope of Anticipated Discovery

**<u>Plaintiff's Position</u>**

Defendants understand Plaintiff's position to be as follows:

Plaintiff intends to seek discovery in the form of requests for production, written interrogatories, requests to admit, oral depositions, and any other forms available under the Federal Rules of Civil Procedure during the time designated for fact discovery.  The subjects upon which Plaintiff intends to seek discovery include, but are not limited to: (1) Defendants' design and testing of the *Oblivion* video game prior to its release; (2) information regarding any advertisements and/or promotional materials relating to the *Oblivion* video game; (3) information regarding any disclosures made by Defendants to consumers of the existence of the Animation Defect, (4) Defendants' knowledge of the Animation Defect and/or any other defects in the *Oblivion* video game; (5) any communications relating to defects in the *Oblivion* video game; (6) the technical causes of the Animation Defect and/or other defects within the *Oblivion* video game; (7) customer complaints regarding the *Oblivion* video game; and (8) any patches or remedies designed to fix the Animation Defect or other defects within the *Oblivion* video game.

As agreed by the Parties, Plaintiff intends to seek discovery related to class and merits issues.  Defendants' objection to class discovery is improper because Defendants agreed that discovery would not be bifurcated and that class-related discovery would continue until October 1, 2012.  (*See* Declaration of Bradley M. Baglien, submitted in support of Plaintiff's Motion for Leave to File Motion for Class Certification (Dkt. No. 34), ¶ 5.)

### Defendants' Position

Defendants currently anticipate that they will seek discovery through all forms available under the Federal Rules of Civil Procedure, including without limitation requests for production, interrogatories, requests for admission, and oral depositions.  Defendants currently anticipate that they will seek discovery regarding: (1) Plaintiff's purchase of the *Oblivion* video game; (2) Plaintiff's receipt of and reliance on the alleged misrepresentations and omission; (3) the circumstances of Plaintiff's play of the *Oblivion* video game; (4) Plaintiff's saved game files; (5) Plaintiff's experiences with any alleged "technical issues affecting the performance of the *Oblivion* video game" and the impact of any alleged technical issues on Plaintiff's game play; and (6) Plaintiff's claimed damages.

Defendants object to any proposed class discovery.  Class discovery is moot.  Plaintiff did not move for leave to conduct class discovery and did not properly seek class certification pursuant to M.D. Fla. L.R. 4.04(b).  Contrary to Plaintiff's position, Defendants did not agree to a class discovery deadline of October 1, 2012.  On October 19, 2011 Defendants sent Plaintiff a letter specifically confirming that Defendants did not consent to Defendants' proposed Joint Case Management Report.  Plaintiff's proposed deadline would violate Fed.R.Civ.P. 23(c)(1)(A) and M.D. Fla. L.R. 4.04(b).  Defendants consented to the close of fact discovery on October 1, 2012, and further stated that bifurcation of class and merits discovery would not be necessary. Bifurcation is not necessary or appropriate in this case because Plaintiff failed to timely move for leave to conduct class discovery and failed to seek class certification pursuant to M.D. Fla. L.R. 4.04(b).

(2)      **Proposed Discovery Plan and Deadlines**

**Plaintiff's Position**

Defendants understand Plaintiff's position to be as follows:

During the Parties' initial conference on October 5, the Parties discussed in detail a comprehensive schedule for discovery, with counsel for Defendants suggesting several of the relevant deadlines.  (Baglien Decl. ¶ 4.)  At that time, Defendants unambiguously agreed that class and merits discovery should proceed simultaneously, and should not be bifurcated. (Baglien Decl. ¶ 5.)  The Parties then agreed that discovery relating to both class and merits issues would be concluded by October 1, 2012.  (*Id.*)  Given that Defendants agreed to extend class discovery until October 2012, Plaintiff reasonably believed that Defendants had acquiesced to Plaintiff moving for class certification at the close of the class discovery period.

While Defendants argue that class discovery is "moot," they do not—and cannot—argue that they did not initially agree that both class and merits discovery would extend until October 2012.  Indeed, Defendants' counsel confirmed this point when Plaintiff's counsel conferred with Mr. Nash on October 31, 2011 prior to filing Plaintiff's Motion for Leave to File Motion for Class Certification.  Accordingly, Plaintiff objects to Defendants' unilateral and opportunistic revisions to the discovery plan, which Defendants first proposed on October 31, solely in an attempt to better position themselves to strike Plaintiff's class allegations.

Based on the Parties' October 5 and October 28 teleconferences, the Parties have agreed to and propose, subject to Court approval, the following discovery plan:

1.      The Parties will have until October 1, 2012 to complete fact discovery relating to both class and merits issues.

2.      The Parties will have until April 1, 2012 to file any motions for leave to file third

party claims or to join other parties.

3.      After the close of fact discovery, the Parties will have until December 1, 2012 to

complete expert discovery.  The Parties have agreed to simultaneous designations

of experts and provision of initial expert reports.

4.      Any dispositive motions shall be filed on or before January 15, 2013.

5.      Trial in this matter shall commence on May 1, 2013.

**<u>Defendants' Position</u>**

Defendants object to any proposed class discovery.  Class discovery is moot.  Plaintiff

did not move for leave to conduct class discovery and did not properly seek class certification

pursuant to M.D. Fla. L.R. 4.04(b).  Contrary to Plaintiff's position, Defendants did not agree to

a class discovery deadline of October 1, 2012.  On October 19, 2011 Defendants sent Plaintiff a

letter specifically confirming that Defendants did not consent to Defendants' proposed Joint Case

Management Report.  Plaintiff's proposed deadline would violate Fed.R.Civ.P. 23(c)(1)(A) and

M.D. Fla. L.R. 4.04(b).  Defendants consented to the close of fact discovery on October 1, 2012,

and further stated that bifurcation of class and merits discovery would not be necessary.

Bifurcation is not necessary or appropriate in this case because Plaintiff failed to timely move for

leave to conduct class discovery and failed to seek class certification pursuant to M.D. Fla. L.R.

4.04(b).

The Parties have agreed to and propose, subject to Court approval, the following

discovery plan:

1.      The Parties will have until October 1, 2012 to complete fact discovery.

2.      The Parties will have until April 1, 2012 to file any motions for leave to file third

party claims or to join other parties.

3.      The Parties will have until December 1, 2012 to complete expert witness

discovery, including rebuttal expert witness discovery, if any.  The Parties have

agreed to simultaneous designations of expert witnesses and provision of initial

expert witness reports.

4.      Any dispositive motions shall be filed on or before January 15, 2013.

5.      The parties shall be ready for a final pretrial conference and subsequent trial on

May 1, 2013.

**(3)      Miscellaneous Matters**

<u>**Plaintiff's Position**</u>

Defendants understand Plaintiff's position to be as follows:

The Parties discussed the preservation of discoverable information and agreed that all

documentary and electronic information subject to discovery will be strictly preserved.  The

Parties have also agreed to attempt to craft an appropriate protocol governing the discovery,

maintenance and production of electronically stored information for coordinated and

consolidated production.  To that end, the parties have agreed to further discuss: (1) the

identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved

and produced by the parties; (3) the formats for preservation and production of ESI; (4) the

potential for conducting discovery in phases or stages as a method for reducing costs and burden;

(5) the procedures for handling inadvertent production of privileged information and other

privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) any other relevant

ESI issues involved in the case. Plaintiff intends to serve Defendants with a draft protocol as

7

soon as practicable.

Plaintiff does not wish to bifurcate discovery, and seeks to proceed with both class and merits discovery simultaneously.  During the Parties' October 5 conference, Defendants agreed that discovery should not be bifurcated.

**Defendants' Position**

Defendants object to any proposed class discovery.  Class discovery is moot.  Plaintiff did not move for leave to conduct class discovery and did not properly seek class certification pursuant to M.D. Fla. L.R. 4.04(b).

Defendants' position is that discovery in this case should be simple and limited. Defendants object to Plaintiff's proposed scope of discovery because it is highly burdensome and seeks discovery regarding Defendants' proprietary trade secrets, confidential information and electronically stored information that is not reasonable under the Middle District Discovery Manual.  Defendants further object to Plaintiff's proposed scope of discovery because it purports to require Defendants to preserve and produce in discovery, at great expense to Defendants, electronically stored information: (1) that is not relevant to the claims and defenses in this case; and (2) for which the burden and cost of storage and production greatly exceeds the limited relevance and benefit of the electronically stored information.  The cost of storage and production of such electronically stored information is disproportional to the anticipated benefit of requiring production, if any.  Defendants further object to Plaintiff's proposed scope of discovery because it purports to require Defendants to provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or costs pursuant to Fed. R. Civ. P. 26(b)(2)(B).  Defendants will prepare and serve on Plaintiff an appropriate proposed stipulated protective order as soon as practicable.

D.      **Rules Limiting Discovery**

**Plaintiff's Position**

Defendants understand Plaintiff's position to be as follows:

The Parties have agreed to abide by the discovery limitations set forth in the Federal

Rules of Civil Procedure and Local Rules of this Court, without prejudice to their ability to seek

a modification of those rules if necessary at a future point in time.  Plaintiff objects to any

limitation on the number of depositions that may be taken in this action beyond those imposed by

the Federal Rules of Civil Procedure.

**Defendants' Position**

Defendants agree to the discovery limitations set forth in the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court of the Middle District of

Florida regarding written discovery, including without limitation all appropriate restrictions on

requests for production, written interrogatories, and requests for admission.  Defendants

respectfully request the Court order that no more than five (5) depositions may be taken by any

party unless otherwise ordered by the Court pursuant to Fed. R. Civ. P. 30(a)(2).

E.      **Prospective Claims of Privilege or Work Product Protection and the Proprietary of**

**a Confidentiality Order:**

The Parties have agreed to the entry of an appropriate confidentiality order governing the

exchange, maintenance and use of confidential, private, or otherwise sensitive information.

F.      **Settlement and Alternative Dispute Resolution**

The parties discussed the possibility of settlement and ADR options during their Rule

26(f) conference and agreed that, should they proceed with ADR, they will do so through private

mediation presided over by a mutually agreeable neutral.  The Parties have agreed to meet and

confer at a future time to further discuss whether to pursue ADR and to agree on a mediator, if necessary.

**G.     Preliminary Pretrial Conference**

The Parties do not believe that there is a need for a preliminary pretrial conference prior to the entry of a Case Management and Scheduling Order.

Respectfully Submitted,

Dated:  November 11, 2011          HINKHOUSE WILLIAMS WALSH LLP

By: /s/John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Case Management Report was served upon all counsel of record by electronic mail through the ECF System on November 11, 2011.

s/ John T. Williams_____
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.***
***and Bethesda Softworks LLC***