# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

     *Plaintiff*,                               Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA INC., a Delaware Corporation,
and BETHESDA SOFTWORKS LLC, a Delaware
Limited Liability Company,

     *Defendants*,
_____/

## PLAINTIFF'S CASE MANAGEMENT REPORT

Plaintiff Lawrence Walewski submits this Case Management Report setting forth Plaintiff's positions on the Parties' agreed discovery plan and other matters required by Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff attempted in good faith to cooperate with Defendants and submit a single joint case management statement to the Court pursuant to Local Rule 3.05. However, on November 10, 2011, Defendants proposed a number of last-minute revisions to the joint statement that misrepresented several facts and details about the Parties' Rule 26(f) conferences and agreed discovery schedule. As such, and because Defendants refused Plaintiff's request to remove the inaccurate statements, Plaintiff would not sign-on to a statement that contained such misrepresentations, and did not consent to the filing of a Joint Statement.

Defendants have also submitted a Case Management Report in which several positions attributed to Plaintiff are inaccurate or incomplete, and the statements were included without Plaintiff's consent. (Dkt. 36.) After receiving Defendants' final report via the Court's ECF notification system, Plaintiff immediately emailed Defendants' counsel and requested that

Defendants withdraw their report and remove the inaccurate positions attributed to Plaintiff. Despite Plaintiff's express objections, Defendants refused to do so. Accordingly, Plaintiff respectfully requests that the Court only consider the statements presented herein as Plaintiff's sole and final positions with respect to the Parties' agreed discovery plan and related issues.

### A.     Meeting of Parties

The Parties conferred by telephone on October 5, 2011 to discuss the matters required by Fed. R. Civ. P. 26(f) and Local Rule 3.05. Rafey Balabanian and Bradley Baglien participated in the conference on behalf of Plaintiff, while Jason Nash participated on behalf of Defendants. During their initial conference, the Parties agreed to a comprehensive discovery schedule and to submit a timely joint case management report encompassing that schedule and the other issues required by Local Rule 3.05. On October 28, 2011, the Parties participated in an additional conference at the request of Defendants. The sole topic discussed during the Parties' October 28 conference was Plaintiff's proposed scope of electronic discovery. Because Defendants believed that the scope of electronic discovery sought by Plaintiff was overly broad, the Parties agreed to submit separate positions on that issue. Defendants did not propose, and the Parties did not discuss, any changes to the discovery schedule that had been agreed upon during the October 5 meet and confer conference.

### B.     Initial Disclosures

On October 5, 2011, the Parties agreed to the form of the Initial Disclosures required under Fed. R. Civ. P. 26(a) and to exchange initial disclosures pursuant to Rule 26(a)(1) on or before October 31, 2011. Accordingly, Plaintiff served his initial disclosures on the afternoon of

October 31.  After receiving Plaintiff's initial disclosures, Defendants—for the first time—proposed a new deadline of November 11, 2011 to serve their initial disclosures, which they did.

Plaintiff subsequently discovered that, while the entire substance of his initial disclosures was accurate, the document contained a scrivener's error in that the name of an unaffiliated, non-party individual was on the signature block.  Accordingly, on November 11, 2011—the same date on which Defendants served their initial disclosures—Plaintiff served an errata version of his initial disclosures containing the proper signature block.

**C.     Discovery Plan**

**(1)     The Scope of Anticipated Discovery**

Plaintiff intends to seek discovery in the form of requests for production, written interrogatories, requests to admit, oral depositions, and any other forms available under the Federal Rules of Civil Procedure during the time designated for fact discovery.  The subjects upon which Plaintiff intends to seek discovery include, but are not limited to: (1) Defendants' design and testing of the *Oblivion* video game prior to its release; (2) information regarding any advertisements and/or promotional materials relating to the *Oblivion* video game; (3) information regarding any disclosures made by Defendants to consumers of the existence of the Animation Defect, (4) Defendants' knowledge of the Animation Defect and/or any other defects in the *Oblivion* video game; (5) any communications relating to defects in the *Oblivion* video game; (6) the technical causes of the Animation Defect and/or other defects within the *Oblivion* video game; (7) customer complaints regarding the *Oblivion* video game; and (8) any patches or remedies designed to fix the Animation Defect or other defects within the *Oblivion* video game.

As agreed by the Parties, Plaintiff intends to seek discovery related to class and merits

issues. Defendants' blanket objection to Plaintiff pursuing class discovery is both improper and inconsistent with the Parties' agreement to the contrary. During the Parties' initial October 5, 2011 Rule 26(f) conference, the Parties expressly agreed that discovery in this action should not be bifurcated, and Defendants themselves proposed that both class and merits discovery be concluded by October 1, 2012. After Plaintiff prepared and shared with Defendants a draft joint case management report, Defendants responded with a letter dated October 19, 2011, stating only that Plaintiff's initial draft was "incomplete and in some instances inaccurate" in some unidentified way.

Based on Defendants' letter, the Parties scheduled an additional conference on October 28, 2011, the purpose of which was to discuss the alleged "inaccuracies" that led Defendants to send the October 19 letter. At that time, Defendants identified a single issue—that the electronic discovery proposed by Plaintiff was overly broad and likely to create undue burden and expense for Defendants. Plaintiff agreed that he did not intend for electronic discovery to be unnecessarily burdensome, and further agreed that Defendants could add their own position statement on the proposed scope of electronic discovery. Defendants did not identify any further "inaccuracies," and did not propose any changes to the Parties' agreed discovery dates and parameters (*i.e.*, class and merits discovery to proceed concurrently). Accordingly, and consistent with the Parties' agreement, Plaintiff intends to seek both class and merits discovery.

**(2)    Proposed Discovery Plan and Deadlines**

During their initial conference on October 5, 2011, the Parties discussed in detail a comprehensive schedule for discovery, with counsel for Defendants suggesting several of the relevant deadlines. (*See* Declaration of Bradley M. Baglien, submitted in support of Plaintiff's

Motion for Leave to File Motion for Class Certification (Dkt. No. 34), ¶ 4.) As discussed above, Defendants agreed that class and merits discovery should proceed concurrently and would be concluded by October 1, 2012. (Baglien Decl. ¶ 5.) Plaintiff has now properly moved to file his motion for class certification, submitted a class certification motion, and the Court may properly postpone its ruling on Plaintiff's class certification motion pursuant to Local Rule 4.04(c) until the close of the Parties' agreed class discovery period.[1] Plaintiff objects to Defendants' unilateral and opportunistic revisions to the Parties' agreed discovery plan, which Defendants proposed on October 31 solely in an attempt to better position themselves to strike Plaintiff's class allegations.

Based on the Parties' October 5 and October 28 teleconferences, Plaintiff represents that the Parties have agreed to and propose, subject to Court approval, the following discovery plan:

1. The Parties will have until October 1, 2012 to complete fact discovery relating to both class and merits issues.

2. The Parties will have until April 1, 2012 to file any motions for leave to file third party claims or to join other parties.

3. After the close of fact discovery, the Parties will have until December 1, 2012 to complete expert discovery. The Parties have agreed to simultaneous designations of experts and provision of initial expert reports.

4. Any dispositive motions shall be filed on or before January 15, 2013.

5. Trial in this matter shall commence on May 1, 2013.

---

[1] M.D. Fla. Local Rule 4.04(c) provides in relevant part that, "In ruling on a motion [for class certification] . . . the Court may . . . order postponement of the determination pending additional discovery or such other preliminary procedures as may appear appropriate in the circumstances."

      **(3)**      **Miscellaneous Matters**

The Parties discussed the preservation of discoverable information and agreed that all documentary and electronic information subject to discovery will be strictly preserved. Plaintiff served Defendants with a preservation letter on November 4, 2011.

The Parties have also agreed to attempt to craft an appropriate protocol governing the discovery, maintenance and production of electronically stored information for coordinated and consolidated production. To that end, the parties have agreed to further discuss: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the parties; (3) the formats for preservation and production of ESI; (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) any other relevant ESI issues involved in the case. Plaintiff intends to serve Defendants with a draft protocol as soon as practicable.

**D.**      **Rules Limiting Discovery**

The Parties have agreed to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules of this Court, without prejudice to their ability to seek a modification of those rules if necessary at a future point in time. Plaintiff objects to any limitation on the number of depositions that may be taken in this action beyond those imposed by the Federal Rules of Civil Procedure.

E. **Prospective Claims of Privilege or Work Product Protection and the Proprietary of a Confidentiality Order:**

The Parties have agreed to the entry of an appropriate confidentiality order governing the exchange, maintenance and use of confidential, private, or otherwise sensitive information.

F. **Settlement and Alternative Dispute Resolution**

The parties discussed the possibility of settlement and ADR options during their Rule 26(f) conference and agreed that, should they proceed with ADR, they will do so through private mediation presided over by a mutually agreeable neutral. The Parties have agreed to meet and confer at a future time to further discuss whether to pursue ADR and to agree on a mediator, if necessary.

G. **Preliminary Pretrial Conference**

The Parties do not believe that there is a need for a preliminary pretrial conference prior to the entry of a Case Management and Scheduling Order.

Respectfully Submitted,

Dated: November 11, 2011        EDELSON MCGUIRE LLC

By: ___/s/ Steven W. Teppler___

EDELSON McGUIRE LLC
Jay Edelson (admitted *pro hac vice*)
Rafey Balabanian (admitted *pro hac vice*)
Bradley Baglien (admitted *pro hac vice*)
350 N. LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

        Steven W. Teppler
        Florida Bar Number 14787
        5715 Firestone Court
        Sarasota, FL 34238
        Telephone: (941) 487-0050
        Facsimile: (312) 589-6378

***Attorneys for Plaintiff Lawrence Walewski***

## CERTIFICATE OF SERVICE

    I hereby certify that, on November 11, 2011, I caused the foregoing Plaintiff's Case Management Report to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: November 11, 2011        By: __/s/ Steven W. Teppler__