IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

       Plaintiff,

v.                              Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

       Defendants.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................... 3

ARGUMENT .............................................................................................................. 6

   I.    This Court Should Strictly Apply The Requirements Of Local Rule 4.04(b) And
       Deny Plaintiff's Motion In Its Entirety ........................................................... 6

   II.   Plaintiff's Counsel's Admitted Failure to Calendar and Comply With the Clear
       Deadline Set Forth In Local Rule 4.04(b) Cannot Constitute Excusable Neglect ........... 7

      A.   Binding Eleventh Circuit Precedent Establishes That Plaintiff's Counsel's Failure
           to Appreciate and Comply With the Relevant Procedural Law Excusable Neglect. ..... 8

      B.   Courts in This District Have Applied *Riney* in Refusing to Find Excusable Neglect
           Where Counsel Miscalculated or Failed to Calendar the Deadline for a Motion for
           Class Certification. ..................................................................................... 9

      C.   Plaintiff's Counsel's Failure to Calendar the L.R. 4.04(b) Deadline Is Neither A
           Miscommunication Nor a Clerical Error By Staff – It Is a Mistake of Law by
           Counsel – And *Cheney* and *Walter* are Inapposite. ...................................... 11

   III.  Plaintiff's Failure To Comply With Local Rule 4.04(b) Does Not Constitute
       Excusable Neglect Under The Four-Part *Pioneer* Test ................................. 12

      A.   Defendants And The Court Have Been And Will Continue To Be Prejudiced By
           Plaintiff's Delay In Moving For Certification ............................................. 13

      B.   Plaintiff's Failure to Move For Class Certification is Not Excusable. ......................... 15

      C.   Plaintiff's Failure to Cure His Violation and Attempts to Further Delay This
           Court's Determination of Class Certification to October 1, 2012 Demonstrates
           That Plaintiff Has Not Acted in Good Faith. ............................................... 16

   IV.  Plaintiff's Attempts To Blame Defendants For His Violation of Local Rule 4.04(b)
       are Unavailing and Cannot Excuse Plaintiff's Mistake of Law .................... 17

CONCLUSION ........................................................................................................ 19

i

## TABLE OF AUTHORITIES

**Cases**

*Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996 (11th Cir. 1997) .............................. passim

*Batson v. Powell*, 912 F. Supp. 565 (D.D.C. 1996) ...................................................... 14

*Brown v. Parker Hannifin Corp.*, Case No. 98 Civ. 616, 1999 WL 1449761
  (M.D. Fla. Oct. 13, 1999) ................................................................................. 7

*Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996) .................................. 11

*Coffin v. Secretary of Health Ed. & Welfare*, 400 F. Supp. 953 (D.D.C. 1975) .................... 15, 18

*Corwin v. Walt Disney Co.*, 475 F.3d 1239 (11th Cir. 2007) ........................................... 8

*Cottone v. Blum*, 571 F. Supp. 437 (W.D.N.Y. 1983) ............................................. 14, 16

*Crawley v. Paskert-Johnson Co.*, Case No. 07 Civ. 1789, 2008 WL 4793650
  (M.D. Fla. Nov. 3, 2008) .................................................................................. 18

*Fleetwood Homes of Georgia, Inc.*, 263 B.R. 646 (S.D. Ga. 2000) ................................... 19

*Gonzalez v. Asset Acceptance, LLC*, 308 Fed. Appx. 429 (11th Cir. 2009) ............................ 7

*Harper v. America Airlines, Inc.*, No. 09 Civ. 318, 2009 WL 4858050
  (N.D. Tex. Dec. 16, 2009) ............................................................................... 18

*In re Lykes Bros Steamship Co., Inc.*, No. 09-CV-1044, 2009 WL 3157630
  (M.D. Fla. Sept. 28, 2009) ............................................................................... 15

*In re Tiles & Stones, Inc.*, No. 01-3465-BKC, 2011 WL 1048617
  (Bkrtcy.S.D. Fla. March 18, 2011) ..................................................................... 18

*Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694 (N.D. Fla. 2006) ............................ 14

*Joshlin v. Gannett River States Publ'g Corp.*, 152 F.R.D. 577 (E.D.Ark. 1993) .................. 16, 17

*Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965 (7th Cir. 1989) .................................. 10, 15

*Martinez-Mendoza v. Champion Int'l Corp.*, 340 F. 3d 1200 (11th Cir. 2003) ........................ 7

*McLaughlin v. LaGrange*, 662 F.2d 1385 (11th Cir. 1981) ............................................ 15

*Morrison v. Fleetwood Homes of Georgia, Inc.*, 250 B.R. 456 (S.D. Ga. 2000) ....................... 19

*Nicas v. Riverside County Flood And Water Conservation District*, 216 F.3d 1083,
  2000 WL 431816 (9th Cir. April 21, 2000) ......................................................... 11, 15

ii

*Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993). ....................... 2, 11

*Ramos-Barrientos v. Bland*, Case No. 606 Civ. 089, 2009 WL 3851624
   (S.D. Ga. Nov. 17, 2009) ................................................................................... 14, 17, 19

*Seyboth v. General Motors Corp.*, No. 07 Civ. 2292, 2008 WL 1994912
   (M.D. Fla. May 8, 2008) ................................................................................... passim

*Shorettte v. Harrington*, 234 Fed.Appx. 3, 2007 WL 1346357 (2d Cir. May 9, 2007)............... 15

*Walker v. Columbia University*, 62 F.R.D. 63 (S.D.N.Y. 1973) ................................................... 14

*Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999) .............. 11, 12

*Wilcox v. Taco Bell of Am., Inc.*, No. 10 Civ. 2383, 2011 WL 3444261
   (M.D. Fla. Aug. 8, 2011) ................................................................... 10, 13, 15, 16

*Young v. BellSouth Comm., Inc.*, 01 Civ. 8387, 2001 WL 3620499 (S.D. Fla. Sept. 25, 2001) .... 7

**Rules**

Fed.R.Civ.P. 23(c)(1)............................................................................................................ 14

Fed.R.Civ.P. 6(b)(1)(B) .......................................................................................................... 7

M.D. Fla. L.R. 4.04(b) ................................................................................................... passim

## INTRODUCTION

Plaintiff's attorney's failure to calendar and comply with the Local Rules is a mistake of law and cannot constitute excusable neglect.  Plaintiff Lawrence Walewski ("Plaintiff") admits that "pursuant to Local Rule 4.04(b), he was required to file a motion for class certification or before October 17, 2011."  (Plaintiff's Motion For Leave to File Motion For Class Certification and Incorporated Memorandum of Law, ("Motion") at 1); M.D. Fla. L.R. 4.04(b).  His attorney did not.  This admitted failure alone warrants denial of the Motion and striking Plaintiff's class allegations.

Plaintiff's counsel – who purports to "specialize[] in consumer class actions" [Dkt. #33-2 ¶ 4] – now claims that "[b]ecause Defendants' challenge to the legal sufficiency of Plaintiff's complaint could potentially moot any class certification issues, counsel focused his efforts on opposing Defendants' motion to dismiss and inadvertently failed to calendar the deadline imposed by Rule 4.04."  (Motion at 6.)  Counsel's failure cannot constitute excusable neglect under Fed.R.Civ.P. 6(b).  The Eleventh Circuit definitively held in *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996 (11th Cir. 1997) that counsel's failure to appreciate and comply with the relevant procedural law is a mistake of law and is not excusable neglect as a matter of law – as distinct from cases in which a deadline was missed due to the mistake of fact of a miscommunication or clerical error by support staff.  Plaintiff's counsel's failure to calendar and comply with the deadline for any motion for class certification inescapably is a mistake of law, and courts in this District and around the country have held that counsel's failure to calendar a deadline is not excusable neglect.  To hold otherwise would permit a party to avoid deadlines simply by proclaiming "my counsel was focused on other legal issues in the case and failed to calendar the deadline" – a veritable Pandora's Box against which the Eleventh Circuit in *Riney*

1

specifically cautioned.  Plaintiff's counsel's failure to calendar the deadline for Plaintiff's motion for class certification is not excusable neglect and this Court need not apply the *Pioneer* factors. *Riney*, 130 F.3d. at 998.

Assuming, *arguendo*, that this Court is disposed to analyze Plaintiff's failure to comply with Local Rule 4.04(b) under the factors set forth in *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, Plaintiff's conduct does not constitute excusable neglect.  507 U.S. 380, 388 (1993). First, Plaintiff's contention that "Defendants do not – and indeed cannot – argue that they have suffered any prejudice" (Motion at 4) is flat wrong, and is belied by Plaintiff's disingenuous new request to conduct class discovery until October 1, 2012 (Motion at 4) and that the Court "reserve its ruling" on Plaintiff's attached Motion For Class Certification until after that date. [Dkt. #33-2 ¶ 22.]  Plaintiff's Motion for Class Certification is merely a proposed placeholder and does not actually request determination of class certification.  Instead, it "requests that the Court reserve its ruling" on class certification until October 1, 2012 and is in fact a falsely titled motion for leave to conduct discovery ***for nearly a year*** while never moving for leave to conduct any class discovery under Local Rule 4.04(b).  The prejudice to Defendants ZeniMax Media Inc. and Bethesda Softworks LLC (collectively, "Defendants") and this Court from Plaintiff's avoidance of timely determination of class certification is manifest – as is Plaintiff's bad faith in erroneously representing that he has "acted promptly and in good faith to resolve the oversight." (Motion at 2.)

Second, Plaintiff's counsel's proffered reason for the failure – the admitted mistake of law failure to appreciate and comply with the Local Rules[1] – is not excusable even when

---

[1] Plaintiff already has violated the Local Rules by failing to: (1) properly move for admission *pro hac vice* pursuant to L.R. 2.02 [Dkt. # 9]; (2) file a motion for leave to conduct class discovery;

considered in the context of the *Pioneer* factors. Third, Plaintiff's continued refusal to properly and timely move this Court for an actual determination of class certification demonstrates Plaintiff's bad faith. Even under the *Pioneer* factors, Plaintiff's serial failures to comply with Local Rule 4.04(b) did not result from conduct that can be construed as excusable neglect.

Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety and, for the reasons set forth in Defendants' Motion to Strike Class Allegations [Dkt. #31], strike Plaintiff's class allegations with prejudice.[2]

## FACTUAL BACKGROUND

A cursory review of the actual facts of record – distinct from Plaintiff's attempts to obfuscate the record to attempt to blame Defendants for the admitted failure by Plaintiff's counsel to comply with Local Rule 4.04(b) – reveals that Plaintiff simply has failed to comply with this Court's Local Rules. There is no basis for Plaintiff's claim that his counsel's failures constitute excusable neglect.

**Plaintiff Filed This Case On July 18, 2011 – But Failed To Serve Defendants Until August 15 and 16, 2011.**

Plaintiff filed his Complaint on July 18, 2011, which set October 17, 2011 as the deadline for any motion for class certification under Local Rule 4.04(b). [Dkt. #1]; M.D. Fla. L.R. 4.04(b) ("Within ninety (90) days **following the filing of the initial complaint** in such an action, unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action.") (Emphasis added). But Plaintiff did not serve Defendants with the Complaint

---

(3) move for certification of this case as a class action; and (4) move for an extension of any of the deadlines set by L.R. 4.04(b).
[2] The arguments and authorities set forth in this Opposition equally apply to Defendants' Reply in Support of Defendants' Motion to Strike Class Allegations.

until August 15, 2011 and August 16, 2011 – 28 and 29 days after the Complaint was filed, respectively.  [Dkt. #18, Dkt. #19.]

**Plaintiff Delays Service Of A Draft Proposed Joint Case Management Report Which Falsely Claims That Defendants Agreed To Class Discovery Deadline Of October 1, 2012.**

On September 26, 2011, Defendants filed their Motion to Dismiss and Incorporated Memorandum of Law.  [Dkt. #25.]  Shortly thereafter, on October 5, 2011, counsel for the parties conducted an initial case management meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 3.05(c)(2).  (*See* Exhibit A, Declaration of Jason H. Nash ("Nash Decl.") at ¶ 3.)  During that case management meeting, Plaintiff's counsel was not prepared to discuss, and the parties did not specifically discuss, the topics on which discovery would be sought.  (Nash Decl. ¶ 4.)  During that case management meeting, Defendants did not agree to any class discovery or a class discovery deadline of October 1, 2012. (Nash Decl. ¶ 5.) The parties agreed that Plaintiff's counsel would prepare a draft of the parties' Joint Case Management Report, which would include the specific topics on which Plaintiff intended to seek discovery not discussed during the parties' case management meeting.  (Nash Decl. ¶ 6.)

Plaintiff's counsel did not serve a draft of the proposed Joint Case Management Report until October 19, 2011 – the day of the deadline for filing the Report pursuant to Local Rule 3.05(c)(2)(B).  (Nash Decl. ¶ 6, Ex. 1 thereto.)  Plaintiff's draft of the parties' Joint Case Management Report included new material statements to which Defendants did not agree, including a proposed deadline of class discovery of October 1, 2012.  (Nash Decl. ¶ 6.) Immediately after receiving Plaintiff's draft of the parties' Joint Case Management Report, Defendants' counsel wrote to Plaintiff's counsel that same day that Defendants did not agree to the new and incorrect representations in Plaintiff's draft and that Defendants would prepare a revised Case Management Report "that more accurately details the positions of the parties."

(Nash Decl. ¶ 7, Ex. 2 thereto.)  Thereafter, on October 28, 2011, the parties conducted a second case management meeting during which Defendants' counsel stated to Plaintiff's counsel that Defendants objected to both the scope and content of Plaintiff's proposed discovery in this case. (Nash Decl. ¶ 8.)  The parties agreed that Defendants would set forth their specific objections to the scope and content of Plaintiff's proposed discovery in a revised proposed Joint Case Management Report prepared by Defendants' counsel.  (Nash Decl. ¶ 8.)  Defendants never agreed to any class discovery or a class discovery deadline of October 1, 2012.  (Nash Decl. ¶¶ 5, 9, Ex. 3 thereto.)  Plaintiff's assertions otherwise in the Motion are false.

**Plaintiff Violates All Of The Local Rule 4.04(b) Requirements To Maintain This Case As A Class Action**

Plaintiff's deadline to file a motion for class certification passed on October 17, 2011 – and Plaintiff admits that his failure to timely move for class certification violated Local Rule 4.04(b).  Defendants filed their Motion to Strike Class Allegations on October 28, 2011.  On October 31, 2011 Plaintiff filed his Motion and attached the proposed Motion for Class Certification – which Plaintiff's counsel admits that he did not begin to prepare until after "receiving Defendants' Motion to Strike Plaintiff's [sic] Class Allegations."  [Dkt. #33-1 at ¶ 8.]

Plaintiff's only offered excuse for his failure to timely move for certification is that his counsel – who admits that he "reviewed the Local Rules for the Middle District of Florida prior to appearing in this action"[3] – was focusing his efforts on opposing Defendants' Motion to Dismiss and inadvertently failed to calendar the deadline imposed by Rule 4.04. (Motion at 6); [Dkt. #33-1 at ¶ 8.]

---

[3] Plaintiff's Motion to Admit Bradley M. Baglien *Pro Hac Vice* further represents that "Mr. Baglien is familiar with the Local Rules and agrees to abide by them[.]"  [Dkt. #10 at ¶ 3.]

**Plaintiff's Proposed Motion for Class Certification Does Not Actually Seek Timely Resolution Of Class Certification – It Seeks Leave To Conduct Class Discovery Until October 1, 2012**

Plaintiff's proposed Motion for Class Certification does not seek a determination of whether this case may proceed as a class action.  To the contrary, Plaintiff's proposed Motion for Class Certification requests leave to conduct class discovery and postpone this Court's determination of class certification **until October 1, 2012**:

> For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. ***Plaintiff herby requests that the Court reserve its ruling on the instant motion*** and ***allow for discovery to take place on class-wide issues*** as agreed by the parties,[4] *at the conclusion of which, Plaintiff will file a fulsome memorandum in support of this motion* detailing the appropriateness of class certification and asking the Court to rule at that time.

[Dkt. # 33-2 at ¶ 22 (emphasis added).]  Contrary to Plaintiff's claims, Plaintiff has not "acted promptly and in good faith to resolve the oversight" (Motion at 2) – Plaintiff seeks to compound his failure to comply with Local Rule 4.04(b) by violating Fed.R.Civ.P. 23(c)(1)(A) and delaying this Court's timely determination of whether this case may proceed as a class action for nearly a year.

## ARGUMENT

### I.   This Court Should Strictly Apply The Requirements Of Local Rule 4.04(b) And Deny Plaintiff's Motion In Its Entirety

Plaintiff's Motion admits that Plaintiff was required to file his motion for class certification no later than October 17, 2011 and that Plaintiff failed to do so.  (Motion at 1.)  This admitted failure alone warrants striking Plaintiff's class allegations.  The Eleventh Circuit has held that this Court may – and should – strictly apply the clear mandate of Local Rule 4.04.

---

[4] Plaintiff incorrectly claims that the parties agreed to a class discovery deadline of October 1, 2012.  [Dkt. #33-1 ¶ 5.]  Defendants did not agree to a class discovery deadline of October 1, 2012 (Nash Decl. ¶ 5) – and Plaintiff's attempt to improperly delay resolution of this issue under the ruse of a falsely titled "Motion for Class Certification" demonstrates Plaintiff's lack of good faith, discussed *infra*.

6

*Martinez-Mendoza v. Champion Int'l Corp.*, 340 F. 3d 1200, 1216 n. 38 (11th Cir. 2003) (expressly acknowledging the availability of sanctions for plaintiff's failure to comply with N.D. Fla. L.R. 23.1(b) "which imposes on class action plaintiffs a duty to move for class certification within ninety days of filing their complaint"); *Gonzalez v. Asset Acceptance, LLC*, 308 Fed. Appx. 429, 430 (11th Cir. 2009) (affirming denial of class certification based on plaintiff's failure to move for class action determination within 90 days of filing the initial complaint pursuant to M.D. Fla. L.R. 4.04(b)). Fed.R.Civ.P. 6(b)(1)(B) does not require otherwise. ("When an act may or must be done within a specified time, the court **may**, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect.") (Emphasis added). This Court should strike Plaintiff's class allegations based on Plaintiff's admitted failure to comply with Local Rule 4.04(b) alone. *See, e.g., Young v. BellSouth Comm., Inc.*, 01 Civ. 8387, 2001 WL 36260499, at *1 (S.D. Fla. Sept. 25, 2001) (S.D. Fla. L.R. 23.1 "requires plaintiff to file a motion to certify a class within 90 days of filing the complaint. The plaintiffs failed to comply with any of these requirements. Accordingly, the class allegations in the complaint are stricken."); *Brown v. Parker Hannifin Corp.*, Case No. 98 Civ. 616, 1999 WL 1449761, at *4 (M.D. Fla. Oct. 13, 1999) ("Although Brown purports to bring this action 'on his own and on behalf of other persons similarly situated pursuant to Rule 23(b)(2), *Federal Rules of Civil Procedure* [sic],' Brown failed to move for class certification as required by Local Rule 4.04. As a result, this action must proceed as an individual discrimination case[.]")

## II.     Plaintiff's Counsel's Admitted Failure to Calendar and Comply With the Clear Deadline Set Forth In Local Rule 4.04(b) Cannot Constitute Excusable Neglect

Plaintiff attempts to argue that the sole explanation for this failure – that his counsel "inadvertently failed to calendar the deadline imposed by Rule 4.04" (Motion at 6) – does not

and cannot support Plaintiff's claim that his counsel's failure to follow this Court's Local Rules was the result of excusable neglect.  Counsel's failure to appreciate and comply with the Local Rules is not excusable neglect.

**A.**  **Binding Eleventh Circuit Precedent Establishes That Plaintiff's Counsel's Failure to Appreciate and Comply With the Relevant Procedural Law Cannot Constitute Excusable Neglect.**

Counsel's admitted failure to calendar the deadline for Plaintiff to file a motion for class certification under Local Rule 4.04(b) cannot constitute excusable neglect – and the *Pioneer* factors do not apply to the determination of whether counsel's mistake is "excusable."  The Eleventh Circuit squarely has held "that an attorney's misunderstanding of the plain language of a rule **cannot constitute excusable neglect** such that a party is relieved of the consequences of failing to comply with a statutory deadline."  *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (dismissing appeal where notice of appeal was not timely filed because "counsel's misunderstanding of the law cannot constitute excusable neglect") (emphasis added); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) ("we have made it clear that 'counsel's misunderstanding of the law cannot constitute excusable neglect'") (internal quotations omitted).

In *Riney*, the defendants' appeal was not timely filed due to a mistake by counsel in which, "[b]ecause of the failure either to read or to understand the pertinent rules, Riney's lawyer thought that the period for filing a notice of appeal had been tolled until the district court disposed of his post-trial motions.  He was mistaken."  130 F.3d 996 at 997.  The Court held that the four-factor test set forth in *Pioneer* did not apply to counsel's mistake because:

> Soon after *Pioneer,* it was established in this circuit that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline.  And**, no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is "excusable neglect."**  Today, we follow the other circuits and hold, as a

8

> matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline. **Nothing in *Pioneer* indicates otherwise**, and we believe that the law in this area remains as it was before *Pioneer*.

*Id*. at 998 (internal quotation and citation omitted, emphasis added).  The Eleventh Circuit accordingly declined Riney's argument that the Court should apply the *Pioneer* test, further holding:

> That the four-part *Pioneer* standard for determining excusable neglect applies does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. We do not believe that the Court intended a practice that would require courts to be that lenient about disobedience to plain law.

*Id*. at 998 (internal quotation and citation omitted).  The language of Local Rule 4.04(b) is clear. Plaintiff's counsel's failure to appreciate and comply with the relevant procedural law – manifested both by counsel's failure to calendar this critical deadline and counsel's admitted failure to even begin to prepare Plaintiff's proposed Motion for Class Certification until after Defendants moved to strike Plaintiff's class allegations [Dkt. #33-1 ¶ 8] – cannot constitute excusable neglect.  *Riney* at 998.

**B.** **Courts in This District Have Applied *Riney* in Refusing to Find Excusable Neglect Where Counsel Miscalculated or Failed to Calendar the Deadline for a Motion for Class Certification.**

District Courts in the Eleventh Circuit consistently have held that a party's failure to timely move for class certification where counsel miscalculates or fails to calendar the deadline is not excusable neglect.  In *Seyboth v. General Motors Corp.*, the plaintiff failed to move for class certification due to a claimed error in calculating Local Rule 4.04(b)'s deadline and claimed that counsel's "calculation error" constituted excusable neglect.  Case No. 07 Civ. 2292, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008).  The Court held that his counsel's error did

not constitute excusable neglect because "the asserted 'calculation error,' . . . was fully in counsel's control." *Id.* (citing *Riney*, 130 F.3d at 998; *Corwin*, 475 F.3d at 1255). The Court further held that plaintiff did not "propose to immediately remedy the delay" because plaintiff moved for a four month extension to conduct class discovery and move for class certification and that this failure further supported the finding that counsel's error was not excusable neglect. *Id.* Similarly, in *Wilcox v. Taco Bell of Am., Inc.*, plaintiff failed to timely move for class certification under Local Rule 4.04(b) "due to his counsel's failure to calendar the deadline," which Plaintiff claimed constituted excusable neglect and requested the Court "grant [plaintiff] an additional sixty days to file a motion for class certification." Case No. 10 Civ. 2383, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 8, 2011). The Court denied plaintiff's requested extension and granted defendants' motion to strike plaintiff's class allegations, holding that counsel's "failure to timely file a motion for class certification and failure thereafter to promptly remedy the oversight is not excusable neglect." *Id.* at *2.

Wilcox and *Seyboth* are on all fours with this case. Like his predecessors in *Wilcox* and *Seyboth*, Plaintiff: (i) failed to timely move for certification as a result of his counsel's failure to properly calendar the 90-day deadline set forth in Local Rule 4.04(b), and (ii) did not attempt to immediately remedy its violation by moving for class certification – instead, Plaintiff seeks to delay resolution of the class certification issue until October 2012. *Wilcox* at *1; *Seyboth* at *1. This Court is obliged to hold as the Courts held in *Wilcox* and *Seyboth*, consistent with *Riney*, that counsel's failure to calendar the deadline imposed under Local Rule 4.04(b) is not excusable neglect.[5]

---

[5] Other Circuit Courts similarly hold that counsel's failure to calendar and comply with a clear deadline cannot constitute excusable neglect. *See, e.g.*, *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 968 (7th Cir. 1989) (counsel's failure to calendar date of mortgage foreclosure sale

**C.** **Plaintiff's Counsel's Failure to Calendar the L.R. 4.04(b) Deadline Is Neither A Miscommunication Nor a Clerical Error By Staff – It Is a Mistake of Law by Counsel – And *Cheney* and *Walter* are Inapposite.**

In an attempt to avoid the clear holding of *Riney*, Plaintiff attempts to argue that the Eleventh Circuit's opinions in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996), and *Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999), support Plaintiff's claim that his counsel's failure to calendar the deadline may constitute excusable neglect.[6]  (Motion at 3-6.)  To the extent Plaintiff argues that his attorney's failure to calendar and comply with the Local Rules may be construed as a mere clerical error, Plaintiff is wrong.  The Eleventh Circuit in *Riney* specifically distinguished *Cheney v. Anchor Glass Container Corp.*, on the same grounds that Plaintiff now argues holding that:

> *Cheney* was a miscommunication case or a clerical error case: a mistake of fact was made about whether a message was delivered.  This case, however, is a mistake-of-law case; the reason for Riney's failure to file a timely notice of appeal was an apparent failure to review or appreciate the relevant rules, which clearly indicate that a party has ten days from the entry of judgment to file the kind of post-trial motions that will toll the filing period for a notice of appeal. The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse.  Accordingly, Riney's counsel's misunderstanding of law cannot constitute excusable neglect.

*Id.* at 999.  In *Cheney*, the deadline for filing a motion for trial de novo was missed because counsel told a secretary to advise lead counsel, who was on vacation, of the notice and the secretary failed to do so.  The Court held that counsel's failure to move constituted excusable

---

was not excusable neglect because if the attorney's "oversight in this case can be termed 'excusable,' it is difficult to conceive of what the distinction between simple negligence and excusable neglect might be"); *Nicas v. Riverside County Flood And Water Conservation District*, 216 F.3d 1083, 2000 WL 431816, at *1 (9th Cir. April 21, 2000) (failure to properly calendar deadline does not constitute excusable neglect, "nor does the fact that an office assistant rather than counsel himself may be to blame").

[6] Even if counsel's failure could constitute excusable neglect – it cannot – Plaintiff still would be required to establish that the *Pioneer* factors support a finding of excusable neglect in this case. *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 388 (1993).  As detailed, *infra*, Plaintiff cannot.

neglect because "[t]he reason for the delayed filing was a failure of communication between the associate attorney and the lead counsel." *Id.* at 850. In *Walter v. Blue Cross & Blue Shield of Wisconsin*, plaintiff's failure to timely file an opposition to a motion to dismiss was based on a secretary's failure to record the applicable deadline – and the Eleventh Circuit specifically cited *Riney* for the proposition that while a secretary's failure to record a deadline may constitute excusable neglect, an "attorney's failure to understand the plain language of a rule does not." 181 F.3d 1198, 1202 (11th Cir. 1999) (*citing Riney*, 130 F.3d at 1202).[7]

Plaintiff's counsel's failure to record the deadline is neither a miscommunication nor a clerical error – it is a mistake of law that Plaintiff admits was fully in counsel's control – and this case is governed by the Eleventh Circuit's decision in *Riney*. *See Seyboth*, 2008 WL 1994912, at *1 (counsel's error did not constitute excusable neglect because "the asserted 'calculation error,' . . . was fully in counsel's control"). To hold otherwise would open the Pandora's Box against which the Eleventh Circuit specifically has warned, as "almost every [] lawyer would plead his own inability to understand the law" or to calendar the deadline to establish excusable neglect. *Riney* at 998. The failure of Plaintiff's counsel to calendar the deadline and timely move for class certification is fatal to Plaintiff's class allegations, and they should be stricken in their entirety.

**III.    Plaintiff's Failure To Comply With Local Rule 4.04(b) Does Not Constitute Excusable Neglect Under The Four-Part *Pioneer* Test**

Even if this Court is disposed to analyze Plaintiff's failure to comply with Local Rule 4.04(b) under the *Pioneer* factors – and it need not – these factors demonstrate that counsel's failure to calendar the deadline for any motion by Plaintiff for class certification does not constitute excusable neglect.

---

[7] Plaintiff tellingly has failed to cite a single case in which the Court found excusable neglect in the context of a failure to timely move for class certification.

**A.     Defendants And The Court Have Been And Will Continue To Be Prejudiced By Plaintiff's Delay In Moving For Certification.**

Plaintiff's Opposition incorrectly asserts that Defendants have suffered no prejudice by Plaintiff's failure to move for class certification "because Plaintiff attaches and proposes to immediately file the required class certification motion upon receiving leave from the Court[.]" (Motion at 4.)  Plaintiff's assertion is wrong both as a matter of fact and as a matter of law.

First, Plaintiff's proposed Motion for Class Certification does not propose a cure to Plaintiff's failure to comply with Local Rule 4.04(b) because it does not actually request that this Court determine whether class certification is appropriate in this case.  Plaintiff's proposed Motion for Class Certification instead requests that this Court postpone the determination of class certification **until October 1, 2012**:

> For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification.  Plaintiff herby requests that the Court reserve its ruling on the instant motion and ***allow for discovery to take place on class-wide issues*** as agreed by the parties,[8] ***at the conclusion of which, Plaintiff will file a fulsome memorandum in support of this motion*** detailing the appropriateness of class certification and asking the Court to rule at that time

[Dkt. # 33-2 at ¶ 22 (emphasis added).]

Plaintiff's proposed Motion for Class Certification is a falsely titled motion for leave to conduct discovery that does not cure Plaintiff's failure to timely move for class certification under L.R. 4.04(b).  *See Wilcox*, 2011 WL 3444261, at *1 (granting defendants' motion to strike class allegations because, *inter alia*, plaintiff moved to extend the certification deadline by three months); *Seyboth*, 2008 WL 1994912, at *2 (granting defendants' motion to strike class allegations where plaintiff's motion to extend the certification deadline by four months did not

---

[8] As detailed, *infra*, Defendants never agreed to engage in class discovery.  In any event, Plaintiff incorrectly claims that he should be entitled "to extend class discovery through October 2012." (Motion at 2.)

cure the failure to timely move for class certification).[9]  The prejudice to Defendants is manifest – including the burden and expense of discovery and Plaintiff's failure to timely move for class certification and requested extension of the deadline for nearly a year.

Second, Plaintiff's failure to timely move for class certification as a matter of law prejudices both Defendants and the Court by violating the "purpose" of Fed.R.Civ.P. 23(c)(1) which "is to give clear definition as to the [class] action as soon as practicable." *See Cottone v. Blum*, 571 F. Supp. 437, 441 (W.D.N.Y. 1983); *Ramos-Barrientos v. Bland*, Case No. 606 Civ. 089, 2009 WL 3851624, at *4 (S.D. Ga. Nov. 17, 2009) ("[t]he Court relies on the parties in a case to move the Court when action is required and the Court cannot simply brush aside violations of this, or any other, local rule").  Courts have further held that a plaintiff's failure to timely move for certification so greatly prejudices the "public business of the Court," that class allegations should be stricken "[e]ven if defendants have not been prejudiced by the delay." *See Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006) (plaintiff's failure to move for class certification until two months after the deadline expired prejudiced "the public business of the court"); *see also Walker v. Columbia University*, 62 F.R.D. 63, 64 (S.D.N.Y. 1973) (granting motion to dismiss the action as a class action and denying motion for class action determination even where defendants were not prejudiced because of plaintiff's failure to follow the procedural filing requirements of the local rules); *Batson v. Powell*, 912 F. Supp. 565, 570 (D.D.C. 1996) (rejecting plaintiff's argument that the Court "should not dismiss their motion [for certification] for untimeliness without a showing of prejudice to defendant" because "plaintiffs fail to offer a compelling reason why the Court should not follow the local rule").  Plaintiff's

---

[9] For this reason, the second factor – length of delay – weighs against a finding of excusable neglect.  Plaintiff's purported "Motion for Class Certification" does not seek to limit the length of delay – it seeks an unsupportable extension of the delay *for eleven months*.

failure to timely move for class certification and continued refusal to cure that failure prejudices both Defendants and this Court and cannot be construed as merely excusable neglect.

### B.      Plaintiff's Failure to Move For Class Certification is Not Excusable.

As detailed, *supra*, counsel's admitted failure to appreciate and comply with the Local Rules and failure to calendar Local Rule 4.04(b)'s 90-day deadline cannot under any circumstances constitute excusable neglect. *Riney*, 130 F.3d at 998 ("an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline"); *Wilcox*, 2011 WL 3444261, at *1 (counsel's failure to calendar Local Rule 4.04(b) certification deadline was not excusable neglect); *Seyboth*, 2008 WL 1994912, at *1 (counsel's failure to calculate Local Rule 4.04(b)'s certification deadline "was fully in counsel's control" and did not constitute excusable neglect); *see also In re Lykes Bros. Steamship Co., Inc.*, No. 09 Civ. 1044, 2009 WL 3157630, at *2 (M.D. Fla. Sept. 28, 2009) ("mistake of counsel in failing to calendar properly the deadline for filing a notice of appeal under the governing federal rules of procedure" did not constitute excusable neglect) (internal quotations omitted).[10]  The third factor, the reason behind Plaintiff's delay, weighs heavily against a finding of excusable neglect.

---

[10]  *See also McLaughlin v. LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (that counsel has a busy schedule does not establish excusable neglect); *Shorette v. Harrington*, 234 Fed.Appx. 3, 2007 WL 1346357, at *1 (2d Cir. May 9, 2007) ("the law office calendaring error [plaintiff] blames for his failure to follow the local rules does not constitute excusable neglect"); *Nicas v. Riverside County Flood And Water Conservation District*,, 216 F.3d 1083, 2000 WL 431816, at *1 (9th Cir. April 21, 2000) (failure to properly calendar deadline resulting in failure to timely file notice of appeal does not constitute excusable neglect); *Coffin v. Secretary of Health and Ed. And Welfare*, 400 F. Supp. 953, 957 n. 19 (D.D.C. 1975) (plaintiff explanations for failing to timely file for class certification, including the filing of a motion to dismiss, were "unconvincing" because "[t]he Court fails to see how any or all of these actions could have hindered plaintiff's compliance with the Local Rule"). Lomas & Nettleton Co. v. Wisely, 884 F.2d 965, 968 (7th Cir. 1989) (counsel's failure to calendar date of mortgage foreclosure sale was not excusable neglect because if the attorney's "oversight in this case can be termed

**C.**   **Plaintiff's Failure to Cure His Violation and Attempts to Further Delay This Court's Determination of Class Certification to October 1, 2012 Demonstrates That Plaintiff Has Not Acted in Good Faith.**

Plaintiff's falsely titled "Motion for Class Certification" – which in fact seeks leave to conduct class discovery until October 1, 2012 – demonstrates Plaintiff's bad faith attempt to further delay this Court's determination of class certification.  Plaintiff's claim that he has "acted promptly and in good faith to resolve the oversight" (Motion at 2) is flat wrong and does not support a finding of excusable neglect.  *See*, *e.g.*, *Wilcox*, 2011 WL 3444261, at *1 (no excusable neglect in failing to calendar the deadline to move for certification because, *inter alia*, plaintiff failed to "promptly remedy the oversight"); *Seyboth*, 2008 WL 1994912, at *2 (no excusable neglect because, *inter alia*, "Plaintiff does not propose to immediately remedy the delay [in moving for class certification], but instead requests a four month extension of time to file the motion for class certification").

Even if Plaintiff's Motion – and attached proposed Motion for Class Certification – were in fact a proper motion seeking a timely determination of class certification, the mere filing of a motion for class certification after the expiration of the filing deadline does not demonstrate good faith by the moving party.  *See*, *e.g.*, *Joshlin v. Gannett River States Publ'g Corp.*, 152 F.R.D. 577, 579 (E.D.Ark. 1993) (plaintiff's motion for certification is denied where plaintiffs "did not move for certification of the class until defendants protested that [plaintiff's] proposed amended complaint claimed to be a 'class action'" filed after the deadline to move for certification); *Cottone v. Blum*, 571 F. Supp. 437, 440-41 (W.D.N.Y. 1983) (plaintiff's filing of motion for class certification eight calendar days after being advised of its failure to timely file under the local rules did not remedy the failure to timely file).  Neither Plaintiff's failure to comply with

---

'excusable,' it is difficult to conceive of what the distinction between simple negligence and excusable neglect might be").

16

the Local Rules nor Plaintiff's purported attempt to cure his failure can be construed as good

faith.  Each of the *Pioneer* factors weighs against a finding of excusable neglect.

**IV.    Plaintiff's Attempts To Blame Defendants For His Violation of Local Rule 4.04(b) are Unavailing and Cannot Excuse Plaintiff's Mistake of Law**

Plaintiff asserts that his admitted violation of Local Rule 4.04(b) should be excused

because "numerous factors" purportedly instigated by or involving Defendants contributed to his

violation.  (Motion at 5-6.)  These excuses do not justify Plaintiff's failure to timely move for

class certification and cannot excuse Plaintiff's mistake of law in failing to appreciate and

comply with the Local Rules.

First, Plaintiff claims that "Defendants first appeared in this action . . . only three weeks

before the expiration of the 90-day deadline."  (Motion at 6.)  Local Rule 4.04(b) is clear – the

deadline for a motion for class certification begins upon "the filing of the initial complaint[.]"

M.D. Fla. L.R. 4.04(b).   The timing of Defendants' appearance in the case – which in any event

was delayed only by Plaintiff's failure to promptly serve his Complaint on Defendants – does not

toll the L.R. 4.04(b) deadline and does not justify Plaintiff's counsel's failure to calendar that

deadline.  *See Joshlin*, 152 F.R.D. at 579 ("Plaintiff cannot now use [his] own delay in serving

the summons and complaint to excuse [his] failure to timely move for class certification.")

Second, Plaintiff claims that Defendants filed a motion to dismiss and that "counsel

focused his efforts on opposing Defendants' motion to dismiss," which somehow caused counsel

to fail to appreciate the deadline set by L.R. 4.04(b).  (Motion at 6.)  Counsel's preparation of an

opposition to Defendants' Motion to Dismiss does not excuse his failure to calendar the deadline

imposed by Rule 4.04(b).  *See Ramos-Barrientos*, 2009 WL 3851624, at *4 (filing of a "motion

to dismiss and delays in discovery" should not "have prevented Plaintiffs' counsel from

complying with [the] Local Rule" governing the timing of a motion for class certification);

17

*Crawley v. Paskert-Johnson Co.*, Case No. 07 Civ. 1789, 2008 WL 4793650, at *2 (M.D. Fla. Nov. 3, 2008) (dismissing putative class claims for failure to timely move for certification under Local Rule 4.04(b) where the 90 day deadline expired while defendants' Rule 12(b)(6) motion to dismiss was pending); *Coffin v. Secretary of Health Ed. & Welfare*, 400 F. Supp. 953, 956-957 n.19 (D.D.C. 1975) (defendant's filing of a motion to dismiss should not "have hindered plaintiff's compliance with the Local Rule" governing the timing of a motion for class certification).[11]

Third, Plaintiff claims that he requires a year of discovery to prepare his motion for class certification and that Defendants "acquiesced to" this purported need.  As detailed, *supra*, Plaintiff's claim is false.  Defendants never agreed to Plaintiff's proposed class discovery or any class discovery deadline.  (Nash Decl. ¶¶ 5, 9); *see also, Harper v. America Airlines, Inc.*, No. 09 Civ. 318, 2009 WL 4858050, at *2 (N.D. Tex. Dec. 16, 2009) (rejecting plaintiff's argument that defendants were precluded from challenging the timeliness of plaintiff's motion for certification because, "no mention [was] made of the deadline to file a class-certification motion" in "the letter and emails submitted by" the plaintiff).   In any event, courts in the Eleventh Circuit further squarely have held that a plaintiff's claimed need to conduct discovery does not excuse the failure to timely move for class certification:

> This allegation [that 'defendant has failed to provide plaintiff with sufficient discovery to determine if a class action lies in this matter'] does not excuse Plaintiff's delay.  Lack of discovery may have prevented Plaintiff from filing a timely motion for class certification, but it did not prevent him from knowing that under the Bankruptcy Rules, the Rules of Civil Procedure, and the Local Rules of this Court, he had ninety days from September 1, 1999 to file his class certification motion or to enlarge the allowed ninety-day period.

---

[11] *See also In re Tiles & Stones, Inc.*, No. 01-3465-BKC, 2011 WL 1048617, at *2 (Bkrtcy.S.D. Fla. March 18, 2011) (denying motion to set aside a default judgment because "[d]efendant's failure to attend the hearing . . . is not excused buy its counsel's busy schedule or a failure to properly calendar a hearing date").

*Morrison v. Fleetwood Homes of Georgia, Inc.*, 250 B.R. 456, 463 (S.D. Ga. 2000) (denying motion for additional time to file motion to certify as a class action); *vacated on other grounds by Fleetwood Homes of Georgia, Inc.*, 263 B.R. 646 (S.D. Ga. 2000); *see also Ramos-Barrientos*, 2009 WL 3851624, at *4 (*supra*); *Seyboth*, 2008 WL 1994912, at *1 n. 1 (defendant's failure to properly respond to initial discovery did not excuse failure to timely move for class certification).  If Plaintiff required class discovery prior to filing his proposed Motion for Class Certification, Plaintiff should have moved pursuant to L.R. 4.04(b) for leave to conduct that discovery.  Plaintiff failed to do so – and he cannot now use that failure to excuse his failure to timely move for class certification.

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File Motion for Class Certification in its entirety.

Dated: November 14, 2011          Respectfully submitted,

s/ John T. Williams_____
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Leave to File Motion for Class Certification was served upon all counsel of record by electronic mail through the ECF System on November 14, 2011.

s/ John T. Williams

HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

ND: 4836-6823-8605, v.  3

21