IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

    Plaintiff,

v.                                      Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

    Defendants.

_____/

## DECLARATION OF JASON H. NASH

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.     I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated.

2.     I am an attorney with Hinkhouse Williams Walsh LLP and counsel to Defendants ZeniMax Media Inc. and Bethesda Softworks LLC in this case.

3.     On October 5, 2011, I participated in a telephone conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 3.05(c)(2) with Bradley Baglien and Rafey Balbanian of Edelson McGuire LLC, counsel for Plaintiff Lawrence Walewski.

4.     During that telephone conference, counsel discussed, and agreed to, the deadlines for fact discovery, expert discovery, motion deadlines and the date by which the parties anticipate this case will be ready for trial pursuant to Local Rule 3.05(c)(2)(C). The parties did not specifically discuss the topics on which discovery would be sought.

**EXHIBIT A**

5.     During that telephone conference, I did not agree to any class discovery or a class discovery deadline of October 1, 2012. Plaintiff had not (and still has not) properly moved for leave to conduct class discovery and Plaintiff had not moved for class certification. Plaintiff's counsel requested Defendants' position regarding bifurcation, to which I responded that Defendants did not anticipate that bifurcation of discovery would be necessary, but that Defendants reserved the right to revisit bifurcation if necessary. Defendants' position is that bifurcation of discovery in this case is not necessary because Plaintiff failed to timely move for class discovery prior to the parties' case management meeting pursuant Local Rule 4.04(b) – and I specifically informed Plaintiff's counsel that Defendants reserved their right to later revisit the potential bifurcation of class and merits discovery and specifically reserved Defendants' right to move the Court for leave to bifurcate discovery, if necessary.

6.     Plaintiff's counsel offered to prepare a draft of the parties' Joint Case Management Report, which would include the specific topics on which Plaintiff intended to seek discovery not discussed during the parties' case management meeting. Our office did not receive a copy of the proposed draft of the parties' Joint Case Management Report prepared by Plaintiff's counsel until October 19, 2011 – the deadline for filing the Report pursuant to Local Rule 3.05(c)(2)(B). Plaintiff's proposed draft of the parties' Joint Case Management Report included new material statements to which Defendants did not agree, including a proposed extension of class discovery until October 1, 2012. Attached hereto as Exhibit 1 is Plaintiff's draft of the parties Joint Case Management Report and Plaintiff's counsel's October 19, 2011 email attaching the draft proposed report.

7.     Immediately after receiving Plaintiff's proposed draft of the parties Joint Case Management Report, I wrote to Plaintiff's counsel that same day that Defendants did not agree to

the new and incorrect representations in Plaintiff's proposed draft and that Defendants would prepare a revised Case Management Report "that more accurately details the positions of the parties." Attached hereto as Exhibit 2 is a true and correct copy of my October 19, 2011 correspondence to Plaintiff's counsel.

8. The parties conducted a second case management meeting on October 28, 2011, during which I stated to Plaintiff's counsel that Defendants objected to both the scope and content of Plaintiff's proposed discovery in this case and that Defendants would set forth their objections in a revised proposed Joint Case Management Report prepared by Defendants' counsel.

9. On October 31, 2011, Defendants served their proposed Joint Case Management Report to Plaintiff's counsel, which accurately set forth the parties' respective positions regarding discovery and which specifically objected to Plaintiff's proposed class discovery. Attached hereto as Exhibit 3 is a true and correct copy of Defendants' proposed Joint Case Management Report in which Defendants specifically set forth their prior objections to Plaintiff's proposed class discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 14th day of November, 2011.

_____
Jason K. Nash

4843-6896-5901, v. 1

## Nash, Jason

| | |
|---|---|
| **From:** | Brad Baglien [bbaglien@edelson.com] |
| **Sent:** | Wednesday, October 19, 2011 10:16 AM |
| **To:** | Nash, Jason |
| **Cc:** | Rafey Balabanian; Williams, John T. |
| **Subject:** | Walewski v. Zenimax - Draft Case Management Report |
| **Attachments:** | Walewski - Zenimax 26(f) Report [EM Draft].docx |

Jason,

Attached, please find a draft Case Management Report summarizing our Rule 26(f) discussion. We have left a space for Defendants to describe their intentions with respect to discovery.

Our apologies for sending this to you later than expected.   Please let me know if you have any additional comments and how you prefer to coordinate for filing.

Best,
Brad


--
Bradley M. Baglien | Edelson McGuire, LLC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654
1.312.267.2079 (direct) | 1.312.589.6370 (firm) | 1.312.589.6378 (fax)
bbaglien@edelson.com | www.edelson.com

(S) Please consider the environment before printing this e-mail

EXHIBIT
1

1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

        *Plaintiff,*

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

        *Defendants*,
_____/

Case No. 6:11-cv-01178-JA-DAB

## JOINT CASE MANAGEMENT REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 3.05, Plaintiff Lawrence Walewski ("Plaintiff) and Defendants Zenimax Media, Inc. and Bethesda Softworks, LLC ("Defendants") (collectively, the "Parties") jointly submit this report of their conference, stating as follows:

### A.  Meeting of Parties

The Parties conferred by telephone on October 5, 2011 to discuss the matters required by Fed. R. Civ. P. 26(f) and Local Rule 3.05. Rafey Balabanian and Bradley Baglien participated in the conference on behalf of Plaintiff, while Jason Nash participated on behalf of Defendants.

### B.  Initial Disclosures

The Parties have agreed to the form of the Initial Disclosures required under Fed. R. Civ. P. 26(a) and to exchange initial disclosures pursuant to Rule 26(a)(1) on or before October 31, 2011.

### C. Discovery Plan

#### (1) The Scope of Anticipated Discovery

Plaintiff intends to seek discovery in the form of requests for production, written interrogatories, requests to admit, and oral depositions during the time designated for fact discovery. The subjects upon which Plaintiff intends to seek discovery include, but are not limited to: (1) Defendants' design and testing of the *Oblivion* video game prior to its release; (2) information regarding any advertisements and/or promotional materials relating to the *Oblivion* video game; (3) information regarding any disclosures made by Defendants to consumers of the existence of the Animation Defect, (4) Defendants' knowledge of the Animation Defect and/or any other defects in the *Oblivion* video game; (5) any communications relating to defects in the *Oblivion* video game; (6) the technical causes of the Animation Defect and/or other defects within the *Oblivion* video game; (7) customer complaints regarding the *Oblivion* video game; and (8) any patches or remedies designed to fix the Animation Defect or other defects within the *Oblivion* video game.

[Defendants' description of intended discovery]

#### (2) Proposed Discovery Plan and Deadlines

The Parties have agreed to and propose, subject to Court approval, the following discovery plan:

1. The Parties will have until October 1, 2012 to complete fact discovery relating to both class and merits issues.

2. The Parties will have until April 1, 2012 to file any motions for leave to file third party claims or to join other parties.

2

3.  After the close of fact discovery, the Parties will have until December 1, 2012 to complete expert discovery. The Parties have agreed to simultaneous designations of experts and provision of initial expert reports.

4.  Any dispositive motions shall be filed on or before January 15, 2013.

5.  Trial in this matter shall commence on May 1, 2013.

### (3) Miscellaneous Matters

The Parties discussed the preservation of discoverable information and agreed that all documentary and electronic information subject to discovery will be strictly preserved. The Parties have also agreed to attempt to craft an appropriate protocol governing the discovery, maintenance and production of electronically stored information for coordinated and consolidated production. To that end, the parties have agreed to further discuss: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the parties; (3) the formats for preservation and production of ESI; (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) any other relevant ESI issues involved in the case. Plaintiff intends to serve Defendants with a draft protocol as soon as practicable. Finally, by letter dated October 19, 2011, Plaintiff served Defendants with a notice of preservation.

The Parties do not wish to bifurcate discovery, and will proceed with both class and merits discovery simultaneously.

### D. Rules Limiting Discovery

The Parties have agreed to abide by the discovery limitations set forth in the Federal

Rules of Civil Procedure and Local Rules of this Court, without prejudice to their ability to seek a modification of those rules if necessary at a future point in time.

## E. Prospective Claims of Privilege or Work Product Protection and the Proprietary of a Confidentiality Order:

The Parties have agreed to the entry of an appropriate confidentiality order governing the exchange, maintenance and use of confidential, private, or otherwise sensitive information.

## F. Settlement and Alternative Dispute Resolution

The parties discussed the possibility of settlement and ADR options during their Rule 26(f) conference and agreed that, should they proceed with ADR, they will do so through private mediation presided over by a mutually agreeable neutral. The Parties have agreed to meet and confer at a future time to further discuss whether to pursue ADR and to agree on a mediator, if necessary.

## G. Preliminary Pretrial Conference

The Parties do not believe that there is a need for a preliminary pretrial conference prior to the entry of a Case Management and Scheduling Order.

Respectfully Submitted,

Dated: October 19, 2011          EDELSON MCGUIRE LLC

                                 By: ___/s/ Rafey Balabanian___
                                     Rafey Balabanian

                                 Attorneys for Plaintiff

Dated: October 19, 2011          HINKHOUSE WILLIAMS WALSH LLP

By: _____

Attorneys for Defendants

## CERTIFICATE OF SERVICE

  The undersigned certifies that, on October __, 2011, he caused the foregoing Joint Case Management Report to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: October __, 2011      By: _____

# H/W/ HinkhouseWilliamsWalsh LLP

October 19, 2011

Jason H. Nash
312.784.5416
312.784.5496 (fax)
jnash@hww-law.com

**VIA EMAIL**

Bradley M. Baglien
Edelson McGuire, LLC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654
bbaglien@edelson.com

    Re:    *Walewski v. ZeniMax Media Inc., et al.*
              Case No. 11-CV-01178-JA-DAB

Counsel:

As I am sure that you can appreciate, we are surprised by Plaintiff's unexplained delay in service of Plaintiff's draft Joint Case Management Report until from October 5, 2011 until today. Plaintiff's draft Joint Case Management Report is incomplete and in some instances inaccurate.

We will prepare a revised Case Management Report that more accurately details the positions of the parties and expect that it will be completed for your review by Friday, October 21, 2011.

Defendants do not consent to the filing of Plaintiff's draft Joint Case Management Report.

Regards,

HINKHOUSE WILLIAMS WALSH LLP

Jason H. Nash

cc: Counsel of Record


4816-5876-9676, v. 1



180 N. Stetson Ave., Suite 3400 | Chicago, Illinois 60601 | 312.784.5400 | Fax: 312.784.5499

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

ZENIMAX MEDIA INC., a Delaware Corporation, and BETHESDA SOFTWORKS LLC, a Delaware Limited Liability Company,

    *Defendants*,

_____/

Case No. 6:11-cv-01178-JA-DAB

## JOINT CASE MANAGEMENT REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 3.05, Plaintiff Lawrence Walewski ("Plaintiff) and Defendants ZeniMax Media Inc. and Bethesda Softworks LLC ("Defendants") (collectively, the "Parties") jointly submit this report of their conference, stating as follows:

### A.   Meeting of Parties

The Parties conferred by telephone on October 5, 2011 to discuss the matters required by Fed. R. Civ. P. 26(f) and Local Rule 3.05. The Parties further conferred by telephone on October 28, 2011. Rafey Balabanian and Bradley Baglien participated in the conference on behalf of Plaintiff, while Jason Nash participated on behalf of Defendants.

### B.   Initial Disclosures

The Parties have agreed to the form of the Initial Disclosures required under Fed. R. Civ. P. 26(a) and to exchange initial disclosures pursuant to Rule 26(a)(1) on or before November 11,



EXHIBIT 3

2011.

C. **Discovery Plan**

(1) **The Scope of Anticipated Discovery**

<u>Plaintiff's Position</u>

Plaintiff intends to seek discovery in the form of requests for production, written interrogatories, requests to admit, and oral depositions during the time designated for fact discovery. The subjects upon which Plaintiff intends to seek discovery include, but are not limited to: (1) Defendants' design and testing of the *Oblivion* video game prior to its release; (2) information regarding any advertisements and/or promotional materials relating to the *Oblivion* video game; (3) information regarding any disclosures made by Defendants to consumers of the existence of the Animation Defect, (4) Defendants' knowledge of the Animation Defect and/or any other defects in the *Oblivion* video game; (5) any communications relating to defects in the *Oblivion* video game; (6) the technical causes of the Animation Defect and/or other defects within the *Oblivion* video game; (7) customer complaints regarding the *Oblivion* video game; and (8) any patches or remedies designed to fix the Animation Defect or other defects within the *Oblivion* video game.

<u>Defendants' Position</u>

Defendants currently anticipate that they will seek discovery through all forms available under the Federal Rules of Civil Procedure, including without limitation requests for production, interrogatories, requests for admission, and oral depositions. Defendants currently anticipate that they will seek discovery regarding: (1) Plaintiff's purchase of the *Oblivion* video game; (2) Plaintiff's receipt of and reliance on the alleged misrepresentations and omission; (3) the

circumstances of Plaintiff's play of the *Oblivion* video game; (4) Plaintiff's saved game files; (5) Plaintiff's experiences with any alleged "technical issues affecting the performance of the *Oblivion* video game" and the impact of any alleged technical issues on Plaintiff's game play; and (6) Plaintiff's claimed damages.

Defendants object to any proposed class discovery. Class discovery is moot. Plaintiff did not move for leave to conduct class discovery and did not properly seek class certification pursuant to M.D. Fla. L.R. 4.04(b).

### (2) Proposed Discovery Plan and Deadlines

#### Plaintiff's Position

The Parties have agreed to and propose, subject to Court approval, the following discovery plan:

1. The Parties will have until October 1, 2012 to complete fact discovery relating to both class and merits issues.

2. The Parties will have until April 1, 2012 to file any motions for leave to file third party claims or to join other parties.

3. After the close of fact discovery, the Parties will have until December 1, 2012 to complete expert discovery. The Parties have agreed to simultaneous designations of experts and provision of initial expert reports.

4. Any dispositive motions shall be filed on or before January 15, 2013.

5. Trial in this matter shall commence on May 1, 2013.

#### Defendants' Position

Defendants object to any proposed class discovery. Class discovery is moot. Plaintiff did not move for leave to conduct class discovery and did not properly seek class certification

pursuant to M.D. Fla. L.R. 4.04(b).

The Parties have agreed to and propose, subject to Court approval, the following discovery plan:

1. The Parties will have until October 1, 2012 to complete fact discovery.

2. The Parties will have until April 1, 2012 to file any motions for leave to file third party claims or to join other parties.

3. The Parties will have until December 1, 2012 to complete expert witness discovery, including rebuttal expert witness discovery, if any. The Parties have agreed to simultaneous designations of expert witnesses and provision of initial expert witness reports.

4. Any dispositive motions shall be filed on or before January 15, 2013.

5. The parties shall be ready for a final pretrial conference and subsequent trial on May 1, 2013.

**(3) Miscellaneous Matters**

<u>**Plaintiff's Position**</u>

The Parties discussed the preservation of discoverable information and agreed that all documentary and electronic information subject to discovery will be strictly preserved. The Parties have also agreed to attempt to craft an appropriate protocol governing the discovery, maintenance and production of electronically stored information for coordinated and consolidated production. To that end, the parties have agreed to further discuss: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the parties; (3) the formats for preservation and production of ESI; (4) the

potential for conducting discovery in phases or stages as a method for reducing costs and burden; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) any other relevant ESI issues involved in the case. Plaintiff intends to serve Defendants with a draft protocol as soon as practicable.

Plaintiff does not wish to bifurcate discovery, and seeks to proceed with both class and merits discovery simultaneously.

### Defendants' Position

Defendants object to any proposed class discovery. Class discovery is moot. Plaintiff did not move for leave to conduct class discovery and did not properly seek class certification pursuant to M.D. Fla. L.R. 4.04(b).

Defendants' position is that discovery in this case should be simple and limited. Defendants object to Plaintiff's proposed scope of discovery because it is highly burdensome and seeks discovery regarding Defendants' proprietary trade secrets, confidential information and electronically stored information that is not reasonable under the Middle District Discovery Manual. Defendants further object to Plaintiff's proposed scope of discovery because it purports to require Defendants to preserve and produce in discovery, at great expense to Defendants, electronically stored information: (1) that is not relevant to the claims and defenses in this case; and (2) for which the burden and cost of storage and production greatly exceeds the limited relevance and benefit of the electronically stored information. The cost of storage and production of such electronically stored information is disproportional to the anticipated benefit of requiring production, if any. Defendants further object to Plaintiff's proposed scope of

discovery because it purports to require Defendants to provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or costs pursuant to Fed. R. Civ. P. 26(b)(2)(B). Defendants will prepare and serve on Plaintiff an appropriate proposed stipulated protective order as soon as practicable.

### D.   Rules Limiting Discovery

#### Plaintiff's Position

The Parties have agreed to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules of this Court, without prejudice to their ability to seek a modification of those rules if necessary at a future point in time.

#### Defendants' Position

Defendants agree to the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Middle District of Florida regarding written discovery, including without limitation all appropriate restrictions on requests for production, written interrogatories, and requests for admission. Defendants respectfully request the Court order that no more than five (5) depositions may be taken by any party unless otherwise ordered by the Court pursuant to Fed. R. Civ. P. 30(a)(2).

### E.   Prospective Claims of Privilege or Work Product Protection and the Proprietary of a Confidentiality Order:

The Parties have agreed to the entry of an appropriate confidentiality order governing the exchange, maintenance and use of confidential, private, or otherwise sensitive information.

### F.   Settlement and Alternative Dispute Resolution

The parties discussed the possibility of settlement and ADR options during their Rule

26(f) conference and agreed that, should they proceed with ADR, they will do so through private mediation presided over by a mutually agreeable neutral. The Parties have agreed to meet and confer at a future time to further discuss whether to pursue ADR and to agree on a mediator, if necessary.

### G.  Preliminary Pretrial Conference

The Parties do not believe that there is a need for a preliminary pretrial conference prior to the entry of a Case Management and Scheduling Order.

                        Respectfully Submitted,

Dated: November __, 2011         EDELSON MCGUIRE LLC

                        By: ___/s/ Rafey Balabanian_____
                            Rafey Balabanian

                        Attorneys for Plaintiff

Dated: November __, 2011         HINKHOUSE WILLIAMS WALSH LLP

                        By: /s/John T. Williams
                        HINKHOUSE WILLIAMS WALSH LLP
                        John T. Williams (admitted *pro hac vice*)
                        Jason H. Nash (admitted *pro hac vice*)
                        180 N. Stetson Avenue, Suite 3400
                        Chicago, Illinois 60601
                        Telephone: (312) 784-5400
                        Facsimile: (312) 784-5499
                        jwilliams@hww-law.com
                        jnash@hww-law.com

                        William F. Jung
                        FBN: 380040
                        JUNG & SISCO, P.A.
                        101 E. Kennedy Blvd., Ste. 3920
                        Tampa, FL 33602
                        Telephone: (813) 225-1988
                        Facsimile: (813) 225-1392
                        wjung@jungandsisco.com

                        ***Attorneys For Defendants ZeniMax Media Inc.***
                        ***and Bethesda Softworks LLC***

## CERTIFICATE OF SERVICE

The undersigned certifies that, on November __, 2011, he caused the foregoing Joint Case Management Report to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: November __, 2011          By: _____