IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

      *Plaintiff*,                        Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

      *Defendants*,
_____/

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Lawrence Walewski, through his undersigned counsel, hereby respectfully moves this Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) and Local Rule 4.04.  While Plaintiff submits this Motion in order to comply with Local Rule 4.04(b)'s timing requirements, Plaintiff requests that, should the Court deny Defendants' pending motion to dismiss Plaintiff's complaint, the Court postpone ruling on Plaintiff's Motion for Class Certification until the completion of discovery on class-wide issues pursuant to Local Rule 4.04(c).[1]  In support of the instant motion, Plaintiff states as follows:

**I.    Introduction**

    1.    Plaintiff has brought this putative class action on behalf of himself and all other

---

[1]    Pursuant to Plaintiff's request, the parties participated in an initial Rule 26(f) conference on October 5, 2011 and agreed to a proposed discovery plan.  At that time, the parties agreed to proceed concurrently with class and merits discovery, and to conclude such discovery by October 1, 2012.  Baglien Decl. ¶ 3.

similarly situated persons who have purchased *The Elder Scrolls IV: Oblivion* video game on the Xbox 360 and PlayStation 3 gaming consoles as well as Windows-based personal computers. As alleged in detail in Plaintiff's complaint, each copy *Oblivion* suffers from a serious and material defect (the "Animation Defect") that occurs suddenly and unexpectedly after only moderate use of the game. (Compl. ¶ 20.) Once manifested, the Animation Defect causes all "secondary" animations to freeze and prevents players from progressing in the game, forcing players to forfeit all progress, erase their existing game and restart from the beginning of the game. (*Id.* ¶¶ 23-24.) While Defendants have long been aware of the Animation Defect and its impact on the *Oblivion* video game, they have refused to remedy the defect or to inform future purchasers of the inherent defects in the game. (*Id.* ¶¶ 31-35.)

2.  As a result of Defendants' conduct, Plaintiff has alleged violations of the Maryland Deceptive Practices Act and the Maryland False Advertising Law, as well as common law claims for Breach of the Implied Warranty of Merchantability and Unjust Enrichment. In this Motion, Plaintiff respectfully requests that the Court allow Plaintiff to pursue these statutory and common law claims on a class-wide basis against Defendants. As detailed herein, Plaintiff's claims turn on common issues of fact relating to Defendants' conduct and a universal defect in the *Oblivion* video game, which has been purchased by millions of consumers. Because Plaintiff satisfies all of the requirements of Rule 23, this case should proceed as a class action.

II. **The Proposed Class**

3.  Plaintiff moves to certify this case as a class action on behalf of a similarly situated class defined as follows:

> All persons or entities residing in the United States who purchased any version of the *Elder Scrolls IV: Oblivion* video game.

Certification of this class of individuals is the superior, if not the only, way to ensure that the merits of Plaintiff's and class members' claims will be fully adjudicated. Moreover, Plaintiff's proposed class definition properly defines an identifiable class that can be ascertained by reference to objective criteria.

### III. Fed. R. Civ. P. 23's Requirements for Certification

4. In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, for purposes of considering a motion for class certification, the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated. *See, e.g., Drayton v. Western Auto Supply Co.*, No. 01-10415, 2002 WL 32508918, at * 6 (11th Cir. Mar. 11, 2002); *Neumont v. Monroe County, Fla.*, 198 F.R.D. 554, 557 (S.D. Fla. 2000).

5. A party seeking certification bears the burden of showing that the class is ascertainable and meets each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b). *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1025 (11th Cir. 2001); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). Rule 23(a) enumerates four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Valley Drug co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003). Additionally, Rule 23(b)(3) requires that common questions of law or fact predominate and that maintaining the suit as a class action is superior to other methods of adjudication. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Rule 23(b)(2) allows for certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiff must affirmatively demonstrate compliance with the Rule. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

6.  As shown below, the proposed class in this case satisfies each of Rule 23(a)'s prerequisites and the requirements for certification under Rules 23(b)(2) and (b)(3).

### IV. The Proposed Class Satisfies Rule 23(a)'s Requirements

7.  Numerosity is met when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Court may "make common sense assumptions in order to find support for numerosity." *Hively v. Northlake Foods, Inc.*, 191 F.R.D. 661, 666 (M.D. Fla. 2000) (citing *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "It is not necessary that the precise number of class members be known." *Id.* Courts within this Circuit have held that classes consisting of 38 and 40 members are sufficiently large to render joinder impracticable. *See Napoles-Arcila v. Pero Family Farms, LLC*, 2009 WL 1585970 (S.D. Fla. 2009); *Moreno-Espinosa v. J& J Ag. Products, Inc.*, 247 F.R.D. 686, 688 (S.D. Fla. 2007).

8.  In this case, the Court need not exercise its assumptive abilities, as Plaintiff alleges—and discovery will show—that the Class consists of "millions of members" who have purchased the *Oblivion* video game on either the Xbox 360 or PlayStation 3 gaming consoles or on Windows-based personal computers. (*See* Compl. ¶ 52; *see also* Defendants' Motion to Dismiss, Dkt. No. 25, pp. 1-2 (noting that *Oblivion* was released to "worldwide critical acclaim"

4

and continues to "have a large, global fan base"))[2]. Accordingly, the proposed class readily satisfies the numerosity requirement. *See* NEWBERG ON CLASS ACTIONS § 3:5, 243-46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands ... In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.").

9. The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). As the Supreme Court recently explained in *Dukes*, "[w]hat matters to class certification. . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551 (citing RICHARD A. NAGAREDA, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131-132 (2009)). Thus, Rule 23(a)(2)'s commonality requirement may be satisfied where there exists a single common issue of law or fact, even if the issues are not identical. *See In re Managed Care Litig.*, 209 F.R.D. 678, 682 (S.D. Fla. 2002) ("as Rule 23(a) explicitly states, a court need only find a single common issue of law or fact to satisfy the commonality requirement."); *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, 197 F.R.D. 522, 526, n.2 (S.D. Fla. 2000); *In re First Alliance Mortgage Co.*, 471 F.3d 977, 990-91 (9th Cir. 2006). Ultimately, the "burden to meet the commonality requirement of Rule 23(a) is relatively light." *Napoles-Arcila v. Pero Family Farms, LLC*, 2009 WL 1585970, at *6 (S.D. Fla. Jun. 4, 2009) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).

10. As alleged in this case, all members of the class share common questions of fact

---

[2] The Wikipedia entry for the *Oblivion* video game states that Defendants had sold "over three million copies [of the game] by January 2007."
http://en.wikipedia.org/wiki/The_Elder_Scrolls_IV:_Oblivion.

that predominate over issues affecting only individual members of the class. Those common factual issues for the class include: (1) whether the *Oblivion* video game failed to conform to Defendants' advertised product specifications; (2) whether Defendants made false or misleading statements about the scope, gameplay, or capabilities of the *Oblivion* game; (3) whether Defendants knowingly concealed the existence of the Animation defect or other defects affecting the game; (4) whether Defendants were able to, but refused to remedy or patch the Animation Defect; and (5) whether the Animation Defect diminished the value of the *Oblivion* video game to consumers.

11. As Plaintiff alleges, each copy of *Oblivion* sold to consumers suffers from the Animation Defect. Once manifested, the Animation Defect causes a uniform set of technical problems and Plaintiff and the members of the class were left with the same option to temporarily address the defect—forfeit all progress in the game and restart. Moreover, Defendants misled purchasers of each version of *Oblivion* in the same way by using uniform advertisements to describe the gameplay featured in the game and by uniformly failing to disclose the existence or cause of the Animation Defect.

12. These common factual questions lead to several legal questions common to Plaintiff and the class, including: (1) whether Defendants' conduct violated the Maryland Deceptive Practices Act (Md. Code Ann., Comm. Law § 13-101, *et seq.*); (2) whether Defendants violated the Maryland False Advertising Law (Md. Code Ann., Comm. Law § 11-701); (3) whether Defendants' conduct constituted a breach of the implied warranty of merchantability; and (4) whether Defendants have been unjustly enriched as a result of their wrongful activities. Accordingly, the commonality requirement is met.

13. Rule 23 next requires that Plaintiff's claims be typical of those of the proposed

class. Fed. R. Civ. P. 23(a)(3). The typicality requirement requires that the class representative have the same interest and suffer the same injury as class members. *Rosario-Guerrro v. Orange Blossom Harvesting*, 265 F.R.D. 619, 627 (M.D. Fla. 2010) (citing *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). The primary focus of the typicality requirement is that the plaintiff will advance the interests of class members by advancing their own interests. *Id.* (citing *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004). Typicality "does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members." 5 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS, § 24.25 (3d ed. 1992). Rather, the typicality requirement is satisfied if "the claims or defenses of the class and class representative arise from the same event or pattern or practice and are based on the same theory." *Agan*, 222 F.R.D. at 698 (citing *Kornberg v. Carnival cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). "The typicality requirement is generally met if the class representative and the class members received the same unlawful conduct, irrespective of whether the fact patterns that underlie each claim vary." *Rosario-Guerrro*, 265 F.R.D. at 627.

14. In this case, Plaintiff and the proposed class experienced a common course of conduct in which Defendants designed and released a uniformly defective game, made uniform, false representations regarding the capabilities and gameplay of the *Oblivion* video game, failed to conspicuously disclose the existence of the Animation Defect and its crippling effect on gameplay, and refused to remedy the problems associated with the Animation Defect despite numerous complaints from consumers. As a result of Defendants' conduct, Plaintiff and the proposed class are entitled to identical damages in the form of monies charged by Defendants for the purchase of the *Oblivion* video game. Accordingly, Plaintiff Walewski, by pursuing his own

claims, will advance the interests of the proposed class in satisfaction of Rule 23(a)(3)'s typicality requirement.

15. The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In this case, Mr. Walewski has the same interests as the proposed class members—each class member has allegedly purchased a defective copy of the *Oblivion* video game without knowledge of the Animation Defect, and was thus deceived about the capabilities and nature of gameplay of the *Oblivion* video game by Defendants. Plaintiff's pursuit of this matter demonstrates that he will be a zealous advocate for the class. Therefore, Plaintiff has no interests antagonistic to those of the proposed class.

16. Moreover, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have had extensive experience in consumer class actions involving similar issues and that were of similar size, scope and complexity as the present case. (*See* Firm Resume of Edelson McGuire LLC, a true and accurate copy of which is attached as Exhibit A to the Declaration of Bradley M. Baglien, filed concurrently herewith). Accordingly, both Plaintiff and his counsel will adequately represent the interests of the class.

**V.      The Proposed Classes Satisfy Rule 23(b)(2) and b(3)'s Requirements**

17. Once the subsection (a) prerequisites are satisfied, a plaintiff seeking certification under Rule 23(b)(2) or 23(b)(3) must satisfy several additional requirements. Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate...." Fed. R. Civ. P. 23(b)(2); *Williams v. Mohawk Industries,*


*Inc.*, 568 F.3d 1350, 1359 (11th Cir. 2009). In this case, Defendants made false and deceptive statements regarding qualities of the *Oblivion* video game and omitted material facts about the existence of the Animation Defect, which resulted in Plaintiff and members of the class unwittingly purchasing a defective product. (Compl. ¶¶ 10-50.) Thus, Defendants acted on grounds generally applicable to the class as a whole, making final injunctive relief necessary to protect Plaintiff and the class from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

18. Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P 23(b)(3); *Babineau v. Federal Exp. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009). Common issues of law and fact predominate "if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004); *see also Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003) (when "there are genuinely common issues, issues identical across all the claimants, issues moreover the accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues on one fell swoop"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) ("When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis.").

19. In this case, the proposed claims of the class—as well as those from Plaintiff Walewski—all arise from Defendants' uniform conduct in developing and distributing a

defective product, engaging in false and misleading advertising, failing to adequately disclose the existence and effect of the Animation Defect on each copy of the *Oblivion* video game, and failing to provide a remedy once consumers experienced the defect. Defendants' conduct ultimately resulted in Plaintiff and each member of the class purchasing the *Oblivion* video game without knowledge of the Animation Defect, and without any available means to fix the problem. Defendants' actions toward each member of the class were conducted in precisely the same manner and therefore entitled each member of the class to nearly identical and easily ascertainable damages. As such, the common questions at issue in this case predominate over any individual issues that may exist.

20. Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3). The "purpose of the superiority requirement is consistent with the overall goals of Rule 23, which is to assure that the class action is the most efficient, effective and economic means of settling the controversy." *Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 337 (S.D. Fla. 1996) (citing 7A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure*: Civil § 1777 at p. 519 (1986)). "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006).

21. This case is particularly suited for class treatment because the claims of Plaintiff and the proposed class involve Defendants' uniform conduct that resulted in identical violations of state statutes and common law. In addition, absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and such multiple individual actions would be judicially inefficient. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of class members would be able to obtain redress or that

Defendants would willingly remedy the Animation Defect or the damages suffered as a result of the defect. Accordingly, common questions predominate and a class action is the superior method of adjudicating this controversy.

22. For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. Plaintiff hereby requests that the Court reserve its ruling on the instant motion and allow for discovery to take place on class-wide issues as agreed by the parties, at the conclusion of which, Plaintiff will file a fulsome memorandum in support of this motion detailing the appropriateness of class certification and asking the Court to rule at that time.[3]

**WHEREFORE**, Plaintiff Lawrence Walewski, individually and on behalf of the proposed class, respectfully requests that the Court (1) enter and postpone ruling on Plaintiff's Motion for Class Certification pursuant to Local Rule 4.04(c); (2) allow for the parties to engage in discovery on class-wide issues as agreed during the initial 26(f) conference; (3) grant Plaintiff leave to file a full memorandum in support of his Motion for Class Certification upon the conclusion of class-wide discovery; (4) grant Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and (5) provide all other and further relief that the Court deems equitable and just.

Dated: November 16, 2011                                         Respectfully submitted,

                                                                 /s/ Steven W. Teppler
                                                                 One of Mr. Walewski's Attorneys

                                                                 EDELSON MCGUIRE LLC
                                                                 Steven Teppler
                                                                 Flrodia Bar No. 14787

---

[3] Plaintiff reserves the right to amend the class definitions at the conclusion of class-wide discovery.

steppler@edelson.com
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

Jay Edelson (admitted *pro hac vice*)
Rafey Balabanian (admitted *pro hac vice*)
Bradley Baglien (admitted *pro hac vice*)
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
bbaglien@edelson.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on October 31, 2011, he caused the foregoing *Motion for Class Certification* to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated:  October 31, 2011                    /s/ Steven Teppler
                                                     EDELSON MCGUIRE LLC
                                                     5715 Firestone Court
                                                     Sarasota, FL 34238
                                                     Telephone: (941) 487-0050
                                                     Facsimile: (312) 572-7210

                                                    *Attorney for Plaintiff Lawrence Walewski*