IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

    *Plaintiff*,                      Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA INC., a Delaware Corporation,
and BETHESDA SOFTWORKS LLC, a Delaware
Limited Liability Company,

    *Defendants*,
_____/

## JOINT CASE MANAGEMENT REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 3.05, and this Court's November 15, 2011 Order, Plaintiff Lawrence Walewski ("Plaintiff") and Defendants ZeniMax Media Inc. and Bethesda Softworks LLC ("Defendants") (collectively, the "Parties") jointly submit this report of their conference, stating as follows:

**A.**    **Meeting of Parties**

Following the Court's November 15, 2011 Order, the Parties conferred by telephone on November 17, 2011 to further discuss the matters required by Fed. R. Civ. P. 26(f) and Local Rule 3.05. Bradley Baglien and Steven Teppler participated in the conference on behalf of Plaintiff, while Jason Nash participated on behalf of Defendants.

**B.**    **Initial Disclosures**

The Parties exchanged Initial Disclosures on November 11, 2011.

C.    **Discovery Plan**

(1)    **The Scope of Anticipated Discovery**

<u>Plaintiff's Position</u>

Plaintiff intends to seek discovery in the form of requests for production, written interrogatories, requests to admit, oral depositions, and any other forms available under the Federal Rules of Civil Procedure during the time designated for fact discovery. The subjects upon which Plaintiff intends to seek discovery include, but are not limited to: (1) Defendants' design and testing of the *Oblivion* video game prior to its release; (2) information regarding any advertisements and/or promotional materials relating to the *Oblivion* video game; (3) information regarding any disclosures made by Defendants to consumers of the existence of the Animation Defect, (4) Defendants' knowledge of the Animation Defect and/or any other defects in the *Oblivion* video game; (5) any communications relating to defects in the *Oblivion* video game; (6) the technical causes of the Animation Defect and/or other defects within the *Oblivion* video game; (7) customer complaints regarding the *Oblivion* video game; and (8) any patches or remedies designed to fix the Animation Defect or other defects within the *Oblivion* video game.

Plaintiff intends to commence both class and merits discovery promptly after submission of this Joint Report. Plaintiff has filed his Motion for Class Certification and has requested therein, pursuant to M.D. Fla. Local Rule 4.04(c), that the Court withhold ruling on the motion until the close of class discovery. To the extent required by the Court, Plaintiff will further support this request with a separate motion to conduct such discovery. With respect to Defendants' reservation of their supposed right to object to the November 15, 2011 Order entered by Magistrate Judge Baker [Dkt. # 39] and class discovery, Defendants have no right to object to the November 15, 2011 Order, or any aspect of it, and under federal law, are obligated

to engage in class discovery.

**Defendants' Position**

Defendants currently anticipate that they will seek discovery through all forms available under the Federal Rules of Civil Procedure, including without limitation requests for production, interrogatories, requests for admission, and oral depositions. Defendants currently anticipate that they will seek discovery regarding: (1) Plaintiff's purchase of the *Oblivion* video game; (2) Plaintiff's receipt of and reliance on the alleged misrepresentations and omission; (3) the circumstances of Plaintiff's play of the *Oblivion* video game; (4) Plaintiff's saved game files; (5) Plaintiff's experiences with any alleged "technical issues affecting the performance of the *Oblivion* video game" and the impact of any alleged technical issues on Plaintiff's game play; and (6) Plaintiff's claimed damages.

Defendants specifically reserve their right to object to the November 15, 2011 Order issued by Magistrate Judge Baker [Dkt. #39] and to oppose Plaintiff's Motion for Class Certification [Dkt. #40]. Defendants do not waive, and expressly preserve, all objections and arguments they may raise in objecting to the November 15, 2011 Order issued by Magistrate Judge Baker and in opposing Plaintiff's Motion for Class Certification including any and all objections to class discovery.

**(2) Proposed Discovery Plan and Deadlines**

The Parties have agreed to and propose, subject to Court approval, the following discovery plan:

1. The Parties will have until October 1, 2012 to complete fact discovery relating to both class and merits issues.

2. The Parties will have until April 1, 2012 to file any motions for leave to file third party claims or to join other parties.

3. The Parties will have until November 1, 2012 to disclose expert witnesses and serve initial expert witness reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Service of rebuttal expert witness reports, if any, shall be made by December 3, 2011, pursuant to Federal Rule of Civil Procedure 26(a)(2)(D).

4. The Parties will have until January 1, 2012 to complete expert discovery.

5. Any dispositive motions shall be filed on or before February 1, 2013.

6. The parties shall be ready for a final pretrial conference and subsequent trial on May 1, 2013.

Defendants specifically reserve their right to object to the November 15, 2011 Order issued by Magistrate Judge Baker [Dkt. #39] and to oppose Plaintiff's Motion for Class Certification [Dkt. #40]. Defendants do not waive, and expressly preserve, all arguments they may offer in objecting to the November 15, 2011 Order issued by Magistrate Judge Baker and in opposing Plaintiff's Motion for Class Certification including any and all objections to class discovery.

**(3) Miscellaneous Matters**

The Parties discussed the preservation of discoverable information and agreed that all documentary and electronic information subject to discovery will be strictly preserved. Plaintiff served Defendants with a letter of preservation on November 4, 2011. The Parties have also agreed to attempt to craft an appropriate protocol governing the discovery, maintenance and production of electronically stored information for coordinated and consolidated production. To that end, the parties have agreed to further discuss: (1) the identification of relevant and

discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the parties; (3) the formats for preservation and production of ESI; (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; (6) any other relevant ESI issues involved in the case.

Defendants object to Plaintiff's proposed scope of discovery because it is highly burdensome and seeks discovery regarding Defendants' proprietary trade secrets, confidential information and electronically stored information that is not reasonable under the Middle District Discovery Manual. Defendants further object to Plaintiff's proposed scope of discovery because it purports to require Defendants to preserve and produce in discovery, at great expense to Defendants, electronically stored information: (1) that is not relevant to the claims and defenses in this case; and (2) for which the burden and cost of storage and production greatly exceeds the limited relevance and benefit of the electronically stored information. The cost of storage and production of such electronically stored information is disproportional to the anticipated benefit of requiring production, if any. Defendants further object to Plaintiff's proposed scope of discovery because it purports to require Defendants to provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or costs pursuant to Fed. R. Civ. P. 26(b)(2)(B).

The Parties are engaged in discussions regarding an appropriate protocol for discovery of electronic information in this case and have agreed to further discuss Defendants' objections, and the potential resolution of those objections, as a part of those discussions. The Parties further are engaged in discussions regarding the entry of an appropriate stipulated protective order governing the exchange, maintenance and use of information in this case and have agreed to

further discuss Defendants' objections, and the potential resolution of those objections, as part of those discussions.

**D.     Rules Limiting Discovery**

The Parties have agreed to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure and Local Rules of this Court, without prejudice to their ability to seek a modification of those rules if necessary at a future point in time.

**E.     Prospective Claims of Privilege or Work Product Protection and the Proprietary of a Confidentiality Order:**

The Parties have agreed to the entry of an appropriate confidentiality order governing the exchange, maintenance and use of confidential, private, or otherwise sensitive information.

**F.     Settlement and Alternative Dispute Resolution**

The parties discussed the possibility of settlement and ADR options during their Rule 26(f) conference and agreed that ADR is premature at this time.  The Parties further agreed that, should they proceed with ADR, they will do so through private mediation presided over by a mutually agreeable neutral.  The Parties have agreed to meet and confer at a future time to further discuss whether to pursue ADR and to agree on a mediator, if necessary.

**G.     Preliminary Pretrial Conference**

The Parties do not believe that there is a need for a preliminary pretrial conference prior to the entry of a Case Management and Scheduling Order.

| | |
|---|---|
| Dated:  November 18, 2011 | Respectfully Submitted,<br>EDELSON MCGUIRE LLC<br><br>By:  ___/s/ Steven W. Teppler_____<br><br>EDELSON MCGUIRE LLC<br>Jay Edelson (admitted *pro hac vice*)<br>Rafey Balabanian (admitted *pro hac vice*)<br>Bradley Baglien (admitted *pro hac vice*)<br>350 N. LaSalle Street, Suite 1300<br>Chicago, IL 60654<br>Telephone: (312) 589-6370<br>Facsimile: (312) 589-6378<br><br>Steven Teppler (Fla. Bar No. 14787)<br>EDELSON MCGUIRE LLC<br>5715 Firestone Court<br>Sarasota, FL 34238<br>Telephone: (941) 487-0050<br>Facsimile: (312) 589-6378<br><br>***Attorneys for Plaintiff Lawrence Walewski*** |
| Dated:  November 18, 2011 | HINKHOUSE WILLIAMS WALSH LLP<br><br>By: /s/John T. Williams<br>HINKHOUSE WILLIAMS WALSH LLP<br>John T. Williams (admitted *pro hac vice*)<br>Jason H. Nash (admitted *pro hac vice*)<br>180 N. Stetson Avenue, Suite 3400<br>Chicago, Illinois  60601<br>Telephone: (312) 784-5400<br>Facsimile: (312) 784-5499<br>jwilliams@hww-law.com<br>jnash@hww-law.com<br><br>William F. Jung<br>FBN: 380040<br>JUNG & SISCO, P.A.<br>101 E. Kennedy Blvd., Ste. 3920<br>Tampa, FL 33602<br>Telephone: (813) 225-1988<br>Facsimile: (813) 225-1392<br>wjung@jungandsisco.com |

*Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that, on November 18, 2011, he caused the foregoing Joint Case Management Report to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated:  November 18, 2011                 /s/  Steven W. Teppler