IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

    Plaintiff,

v.                                        Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

    Defendants.

_____/

**DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
NOVEMBER 15, 2011 ORDER**

Defendants ZeniMax Media Inc. and Bethesda Softworks LLC (collectively, "Defendants"), through their counsel and pursuant to Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1) and M.D. Fla. L.R. 6.02, respectfully file the following objections to the Order issued by the Honorable Magistrate Judge David A. Baker, dated November 15, 2011 [Dkt. #39] ("Order"), denying Defendants' Motion to Strike Class Allegations [Dkt. #31] ("Motion to Strike") from Plaintiff Lawrence Walewski's ("Plaintiff") Class Action Complaint ("Complaint") and granting Plaintiff's Motion For Leave To File Plaintiff's Motion For Class Certification [Dkt. #33] ("Motion For Leave").

**PRELIMINARY STATEMENT**

Defendants respectfully object to the Magistrate Judge's Order – which separately denied Defendants' dispositive Motion To Strike and granted Plaintiff's Motion for Leave notwithstanding Plaintiff's admitted failure to timely move for class certification in violation of

Local Rule 4.04(b).[1]  Each of Defendants' objections should be sustained because the Order applies the wrong legal standard and fails to consider Plaintiff's continued refusal to cure his violation.

First, the Order does not apply the correct legal standard and Defendants' objections should be sustained on this basis alone. Where, as here, a party moves to extend a procedural deadline which has expired, Fed.R.Civ.P. 6(b) requires that the moving party establish both (i) "good cause" for the extension and (ii) that the moving party's delay was the result of "excusable neglect."  The Order conflates both Fed.R.Civ.P. 6(b) requirements by granting Plaintiff an extension to move for class certification (i) without citing or considering the "excusable neglect" requirement set forth in Fed.R.Civ.P. 6(b), which Plaintiff has the burden to prove is met; and (ii) despite holding that "no good cause is shown for [Plaintiff's] delay."  Moreover, the Order fails to cite or properly consider binding Eleventh Circuit precedent holding that Plaintiff's counsel's admitted failure to calendar Local Rule 4.04(b)'s 90-day deadline cannot constitute "excusable neglect."

Second, the Order's factual finding that Plaintiff's delay in moving for certification "is minimal and non-prejudicial" fails to consider that Plaintiff's Motion For Class Certification does not actually cure Plaintiff's failure to comply with Local Rule 4.04(b).  Plaintiff's Motion For Class Certification does not request that this Court determine whether class certification is appropriate in this case.  Rather, Plaintiff's Motion requests that this Court postpone the determination of class certification, **until the close of discovery**.

---

[1] The Magistrate Judge did not set forth a basis for the denial of Defendants' Motion To Strike. For purposes of these Objections, Defendants assume that the Magistrate's basis for granting Plaintiff's Motion For Leave also apply to Defendants' Motion To Strike because both motions turn on the same issues of fact and law concerning Plaintiff's admitted failure to timely move for class certification.

## FACTUAL BACKGROUND

Plaintiff filed his Complaint on July 18, 2011 purporting to represent a nationwide class of all U.S. purchasers of *The Elder Scrolls IV: Oblivion*® video game. [Dkt. #1 at ¶ 51.] Local Rule 4.04(b) required Plaintiff to move for class certification "[w]ithin ninety (90) days following the filing of the initial complaint" – *i.e.*, no later than October 17, 2011. M.D. Fla. L.R. 4.04(b). Plaintiff failed to do so, and Plaintiff has admitted that his failure to timely move for class certification violated Local Rule 4.04(b). [Dkt. # 33 at 1.]

Defendants filed their Motion to Strike on October 28, 2011. On October 31, 2011 Plaintiff filed his Motion For Leave – and attached his proposed Motion for Class Certification – claiming that his admitted "failure to file a timely class certification was the result of excusable neglect" by his counsel under Fed.R.Civ.P 6(b). Plaintiff's only purported excuse for his failure to timely move for certification is that his counsel – who admits that he "reviewed the Local Rules for the Middle District of Florida prior to appearing in this action"[2] – "focused his efforts on opposing Defendants' motion to dismiss and inadvertently failed to calendar the deadline imposed by Rule 4.04." (Motion For Leave at 6;) [Dkt. #33-1 at ¶ 8.] Moreover, Plaintiff's proposed Motion for Class Certification does not seek a determination of whether this case may proceed as a class action. To the contrary, Plaintiff's Motion for Class Certification requests leave to conduct class discovery and postpone this Court's determination of class certification **until the close of discovery**:

> For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. ***Plaintiff herby requests that the Court reserve its ruling on the instant motion*** and ***allow for discovery to take place on class-wide issues*** as agreed by the parties, ***at the conclusion of which, Plaintiff***

---

[2] Plaintiff's Motion to Admit Bradley M. Baglien *Pro Hac Vice* further represents that "Mr. Baglien is familiar with the Local Rules and agrees to abide by them[.]" [Dkt. #10 at ¶ 3.]

> ***will file a fulsome memorandum in support of this motion*** detailing the appropriateness of class certification and asking the Court to rule at that time.

[Dkt. # 33-2 at ¶ 22 (emphasis added).]

Defendants filed their Opposition to Plaintiff's Motion For Leave on November 14, 2011 [Dkt. # 38] ("Opposition"). Defendants' Opposition sets forth that Plaintiff's counsel's failure to calendar the Local Rule 4.04(b) deadline does not and cannot constitute excusable neglect because: (i) the Eleventh Circuit has held that this Court may – and should – strictly apply the clear mandate of Local Rule 4.04; (ii) binding Eleventh Circuit case law establishes that an attorney's failure to appreciate and comply with procedural deadlines cannot constitute excusable neglect; and (iii) Plaintiff's failure to properly and timely move this Court for an actual determination of class certification demonstrates Plaintiff's bad faith, and has substantially prejudiced the Defendants and this Court. The next day, the Honorable Magistrate Judge Baker entered his Order separately denying without comment Defendants' Motion To Strike and granting Plaintiff's Motion For Leave because:

> While no good cause is shown for [Plaintiff's] delay, where, as here, the delay is minimal and non-prejudicial, and plaintiff has clearly not abandoned the action, the overriding principle is to determine cases on the merits.

[Dkt. # 39.] Defendants now respectfully submit their objections to the Order because the Order does not: (i) cite and/or properly consider the good cause and excusable neglect requirements under Fed.R.Civ.P. 6(b); and (ii) properly consider Plaintiff's failure to cure his violation of Local Rule 4.04(b).

## STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure "places into practice the powers codified in 28 U.S.C. § 636(b)(1)." *Sure Fill & Seal, Inc. v. GFF, Inc.*, No. 08-CV-882, 2010 WL 3125593, at *2 (M.D. Fla. Aug. 4, 2010). Motions "to dismiss or to permit maintenance of a

4

class action" constitute dispositive motions excepted from 28 U.S.C. § 636(b)(1)(a). As such, objections to an Order issued by the Magistrate Judge regarding such motions are governed by Fed.R.Civ.P 72(b). *See Sure Fill & Seal*, 2010 WL 3125593 at *2; Fed.R.Civ.P. 72(b). Pursuant to Fed.R.Civ.P. 72(b), the District Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b). This Court's *de novo* review requires examination of those portions of the Magistrate Judge's order to which objections are asserted. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The Court also should examine the entire file and record and make an independent assessment of the law. *Id.*; *Zuckerman v. Smart Choice Auto. Group*, No. 99 Civ. 237, 2000 WL 33996254, at *1 (M.D. Fla. Aug 29, 2000).

**OBJECTIONS TO THE ORDER**

**I. THE ORDER DOES NOT CITE AND DOES NOT APPEAR TO CONSIDER THE "EXCUSABLE NEGLECT" REQUIREMENT OF FED.R.CIV.P. 6(b)**

The Magistrate Judge did not appear to consider Fed.R.Civ.P. 6(b) in granting Plaintiff leave to move for certification despite Plaintiff's admitted violation of Local Rule 4.04(b) because the Order does not cite and does not appear to apply the Rule 6(b) "excusable neglect" requirement, under which Plaintiff sought leave to file his Motion for Class Certification. The Order therefore does not apply the correct standard when considering the parties' respective motions and Defendants' objections should be sustained for this reason alone. *See U.S. v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (even under the higher "abuse of discretion" standard an Order cannot be affirmed if it applies "the wrong legal standard"); *Ajami v. City of Dearborn*, No. 08 Civ. 12088, 2010 WL 2992412, at *11 (E.D. Mich. July 28. 2010) ("[b]ecause the Magistrate Judge did apply the wrong legal standard, Defendants' Objection . . . is SUSTAINED").

## II. THE ORDER MISAPPLES BOTH THE "GOOD CAUSE" AND THE "EXCUSABLE NEGLECT" REQUIREMENTS UNDER FED.R.CIV.P. 6(b)

The standard applied by the Order conflates the separate inquiries mandated by Fed.R.Civ.P. 6(b) and in so doing applies the incorrect legal standard. Plaintiff concedes that he has violated Local Rule 4.04(b) by failing to timely move for class certification within 90 days of filing his initial complaint. (Motion For Leave at 1.) Motions to extend procedural deadlines that have expired are exclusively governed by the Federal Rule of Civil Procedure 6(b):

> (b) Extending Time.
>
> (1) In General. When an act may or must be done within a specified time, the court may, **for good cause**, extend the time:
> . . .
> (B) on motion made after the time has expired if the party failed to act because of **excusable neglect**.

(Emphasis added); *see also Seyboth v. General Motors Corp.*, No. 07 Civ. 2292, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008) ("Rule 6(b) of the Federal Rules of Civil Procedure provides that when a motion for extension of time is made after a deadline has expired, the court may grant an extension, 'if the party failed to act because of excusable neglect'") (*quoting* Fed.R.Civ.P. 6(b)); *Wilcox v. Taco Bell of Am., Inc.*, No. 10 Civ. 2383, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 15, 2011) (same); *Ramos-Barrientos v. Bland*, No. 606 Civ. 89, 2009 WL 3851624, at *4 (S.D. Ga. Nov. 17, 2009) (same). Because Plaintiff concedes that he failed to timely move for class certification within 90 days, Plaintiff's Motion For Leave to move for certification must be evaluated according to Fed.R.Civ.P. 6(b) – which requires that Plaintiff establish both (i) "good cause" for the extension; and (ii) that Plaintiff's delay was the result of excusable neglect.[3] The proper consideration of both the "good cause" and "excusable neglect"

---

[3] Plaintiff agrees – as he must – that Fed.R.Civ.P. 6(b) governs his Motion For Leave. [Dkt. # 33 at 1.]

6

requirements of Rule 6(b) each warrant denial of Plaintiff's Motion for Leave outright and were not properly considered by the Order. Defendants' objections should be sustained, Plaintiff's Motion for Leave should be denied and Defendants' Motion To Strike should be granted.

> **A.** **The Order Misapplies Rule 6(b) By Granting Plaintiff Leave To Move For Certification Despite Expressly Finding No "Good Cause" For His Failure To Timely Move For Class Certification.**

The Order misapplies Fed.R.Civ.P. 6(b) by granting Plaintiff leave to move for class certification despite finding that "no good cause is shown for [Plaintiff's] delay" because Rule 6(b) expressly prohibits an extension of any deadline absent a showing of "good cause." Fed.R.Civ.P. 6(b) ("[w]hen an act may or must be done within a specified time, the court may, *for good cause*, extend the time") (emphasis added). The Order's express finding that "no good cause is shown for [Plaintiff's] delay" forecloses Plaintiff from being granted leave to file his Motion for Class Certification after the expiration of the Local Rule 4.04(b) class certification deadline. *See also Jones v. Hartford Ins. Co.*, 243 F.R.D. 694, 697 (M.D.Fla. 2006) (denying an untimely motion for class certification under Rule 6(b) because "Plaintiffs have not offered a valid excuse" for the delay); *Employers Mut. Cas. Co. v. Key Pharmaceutical*, 75 F.3d 815 (2d Cir. 1996) (a party must make some showing of why its motion was untimely). Accordingly, the Order misapplies Rule 6(b)'s "good cause" standard and Defendants' objections must be sustained.

> **B.** **The Order Misapplies Rule 6(b) By Not Considering The "Excusable Neglect" Requirement Under Both Fed.R.Civ.P. 6(b) And Binding Eleventh Circuit Precedent.**

The Order also misapplies Fed.R.Civ.P. 6(b) by granting Plaintiff an extension to move for class certification without determining whether Plaintiff's delay in seeking class certification was the result of excusable neglect. The proper consideration of the "excusable neglect"

7

standard mandates the striking of Plaintiff's class allegations because binding Eleventh Circuit precedent holds that Plaintiff's counsel's admitted failure to calendar Local Rule 4.04(b)'s 90-day deadline is a mistake of law that cannot constitute excusable neglect.[4] *See Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (dismissing and appeal where the notice of appeal was not timely filed because "counsel's misunderstanding of the law cannot constitute excusable neglect"). The Eleventh Circuit in *Riney* held "that an attorney's misunderstanding of the plain language of a rule ***cannot constitute excusable neglect*** such that a party is relieved of the consequences of failing to comply with a statutory deadline." *Id.* (emphasis added); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) ("we have made it clear that 'counsel's misunderstanding of the law cannot constitute excusable neglect") (internal quotations omitted).

In *Riney*, the defendants' appeal was not timely filed due to a mistake by counsel in which, "[b]ecause of the failure either to read or to understand the pertinent rules, Riney's lawyer thought that the period for filing a notice of appeal had been tolled until the district court disposed of his post-trial motions. He was mistaken." 130 F.3d at 997. The Court held that the four-factor test set forth in *Pioneer* did not apply to counsel's mistake because:

> Soon after *Pioneer*, it was established in this circuit that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline. And**, no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is "excusable neglect."** Today, we follow the other circuits and hold, as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline. **Nothing in *Pioneer* indicates otherwise**, and we believe that the law in this area remains as it was before *Pioneer*.

*Id*. at 998 (internal quotation and citation omitted, emphasis added).

---

[4] Defendants incorporate by reference their Opposition to Plaintiffs' Motion for Leave To File Motion For Class Certification and the additional authorities relied upon therein. [Dkt. #38.]

Since *Riney*, District Courts in the Eleventh Circuit consistently have held that a party's failure to timely move for class certification under Local Rule 4.04(b) – or analogous local rules in other Districts – is not excusable neglect where, as here, its counsel miscalculates or fails to calendar the deadline.  *See*, *e.g.*, *Seyboth v. General Motors Corp.*, Case No. 07 Civ. 2292, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008) (plaintiff's failure to calendar Local Rule 4.04(b)'s 90-day deadline due to counsel's claimed "calculation error" was a mistake of law that could not constitute excusable neglect); *Wilcox v. Taco Bell of Am., Inc.*, Case No. 10 Civ. 2383, 2011 WL 3444261, at *1-2 (M.D. Fla. Aug. 8, 2011) (plaintiff's failure to timely move for class certification under Local Rule 4.04(b) "due to his counsel's failure to calendar the deadline," did not constitute excusable neglect).[5]  The Order misapplied Rule 6(b) and did not consider this binding precedent.  Defendants' objections should be granted for this additional reason.

### III. The Magistrate Judge's Finding That Plaintiff's Delay In Moving For Certification Was "Minimal And Non-Prejudicial" Fails To Consider Plaintiff's Refusal To Cure His Violation Of The Local Rules

The Order's holding that Plaintiff's delay in moving for class certification "is minimal and non-prejudicial" fails to consider that Plaintiff's Motion For Class Certification does not propose a cure to Plaintiff's failure to comply with Local Rule 4.04(b).  Plaintiff's Motion For Class Certification does not actually request that this Court determine whether class certification

---

[5] *See also Jones*, 243 F.R.D. at 697 (granting motion to strike class allegations where plaintiff failed to comply with the local rule requiring class certification motions be filed within 90 days of the filing of the complaint); *Young v. BellSouth Communications, Inc.*, Case No. 01 Civ. 8387, 2001 WL 36260499 at *1 (S.D. Fla. Sept. 25, 2001) (striking plaintiffs' class allegations where plaintiffs "failed to comply with any of the[] requirements" of N.D. Fla. L.R. 23.1, which "requires plaintiffs to file a motion to certify a class within 90 days of filing the complaint"); *Williams v. Southern Bell Tel. and Tel. Co.*, Case No. 77 Civ. 1895, 1978 WL 73 at *3 (S.D. Fla. April 4, 1978) (striking class action allegations for failure to move for class certification within 90 days of filing the complaint).

is appropriate in this case. Rather, Plaintiff's Motion requests that this Court postpone the determination of class certification until the close of discovery:

> For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. Plaintiff herby requests that the Court reserve its ruling on the instant motion and ***allow for discovery to take place on class-wide issues*** as agreed by the parties, ***at the conclusion of which, Plaintiff will file a fulsome memorandum in support of this motion*** detailing the appropriateness of class certification and asking the Court to rule at that time

[Dkt. # 33-2 at ¶ 22 (emphasis added).]

Plaintiff's Motion for Class Certification does not properly seek determination of the issues of class certification, instead seeking leave to conduct **a full year** of discovery before again moving for class certification, and in no way cures Plaintiff's violation of L.R. 4.04(b). *See Wilcox*, 2011 WL 3444261, at *1 (granting defendants' motion to strike class allegations because, *inter alia*, plaintiff moved to extend the certification deadline by **three months**); *Seyboth*, 2008 WL 1994912, at *2 (granting defendants' motion to strike class allegations where plaintiff's motion to extend the certification deadline by **four months** did not cure the failure to timely move for class certification).[6] The prejudice to Defendants – including the burden and expense of discovery and Plaintiff's failure to timely move for class certification and requested extension of the deadline for a year – is manifest. Plaintiff's failure to timely move for class certification as a matter of law further prejudices both Defendants and the Court by violating the "purpose" of Fed.R.Civ.P. 23(c)(1) which "is to give clear definition as to the [class] action as soon as practicable." *See Cottone v. Blum*, 571 F. Supp. 437, 441 (W.D.N.Y. 1983); *Ramos-Barrientos* 2009 WL 3851624 at *4 ("[t]he Court relies on the parties in a case to move the Court

---

[6] For this reason, the second factor – length of delay – weighs against a finding of excusable neglect. Plaintiff's Motion for Class Certification does not seek to limit the length of delay – it seeks to extend the delay until the close of discovery.

when action is required and the Court cannot simply brush aside violations of this, or any other, local rule"). Defendants' Objections should be granted on these further grounds.[7]

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that this Court: (i) sustain Defendants' objections to the Order, (ii) grant Defendants' Motion to Strike in its entirety, and (iii) deny Plaintiff's Motion for Leave in its entirety.

---

[7] Courts have further held that a plaintiff's failure to timely move for certification so greatly prejudices the "public business of the Court," that class allegations should be stricken "[e]ven if defendants have not been prejudiced by the delay." *See Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006) (plaintiff's failure to move for class certification until two months after the deadline expired prejudiced "the public business of the court"); *see also Walker v. Columbia University*, 62 F.R.D. 63, 64 (S.D.N.Y. 1973) (granting motion to dismiss the action as a class action and denying motion for class action determination even where defendants were not prejudiced because of plaintiff's failure to follow the procedural filing requirements of the local rules); *Batson v. Powell*, 912 F. Supp. 565, 570 (D.D.C. 1996) (rejecting plaintiff's argument that the Court "should not dismiss their motion [for certification] for untimeliness without a showing of prejudice to defendant" because "plaintiffs fail to offer a compelling reason why the Court should not follow the local rule"). The Order's holding that Plaintiff's delay was "non-prejudicial" does not account for this additional prejudice.

Dated: November 29, 2011                    Respectfully submitted,

                                              s/ John T. Williams_____
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Objections To The Magistrate Judge's November 15, 2011 Order was served upon all counsel of record by electronic mail through the ECF System on November 29, 2011.

                    s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc. and Bethesda Softworks LLC***

4819-0600-9102, v. 3