# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf of all others similarly situated,

    *Plaintiff*,

**v.**

ZENIMAX MEDIA INC., a Delaware Corporation,
And BETHESDA SOFTWORKS LLC, a Delaware
Limited Liability Company,

    *Defendants.*

# CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | Completed |
| **Certificate of Interested Persons and Corporate Disclosure Statement**   [each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | April 1, 2012 |
| **Disclosure of Expert Reports**                                     **Plaintiff:** **Defendant:** [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | October 1, 2012 |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | January 1, 2013 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** [Court requires 5 months or more before trial term begins] | February 1, 2013 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement]** | May 3, 2013 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)   [Court recommends 6 weeks before Trial]** | May 13, 2013 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** | June 10, 2013 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | July 1, 2013 |
| **Estimated Length of Trial   [trial days]** | 10 Days |
| **Jury / Non-Jury** | Jury |
| **Mediation**                                       **Deadline:**<br>                                                     **Mediator:**<br>                                                     **Address:**<br><br>                                                     **Telephone:**<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court *will appoint* one from its List of Certified Mediators.] | January 11, 2013<br>Dye Ann Graham<br>1060 Maitland Center Commons, Suite 440<br>Maitland, FL 32751<br>407-661-1123 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____   No_X__<br><br>**Likely to Agree in Future _____** |

I.   **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.   Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.   Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on <u>November 28, 2011</u> (date) at <u>8:30 a.m.</u>

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

(time) at <u>the offices of Edelson McGuire LLC in Chicago, IL</u>   (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Bradley Baglien | Plaintiff Lawrence Walewski |
| Jason Nash | Defendants Bethesda Softworks, LLC and Zenimax Media, Inc. |

**II.     Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __X__ have exchanged _____ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

<u>on November 11, 2011</u>                            by       (check one)           _____

(date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

<u>Pursuant to Fed. R. Civ. P. 26(a)(1), the Parties exchanged: (a) the names of individuals likely to have discoverable information relevant to this action, as well as the subjects of information that each individual is likely to provide; (b) a brief description of the categories and location of documents and electronically stored information likely to be used in support of the Parties' claims and defenses; (c) categories of damages claimed by the Parties; and (d) information regarding applicable insurance agreements.</u>

**III.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that

(check one):

    ___   No party anticipates the disclosure or discovery of ESI in this case;

    _X__  One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

    A.   The form or forms in which ESI should be produced.

    B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

    C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

    D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    F.   Any issues relating to preservation of discoverable ESI.

    G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

---

[2]  See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

      H.    Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

While not a disagreement, the Parties are engaged in discussions regarding an appropriate protocol for discovery of electronic information in this case and have agreed to further discuss any objections, as well as the potential resolution of those objections, as part of those discussions.   The Parties further are engaged in discussions regarding the entry of an appropriate stipulated protective order governing the exchange, maintenance and use of information in this case and have agreed to further discuss any objections, and the potential resolution of those objections, as part of those discussions.

With respect to the scope of discovery:

**Plaintiff's Position**

Plaintiff intends to seek discovery in the form of requests for production, written interrogatories, requests to admit, oral depositions, and any other forms available under the Federal Rules of Civil Procedure during the time designated for fact discovery.   The subjects upon which Plaintiff intends to seek discovery include, but are not limited to: (1) Defendants' design and testing of the *Oblivion* video game prior to its release; (2) information regarding any advertisements and/or promotional materials relating to the *Oblivion* video game; (3) information regarding any disclosures made by Defendants to consumers of the existence of the Animation Defect, (4) Defendants' knowledge of the Animation Defect and/or any other defects in the *Oblivion* video game; (5) any communications relating to defects in the *Oblivion* video game; (6) the technical causes of the Animation Defect and/or other defects within the *Oblivion* video game; (7) customer complaints regarding the *Oblivion* video game; and (8) any patches or remedies designed to fix the Animation Defect or other defects within the *Oblivion* video game.

**Defendants' Position**

Defendants currently anticipate that they will seek discovery through all forms available under the

<u>Federal Rules of Civil Procedure, including without limitation requests for production, interrogatories, requests for admission, and oral depositions.   Defendants currently anticipate that they will seek discovery regarding: (1) Plaintiff's purchase of the *Oblivion* video game; (2) Plaintiff's receipt of and reliance on the alleged misrepresentations and omission; (3) the circumstances of Plaintiff's play of the *Oblivion* video game; (4) Plaintiff's saved game files; (5) Plaintiff's experiences with any alleged "technical issues affecting the performance of the *Oblivion* video game" and the impact of any alleged technical issues on Plaintiff's game play; and (6) Plaintiff's claimed damages.</u>

<u>In addition, Defendants object to Plaintiff's proposed scope of discovery because it is highly burdensome and seeks discovery regarding Defendants' proprietary trade secrets, confidential information and electronically stored information that is not reasonable under the Middle District Discovery Manual.   Defendants further object to Plaintiff's proposed scope of discovery because it purports to require Defendants to preserve and produce in discovery, at great expense to Defendants, electronically stored information: (1) that is not relevant to the claims and defenses in this case; and (2) for which the burden and cost of storage and production greatly exceeds the limited relevance and benefit of the electronically stored information.   The cost of storage and production of such electronically stored information is disproportional to the anticipated benefit of requiring production, if any.   Defendants further object to Plaintiff's proposed scope of discovery because it purports to require Defendants to provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or costs pursuant to Fed. R. Civ. P. 26(b)(2)(B).</u>

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.   Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

\_\_X\_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.     **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

\_\_\_X\_\_\_\_     Yes

_____     No             Amended Certificate will be filed by _____
                        (party) on or before   _____ (date).

B. **Discovery Not Filed** —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

C. **Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

 1. Depositions

No additional limitations

 2. Interrogatories

No additional limitations

 3. Document Requests

No additional limitations

 4. Requests to Admit

No additional limitations

        5.      Supplementation of Discovery

No additional limitations

        **D.**      **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

No additional comments

        **E.**      **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

No additional comments

  **F.**  **Confidentiality Agreements —**

  Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

  The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

  <u>The Parties have agreed to the entry of an appropriate confidentiality order governing the exchange, maintenance and use of confidential, private, or otherwise sensitive information</u>.

  **G.**  **Other Matters Regarding Discovery —**

**Plaintiff's Statement**

  <u>Plaintiff intends to commence both class and merits discovery promptly after submission of this Joint Report. Plaintiff has filed his Motion for Class Certification and has requested therein, pursuant to M.D. Fla. Local Rule 4.04(c), that the Court withhold ruling on the motion until the close of class discovery. To the extent required by the Court, Plaintiff will further support this request with a separate motion to conduct such discovery. With respect to Defendants' reservation of their supposed right to object to the November 15, 2011</u>

Order entered by Magistrate Judge Baker [Dkt. # 39] and class discovery, Defendants have no right to object to the November 15, 2011 Order, or any aspect of it, and under federal law, are obligated to engage in class discovery.

**Defendants' Statement**

Defendants specifically reserve their right to object to the November 15, 2011 Order issued by Magistrate Judge Baker [Dkt. #39] and to oppose Plaintiff's Motion for Class Certification [Dkt. #40]. Defendants do not waive, and expressly preserve, all objections and arguments they may raise in objecting to the November 15, 2011 Order issued by Magistrate Judge Baker and in opposing Plaintiff's Motion for Class Certification including any and all objections to class discovery.

V.     **Settlement and Alternative Dispute Resolution**.

    A.     Settlement —

The parties agree that settlement is

__X__     likely _____     unlikely          (check one)

The parties request a settlement conference before a United States Magistrate Judge.

yes _____     no_____     likely to request in future ___X____

    B.     Arbitration —

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.   Do the parties agree to arbitrate?

yes _____          no ___X___          likely to agree in future _____

_____ Binding                    _____Non-Binding

    C.     Mediation —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in

Case 6:11-cv-01178-JA-DAB   Document 45   Filed 11/29/11   Page 12 of 13 PageID 327

Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **D.**    **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

No additional comments

Date: ___November 29, 2011_____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| | |
|---|---|
| ___/s/ Bradley Baglien_____ | ___/s/ Jason Nash_____ |
| Bradley Baglien | Jason Nash |
| EDELSON MCGUIRE LLC | HINKHOUSE WILLIAMS WALSH LLP |
| 350 North LaSalle St, Suite 1300 | 180 North Stetson Ave, Suite 3400 |
| Chicago, IL 60654 | Chicago, IL 60601 |
| Phone: (312) 589-6370 | Phone: (312) 784-5416 |
| Facsimile: (312) 589-6378 | Facsimile: (312) 784-5496 |
| bbaglien@edelson.com | jnash@hww-law.com |

**CERTIFICATE OF SERVICE**

      The undersigned certifies that, on November 29, 2011, he caused the foregoing Joint Case Management Report to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated:   November 29, 2011              /s/   Bradley Baglien