IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

       Plaintiff,

v.                                                          Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

       Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................. 1

ALLEGATIONS OF PLAINTIFF'S COMPLAINT..................................................... 2

LEGAL STANDARD ............................................................................................. 3

ARGUMENT ....................................................................................................... 4

  I.   **PLAINTIFF'S PROPOSED CLASS IS NOT ADEQUATELY DEFINED AND NOT REASONABLY ASCERTAINABLE**.................................................. 5

  II.  **PLAINTIFF CANNOT PROVE THE PREDOMINANCE OF COMMON ISSUES AND SUPERIORITY REQUIREMENTS OF RULE 23(B)(3)** ..................... 6

    A.  **The Lack of Uniformity Between Each State's Applicable Laws Precludes A Finding of Common Issues As A Matter of Law.** ..................................... 7

      1.  **Conflicts Among All States' Deceptive Trade Practices Statutes Preclude Plaintiff From Satisfying The Predominance Requirement.**................................. 8

      2.  **Choice of Law Determinations Create Insuperable Obstacles To Class Treatment of the Warranty Claims.** ........................................ 10

    B.  **Individualized Questions of Law And Fact Bar Plaintiff From Proving Predominance With Respect To Each of The Causes of Action Set Forth in The Complaint.** ....................................... 11

      1.  **Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's State Statutory Claims.**......................... 12

      2.  **Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's Breach of Warranty Claims.**............................. 13

      3.  **Unjust Enrichment Claims Are Not Appropriate in Class Action Lawsuits**..... 14

    C.  **Class Action Is Not The Superior Method For The Fair And Efficient Adjudication Of The Case.** ....................................... 15

  III.  **PLAINTIFF CANNOT SATISFY THE REQUIREMENTS UNDER FED.R.CIV.P. 23(A)** ....................................................... 16

    A.  **Plaintiff Cannot Satisfy The Numerosity Requirement.**........................... 16

    B.  **Plaintiff Cannot Establish Common Issues of Law or Fact.** .................. 16

    C.  **Plaintiff Cannot Establish The Typicality Requirement of Rule 23(a)(3).** .......... 17

i

**D.  Plaintiff Does Not Have Standing To Represent All Putative Class Members And Cannot Establish The Adequacy Requirement of Rule 23(a)(3). .................. 18**

**IV.  PLAINTIFF'S PRAYER FOR RELIEF IS IMPROPER............................................ 19**

## TABLE OF AUTHORITIES

**Cases**

*Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452 (M.D. Fla. 2001) .......................... 16

*Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374 (11th Cir. 1998) ....................... 19

*Aurigemma v. Arco Petroleum Prods. Co.,* 734 F. Supp. 1025 (D. Conn. 1990).......................... 9

*Blue Cross, Inc. v. Corcoran,* 558 N.Y.S.2d 404 (App. Div. 1990)............................... 9

*BMW of North Am., Inc. v. Gore,* 517 U.S. 559 (1996).................................................. 8

*Breakstone v. Caterpillar, Inc.*, No. 09-CV-23324, 2010 WL 2164440
   (S.D. Fla. May 26, 2010) ...................................................................... 12

*Castano v. Am. Tobacco Co.,* 84 F.3d 734 (5th Cir.1996)..................................................... 7

*Cohen v. Implant Innovactions, Inc.*, 259 F.R.D. 617 (S.D. Fla. 2008) ................................ 10, 13

*Cole v. General Motors,* 484 F.3d 717 (5th Cir. 2007) .................................................. 10

*Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671 (S.D. Fla. 2007)......................................... 4, 16

*Cooper v. GGGR Investments, LLC,* 334 B.R. 179 (E.D.Va. 2005)................................... 9

*Cooper v. Southern Co.*, 390 F.3d 695 (11th Cir. 2004)....................................................... 6

*Coors v. Sec. Life of Denver Ins. Co.,* 112 P.3d 59 (Colo. 2005) .................................... 9

*Corely v. Entergy Corp.*, 220 F.R.D. 478 (E.D. Tex. 2004)............................................. 13

*Dix v. Am. Bank Life Assurance Co.,* 415 N.W.2d 206 (Mich. 1987) ............................. 9

*Forbes v. Par Ten Group, Inc.,* 394 S.E.2d 643 (N.C. App. 1990) ............................... 9

*Georgine v. Amchem Prods., Inc.*, 83 F.3d 610 (3d Cir. 1996) .................................... 10

*Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430 (M.D. Fla. 2000)................................. 4

*Green v. McNeil Nutritionals, LLC,* App. No. 2004-0379-CA, 2005 WL 3388158
   (Fla.Cir.Ct. 4th Dist. Nov. 16, 2005) ........................................................ 14

*Haskell v. Time, Inc.,* 857 F. Supp. 1392 (E.D. Cal. 1994) ........................................... 9

*Heaven v. Trust Co. Bank*, 118 F.3d 735 (11th Cir. 1997) ........................................... 3

*Hutson v. Rexall Sundown, Inc.*, 837 So.2d 1090 (Fla. 4th DCA 2003)........................................ 10

*In re Air Bag Prods. Liab. Litig.,* 7 F. Supp. 2d 792 (E.D. La. 1998) .......................................... 13

*In re Am. Med. Sys., Inc.,* 75 F.3d 1069 (6th Cir. 1986) ................................................. 7

*In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012 (7th Cir. 2002) ................................................. 8

*In re Motions to Certify Classes Against Court Reporting Firms For Charges Relating to Word Indices,* 715 F. Supp. 2d 1265 (S.D. Fla. 2010) ........................................... 6, 14

*Kelecseny v. Chevron, U.S.A., Inc.,* 262 F.R.D. 660 (S.D. Fla. 2009) ................................. 5, 6, 16

*Kia Motors Am. Corp. v. Butler,* 985 So.2d 1133 (Fla. 3d DCA 2008) ...................................... 12

*Kirts v. Green Buillion Financial Servs., LLC,* No. 10 Civ. 20312, 2010 WL 3184382 (S.D. Fla. Aug. 3, 2010) ................................................................................ 17

*Klay v. Humana, Inc.,* 382 F.3d 1241 (11th Cir. 2004) ....................................................... 7

*Lebel v. Rampage Sport Fishing Yachts,* No. 06-61890-CIV, 2007 WL 1724942 (S.D. Fla. 2007) ................................................................................ 18

*Leszczynski v. Allianz Ins.,* 176 F.R.D. 659 (S.D. Fla. 1997) ....................................................... 16

*Lynas v. Williams,* 454 S.E.2d 570 (Ga.App. 1995) ....................................................... 9

*Mardegan v. Mylan, Inc.,* No. 10 Civ. 14285, 2011 WL 3583743 (S.D. Fla. Aug. 12, 2011) ..... 14

*Marino v. Home Depot U.S.A., Inc.,* 245 F.R.D. 729 (S.D. Fla. 2007) ................................. 12, 15

*Mass. Laborers' Health & Welfare Fund v. Philip Morris, Inc.,* 62 F. Supp. 2d 236 (D. Mass. 1999) ................................................................................ 9

*Mills v. Foremost, Ins. Co.,* 269 F.R.D. 663 (M.D. Fla. 2010) ....................................................... 4

*Montgomery v. New Piper Aircraft, Inc.,* 209 F.R.D. 221 (S.D. Fla. 2002) ................................. 9

*Murray v. U.S. Bank Trust Nat'l Ass'n,* 365 F.3d 1284 (11th Cir. 2004) ................................. 18

*O'Brien v. JJ Kislak Mort. Corp.,* 934 F. Supp. 1348 (S.D. Fla. 1996) ........................................ 13

*O'Neill v. The Home Depot U.S.A., Inc.,* 243 F.R.D. 469 (S.D. Fla. 2006) ........................... 5, 12

*Occidental Land Inc. v. Superior Court (Fahnestock),* 556 P.2d 750 (Cal. 1976) ........................ 9

*Perez v. Metabolife Int'l, Inc.,* 218 F.R.D. 262 (S.D. Fla. 2003) ....................................................... 5

*Phillip Morris USA, Inc. v. Hines,* 883 So.2d 292 (Fla. 4th DCA 2004) ...................................... 12

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985) ............................................................... 10

*Piazza v. Ebsco Industries, Inc.,* 273 F.3d 1341 (11th Cir. 2001) ................................ 18

*Rink v. Cheminova, Inc.*, 203 F.R.D. 648 (M.D. Fla. 2001) ............................................ 5

*Robinson v. Tex. Auto. Dealers Ass'n,* 387 F.3d 416 (5th Cir.2004) ........................... 20

*Sacred Heart Health Systems, Inc. v. Humana Military Healthcare*, 601 F.3d 1159
    (11th Cir. 2010) ................................................................................................. 15

*Seyboth v. General Motors Corp.*, No. 07 Civ. 2292, 2008 WL 1994912
    (M.D. Fla. May 8, 2008) .................................................................................... 19

*Sokolski v. Trans Union Corp.,* 53 F. Supp. 2d 307 (E.D.N.Y. 1999) ........................... 9

*Szabo v. Bridgeport Mach., Inc.,* 249 F.3d 672 (7th Cir. 2001) ........................... 10, 11

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196
    (2d Cir. 2008) ...................................................................................................... 4

*Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.,* 628 N.W.2d 707 (N.D. 2001) ............ 9

*Tykla v. Gerber Prods. Co.,* 178 F.R.D. 493, 499 (N.D. Ill. 1998) ................................ 9

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) ............................... passim

*Walsh v. Ford Motor Co.,* 807 F.2d 1000 (D.C. Cir. 1986) ...................................... 7, 10

*Williams v. Mohawk Indus., Inc.,* 569 F.3d 1350 (11th Cir. 2009) .............................. 4, 6

*Williams v. Southern Bell Tel. and Tel. Co.*, No. 77 Civ. 1895, 1978 WL 73
    (S.D. Fla. April 4, 1978) ................................................................................... 19

**Statutes**

Ala. Code § 8-19-10(f) ................................................................................................ 9

Ala. Code §§ 8-19-14 ................................................................................................. 13

Ark. Code §§ 4-88-115 .............................................................................................. 13

Del § 2513 .................................................................................................................. 9

Fla. Stat. § 501.201 ............................................................................................ 6, 9, 15

Fla. Stat. § 501.2105(1) ............................................................................................. 15

Ga. Code Ann. § 10-1-399 ......................................................................................... 9

Idaho. Code § 48-601 ................................................................................................. 9

Iowa Code Ann. § 714.16(7)..................................................................................................8

La. Rev. Stat. Ann. § 51:1409(A) ..........................................................................................9

MD Code, Commercial Law § 13-408(b).............................................................................15

Miss. Code Ann. § 75-24-15(4) .............................................................................................9

Mont. Code Ann. § 30-14-133 ...............................................................................................9

N.D.CC. § 51-15-09 ...............................................................................................................9

N.M. Stat. § Ann. 57-12-10-E................................................................................................9

Ohio Rev. Code Ann. § 1345.09(B) .......................................................................................9

S.C. Code Ann. § 39-5-140(a) ...............................................................................................9

Tenn. Code § 47-18-103 .........................................................................................................9

**Rules**

Fed.R.Civ.P. 23(a) ........................................................................................................ passim

Fed.R.Civ.P. 23(b) ........................................................................................................ passim

Fed.R.Civ.P. 23(c)(1)(A) .......................................................................................... 2, 22, 23

M.D. Fla. L.R. 4.04(c) .................................................................................................... 2, 23

## INTRODUCTION

Plaintiff Lawrence Walewski ("Plaintiff") has not carried, and cannot carry, his burden of satisfying the requirements for class certification.  Plaintiff's Motion For Class Certification [Dkt. #40] ("Motion"), based solely on the allegations in Plaintiff's Class Action Complaint ("Complaint") [Dkt. #1], is conclusory and unsupported.  The Complaint fails to set forth facts or causes of action necessary and appropriate for determination on a class basis and therefore cannot and does not set forth an ascertainable class absent a highly detailed individualized factual inquiry into each purported individual class member.  Class certification should be denied for this reason alone.

Equally fatal to his Motion, Plaintiff has not and cannot demonstrate that any claimed common issues of law or fact predominate or that the class action device is superior for the resolution of these claims.  As detailed in Defendants' Motion to Dismiss [Dkt. #25],[1] the claims of each individual purchaser are governed by the laws of the state in which their purchase was made – and the substantial variations in state laws preclude a finding that any claimed common questions of law or fact predominate pursuant to Fed.R.Civ.P. 23(b)(2).

Determination of the individualized central issues alleged in the Complaint – including exposure to, receipt and interpretation of, and reliance upon any claimed misrepresentation or omission, relevant knowledge, and whether each purported individual class member experienced the alleged Animation Defect and sustained an actual and similar injury through the manifestation of the alleged Animation Defect, among others – must, by their nature, be decided

---

[1] Defendants incorporate by reference the arguments and authorities set forth in Defendants' Motion to Dismiss.  [Dkt. #25.]  This Court held that "the issues of class certification, class scope, and choice of law may well be interwined" [Dkt. #43] – and Defendants respectfully submit that the choice of law issue is ripe for resolution and should be decided at this stage, before any discovery begins.

on a purchaser-by-purchaser basis and preclude a finding of predominance.  The absence of any

ascertainable class and the inescapable individualized issues of law and fact conclusively

demonstrate that Plaintiff cannot establish the requirements of Rule 23(a).  Finally, the Motion

improperly asks this Court to cast aside Rule 23(c)(1)(A)'s mandate that "the court must

determine by order whether to certify the action as a class action" as early as "practicable" by

requesting the Court indefinitely reserve its ruling.  But class discovery cannot remedy the

individualized inquiries inherent in each count of the Complaint that preclude certification of this

case as a class action and mandate denial of the Motion under Local Rule 4.04(c).

    For at least these reasons, and for the reasons discussed more fully below, this Court

should deny Plaintiff's Motion for Class Certification.  Should the Court be disposed to reserve

its ruling, Defendants respectfully request leave to file a comprehensive opposition to any later

attempt by Plaintiff to seek class certification.

## ALLEGATIONS OF PLAINTIFF'S COMPLAINT

    Plaintiff – a Florida resident – purports to represent a nationwide class[2] of all purchasers

of *The Elder Scrolls IV: Oblivion*® ("*Oblivion*"), a single-player role playing video game sold

for use on the Microsoft Xbox 360, PlayStation 3 and PC computer platforms.  (Compl. ¶¶ 1, 6-

7.)  Plaintiff alleges that *Oblivion* contains "an inherent design defect" that "causes 'secondary'

animations [in the game] to freeze" (the "Animation Defect") and forces a player to discontinue

playing the existing game and start with a new character.  (Compl. ¶¶ 20-24.)  Plaintiff alleges

that after playing *Oblivion* on the Xbox 360 platform using a single character for approximately

---

[2] Plaintiff's Complaint and Motion seek to certify the overbroad and unascertainable class
defined as "[a]ll persons or entities residing in the United States who purchased any version of
the *Elder Scrolls IV: Oblivion* video game."  (Compl. ¶ 51, Motion at 2.)

450 hours[3] over the course of approximately 4 months, he experienced an alleged Animation

Defect.  (Compl. ¶¶ 41, 45, 47.)  Plaintiff further alleges that the manifestation of the alleged

defect somehow renders Defendants' alleged representations (which are claimed to tout the game

as "open-ended" and capable of being "experienced at the player's own pace") fraudulent

because Plaintiff was forced to "forfeit his original character" and restart his *Oblivion* play with a

different character.  (Compl. ¶¶ 49, 64-65.)  Plaintiff further alleges that Defendants' failure to

disclose the existence of the alleged Animation Defect and its effect on gameplay constitutes a

fraudulent omission, that the alleged Animation Defect renders the game unfit for its intended

purpose and constitutes a breach of the implied warranty of merchantability, and that Defendants

accordingly have been unjustly enriched.  (Compl. ¶¶ 65, 78, 81.)

## LEGAL STANDARD

To be entitled to class certification the named plaintiff must have standing and must meet

each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as satisfy

Rule 23(b).  *Heaven v. Trust Co. Bank*, 118 F.3d 735, 747 (11th Cir. 1997).  Rule 23(a) requires

Plaintiff to prove that the requirements of numerosity, commonality, typicality and adequacy of

representation are satisfied:

> One or more members of a class may sue on behalf of all only if (1) the class is so
> numerous that joinder of all members is impracticable, (2) there are questions of law or
> fact common to the class, (3) the claims and defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the representative parties will fairly
> and adequately protect the interests of the class.

---

[3] Plaintiff's Motion apparently seeks to modify the allegations of the Complaint by now
attempting to characterize the manifestation of the alleged Animation Defect as occurring "after
only moderate use" (Motion at 2) and incongruously citing Paragraph 20 of the Complaint
(which does not make that allegation).  While Plaintiff inconsistently characterizes the
circumstances of the purported manifestation of the alleged Animation Defect, this inconsistency
does not alter the necessary conclusion that class certification is precluded by the necessary
individualized inquiries into each purported individual class member's experience.

*See* Fed.R.Civ.P. 23(a).  "Failure to satisfy any one of the Rule 23(a) factors, or any of the Rule 23(b) factors precludes class certification." *Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 675 (S.D. Fla. 2007).

A district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) (internal quotations and citations omitted).  "This analysis does not permit courts to be 'generous or forgiving' of failures of proof or to engage in speculation as to Rule 23's requirements." *Mills v. Foremost, Ins. Co.*, 269 F.R.D. 663, 669 (M.D. Fla. 2010) (*quoting Vega* at 1269).  In the Eleventh Circuit "[a]lthough a court should not determine the merits of a claim at the class certification stage, it is appropriate to consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Williams v. Mohawk Indus., Inc.*, 569 F.3d 1350, 1358 (11th Cir. 2009); *Vega* at 1266 (same).

## ARGUMENT

Plaintiff fails to provide evidentiary support for certification and, instead, relies solely upon generalized and unsubstantiated allegations in the pleadings on the mistaken belief that "the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated."  (Motion at 4.)  In fact, "the Court is not bound to accept as true allegations in the complaint that the Rule 23 class certification requirements have been met." *Gibbs Properties Corp. v. CIGNA Corp.*, 196 F.R.D. 430, 435 (M.D. Fla. 2000).  Plaintiff "bears the burden of establishing every element of Rule 23, and a district court's factual findings must find support in the evidence before it." *Vega* at 1167.  Plaintiff must satisfy this burden by a preponderance of the evidence. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 202 (2d Cir. 2008) ("Today, we dispel any remaining confusion and hold that

the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's

requirements").

## I.      PLAINTIFF'S PROPOSED CLASS IS NOT ADEQUATELY DEFINED AND NOT REASONABLY ASCERTAINABLE

Ascertainment of members of Plaintiff's proposed class is impossible in this case without

individual fact-finding and this alone precludes class certification. *Keleceseny v. Chevron, U.S.A.,*

*Inc.*, 262 F.R.D. 660, 668 (S.D. Fla. 2009) (denying class certification where "[s]imply to

determine whether certain individuals may be in the class, detailed individual inquiry is

required"). "Before engaging in the analysis required by Rule 23, the question of whether the

class has been adequately defined should be considered." *Id.* (*citing O'Neill v. The Home Depot*

*U.S.A., Inc.*, 243 F.R.D. 469, 477 (S.D. Fla. 2006)). "In order for a party to represent a class, the

class sought to be represented must be adequately defined and clearly ascertainable." *Id.*

(*DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)) ("A precise definition is essential to

identify those entitled to notice and those bound by a judgment."); *Rink v. Cheminova, Inc.*, 203

F.R.D. 648, 660 (M.D. Fla. 2001) ("[A] vague class definition portends significant manageability

problems for the court"). "A court should deny class certification where the class definitions are

overly broad, amorphus, and vague, or where the number of individualized determinations

required to determine class membership becomes too administratively difficult." *Perez v.*

*Metabolife Int'l, Inc.,* 218 F.R.D. 262, 269 (S.D. Fla. 2003); *see also O'Neill,* 243 F.R.D. at 478

(denying motion for class certification where "individual investigations or testimony will ... be

necessary" to ascertain the members of the class).

Plaintiff's overbroad class definition fails to articulate any workable method for

ascertaining class membership thus rendering identification of class members impossible.

Evaluation of an individual's membership in Plaintiff's overbroad class would at a minimum

require determinations of whether each purported individual class member: (i) actually

purchased *Oblivion* and, if so, when, from what retail channel of distribution, from a primary or

secondary source, and at what price; (ii) ever was exposed to or received any alleged

misrepresentation from Defendants; (iii) actually relied upon any alleged misrepresentation or

omission from Defendants; (iv) experienced the alleged Animation Defect; and (v) sustained any

actual loss or injury from the alleged Animation Defect. *See Kelecseny*, 262 F.R.D. at 668

(refusing to certify a class where, *inter alia*, the determination of purchasers required

individualized proof).  Plaintiff's overbroad class allegations further improperly includes

satisfied customers who purchased *Oblivion* and never experienced the alleged Animation Defect

(and have sustained no actual injury).  *In re Motions to Certify Classes Against Court Reporting*

*Firms For Charges Relating to Word Indices*, 715 F. Supp. 2d 1265, 1279 (S.D. Fla. 2010)

(denying class certification because the FDUTPA requires proof of actual injury and Plaintiff's

overly broad class definition "includes firms and individuals who have suffered no injury").

There simply is no workable method for ascertaining class membership – and Plaintiff neither

alleges nor offers one.  Class certification should be denied for this reason alone.

## II.    PLAINTIFF CANNOT PROVE THE PREDOMINANCE OF COMMON ISSUES AND SUPERIORITY REQUIREMENTS OF RULE 23(b)(3)[4]

Class certification further must be denied because Plaintiff cannot prove that "questions

---

[4] Plaintiff attempts to argue that class certification may be appropriate under Fed.R.Civ.P. 23(b)(2).  (*See* [Dkt. # 40] ¶ 17.)  But the very case on which Plaintiff relies unequivocally holds that a class cannot be certified in this case under Rule 23(b)(2).  *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1359 (11th Cir. 2009).  In *Williams*, the Eleventh Circuit held that "certification under section (b)(2) is *not* proper in 'cases in which the appropriate final relief relates exclusively or *predominantly* to money damages.'"  *Id.* (emphasis in original) (*quoting Cooper v. Southern Co.*, 390 F.3d 695, 720 (11th Cir. 2004)).  The relief sought in this case without question is monetary.  (*See* [Dkt. # 1] at Prayer For Relief.)  The sole injunctive relief sought by Plaintiff is insufficient to support certification under Rule 23(b)(2).  *Cooper*, 390 F.3d at 721 n. 13, *overruled on other grounds*, *Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457 (2006).

of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R. Civ. P. 23(b)(3). Here, class certification is not appropriate because: (i) the lack of uniformity between each state's applicable laws precludes a finding of common issues as a matter of law; (ii) individualized questions of law and fact bar Plaintiff from proving predominance with respect to each of the causes of action set forth in the Complaint; and (iii) the class mechanism is not superior given the litany of inherent individualized issues.

### A.  The Lack of Uniformity Between Each State's Applicable Laws Precludes A Finding of Common Issues As A Matter of Law.

Individualized choice of law determinations overwhelm any potential common questions and preclude certification of this case as a class action. "For a nationwide class to be proper, the Court must . . . examine whether the case necessitates applying diverse laws of the different states; if so, then nationwide class certification is improper." *Vega v. T-Mobile USA, Inc.,* No. 06-CIV-20554, 2007 WL 1364333, at *2 (S.D. Fla. May 8, 2007). To carry its burden on this issue, Plaintiff must provide an "extensive analysis" of state law variations to determine whether there are "insuperable obstacles" to certification. *Walsh v. Ford Motor Co.,* 807 F.2d 1000, 1017 (D.C. Cir. 1986). "Class certification is impossible where the fifty states truly establish a large number of different legal standards governing a particular claim." *Klay v. Humana, Inc.,* 382 F.3d 1241, 1261 (11th Cir. 2004); *see also In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1085 (6th Cir. 1986); *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 752 (5th Cir. 1996). Plaintiff has failed to properly provide this Court with the necessary "extensive analysis" of the appropriate governing legal standards necessary to determine whether class certification is appropriate – which is

7

unsurprising given the overwhelming differences in the standards governing Plaintiff's state

statutory and warranty claims that preclude certification of the case as a class action.[5]

### 1. Conflicts Among All States' Deceptive Trade Practices Statutes Preclude Plaintiff From Satisfying The Predominance Requirement.

For Plaintiff's state statutory consumer fraud claims, variations in the laws of the states

preclude a finding of predominance and bar certification of a class in this case.[6]  The Supreme

Court has found that the deceptive trade statutes differ radically among States.  *See BMW of*

*North Am., Inc. v. Gore,* 517 U.S. 559, 568-69 (1996) ("No one doubts that a State may protect

its citizens by prohibiting deceptive trade practices . . . But the States need not, and in fact do

not, provide such protection in a uniform manner"); *In re Bridgestone/Firestone, Inc.,* 288 F.3d

1012, 1018-21 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts

must respect these differences rather than apply one state's law to sales in other states with

different rules").

The following illustrates, in summary form, the wide panoply of material differences

among the States' respective deceptive trade practices and consumer protection statutory laws:

- Some states have no private cause of action under their consumer protection laws or limit the right to a private action.  *See, e.g.,* Iowa Code Ann. § 714.16(7) (no private right of

---

[5] Plaintiff's claims properly are governed by Florida, not Maryland, law.  (*See* Defendants' Motion to Dismiss, incorporated herein by reference.)  Even if Maryland law properly could be applied to each purported individual class nationwide member as alleged in Plaintiff's Complaint – and it cannot – this case cannot be certified as a class action given the inherent individualized questions of law and fact under Maryland law, as explained *infra*.

[6] As set forth, *infra*, Plaintiff does not have standing to assert a claim under the Maryland Consumer Protection Act on behalf of each putative class member because the alleged injury to Plaintiff occurred in Florida. *See Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 626-627 (S.D. Fla. 2008) (Missouri resident did not have standing to assert FDUTPA claim on behalf of each class member because his injury occurred in Missouri).  Accordingly, Plaintiff cannot establish that its claim is typical of the claims of the putative class members across the country or that Plaintiff can fairly and adequately protect the interests of the class.  *Id.* at 627 (*citing Murray v. U.S. Bank Trust Nat'l Ass'n*, 365 F.3d 1284, 1289 (11th Cir. 2004) ("a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent")).

action); N.D.CC. § 51-15-09; *Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.,* 628 N.W.2d 707, 721 (N.D. 2001) (private right of action only available for injunctive relief); *Coors v. Sec. Life of Denver Ins. Co.,* 112 P.3d 59, 64 (Colo. 2005) (requiring showing of public impact for private action).

- Some state statutes do not permit maintenance of consumer protection cases as class actions.  *See, e.g.,* La. Rev. Stat. Ann. § 51:1409(A); Miss. Code Ann. § 75-24-15(4); Mont. Code Ann. § 30-14-133; S.C. Code Ann. § 39-5-140(a); Ala. Code § 8-19-10(f); Ga. Code Ann. § 10-1-399.  Other states impose restrictions on class actions. N.M. Stat. § Ann. 57-12-10-E (only named plaintiffs may recover treble damages not class members); Ohio Rev. Code Ann. § 1345.09(B) (class actions are limited to actual damages or other relief but individuals may recover treble damages).

- Some states measure the "deceptiveness" of challenged conduct by its potential effect on the least sophisticated consumer.  *See, e.g., Aurigemma v. Arco Petroleum Prods. Co.,* 734 F. Supp. 1025, 1029 (D. Conn. 1990) (Connecticut law).  Others focus on potential effect to the "reasonable person."  *See, e.g., Haskell v. Time, Inc.,* 857 F. Supp. 1392, 1398-99 (E.D. Cal. 1994); *Blue Cross, Inc. v. Corcoran,* 558 N.Y.S.2d 404, 405 (App. Div. 1990).

- Some states require a plaintiff to establish "reliance" on an alleged deception.  *See Lynas v. Williams,* 454 S.E.2d 570, 574 (Ga. App.1995); *Cooper v. GGGR Investments, LLC,* 334 B.R. 179, 188 (E.D. Va. 2005); *Sokolski v. Trans Union Corp.,* 53 F. Supp. 2d 307, 315 (E.D.N.Y. 1999); *Mass. Laborers' Health & Welfare Fund v. Philip Morris, Inc.,* 62 F. Supp. 2d 236, 242 (D. Mass. 1999); *Occidental Land Inc. v. Superior Court (Fahnestock),* 556 P.2d 750 (Cal. 1976); *Forbes v. Par Ten Group, Inc.,* 394 S.E.2d 643 (N.C. App. 1990).  Other states do not.  *Tykla v. Gerber Prods. Co.,* 178 F.R.D. 493 (N.D. Ill. 1998) ("Illinois law does not require a plaintiff to prove actual reliance"). Michigan requires a plaintiff to establish that a reasonable person would have relied on the representation; individual reliance is not required.  *Dix v. Am. Bank Life Assurance Co.,* 415 N.W.2d 206, 209 (Mich. 1987).  Delaware, Idaho and Tennessee do not impose reliance requirements. Del § 2513; Idaho. Code § 48-601; Tenn. Code § 47-18-103.

Based on these and other substantial variations, described in more detail in Exhibit A, courts have refused to certify nationwide class actions alleging deceptive trade practices under statutes such as the FDUTPA and other state consumer fraud statutes.  *See, e.g., Montgomery v. New Piper Aircraft, Inc.,* 209 F.R.D. 221, 229-30 (S.D. Fla. 2002) ("The Court concludes that, under *Shutts,* the Due Process Clause of the Constitution prohibits application of FDUTPA to a nationwide class in this case.  There are several material conflicts between FDUTPA and other states' consumer fraud acts"); *Hutson v. Rexall Sundown, Inc.,* 837 So.2d 1090, 1094 (Fla. 4th

DCA 2003) (denial of class certification was proper where the alleged deceptive unfair trade practice occurred both in the state of Florida and in 49 other states and where the alleged wrong was committed – and the damage done – at the site of the sale of products); *Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 626-627 (S.D. Fla. 2008) (same).[7]  Plaintiff's statutory consumer fraud counts cannot be maintained as a class action.

### 2.  Choice of Law Determinations Create Insuperable Obstacles To Class Treatment of the Warranty Claims.

Numerous courts around the country have refused to certify a nationwide putative class action warranty claim solely based on the disparate state laws governing the claim. *See, e.g., Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 626-627 (S.D. Fla. 2008) (denying class certification for failure to satisfy the predominance requirement because "the law of the state of each putative class member would apply to his or her [express and implied] warranty claim"); *Walsh,* 807 F.2d at 1016-17 ("The Uniform Commercial Code is not uniform"); *Cole v. General Motors,* 484 F.3d 717, 724-25 (5th Cir. 2007) (reversing order granting class certification where "plaintiffs did not sufficiently demonstrate the predominance requirement because they failed both to undertake the required 'extensive analysis' of variations in state law concerning their claims and to consider how those variations impact predominance").  The Seventh Circuit reversed a nationwide class certification of similar claims in *Szabo v. Bridgeport Mach., Inc.,* 249 F.3d 672, 678 (7th Cir. 2001).  There, a buyer of a control unit for machine tools sued the

---

[7] Plaintiff's argument that this Court should simply apply the law of Defendants' home state is wrong.  The Supreme Court has held that every putative class member has a constitutional due process right to have his claims governed by the state law applicable to his dispute. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 821-23 (1985) (a district court "may not take a transaction with little or no relationship to the forum and apply the law of the forum in order to satisfy the procedural requirement that there be a 'common question of law'"); *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627 (3d Cir. 1996) (recognizing that a federal court, considering a motion for a nationwide class certification "must apply an individualized choice of law analysis to each plaintiff's claim") (*citing Phillips*, 472 U.S. at 823).

control unit manufacturer alleging that the unit was defective and that the manufacturer's sales agents had misrepresented its abilities and limitations in describing it.  In reversing class certification, the court commented that "[a] nationwide class in what is fundamentally a breach-of-warranty action ... poses serious problems about choice of law, the manageability of the suit, and thus the propriety of class certification."  *Id.* at 674.  As a matter of law, the Complaint's breach of implied warranty count cannot be appropriate for class certification.

**B.  Individualized Questions of Law And Fact Bar Plaintiff From Proving Predominance With Respect To Each of The Causes of Action Set Forth in The Complaint.**

Determination of liability will require individualized assessments of the circumstances of each purported individual class member's purchase and use of *Oblivion* that preclude a finding of predominance of any claimed common issues of fact and law.  Class certification must be denied under Rule 23(b)(3) where common questions of law or fact fail to predominate over any questions affecting only individual members.  *See* Fed.R. Civ.P. 23(b)(3).  The Eleventh Circuit accordingly holds that:

> Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3) . . . [I]f common issues truly predominate over individualized issues in a lawsuit, then the addition or subtraction of any of the plaintiffs to or from the class [should not] have a substantial effect on the substance or quantity of evidence offered.  Put simply, if the addition of more plaintiffs to a class requires the presentation of significant amounts of new evidence, that strongly suggests that individual issues (made relevant only through the inclusion of these new class members) are important.

*Vega*, 564 F.3d at 1270.  Plaintiff cannot meet his burden to prove that claimed common issues of fact or law predominate over the substantial and fundamental individualized factual determinations that will be required to determine the merits of each purported individual class member's claims.  Plaintiff thus has failed to demonstrate that common questions predominate.

1.  **Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's State Statutory Claims.**

Determination of Plaintiff's state statutory counts will require resolution of a litany of individualized issues of law and fact that preclude a finding of predominance. *Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729, 737 (S.D. Fla. 2007) ("[T]he need for individualized determinations as to the existence of a deceptive act leads to the conclusion that common facts do not predominate as to Plaintiff's FDUTPA claim"). These issues include:

- First, each purported individual class member must prove he/she actually was exposed to and received any alleged misrepresentation. *See O'Neill*, 243 F.R.D. at 481 ("Individual fact-finding would also be required to determine whether any particular class member received an alleged misrepresentation").

- Second, each purported individual class member must establish that his/her reason for purchasing the *Oblivion* video game was because he/she reasonably relied on allegedly deceptive representations from Defendants. *Phillip Morris USA, Inc. v. Hines*, 883 So.2d 292, 294 (Fla. 4th DCA 2004) (denying class certification because the reason "why the 'light cigarettes' were chosen by the particular smoker" were necessary to determine actual reliance).

- Third, each purported individual class member must establish that he/she had no knowledge of the alleged Animation Defect when purchasing the *Oblivion* video game. *Kia Motors Am. Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008) (denying class certification because to prove liability under the FDUTPA each individual plaintiff was required to prove that he or she did not have "knowledge of the alleged brake defect" when purchasing the vehicle); *O'Neil*, 243 F.R.D. at 480 (class certification denied because to prove liability under the FDUTPA, each class member would have to prove that he "was never informed about the optional nature of the [allegedly deceptive] damage waiver").

- Fourth, each purported individual class member must establish that the alleged Animation Defect actually manifested in his/her *Oblivion* video game. The Southern District of Florida recently held that "the requirement that [plaintiff] show an actionable defect also exists under FDUTPA . . . [i]n cases like the present one, it is inappropriate to certify a class containing both individuals who have 'manifested a deficiency' and those whose product has 'performed satisfactorily' since the injuries of the punitive class members with no manifest injury only have speculative damages." *Breakstone v. Caterpillar, Inc.*, No. 09-CV-23324, 2010 WL 2164440, at *6 (S.D. Fla. May 26, 2010); *see also Kia Motors Am.*, 985 So.2d at 1140 ("[i]t is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own").

12

- Fifth, each purported individual class member must prove that the alleged misrepresentations caused him/her actual injury or loss. *O'Neill,* 243 F.R.D. at 480 (the FDUTPA's causation requirement is not amenable to class action lawsuits because such claims "result in a series of mini-trials for each putative class member on the issue of causation, which strongly militates against a finding of predominance") (citing *Montgomery,* 209 F.R.D. at 229).

- Sixth, each purported individual class member must prove that his/her claim is not barred by the applicable statute of limitations.  "By its nature, a statute of limitations defense is fact-intensive and individualized."  *Corely v. Entergy Corp.*, 220 F.R.D. 478, 487-488 (E.D. Tex. 2004).  State consumer protection laws significantly vary both in the determination of the accrual date and number of years after accrual that a lawsuit must be filed.[8]  *Id.* (denying class certification because the statute of limitations for each purported class member varied between states); *O'Brien v. JJ Kislak Mort. Corp.*, 934 F. Supp. 1348, 1359 (S.D. Fla. 1996) (denying class certification of unjust enrichment and FDUTPA claims because the statute of limitations "varies by state, thus, raising additional individualized factual questions").

These fundamental elements of each Plaintiff's state statutory claims will require

individualized issues of proof that preclude a finding of predominance.

### 2.  Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's Breach of Warranty Claims.

Determination of Plaintiff's breach of the implied warranty of merchantability claim also

will require resolution of individualized issues of law and fact that preclude a finding of

predominance, including:

- First, each purported individual class member must prove that he/she relied on allegedly deceptive misrepresentations from Defendants when purchasing *Oblivion*.  *Cohen*, 259 F.R.D. at 624 (denying class certification because "reliance is a necessary element of a breach of implied warranty claim, and that, in turn, each putative class member in this case would therefore have to show reliance on an individualized basis").

- Second, each purported individual class member must prove that the alleged Animation Defect actually manifested in his/her respective *Oblivion* video game.  *In re Air Bag Prods. Liab. Litig.,* 7 F. Supp. 2d 792, 805-06 (E.D. La. 1998) ("allegation of manifest injury or defect" is a "central tenet[] of an implied warranty).

---

[8] As detailed in Exhibit A, statute of limitations provisions differ among the states as to both of these issues.  *Compare* Ala. Code §§ 8-19-14 (claim must be brought within one year discovery), *with* Ark. Code §§ 4-88-115 (claim must be brought within five years of occurrence).

- Third, under Florida law, each purported individual class member must prove that he/she was in privity with Defendants. *Mardegan v. Mylan, Inc.*, No. 10 Civ. 14285, 2011 WL 3583743, at *6 (S.D. Fla. Aug. 12, 2011) ("a plaintiff may not recover on a breach of implied warranty claim absent privity of contract").

Resolution of at least each of these issues on an individualized basis precludes a finding

of predominance as to Plaintiff's breach of implied warranty of merchantabilty claim.

### 3. Unjust Enrichment Claims Are Not Appropriate in Class Action Lawsuits.

Eleventh Circuit case law holds that unjust enrichment claims cannot be certified as class

actions in all but the most unique circumstances because "common questions will rarely, if ever,

predominate:"

> [B]efore it can grant relief on this equitable claim, a court must examine the particular circumstances of an individual case and assure itself that, without a remedy, inequity would result or persist.  Due to the necessity of this inquiry into the individualized equities attendant to each class member, courts, including ours, have found unjust enrichment claims inappropriate for class action treatment.  In short, common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts.

*Vega*, 564 F.3d at 1267 (internal quotations and citations omitted).  Where the alleged inequity

results from an allegedly deceptive practice, courts universally have refused to certify a class.

*See In re Motions To Certify Classes Against Court Reporting Firms For Charges Relating To*

*Word Indices*, 715 F. Supp. 2d 1265, 1284 (S.D. Fla. 2010) (unjust enrichment claims arising

from deceptive practices are not suitable for class certification) (*citing Green v. McNeil*

*Nutritionals, LLC,* App. No. 2004-0379-CA, 2005 WL 3388158, at *9 (Fla.Cir.Ct. 4th Dist. Nov.

16, 2005) ("In the unjust enrichment count, each [class] member would have to show evidence as

to why the purchase was made to determine whether equity warrants the return of the purchase

price.  Unjust enrichment [also] may not be appropriate if a consumer did not rely on the alleged

deceptive acts.")).

**C. Class Action Is Not The Superior Method For The Fair And Efficient Adjudication Of The Case.**

Plaintiff cannot demonstrate that class action is a superior method of adjudication because the unavoidable need to make individualized factual inquiries regarding each of the claims sought to be certified renders this case unmanageable as a class action. *Vega*, 564 F.3d at 1278 ("Due to the central individualized issues discussed above that preclude findings of commonality, typicality, or predominance, any trial of this case would require the presentation of a substantial amount of evidence specific to each of an unknown number of class members"); *Sacred Heart Health Systems, Inc. v. Humana Military Healthcare*, 601 F.3d 1159, 1184 (11th Cir. 2010) (finding lack of superiority and reversing order certifying action for class treatment where "class treatment in this case runs the risk of being severely unmanageable").

The availability of attorneys' fees and costs under state statutory consumer protection laws further demonstrates that class action is not the superior or only mechanism for resolving each putative class member's claims. *See* MD Code, Commercial Law § 13-408(b); § 501.2105(1), Fla. Stat.; *Cohen*, 259 F.R.D. at 644 ("Individuals who have standing to bring a FDUTPA claim would not be deterred by the nominal value of their claims because FDUTPA allows a prevailing party to recover attorney's fees"); *Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729, 737 (S.D.Fla. 2007) (class action is not the superior mechanism for resolving the each putative class member's claims because the "FDUTPA provides attorneys' fees to a prevailing plaintiff"). Given the litany of individualized factual and legal inquires inherent in each purported individual class member's claims and the potential availability of attorneys' fees and costs, Plaintiff cannot meet his burden to establish superiority of the class action mechanism.

15

### III.   PLAINTIFF CANNOT SATISFY THE REQUIREMENTS UNDER FED.R.CIV.P. 23(a)

Class certification must be denied because Plaintiff fails to meet the threshold requirements of Rule 23(a). "Failure to satisfy any one of the Rule 23(a) factors, or any of the Rule 23(b) factors, precludes class certification." *Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 675 (S.D. Fla. 2007). Here, Plaintiff cannot satisfy any, much less all, of these requirements and class certification must be denied.

#### A. Plaintiff Cannot Satisfy The Numerosity Requirement.

As detailed, *supra*, there simply is no workable method for ascertaining class membership in this case. "[M]ere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." *Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 454 (M.D. Fla. 2001). Plaintiff asks this Court to assume that the numerocity requirement is met based solely on his speculation regarding Defendants' sales of *Oblivion* – but for the reasons set forth above, each and every purchaser of *Oblivion* clearly will not be an appropriate class member. Plaintiff has not, and cannot, set forth an ascertainable class, much less "make a showing with factual support that the numerosity requirement will be satisfied." *Kelecs*, 262 F.R.D. at 669; *Vega*, 564 F.3d at 1267 (noting that while "it might be tempting to assume [numerosity] . . . a plaintiff still bears the burden of establishing every element of Rule 23"); *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 669 (S.D. Fla. 1997) ("the party seeking certification may not rely on conclusory allegations that joinder would be impracticable, or on mere speculation regarding the size of the class").

#### B. Plaintiff Cannot Establish Common Issues of Law or Fact.

Fed.R.Civ.P. 23(a)(2) requires Plaintiff to prove "questions of law or fact common to the class." Plaintiff's Motion fails to set forth a single issue of law or fact common to the proposed

class – instead merely reciting his causes of action and conclusory allegations against the

Defendants.  (Motion ¶ 12.)  For the reasons set forth above, resolution of each of Plaintiff's

alleged causes of action necessarily requires a determination of a host of individualized issues of

law and fact.  Plaintiff has not and cannot meet his burden of proof as to commonality.  *See Kirts*

*v. Green Buillion Financial Servs., LLC*, No. 10 Civ. 20312, 2010 WL 3184382, at *9 (S.D. Fla.

Aug. 3, 2010) (where the only listed common issues of law and fact are "the amount of the

Plaintiffs' damages and the causes of action for which Defendant can be liable . . . [t]he question

of whether Defendant's misconduct is legally actionable is a common question only 'at a very

high level of abstraction'" and insufficient under Rule 23(a)(2)).

### C.  Plaintiff Cannot Establish The Typicality Requirement of Rule 23(a)(3).

"[T]ypicality refers to the individual characteristics of the named plaintiff in relation to

the class."  *Vega*, 564 F.3d at 1275 (internal quotations omitted).  The unique and individualized

proof required to establish the *prima facie* elements of Plaintiff's causes of action detailed, *supra*

– including, but not limited to, Plaintiff's exposure to, receipt and interpretation of, and reliance

on any purported misrepresentation of Defendants or any omission as the basis for his/her

purchase of *Oblivion*, gameplay which resulted in the purchaser actually experiencing the alleged

Animation Defect and the inherently subjective and disparate nature of the existence and

measure[9] of any claimed damages – preclude a finding of Plaintiff's unique personal experience

---

[9] Plaintiff concedes as he must in the Complaint that the proper measure of damages is inherently
and subjectively variable by alleging that damages should be measured by the "price paid
to purchase the *Oblivion* video game, and/or the difference in value between an *Oblivion* video
game with and without the Animation Defect" (Compl. ¶ 66) – and the price at which each
purported individual class member purchased *Oblivion* (which varies wildly depending on the
date and version of the game purchased) and the value of the game after the purported
manifestation of the alleged Animation Defect (which is not alleged to prevent further gameplay
with any other game character) necessarily will differ among the individual members of
Plaintiff's putative nationwide class.

as being in any way typical of the experiences of other purported individual class members (who have not been and cannot be ascertained). Accordingly, Plaintiff cannot establish that his alleged personal experiences are typical of the experiences of the class he purports to represent.

**D.    Plaintiff Does Not Have Standing To Represent All Putative Class Members And Cannot Establish The Adequacy Requirement of Rule 23(a)(3).**

Plaintiff's class certification motion also should be denied because he cannot satisfy the Rule 23(a)(4) adequacy requirement. Fed.R.Civ.P. 23(a)(4) requires that a named plaintiff fairly and adequately protect the interests of absent class members. In this context "'[a]dequacy of representation' means that the class representative has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel." *Piazza v. Ebsco Industries, Inc.,* 273 F.3d 1341, 1345 (11th Cir. 2001).

Here, the facts of this case demonstrate that the proposed class representative cannot satisfy Rule 23(a)'s typicality and adequacy requirements for at least three reasons. First, Plaintiff lacks standing to bring his breach of implied warranty claim. An essential requirement of an implied warranty claim in Florida is privity of contract between the plaintiff and defendant. *E.g., Lebel v. Rampage Sport Fishing Yachts,* No. 06-61890-CIV, 2007 WL 1724942, at *3 (S.D. Fla. 2007). Plaintiff is not in privity with Defendants and cannot represent the interests of the unnamed members of any purported class who may be in privity with Defendants. Second, Plaintiff could only have standing to bring his claims under Florida consumer protection statutes and is not representative of a nationwide class of purchasers of *Oblivion* whose claims properly are governed by the law of the state of which they purchased *Oblivion*. *Murray v. U.S. Bank Trust Nat'l Ass'n,* 365 F.3d 1284, 1289 (11th Cir. 2004) ("a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent"). Third, Plaintiff's failure to timely file a motion for class certification demonstrates Plaintiff's inability to fairly and

18

adequately protect the interests of the putative class pursuant to Fed. R. Civ. P. 23(a)(4). *Seyboth v. General Motors Corp.*, No. 07 Civ. 2292, 2008 WL 1994912, at *2 (M.D.Fla. May 8, 2008) (the failure to comply with M.D. Fla. L.R. 4.04(b) "calls into question Plaintiff's ability to adequately protect the interests of the class"); *Williams v. Southern Bell Tel. and Tel. Co.*, No. 77 Civ. 1895, 1978 WL 73, at *2 (S.D. Fla. April 4, 1978) ("Numerous other courts have also held that when a plaintiff has failed to move for class certification in a timely manner, i.e. in compliance with a local rule … such a plaintiff has failed to satisfy the mandate of Rule 23(a)(4) of fairly and adequately representing the interests of the putative class.").

## IV.   PLAINTIFF'S PRAYER FOR RELIEF IS IMPROPER

Plaintiff's Motion improperly requests that this Court hold open the determination of class certification for an inordinate period, in direct contravention of Fed.R.Civ.P. 23(c)(1)(A) which requires that "the court must determine by order whether to certify the action as a class action" as early as "practicable." Fed.R.Civ.P. 23(c)(1)(A); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1389 (11th Cir. 1998) ("Although appeals from denials of class certification can take years, the certification decision itself should come early in the litigation."). Plaintiff's request further "raises particular concerns" regarding the likely difficulties in managing a class action. *Vega*, 564 at 1278. In *Vega*, the Eleventh Circuit specifically warned of the dangers attendant to the improper delay requested in Plaintiff's Motion and instructed District Courts to "force a reckoning" of class certification issues early in the proceedings:

> Due to the central individualized issues discussed above that preclude findings of commonality, typicality, or predominance, any trial of this case would require the presentation of a substantial amount of evidence specific to each of an unknown number of class members. This reality poses serious challenges to the efficiency and manageability of a class action proceeding. Yet Vega has done nothing to acknowledge these issues or propose a trial plan that would feasibly address them, and the district court does not appear to have given any meaningful consideration to how this case, with its individualized claims and defenses, would be tried. *See*

19

> _Robinson v. Tex. Auto. Dealers Ass'n,_ 387 F.3d 416, 425 (5th Cir. 2004) ("A
> court must consider 'how a trial on the alleged causes of action would be tried.'")
> (quoting _Castano,_ 84 F.3d at 752).  By putting off these issues until trial, or
> blinking them entirely, both Vega and the district court ran an unnecessarily high
> risk of introducing needless and avoidable complexity into an already complex
> case.  This is why Rule 23 demands an early consideration of class certification,
> including its practical implications for case manageability, _see_ Fed.R.Civ.P.
> 23(c)(1)(A), and the district court's failure to force a reckoning with these issues
> prior to the very precipice of trial provides further support to our conclusion that
> the court abused its discretion in certifying this class.

_Id._ at 1178-89.  This Court should follow the guidance of the Eleventh Circuit and deny

Plaintiff's Motion outright because the central individualized issues detailed, _supra_, preclude this

case from being certified as a class action as a matter of law – and no amount of discovery could

ever salvage Plaintiff's class allegations.  Postponement of the determination pending additional

discovery under Local Rule 4.04(c) therefore is inapposite.  Should the Court be disposed to

reserve its ruling under Local Rule 4.04(c), Defendants respectfully request leave to file a

comprehensive opposition to any later attempt by Plaintiff to seek class certification.

Dated: November 30, 2011                    Respectfully submitted,

                                            s/ John T. Williams
                                            HINKHOUSE WILLIAMS WALSH LLP
                                            John T. Williams (admitted _pro hac vice_)
                                            Jason H. Nash (admitted _pro hac vice_)
                                            180 N. Stetson Avenue, Suite 3400
                                            Chicago, Illinois  60601
                                            Telephone: (312) 784-5400
                                            Facsimile: (312) 784-5499
                                            jwilliams@hww-law.com
                                            jnash@hww-law.com

                                            William F. Jung
                                            FBN: 380040
                                            JUNG & SISCO, P.A.
                                            101 E. Kennedy Blvd., Ste. 3920
                                            Tampa, FL 33602
                                            Telephone: (813) 225-1988
                                            wjung@jungandsisco.com

                                            **_Attorneys For Defendants ZeniMax Media Inc._**
                                            **_and Bethesda Softworks LLC_**

20

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Leave to File Motion for Class Certification was served upon all counsel of record by electronic mail through the ECF System on November 30, 2011.

s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

4849-5959-8094, v. 2

21