# EXHIBIT A

# 1.  ALABAMA

## Ala. Code §§ 8-19-1 to 8-19-15

**Private Cause of Action:**
- A private cause of action is allowed under § 8-19-10.  Treble damages are discretionary.  § 8-19-10(a).

**Class Actions:**
- Class actions are not permitted except when filed by the Attorney General or district attorney under § 8-19-10(f).  In such instances, recovery is limited to actual damages.

**Scienter/Intent:**
- Knowledge of false or deceptive conduct required.  *See Sam v. Beaird*, 685 So. 2d 742 (Ala. Ct. Appeals 1996).

**Prohibited Practices:**
- Deceptive acts and practices are listed in detail in § 8-19-5, but there is also a broad catch-all definition.  There are no cases or statutes as to whether omissions are also actionable.

**Definition of "Consumers":**
- "Consumer" means any natural person who buys goods or services for personal, family, or household use. § 8-19-3.  "Person" is defined to include corporations, but a "person" can only bring suit under § 8-19-10 for two particular deceptive acts: selling a right to participation in a pyramid sales structure or in connection with a seller-assisted marketing plan (in which a buyer acquires goods or services together with a plan for the resale of such goods or services).

**Trial by Jury:**
- Permitted. *See generally Sheehan v.* Bowden, 572 So. 2d 1211 (Ala. 1990).

**Statute of Limitations:**
- One year statute of limitations from time person bringing the action discovers or should have discovered the act, but in no event may suit be brought more than four years from injury. *See* § 8-19-14.

**Conflicts with Florida Law:**
- Class actions; treble damages; scienter/intent; definition of consumer; statute of limitations.

## 2.  ALASKA

### AS §§ 45.50.471-561

**Private Cause of Action:**
- A private cause of action is allowed under § 45.50.531(a).  Treble damages allowed if violation was willful.  § 45.50.531(a).

**Class Actions:**
- Class actions are permitted.

**Scienter/Intent:**
- The Act does not require knowledge of false or deceptive conduct.  *See State of Alaska v. O'Neill Investigations, Inc.*, 609 P.2d 520 (1980).

**Prohibited Practices:**
- Deceptive or unfair acts and practices are listed in detail in § 45.50.471, but the list "includes but is not limited to" several items.  Subsection 12 indicates that omissions are also actionable.

**Reliance:**
- "Actual injury as a result of the deception is not required.  All that is required is a showing that the acts and practices were capable of being interpreted in a misleading way."  *See State of Alaska v. O'Neill Investigations, Inc.*, 609 P.2d 520 (1980).

**Definition of "Consumers":**
- "Consumer" means a person who seeks or acquires goods or services by lease or purchase. § 45.50.561.  But act applies to transactions between businesses.  *See Western Star Trucks, Inc. v. Big Iron Equipment Service, Inc.*, 101 P.3d 1047 (Alaska 2004).

**Trial by Jury:**
- Permitted.  *See generally Kenai Chrysler Center, Inc. v. Denison*, 167 P.3d 1240 (AK 2007).

**Statute of Limitations:**
- Two years from time person bringing the action discovers or should have discovered that the loss resulted from the act or practice.  *See* § 45.50.531(f).

**Notice Requirement:**
- Upon commencement of action, clerk of court shall mail copy of complaint to the attorney general.  *See* § 45.50.531(f).

**Conflicts with Florida Law:**
- Treble damages; reliance; definition of consumer; statute of limitations; notice.

### 3.  ARIZONA

### AZ §§ 44-1521 through 44-1534

**Private Cause of Action:**
- A private cause of action is implied under § 44-1521. *See Dunlap v. Jimmy GMC of Tuscon, Inc.*, 666 P.2d 83 (Ariz. App. Div.2 1983).
- Arizona courts have recognized that punitive damages are recoverable. *Dunlap v. Jimmy GMC of Tuscon, Inc.*, 666 P.2d 83 (Ariz. App. Div.2 1983).

**Class Actions:**
- Class actions are permitted under Rule 23. *Cocca v. Philip Morris Inc.*, 2001 WL 34090200 (Ariz. Super. 2001).

**Scienter/Intent:**
- The Act does not require knowledge of false or deceptive conduct. *See Flagstaff Medical Center, Inc. v. Sullivan*, 773 F.Supp. 1325 (D.Ariz. 1991).

**Prohibited Practices:**
- "[U]nfair or deceptive acts or practices" is not specifically defined in the Arizona Deceptive and Unfair Trade Practices Act. § 44-1522(A) indicates that omissions are also actionable with intent to rely.

**Reliance:**
- Reliance is required, and it may be unreasonable. *See Correa v. Pecos Valley Development Corp.*, 617 P.2d 767 (Ariz. App. 1980).

**Definition of "Person":**
- "Person" means any natural person or his legal representative, partnership, domestic or foreign corporation, any company, trust, business entity, or association, any agent, employee, salesman, partner, officer, director, member, stockholder, associate, or trustee." § 44-1521

**Trial by Jury:**
- Permitted. *See Correa v. Pecos Valley Development Corp.*, 617 P.2d 767 (Ariz. App. 1980).

**Statute of Limitations:**
- Not specified in statute. General statute of limitations is four years after cause of action accrues. § 12-550.

**Conflicts with Florida Law:**
- Reliance; punitive damages.

## 4.   ARKANSAS

### Ark. Code §§ 4-88-101 through 4-88-207

**Private Cause of Action:**
- A private cause of action is allowed for those who have suffered actual damage or injury under § 4-88-113. But no private cause of action will be allowed where no actual injury is alleged. *See Wallis v. Ford Motor Co.*, 208 S.W.3d 153 (Ark. 2005) (no class action under deceptive trade practices act allowed because diminution in value of property is not sufficient actual injury; case explains how other states differ in that regard and how the Arkansas statute is different). Elderly or disabled may recover punitive damages.

**Class Actions:**
- Class actions are permitted under Rule 23, Rule of Civil Procedure. *See Asbury Automotive Group, Inc. v. Palasack*, 237 S.W.3d 462 (Ark. 2006).

**Scienter/Intent:**
- The Act does require that defendant knowingly engage in false or deceptive conduct. *See* § 4-88-107(a)(1).

**Prohibited Practices:**
- "[U]nfair or deceptive acts or practices" is broadly defined to include several listed items, and also include others not specifically listed. § 4-88-108(2) indicates that omissions are also actionable.

**Reliance:**
- No cases found, but actual injury is required under § 4-88-113.

**Definition of "Consumers":**
- No definition of consumer.

**Trial by Jury:**
- Permitted. *See Thomson v. Olson*, 220 S.W.3d 627 (Ark. 2005).

**Statute of Limitations:**
- Five years from date of occurrence. *See* § 4-88-115.

**Conflicts with Florida Law:**
- Private cause of action only where actual injury alleged; damages; intent/scienter; prohibited practices; statute of limitations.

## 5.  CALIFORNIA

### Cal. Civ. Code §§ 1750-1784

**Private Cause of Action:**
- A private cause of action is allowed for those who have suffered actual damages under § 1780.  Punitive damages available.  § 1780(a).

**Class Actions:**
- Class actions are specifically permitted under §§ 1752 and 1781.

**Scienter/Intent:**
- California's Consumer Legal Remedies Act ("CLRA") provides a defense if the defendant proves that the violation was not intentional and resulted from a bona fide error and makes an appropriate correction or replacement of the goods or services. *See* § 1784.

**How "deceptiveness" is measured or defined:**
- Defendant's statements must be likely to deceive reasonable consumer, which means that deception must be probable, not just possible. *See Williams v. Gerber Products Co.*, 439 F.Supp.2d 1112 (S.D. Cal. 2006).

**Prohibited Practices:**
- § 1770 includes enumerated unfair practices.  Omissions are also actionable, but the omission must be contrary to a representation actually made by the defendant or an omission of fact the defendant was obliged to disclose. *See Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824 (App. 2 Dist. 2006).

**Reliance:**
- Person must prove actual reliance in case sounding in fraud under CLRA. *See Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798 (Cal.App. 2 Dist. 2007) (expressly rejecting *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197 (1983) because that case and its progeny did not expressly address the need for actual reliance in a CLRA claim).  Note that the plaintiffs, in their appendix, rely on *Children's Television* to argue that no reliance is needed.

**Definition of "Consumers":**
- "Consumer" means an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes. § 1761(d).

**Trial by Jury:**
- Permitted. *See Graciano v.Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140 (2006).

**Statute of Limitations:**
- Three years from date of occurrence. *See* § 1783.

**Notice Requirement:**
- ▪ Yes – 30 days or more prior to commencement of action, consumer must provide written notice and allow chance to cure violation. *See* § 1782.

**Conflicts with Florida Law:**
- ▪ Intent/scienter; punitive damages; reliance; definition of consumer; statute of limitations; notice.

## 6. COLORADO

### Col. Rev. Stat. §§ 6-1-101 through 6-1-115

**Private Cause of Action:**
- A private cause of action is allowed, provided that a public impact is shown. Factors include number of consumers directly affected by the challenged practice, relative sophistication or bargaining power of consumers, and evidence that conduct has previously impacted consumers. *See Rhinio Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (2003). Treble damages may be available if defendant acted in bad faith.
- If a corporation's claim is within zone of interests of the act the corporation is a "person" with standing to bring a claim. *Fiberglass Component Production, Inc. v. Reichhold Chemicals, Inc.*, 983 F.Supp. 948. (D. Colo. 1997).

**Class Actions:**
- Class actions are permitted. *See* § 6-1-113.

**Scienter/Intent:**
- The Act does require that defendant knowingly engage in false or deceptive conduct, or intended to engage in such activity. *See* § 6-1-105.

**How "deceptiveness" is measured or defined:**
- An act will be deceptive if it had the capacity or tendency to deceive, even if it did not actually deceive. *See Rhinio Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (2003).

**Prohibited Practices:**
- Deceptive trade practice includes enumerated deceptive practices, as well as a provision that the act does not limit those deceptive practices and includes those actionable at common law. § 6-1-105. Omissions are also actionable (under subsection (u)).

**Reliance:**
- No reliance necessary. *See, e.g. Rhinio Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (2003).

**Definition of "Person":**
- "Person" means an individual, corporation, business trust, estate, trust, partnership, unincorporated association, or two or more thereof having a joint or common interest, or any other legal or commercial entity. § 6-1-102

**Trial by Jury:**
- Permitted. *See Parsons ex. rel. Parsons v. Allstate Ins. Co.*, 165 P.3d 809 (Col. App. 2006).

7

**Statute of Limitations:**

- Three years from date of occurrence or date of discovery by plaintiff; SOL can be extended for one year upon proof that failure to timely commence caused by defendant. *See* § 6-1-115.

**Conflicts with Florida Law:**

- Limit on private cause of action, public impact, corporations; treble damages; intent/scienter; prohibited practices; statute of limitations.

### 7. <u>CONNECTICUT</u>

### Conn. Gen. Stat. §§ 42-110a through 42-110q

**Private Cause of Action:**
- A private cause of action is allowed. *See* § 42-110g. Punitive damages permitted.

**Class Actions:**
- Class actions are permitted. *See* § 42-110g and 42-110h.

**Scienter/Intent:**
- The Act does not require intent to deceive. *See Muniz v. Kravis*, 757 A.2d 1207 (Conn. App. 2000).

**How "deceptiveness" is measured or defined:**
- Conduct violates the Act if it "offends public policy or comes within some established concept of unfairness, . . . is immoral, unethical, oppressive or unscrupulous, [or] . . . causes substantial injury to consumers, competitors or other businessmen. *See Muniz v. Kravis*, 757 A.2d 1207 (Conn. App. 2000).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are not defined. Omissions are also actionable provided there was a duty to disclose. *See Kenney v. Healey Ford-Lincoln-Mercury, Inc.*, 730 A.2d 115 (1999).

**Reliance:**
- Plaintiff does not need to prove reliance. *See Prishwalko v. Bob Thomas Ford, Inc.*, 636 A.2d 1383 (Conn. App. 1994).

**Definition of "Consumers":**
- No definition of consumer.

**Trial by Jury:**
- Permitted, except for award of punitive damages, attorney's fees, and injunctive or equitable relief. *See* § 42-110g(g).

**Statute of Limitations:**
- Three years from date of occurrence. *See* § 42-110g(f).

**Conflicts with Florida Law:**
- Punitive damages; attorney fees; reliance; statute of limitations.

## 8.  DELAWARE

### 6 Del. Code §§ 2511 through 2527, 2580 through 2584

**Private Cause of Action:**
- A private cause of action is allowed.  *See* 6 Del. Code § 2525.  Elderly or disabled may recover treble damages.  Businesses have no private right of action.  *See Pig Improvement Co. v. Middle States Holdings Co.*, 943 F.Supp.392 (D. Del 1996).

**Class Actions:**
- Class actions are permitted.  *See* § 42-110g and 42-110h.

**Scienter/Intent:**
- The Act does not require intent to deceive (defendant only must intend that someone rely on the representation or omission).  *See Stephenson v. Capano Dev., Inc.*, 424 A.2d 1069 (Del. 1983).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are not specifically defined.  *See* 6 Del. Code § 2513.  Omissions are also actionable.  *See Stephenson v. Capano Dev., Inc.*, 424 A.2d 1069 (Del. 1983).

**Reliance:**
- Plaintiff does not need to prove reliance.  *See Stephenson v. Capano Dev., Inc.*, 424 A.2d 1069 (Del. 1983).

**Definition of "Consumers":**
- No definition of consumer.

**Trial by Jury:**
- Permitted.  *See Grand Ventures, Inc. v. Whaley*, 632 A.2d 63 (Del. 1993).

**Statute of Limitations:**
- Three years from date of occurrence.  *See Pender v. Daimlerchrysler Corp.*, 2004 WL 2191030 (Del. Super. 2004).

**Conflicts with Florida Law:**
- Limits on private cause of action; treble damages; reliance; statute of limitations.

## 9.  DISTRICT OF COLUMBIA

### D.C. Code Ann. §§ 28-3901 through 3913

**Private Cause of Action:**
- A private cause of action is allowed.  *See* § 28-3905(k)(1).  May sue for treble damages. Businesses have no private cause of action.  *See Mazanderm v. Independent Taxi owners Ass'n Inc.,* 700 F. Supp. 588 (D.D.C. 1988).

**Class Actions:**
- Class actions are permitted.  *See Shaw v. Marriott Intern., Inc.,* 474 F.Supp.2d 141 (D. D.C. 2007).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are specifically enumerated.  *See* § 28-3904. Omissions are also actionable.  *See* § 28-3904(f).

**Reliance:**
- None needed – violation exists "whether or not any consumer is in fact misled." § 28-3904.

**Definition of "Consumers":**
- No definition of consumer.

**Statute of Limitations:**
- Three years from date of occurrence.  *See Hancock v. Home Servicing Corp.,* 2007 WL 1238746 (D. D.C. 2007).

**Conflicts with Florida Law:**
- Limits on private cause of action; treble damages; prohibited practices; reliance; definition of deception; statute of limitations.

## 10.  **FLORIDA**

### Fla. Stat. §§ 501.201-.213

**Private Cause of Action:**
- A private cause of action is allowed under § 501.201-.213 for damages or equitable relief; no treble or punitive damages.
- Plaintiff must have been "actually aggrieved" by the alleged unfair or deceptive practice. *See State of Fla., Office of Atty. Gen., Dept. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F.Supp.2d 1288 (S.D. Fla. 2005).

**Scope:**
- In the conduct of any trade or commerce in this state.  § 501.2041(1); *Oce Printing Systems USA, Inc. v. Mailers Data Services, Inc.*, 760 So. 2d 1037 (Fla. 2d DCA 2000).
- A consumer transaction is not required.  *See Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F.Supp.2d 1271 (S.D. Fla. 2001); *see also Beacon Property Mgmt., Inc. v. PNR*, Inc., 890 So. 2d 274, 278 (Fla.4th DCA 2004) (business entities may sue for damages).

**Class Actions:**
- Class actions are permitted under § 501.201-.213.

**Scienter/Intent:**
- There is no intent requirement under § 501.201-.213.
- Note: "damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

**How "deceptiveness" is measured or defined:**
- "[A] deceptive act is one that is likely to mislead consumers acting reasonably. *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F.Supp.2d 1314 (M.D. Fla. 2007).
- An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

**Prohibited Practices:**
- Broad prohibition on unfair and deceptive practices.  § 501.204(1).
- "[U]nfair or deceptive acts or practices" is not specifically defined in the Florida Deceptive and Unfair Trade Practices Act. *See Crowell v. Morgan, Stanley, Dean Witter Services Co., Inc.*, 87 F. Supp. 2d 1287 (S.D. Fla. 2000); § 501.204.
- "An act does not need to violate a specific rule or regulation in order to be considered deceptive under Florida Deceptive and Unfair Trade Practices Act (FDUTPA)." *State of Fla., Office of Atty. Gen., Dept. of Legal Affairs v. Tenet Healthcare Corp.*, 420 F.Supp.2d 1288 (S.D. Fla. 2005).

**Reliance:**
- There is a split among Florida courts as to whether reliance is required for recovery of damages. *Compare Davis v. Powertel Inc.,* 776 So. 2d 971 (Fla. 1st DCA 2001) with *Black Diamond Props., Inc. v. Haines*, 940 So. 2d 1176 (Fla. 5th DCA 2006).

**Definition of "Consumers":**
- "Consumer means an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination." § 501.203. The statute applies broadly to businesses and competition as well as individuals. *See Del Monte Fresh Produce Co. v. Dole Food Co., Inc.,* 136 F.Supp.2d 1271 (S.D. Fla. 2001); *Beacon Property Mgmt., Inc. v. PNR, Inc.,* 890 So. 2d 274, 278 (Fla.4th DCA 2004).

**Trial by Jury:**
- Permitted, though not expressly. *See generally Suris v. Gilmore Liquidating, Inc.,* 651 So. 2d 1282 (Fla. 3d DCA 1995).

**Statute of Limitations:**
- No statute of limitations specified. Court's apply the general limitations statute of four years. *See* § 95.11(30(f) (statutory liability).

**Notice Requirement:**
- Not specified.

## 11.  GEORGIA

**Ga. Code Ann. §§ 10-1-370 through 10-1-375 (Uniform Deceptive Trade Practices Act) and 10-1-390 through 10-1-407 (Fair Business Practices Act)**

**Private Cause of Action:**
- A private cause of action is allowed under both.  *See* § 10-1-373(a) and 10-1-399(a). Intermediate appellate courts may require some public interest.  *See Campbell v. Beak,* 568 S.E.2d 801 (Ga. App. 2002).  Consumer must be natural person under § 10-1-390. Businesses may not sue.  *See Blue Cross & Blue Shield of Georgia, v. Kell,* 488 S.E.2d 735 (Ga. App. Ct. 1997).  Treble damages are also available under § 10-1-390.

**Class Actions:**
- Class actions are not permitted for violations of Fair Business Practices Act.  *See* § 10-1-399.  Class actions are permitted under UDPTA.  *See Taylor Auto Group, Inc. v. Jessie,* 527 S.E.2d 256 (Ga. App. 1999).

**Scienter/Intent:**
- Scienter and intent to deceive not required.  *See Regency Nissan, Inc. v. Taylor,* 391 S.E.2d 467 (Ga. App. 1990) (but intent is required for punitive damages).  For UDPTA *see* § 10-1-373(a) (no intent to deceive required).

**How "deceptiveness" is measured or defined:**
- Need some sort of reprehensible conduct by defendant.  *See Regency Nissan, Inc. v. Taylor,* 391 S.E.2d 467 (Ga. App. 1990).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are specifically enumerated.  *See* § 10-1-372 and 10-1-393.  No cases as to whether omissions are also actionable. (Plaintiffs cite *Regency* case, but that case does not stand for the principle that omissions are actionable.)

**Reliance:**
- Need justifiable reliance for violations of FBPA.  *See Lynas v. Williams,* 545 S.E.2d 570 (Ga.App. 1995).  No cases found regarding UDPTA.

**Definition of Consumers:**
- No definition of consumer.

**Trial by Jury:**
- Yes.  *See Regency Nissan, Inc. v. Taylor,* 391 S.E.2d 467 (Ga. App. 1990) and *Looney v. M-Squared, Inc.,* 586 S.E.2d 44 (Ga. App. 2003).

**Statute of Limitations:**
- Two years after plaintiff knew or should have known of violation for FBPA.  *See* § 10-1-401.  Four years for UDPTA.  *See Kason Industries, Inc. v. Component Hardware Group, Inc.,* 120 F.3d 1199 (11th Cir. 1997).

**Notice Requirement:**
- Yes, for violations of FBPA, notice letter 30 days before suit filed.  § 10-1-399.

**Conflicts with Florida Law:**
- Class actions not permitted under FBPA; reliance for FBPA; notice for FBPA; punitive damages; public interest; definition of deception; prohibited practices; definition of consumer; statute of limitations.

## 12.  HAWAII

### Haw. Rev. Stat §§ 480-1 through 480-24 and 481A-1 through 481A-5

**Private Cause of Action:**
- A private cause of action is allowed. *See Beerman v. Toro Mfg. Corp.*, 615 P.2d 749 (Haw. App. 1980). § 480.1 is limited to consumer defined as natural person who primarily for personal, family or household purposes attempts to purchase, purchases or is solicited to purchase food or services.  Treble damages are available under § 480-1.

**Class Actions:**
- Class actions are permitted. *See* § 480-13.3.

**Scienter/Intent:**
- Intent to deceive not required. *See Courbat v. Dahana Ranch, Inc.*, 141 P.3d 427 (Haw. 2006).

**How "deceptiveness" is measured or defined:**
- Deceptive if likely to mislead customers. *See Courbat v. Dahana Ranch, Inc.*, 141 P.3d 427 (Haw. 2006).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are specifically enumerated. *See* § 481A-3 and 480-2. Omissions are also actionable.

**Reliance:**
- No reliance requirement. *See Beerman v. Toro Mfg. Corp.*, 615 P.2d 749 (Haw. App. 1980).

**Trial by Jury:**
- Yes. *See Porter v. Hu*, 169 P.3d 944 (Haw. App. 2007).

**Statute of Limitations:**
- Four years from discovery. *See* § 480-24(a).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limit on private cause of action; treble damages; scope and enumeration of prohibited practices.

## 13.  IDAHO

### Idaho Code §§ 48-601 through 48-619

**Private Cause of Action:**
- A private cause of action is allowed.  *See* § 48-608, 48-619.  Punitive damages are discretionary.

**Class Actions:**
- Class actions are permitted.  *See* § 48-608.

**Scienter/Intent:**
- Intent to deceive not required.  *See State ex rel. Kidwell  v. Master Distributors, Inc.*, 615 P.2d 116 (Idaho 1980).

**How "deceptiveness" is measured or defined:**
- "An act or practice is unfair if it is shown to possess a tendency or capacity to deceive consumers. *See State ex rel. Kidwell  v. Master Distributors, Inc.*, 615 P.2d 116 (Idaho 1980).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are specifically enumerated.  *See* § 48-603. Omissions are also actionable.

**Reliance:**
- No reliance requirement, because no actual damage to the public must be shown.  *See State ex rel. Kidwell  v. Master Distributors, Inc.*, 615 P.2d 116 (Idaho 1980).

**Definition of "Consumers":**
- No definition of consumer.

**Trial by Jury:**
- Yes.  *See Fenn v. Noah*, 133 P.3d 1240 (Idaho 2006).

**Statute of Limitations:**
- Within two years after cause of action accrues.  § 48-619.

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Punitive damages; scope and enumeration of prohibited practices; reliance; definition of consumer; statute of limitations.

## 14. ILLINOIS

### 815 Ill. Comp. Stat. Ann. 505/1 through 505/12 (Consumer Fraud and Deceptive Business Practices Act) and 510/1 through 510/7 (Uniform Deceptive Trade Practices Act)

**Private Cause of Action:**
- A private cause of action is allowed. *See* 815 ILCS § 505/2 and *See Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801 (Ill. 2005). But no private cause of action for damages under UDPTA, *see Fedders Corp. v. Elite Classics*, 279 F.Supp.2d 965 (S.D. Ill. 2003).
- Businesses may sue. *See Champion Part, Inc. v. Oppenheimer Co.*, 878 F. 2d 1003 (7th Cir. 1989). However some courts limit this right to businesses who are consumers of each others goods or a showing that the practices affect consumers in general. *See DeJpohn v. The TV Corp. Int'l*, 245 F. Supp. 2d 913 (C.D. Ill. 2003); *Champion Part, Inc. v. Oppenheimer Co.*, 878 F. 2d 1003 (7th Cir. 1989).

**Class Actions:**
- Class actions are permitted. *See Jenkins v. Mercantile Mortgage Co.*, 231 F.Supp.2d 737 (N.D. Ill. 2002).

**Scienter/Intent:**
- Intent to deceive not required, but intent that plaintiff will rely on deceptive act is required. *See Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801 (Ill. 2005).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are specifically enumerated. *See* 815 ILCS § 505/2 and 510/2. Omissions are also actionable.

**Reliance:**
- No reliance requirement. *See Siegel v. Levy Org. Dev. Co.*, 607 N.E.2d 194 (Ill. 1992). *But see* Scienter/Intent.

**Trial by Jury:**
- No under the Consumer Fraud and Deceptive Business Practices Act – legislature does not confer right to a jury trial. *See Check v. Clifford Chrysler-Plymouth of Buffalo Grove, Inc.*, 794 N.E. 2d 829 (Ill. 2003).

**Statute of Limitations:**
- Within three years after cause of action accrues. § 505/10a.

**Notice Requirement:**
- 30 day notice required for motor vehicle dealer defendants and holders of installment contracts. *See* 815 ILCS § 505/10a (h).

**Conflicts with Florida Law:**
- Limit on private cause of action; intent/scienter; scope and enumeration of prohibited practices; right to jury trial; statute of limitations.

## 15.  INDIANA

### Ind. Code Ann. §§ 24-5-0.5-1 to 24-5-0.5-12

**Private Cause of Action:**
- A private cause of action is allowed. *See* Ind. Code § 24-5-0.5-4(a), (b).  Limited to "consumer transactions." *See Classic Care Centre v. Haire Machine Corp.*, 580 N.E.2d 722 (Ind. Ct. App. 1991) (Private cause of action limited to individuals).  Elderly may seek treble damages.

**Class Actions:**
- Class actions are permitted.  § 24-5-0.5-4(b).

**Scienter/Intent:**
- Intent to deceive not required. *See Kinney v. State*, 693 N.E.2d 65 (Ind. 1998).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are specifically enumerated. *See* 815 ILCS § 505/2 and 510/2.  Omissions are NOT actionable. *See Berghausen v. Microsoft Corp.*, 765 N.E.2d 592 (Ind. App. 2002).

**Reliance:**
- There is a reliance requirement. *See* § 24-5-0.5-4(a)  [Note that plaintiffs cite *Skalbania v. Simmons*, 443 N.E.2d 352 (Ind. App. 1982) to argue that reliance is presumed in a class action fraud case – this case did not involve a claim under this act – it was for common law fraud.]

**Definition of "Consumer Transactions":**
- Sale, lease, assignment, award by chance or other disposition of real or personal property intangibles or services with or without an extension of credit to a person for purposes that are primarily personal, familial, charitable, agricultural or household.

**Trial by Jury:**
- Yes. *See generally Missi v. CCC Custom Kitchens, Inc.*, 731 N.E. 2d 1037 (Ind. 2000).

**Statute of Limitations:**
- Within two years after occurrence of deceptive act.  § 24-5-0.5-5.

**Conflicts with Florida Law:**
- Limits on private cause of action; treble damages; prohibited practices; omissions; definition of consumer transactions; reliance; statute of limitations.

## 16.  IOWA

### Iowa Code Ann. §§ 714.16 through 714.16A

**Private Cause of Action:**
- A private cause of action is NOT allowed. *See Mobil Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222 (Iowa 1998).

**Class Actions:**
- Class actions are presumably not permitted because no private cause of action allowed.

**Scienter/Intent:**
- Intent to deceive not required. *See State ex rel. Miller v. Hydo Mag*, 436 N.W.2d 617 (Iowa 1989).

**Prohibited Practices:**
- Unfair or deceptive acts or practices are specifically enumerated. *See* § 714.16. Omissions are actionable. *See* § 714.16(2)(a).

**Reliance:**
- There is no reliance requirement. *See State ex rel. Miller v. Hydo Mag*, 436 N.W.2d 617 (Iowa 1989).

**Conflicts with Florida Law:**
- No private cause of action; no class actions; prohibited practices.

## 17.  KANSAS

### Kan. Stat. Ann. § 50-623 through 50-640; 50-675a through 50-679a

**Private Cause of Action:**
- A private cause of action is allowed under § 50-634.  Limited to "consumers" defined in § 50-624(b).

**Scope:**
- Prohibitions apply only to suppliers.  § 50-626.

**Class Actions:**
- Class actions only allowed for injunction and appropriate ancillary relief.  § 50-634(c).
- Additionally "[a] consumer who suffers loss as a result of a violation of this act may bring a class action for the damages caused by [certain proscribed] … act[s] or practice[s]" of § 50-634(d).

**Scienter/Intent:**
- Knowledge is required under some provisions of § 50-626.  There must be "willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact."  § 50-626(2)-(3).

**Prohibited Practices:**
- Any act of deception including but not limited to 12 enumerated prohibitions.  Concealment of material facts is actionable.  Statute also enumerates specific factors to consider in determination of what constitutes deception.  § 50-626.

**Reliance:**
- Not required.  § 50-626(b).

**Statute of Limitations:**
- Not expressly provided for in statute.  Three years under Kan. Stat. Ann. § 60-512.

**Definition of "Consumer":**
- Consumer is defined as an individual or sole proprietor who seeks or acquires property or services for personal, family, household, business or agricultural purposes.  *See* § 50-624(b).  Businesses have no private cause of action.  *See Roberts v. Shawnee Mission Ford*, 2003 WL 22143727 (D. Kan Aug. 20, 2003).

**Notice Requirement:**
- Must give notice of certain suits to attorney general, but failure to do so is not a defense.  Additionally most enumerated deceptive prohibitions require seller know or have reason to know of violation or require intent.  § 50-634(3)(f).

**Conflicts with Florida Law:**

- Limits on private cause of action; consumer plaintiff requirement; class actions; intent/scienter; scope of prohibited practices; notice.

## 18.  KENTUCKY

### Ky. Rev. Stat. Ann. §§ 367.110 to 367.990

**Private Cause of Action:**
- A private cause of action is allowed under § 367.220.  Limited to persons who purchase or lease goods or services primarily for personal, family or household purposes and thereby suffer ascertainable loss of money or property as result of unlawful acts. *Id.* Businesses may not sue. *George v. United Kentucky Bank, Inc.,* 753 F.2d 50 (6th Cir. 1985).  Punitive damages available.

**Class Action:**
- Likely limited. *See Arnold v. Microsoft Corp.*, 2001 WL 193765, *8 (Ky.Cir.Ct. 2000) ("this Court also feels that KRS 367.170 was never meant to encompass class action litigants.").

**Scienter/Intent:**
- No actual deceptive is required. *See Telcom Directories, Inc. v. Com. ex rel. Cowan*, 833 S.W.2d 848, 850 (Ky.App. 1991).

**How is "deceptiveness" measured or defined:**
- The terms "false, misleading and deceptive" has sufficient meaning to be understood by a reasonably prudent person of common intelligence. *Stevens v. Motorists Mut. Ins. Co.*, 759 S.W.2d 819, 820 (Ky.1988).

**Prohibited Practices:**
- Broad prohibition regarding prohibited acts. *See* § 367.170. Unfair means unconscionable.  *Id.*   nondisclosure may constitute deceptive act under § 367.170.  *See Smith v. General Motors Corp.*, 979 S.W. 2d 127, 130-31 (Ky. App. 1998).

**Reliance:**
- Not specified.

**Statute of Limitations:**
- One year after end of attorney general suit or two years after violation. § 367.220(5).

**Conflicts with Florida Law:**
- Limits on private cause of action; punitive damages; class action; test for deceptiveness; statute of limitations.

### 19.  <u>LOUISIANA</u>

### La. Rev. Stat. Ann. §§ 51:1401 through 51:1420

**Private Cause of Action:**
- A private cause of action is allowed under §§ 51:1405 and 1409.  Treble damages for knowing violations committed after notice given by attorney general or director.  There must be ascertainable loss of money or movable property for private action.  § 51:1409.

**Class Actions:**
- No class actions to recover damages.  *See* § 51:1409(A).

**Scienter/Intent:**
- Treble damages for knowing violations committed after notice given by attorney general or director.  "Knowing" includes an objective test of what a reasonably prudent business person should have known.  § 51:1401(10).

**How "deceptiveness" is measured or defined:**
- "A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous or substantially injurious.  A trade practice is 'deceptive' for purposes of LUTPA when it amounts to fraud, deceit, or misrepresentation." *See Mixon v. Iberia Surgical, L.L.C.*, 956 So. 2d 76, 80 (La. App. 3 Cir. 2007).

**Prohibited Practices:**
- Broad prohibition of unfair and deceptive practices.  § 51:1405.

**Reliance:**
- Not specified.

**Statute of Limitations:**
- One year from transaction or act.  § 51:1409(E).  The discovery rule does not apply.  *See Cason v. Texaco, Inc.,* 621 F. Supp 1518 (M.D. La. 1985).

**Definition of "Consumer Transaction":**
- Means any transaction involving trade or commerce to a natural person, the subject to which transaction is primarily intended for personal, family or household use.  § 51:1402(3).  Includes corporations.  *See A&W Sheet Metal Inc. v. Berg Mechanical, Inc.,* 653 So. 2d 158 (La. Ct. App. 1995).

**Notice Requirement:**
- Consumer must mail copy of complaint and any judgment or order to attorney general and upon commencement of any action.  § 51:1409(B).

**Conflicts with Florida Law:**

- Limits on private causes of action; treble damages; class actions; statute of limitations; test for "deceptiveness"; definition of consumer transaction; notice.

## 20. MAINE

### Me. Rev. Stat. Ann. Tit. 5, §§ 205A through 214, Tit. 10, § 1211

**Private Cause of Action:**
- A private cause of action is allowed under § 213. Requires consumer transactions resulting in ascertainable loss of money or property. Private relief under Unfair Trade Practices Act is available only if consumer has suffered loss of money or property as result of violation. *See Parker v. Ayre*, 612 A.2d 1283 (Me. 1992). Private remedies limited to person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes. *Id.* Businesses may not sue. *C-B Kenworth, Inc. v. General Motors, Corp.*, 706 F. Supp. 952 (D. Me. 1988).
- Limited to equitable relief. *J.S. McCarthy Co., Inc. v. Brausse Diecutting & Converting Equipment, Inc.*, 340 F. Supp. 2d 54, 61 (D. Me. 2004).
- Attorney's fees may be awarded.

**Class Actions:**
- Permitted. *See generally McKinnon v. Honeywell Intern., Inc.*, 2006 WL 2959504, *1 (Me.Super. 2006).

**Intent/Scienter:**
- Likely not required. § 1213.

**How "deceptiveness" is measured or defined:**
- "Likelihood of confusion or misunderstanding." *See Ambrose v. New England Ass'n of Schools and Colleges, Inc.*, 252 F.3d 488, 492 (1st Cir. 2001).
- "Under the first subsection, a party is guilty of a deceptive trade practice if it [r]epresents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have. § 1212(1)(E). The other subsection renders a party liable for a deceptive trade practice if it engages in conduct of any kind that "creates a likelihood of confusion or misunderstanding. § 1212(1)(L). Thus, liability under this count turns on the existence of a false or misleading representation." *Id.*

**Prohibited Practices:**
- Broad prohibition on unfair and deceptive practices. § 1212.

**Reliance:**
- Not specified.

**Statute of Limitations:**
- Not express. Six years according to Me. Rev. Stat. Ann. Tit. 14, § 752 (all civil actions).

**Notice Requirement:**
- Consumer must send a 30 day notice to defendant attempting to settle before bringing suit. *See* § 213.1-A.

**Trial by Jury:**

- *J.S. McCarthy Co., Inc. v. Brausse Diecutting & Converting Equipment, Inc.,* 340 F. Supp. 2d 54, 61 (D. Me. 2004). ("the Maine UDTPA is expressly limited to injunctive relief and does not 'support a legal claim,' there is no right to a jury trial on a UDTPA claim.").

**Conflicts with Florida Law:**

- Limit of private cause of action; attorney's fees; definition of deception; notice; right to jury trial.

## 21.  MARYLAND

### Md. Code Ann. Com. Law. §§ 13-101 to 13-501

**Private Cause of Action:**
- A private cause of action is allowed under §13-408.  Consumer must sustain loss or injury for private cause of action.  Consumer likely is limited to person purchasing products which are primarily for personal, household, family or agricultural purposes.  § 13-101(d).  Business competitors are excluded.  *Fare Deals, Ltd. V. World Choice Travel.com, Inc.,* 180 F.Supp. 2d 678 (D. Md. 2001).
- Attorney's fees may be awarded.

**Scienter/Intent:**
- None required.  *See Consumer Proto Div. v. Morgan*, 874 A.2d 919 (Md. 2005).  However intent and reliance are required under § 13-301(9) ("Concealment, suppression or omission of any material fact with the intent that a consumer rely.").

**How "deceptiveness" is measured or defined:**
- "Capacity, tendency or effect of deceiving or misleading consumers."  § 13-301.

**Prohibited Practices:**
- Provides a laundry list of numerous enumerated unfair and deceptive practices.  § 13-301.

**Reliance:**
- Individual reliance is likely required.  *See Philip Morris, Inc. v. Angeletti*, 752 A.2d 200 (Md. 200) (court affirmed denial of class certification where class members were required to prove individual reliance).

**Definition of "Consumer Goods":**
- Consumer goods are defined by the Act as goods "which are primarily for personal, household, family, or agricultural purposes." Section 13-101(d).
- For example *see Hogan v. Maryland State Dental Ass'n* 843 A.2d 902, 906 (Md.App. 2004) ("Dental fillings are not purchased by consumers as a good but are selected and used by a practitioner as part of a professional service. The Consumer Protection Act expressly exempts professional services, including services rendered by dental practitioners. Section 13-104(1).").

**Statute of Limitations:**
- None specified in statute.  Three years from date of discovery.  *See* Md. Cts. & Jud. Proc. Code Ann § 5-101 (general limitations period).

**Conflicts with Florida Law:**
- Limits on private cause of actions; attorneys fees; intent/scienter; reliance; scope of prohibited practices; statute of limitations.

29

## 22.  MASSACHUSETTS

### Mass. Gen. Laws Ann. Ch. 93A, §§ 1 through 11

**Private Cause of Action:**
- A private cause of action is allowed under § 93A, § 2, 9.

**Class Actions:**
- Class actions permitted.  § 93A, § 9.

**Scienter/Intent:**
- None required unless double or treble damages are sought.  *See Bond Leather Co. v. Q.T. Shoe Mfg. Co.,* 764 F.2d 2d 928, 937 (1st Cir. 1985).

**How "deceptiveness" is measured or defined:**
- "The circumstances of each case must be analyzed, and unfairness is to be measured not simply by determining whether particular conduct is lawful (or unlawful, we now add) apart from G.L. c. 93A but also by analyzing the effect of the conduct on the public (or the consumer)."  *Berenson v. National Financial Services, LLC,* 403 F.Supp.2d 133, 149 (D. Mass. 2005).  Possible public interest requirement.  *Id.*

**Prohibited Practices:**
- Broad prohibition on unfair and deceptive practices.  § 93A, § 2.

**Reliance:**
- Reliance not required if "the evidence warrants finding of a causal relationship between the misrepresentation and the injury to the plaintiff."  *See Dushkin v. Desai,* 18 F. Supp 2d 117 (D. Mass. 1998).
- *See also Massachusetts Laborers' Health & Welfare Fund v. Philip Morris, Inc.,* 62 F.Supp.2d 236, 242 (D. Mass. 1999) (To prove a violation of Chapter 93A based on deception, the plaintiff must prove reliance as "an essential link" in the proof of causation.).

**Statute of Limitations:**
- None specified in state.  Four years under Mass. Gen. Law ch. 260, §5A.

**Notice Requirement:**
- Notice of filing suit is required 30 days in advance.  § 93A § 9(3) (not applicable to business entity class members).

**Trial by Jury:**
- There is no right to trial by jury under the statute.  *Refuse & Environmental Systems, Inc. v. Industrial Services of America, Inc.,* 932 F.2d 37, 42 (1st Cir. 1991).

**Conflicts with Florida Law:**
- Definition of deception; treble damages; affect on public; trial by jury.

## 23.  MICHIGAN

### Mich. Comp. Laws Ann. §§ 445.901-922

**Private Cause of Action:**
- A private cause of action is allowed under § 445.911. Applies only to purchases by consumers not businesses. *See Slobin v. Henry Ford Health Care*, 666 N.W.2d 632 (Mich. 2003).

**Scope:**
- In the conduct of trade or commerce that results in a loss from a violation of the Act.

**Class Actions:**
- Class actions are permitted under § 445.911(3)

**Scienter/Intent:**
- There is no intent requirement under § 445.911(6).  If the defendant shows by a preponderance of the evidence that a violation of this act resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error, the amount of recovery shall be limited to actual damages.
- A defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis under the Consumer Protection Act.  *Dix v. American Banker Life Assur. Co. of Florida*, 415 N.W.2d 206, 209 (Mich. 1987).

**How "deceptiveness" is measured or defined:**
- Unfair, unconscionable, or "deceptive" acts or practices are defined in § 445.903.

**Prohibited Practices:**
- "[U]nfair or deceptive acts or practices" is specifically defined in the Michigan Consumer Protection Act.  *See* § 445.903.

**Definition of "Trade or Commerce":**
- Conduct of business providing goods, property or services primarily for personal, family, or household purposes, including advertising, solicitation, sale or offer for sale, rent, lease or distribution of service, real or personal property, intangible, or any other article. Includes business opportunities and pyramid schemes but not franchises.

**Reliance:**
- There is no reliance requirement under § 445.911.  "Members of a class proceeding under the Consumer Protection Act need not individually prove reliance on the alleged misrepresentations." *Dix v. American Banker Life Assur. Co. of Florida*, 415 N.W.2d 206, 209 (Mich. 1987).

**Statute of Limitations:**
- No more than six years after the occurrence of the method, occurrence, or act. § 445.911.

**Notice Requirement:**
- Not for private cause of action.

**Conflicts with Florida Law:**
- Limit on private cause of action; scope and enumeration of prohibited practices; definition of trade or commerce; reliance; statute of limitations.

## 24.  MINNESOTA

### Minn. Stat. §§ 325D.43 through 325D.48

**Private Cause of Action:**
- A private cause of action is allowed under § 325D.43 only for injunctive relief. *See Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.* 603 N.W.2d 336, 339 (Minn.App. 1999); *see also Ly v. Nystrom*, 615 N.W.2d 302, 314 (Min. 2000) (holding that in order to enforce the CPA through the private attorney general statute, public benefit is required.).

**Class Actions:**
- Permitted. *See generally O'Neill v. St. Jude Medical, Inc.,* 2005 WL 1114469, *1 (Minn. Dist. Ct.  2005).

**Scienter/Intent:**
- *McNamara v. Nomeco Bldg. Specialties, Inc.,* 26 F.Supp.2d 1168, 1171 (D. Minn. 1998) ("one making representations in the sale of consumer goods can be held liable, even though he had no specific intent to falsely mislead the consumer").
- A person likely to be damaged by a deceptive trade practice of another may be granted an injunction... Proof of monetary damage, loss of profits, or intent to deceive is not required.  § 325D.45

**How "deceptiveness" is measured or defined:**
- *See Parkhill v. Minnesota Mutual Life Ins. Co.*  995 F.Supp. 983, 996 (D.Minn. 1998) (some provisions of the statute require the "likelihood of confusion" from the defendants "passing off" of its goods and services as those of another.).

**Prohibited Practices:**
- Lists 15 enumerated practices including a catchall provisions generally prohibiting unfair or deceptive acts or practices.  § 325D.44.

**Reliance:**
- Require reliance by placing the burden on the plaintiff to prove a causal connection between the alleged misrepresentation and the alleged damage. *See In re Prof. Mgmt. Ltd.*, 703 F. Supp. 1388, 1398 (D. Minn. 1987) (under § 8.31)(consumer fraud).
- Omissions are not prohibited.  *Id.*
- In *Parkhill II*, the court stated that plaintiff must demonstrate individual reliance on the alleged misrepresentation to prevail on his statutory claims for deceptive trade practices and consumer fraud.  174 F.Supp.2d 951, 960 (D.Minn. 2000) (under §§ 8.31 and 325D).

**Statute of Limitations:**
- Must file suit within one year of giving notice. Six year statute of limitations.  Minn. Stat. § 541.05(2) (for actions created by statute).

**Notice Requirement:**
- Notice is required to be given and defendant will have 15 days to effectuate a cure. Consumer must give written notice to defendant within one year of discovery of violation or two years after consumer transaction.

**Conflicts with Florida Law:**
- Private cause of action; intent/scienter; reliance; test for deceptiveness; scope and enumeration of prohibited practices; notice.

## 25.  MISSISSIPPI

### Miss. Code Ann. § 75-24-1 through 75-24-27

**Private Cause of Action:**
- A private cause of action is allowed under § 75-24-15.  Limited to plaintiff who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use of employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by § 75-24-5.

**Scope:**
- Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited. § 75-24-5(1).

**Class Actions:**
- Class actions are not permitted under § 75-24-15(4).

**Scienter/Intent:**
- There is no intent requirement under § 75-24-5, except for subsections (2)(i) and (j).
- § 75-24-19(1)(b) contains an intent requirement to allow the Attorney General to recover a civil penalty on behalf of the state.
- Also, §75-24-20 contains an intent requirement in order to impose criminal penalties.

**Prohibited Practices:**
- Enumerated in § 75-24-5(2)(a)-(m).

**Reliance:**
- There is no reliance requirement under § 75-24-15, which states, in pertinent part, that "Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use of employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by § 75-24-5 may bring an action at law in the court having jurisdiction in the county in which the seller, lessor, manufacturer or producer resides, or has his principal place of business or, where the act or practice prohibited by § 75-24-5 allegedly occurred, to recover such loss of money or damages for the loss of such property, or may assert, by way of setoff or counterclaim, the fact of such loss in a proceeding against him for the recovery of the purchase price or rental, or any portion thereof, of the goods or services."

**Trial by Jury:**
- Permitted. *See generally American Bankers' Ins. Co. of Florida v. Wells,* 819 So.2d 1196 (Miss. 2001).

**Statute of Limitations:**
- Three years. *See* Miss. Code Ann. § 15-1-49 (for actions not otherwise provided for).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limits on private cause of action; class action; intent/scienter; definition of deceptiveness; scope and enumeration of prohibited practices; statute of limitations.

## 26.  MISSOURI

### Mo. Stat. Ann. § 407.025

**Private Cause of Action:**
- A private cause of action is allowed under § 407.025.  Punitive damages are discretionary.

**Class Actions:**
- Class actions are permitted under § 407.025(2).

**Scienter/Intent:**
- There is no intent requirement.  *State ex rel. Nixon v. Beer Nuts*, 29 S.W.3d 828, 837 (Mo. App. 2000).  § 407.020(3).

**How "deceptiveness" is measured or defined:**
- § 407.020 does not define deceptive practices.  "This was done to give broad scope to the meaning of the statute and to prevent evasion because of overly meticulous definitions. This leaves to the court in each particular instance the determination whether fair dealing has been violated."  *State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. App. E.D. 1988).

**Prohibited Practices:**
- The term "unfair practice" is not defined in the statute. The attorney general is given the authority, in section 407.145, to promulgate "all rules necessary to the administration and enforcement" of the merchandising practices act.
- Pursuant to that authority, the attorney general promulgated 15 CSR 60-8.02, which defines "unfair practice" as follows:
- (1) An unfair practice is a practice which- (A) Either- 1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; *or* 2. Is unethical, oppressive or unscrupulous; *and* (B) Presents a risk of, or causes, substantial injury to consumers. (Emphasis added.)
- From the structure of the sentences in this regulation, it would appear that an unfair practice can simply be a practice that "offends any public policy as ... established by statutes ... of the state" and also presents "a risk of ... substantial injury to consumers." *See Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237 (Mo. 2001).

**Reliance:**
- There is no reliance requirement under § 407.025.  "Proof of reliance is not a necessary element to establish unlawful practice prohibited under the Act." *State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. App. E.D. 1988).

**Definition of "Consumers":**
- § 407.025 states that "Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of

money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful."
- A "Person" is any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, company, foundation, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof. § 407.010.

**Trial by Jury:**
- None specified. § 407.025 states that an action must be brought in circuit court, it does not speak to jury trials.

**Statute of Limitations:**
- Five years from actual discovery. *See Albert v. Grant Thornton*, 735 F. Supp. 1443, 1447-1448 (W.D. Mo. 1990).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limits on private cause of action; test for deceptiveness and unfair practice; punitive damages; definition of consumer; statute of limitations.

### 27.  MONTANA

**Mont. Code Ann. § 30-14-101 through 30-14-143.**

**Private Cause of Action:**
- A private cause of action is allowed under § 30-14-133.  Consumer must purchase or lease goods or services primarily for personal or family purposes and suffer an ascertainable loss.  *Id*; § 30-14-102.
- Treble damages may be awarded at discretion of court.  "Section 30-14-133(1) allows for a district court to award treble damages when a consumer suffers a pecuniary loss due to a practice declared unlawful by § 30-14-103."  *See Williams v. Global Financial Services, Inc.*, 2006 WL 52259, *5 (Mont. 2006).

**Class Actions:**
- Class actions are not permitted under § 30-14-133.

**Scienter/Intent:**
- There is no intent requirement under § 30-14-133.  There is no requirement under state Unfair Trade Practices and Consumer Protection Act that party must first prove malice, oppression, or fraud to recover exemplary damages.  *T&W Chevrolet v. Darvial*, 641 P.2d 1368, 1371 (Mont. 1982).

**How "deceptiveness" is measured or defined:**
- "Under the Montana Consumer Protection and Unfair Trade practices Act, an unfair or deceptive trade practice occurs when the injury satisfies three tests: It must be substantial; it must not be outweighed by any countervailing benefits to consumer or competition that the practice produces; and it must be an injury that consumer themselves could not reasonably have avoided.  *Harne v. Deadmond*, 287 Mont. 255, 258 (Mont. 1998).

**Prohibited Practices:**
- "[U]nfair or deceptive acts or practices" is not specifically defined in the Montana Consumer Protection Act. § 30-14-102.

**Reliance:**
- There is no reliance requirement under § 30-14-103; *see generally Tripp v. Jeld-Wen, Inc.*, 112 P.3d 1018 (Mont. 2005).

**Definition of "Consumers":**
- "Consumer" means a person who purchases or leases goods, services, real property, or information primarily for personal, family, or household purposes.  § 30-14-102.

**Statute of Limitations:**
- Claims brought under Unfair Trade Practices Act were subject to two-year statute of limitations for actions on a liability created by statute other than penalties and statutory debts; Act created a liability not existing at common law, and damages provisions of Act

were intended to be compensatory, rather than punitive. *Osterman v. Sears, Roebuck & Co.* 80 P.3d 435, 441 (Mont. 2003).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limits on private cause of action; class actions; treble damages; definition of deception; statute of limitations; definition of consumer.

## 28.  NEBRASKA

### Neb. Rev. Stat. Ann. §§ 59-1601-1623; § 87-301-306

**Private Cause of Action:**
- A private cause of action is allowed under §§ 59-1609; 87-303.  To be actionable under the Nebraska Consumer Protection Act, the unfair or deceptive act or practice must have an impact upon the public interest.  *Nelson v. Lusterstone* Surfacing Co., 605 N.W.2d 136, 141 (Neb. 2000).  Also, must be injured in business or property for private remedy.

**Class Actions:**
- Class actions are permitted. *See generally McGinn v. State Farm Mut. Auto. Ins. Co.,* 268 Neb. 843 (Neb. 2004).

**Scienter/Intent:**
- There is no intent requirement under §87-303(a).

**Prohibited Practices:**
- § 87-302 lists deceptive trade practices.

**Reliance:**
- There is likely no reliance requirement under § 87-303; *see generally Reinbrecht v. Walgreen Co.,* 742 N.W.2d 243, 247 (Neb. App. 2007).

**Statute of Limitations:**
- Four year statute of limitations from after cause accrues. § 87-303.10.

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limit on private right of action for public interest and injury; scope and enumeration of prohibited practices.

## 29.  NEVADA

### Nev. Rev Stat. Ann. Chapter 598.0903-.0999

**Private Cause of Action:**
- A private cause of action is allowed under Chapter 598.  Elderly or disabled may sue for punitive damages and attorney's fees.  *See* § 598.0977.

**Class Actions:**
- Class actions are permitted. *See generally Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada*, 120 Nev. 948 (Nev. 2004).

**Scienter/Intent:**
- Knowledge is required under § 598.0915.
- Evidence that a person has engaged in a deceptive trade practice is prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition. § 598.0953.

**How "deceptiveness" is measured or defined:**
- Defined in statute.  *See* §§ 598.0915-09125.

**Prohibited Practices:**
- Enumerated and defined in statute.  *See* §§ 598.0915-09125.
- Note: "These are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes of this state." *Id.*

**Reliance:**
- Not specified.

**Statute of Limitations:**
- No statute of limitations specified.  Court's apply the general limitations statute.  *See* Nev. Rev. State. § 11.190(3)(a) (4 years after discovery).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limits on private cause of action; punitive damages; intent/scienter; definitions of deceptive practices.

## 30.  NEW HAMPSHIRE

### N.H. Rev. Stat. Ann. §§ 358-A:1-A:13

**Private Cause of Action:**
- A private cause of action is allowed under § 358-A:10.

**Class Actions:**
- Class actions are permitted under § 358-A:10-a.

**Scienter/Intent:**
- "The plain language of the statute…indicates that some element of knowledge on the part of the defendant is required." *Kelton v. Hollis Ranch, LLC*, 927 A.2d 1243, 1246 (N.H. 2007).
- Treble damages may be awarded if the violation is willful.  Not less than double damages shall be awarded for a willful violation.  § 358-A:10.

**How "deceptiveness" is measured or defined:**
- § 358-A:2 provides various measures such as "causing likelihood of confusion or misunderstanding; making false or misleading statements of facts."  Does not require actual proof of causing confusion or misunderstanding.  *See* § 358-A:11.

**Prohibited Practices:**
- Enumerated in § 358-A:2.  *See State v. Moran*, 861 A.2d 763, 765 (N.H. 2004) (The act proscribes unfair or deceptive trade practices in general, and sets forth a list of specific types of conduct that qualify as unfair or deceptive trade practices.).
- The statute expressly states that only practices which are "deceptive" or "unfair" subject the actor to liability.  *Kelton v. Hollis Ranch, LLC*, 927 A.2d 1243, 1246 (N.H. 2007).

**Reliance:**
- None specifically required. § 358-A:11.

**Trial by Jury:**
- Permitted. *See generally Hughes v. DiSalvo*, 729 A.2d 422 (N.H. 1999).

**Statute of Limitations:**
- Three years.  § 358-A:3.

**Notice Requirement:**
- No. However, notice is required if action is brought by AG under § 358-A:5

**Conflicts with Florida Law:**
- Intent/scienter; treble damages; test for deceptiveness; scope and enumeration of prohibited practices; statute of limitation.

## 31. NEW JERSEY

### N.J. Stat. Ann. §§ 56:8-1 through 56:8-91

**Private Cause of Action:**
- A private cause of action is allowed under § 56:8-19.  Must suffer ascertainable loss of money or property.  *Id.*

**Class Actions:**
- Class actions are permitted.  *See Debra F. Fink, D.M.D., MS, PC v. Ricoh Corp.*, 839 A.2d 942, 952 (N.J. Super.L. 2003).

**Scienter/Intent:**
- When the alleged consumer-fraud violation consists of an affirmative act, intent is not an essential element and the plaintiff need not prove that the defendant intended to commit an unlawful act. *Chattin v. Cape May Greene, Inc.*, 591 A.2d 943 (1991) (Stein, J. concurring).
- However, when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud.  *Id.*; *see also Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994) (Knowing intent is required. An omission or concealment must be accompanied by intent to violate the CFA).

**Prohibited Practices:**
- Broadly prohibits unfair and deceptive practices.  *See* § 56:8-2.  Statute prohibits omissions. *See Cox*, 647 A.2d at 462.

**Reliance:**
- In place of the traditional reliance element of fraud and misrepresentation, we have required that plaintiffs demonstrate that they have sustained an ascertainable loss. *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1087 - 1088 (N.J. 2007).

**Statute of Limitations:**
- Six years.  *See* N.J. Rev. Stat. § 2A:14-1.

**Notice Requirement:**
- Copy of complaint shall be sent to attorney general by person filing the claim within ten days of filing.  § 56:8-20.

**Conflicts with Florida Law:**
- Limits on private cause of action; intent/scienter; reliance; statute of limitations; notice;

### 32. NEW MEXICO

### N.M. Stat. Ann. § 57-12-1 through 57-12-26

**Private Cause of Action:**
- A private cause of action is allowed under § 57-12-10.  Requires loss of money or property, real or personal to recover actual damages. *Id.*
- However, the New Mexico Supreme Court has applied § 57-12-10(B) as the basis for an award of the statutory $100 minimum, even in the absence of proof of economic or property loss. *Lohman v. Daimler-Chrysler Corp.,* 166 P.3d 1091, 1099 (N.M.App. 2007).

**Class Actions:**
- Class actions are permitted under § 57-12-10(E).  *See generally Mulford v. Altria Group, Inc.,* 242 F.R.D. 615 (D.N.M. 2007).  Treble damages available in non-representative actions.  *Id.*

**Scienter/Intent:**
- § 57-12-10 does not require one to prove intent to deceive.  The court stated in St*evenson v. Louis Dreyfus Corp.,* 112 N.M. 97, 100 (N.M. 1991), that "the misrepresentation need not be intentionally made, but it must be knowingly made;" *see also Mulford v. Altria Group, Inc.,* 242 F.R.D. 615 (D.N.M. 2007); *Taylor v. United Management, Inc.,* 51 F.Supp.2d 1212 (D.N.M 1999) (same).
- Treble damages may be awarded for willful violations.  § 57-12-10(b).

**How "deceptiveness" is measured or defined:**
- Defined in § 57-12-2(d)(1)-(17).
- *See also Lohman v. Daimler-Chrysler Corp.,* 166 P.3d 1091, 1098 (N.M.App. 2007) ("may, tends to, or does deceive any person.").

**Prohibited Practices:**
- Enumerated in § 57-12-2(d)(1)-(17).  Includes a broad catchall provision as well.

**Reliance:**
- There is no reliance requirement under § 57-12-2; *see also Mulford v. Altria Group, Inc.,* 242 F.R.D. 615 (D.N.M. 2007).
- The act does not require that the defendant's conduct actually deceive a consumer; it permits recovery even if the conduct only 'tends to deceive.' " *Smoot v. Physicians Life Ins. Co.,* 87 P.3d 545. (N.M.App. 2004).  A claimant need not prove reliance upon a defendant's deceptive conduct in this context. *Lohman v. Daimler-Chrysler Corp.* 166 P.3d 1091, 1098 (N.M.App. 2007).
- However, likely need to show that violation actually caused the loss.  *See Aetna Fina. Co. v. Gaither,* 118 N.M. 246 (N.M. 1994).

**Trial by Jury:**
- Permitted. *See generally McLelland v. United Wisconsin Life Ins. Co.*, 980 P.2d 86 (N.M. App. 1999).

**Statute of Limitations:**
- Four years. *Nance v. L.J. Dolloff Associates, Inc.*, 136 P.3d 1215 (N.M. App. 2005).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Intent/scienter; treble damages; definition of deception; scope and enumeration of prohibited practices; reliance.

## 33.  NEW YORK

### N.Y. Gen. Bus. Law § 349-350-f-1

**Private Cause of Action:**
- A private cause of action is allowed under § 349(h). Private action is predicated on injury. Plaintiff must prove harm to public interest. *Securiton Magnilock Corp. v. Schnabolk*, 65 F.3d 256 (2d Cir. 1995). Treble damages are discretionary up to $1,000 if there is a willful or knowing violation.

**Scope:**
- Plaintiff asserting claim under New York General Business Law for deceptive business conduct must demonstrate that claim implicates "consumer oriented" conduct by defendant. *Shapiro v. Berkshire Life Ins. Co.,* 212 F.3d 121 (2d Cir. 2000).
- New York statute barring deceptive trade practices allows recovery not only by consumers, but also by competitors if there is some harm to the public at large. *Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003).

**Class Actions:**
- Class actions are permitted. *See generally Goshen v. Mutual Life Ins. Co. of New York*, 730 N.Y.S.2d 46 (N.Y.A.D. 1 Dept. 2001).

**Scienter/Intent:**
- There is no intent requirement. *Stutman v. Chemical Bank,* 731 N.E.2d 608, 612 (N.Y. 2000).

**How "deceptiveness" is measured or defined:**
- A representation or act is "deceptive" within the meaning of New York deceptive trade practices statute if it is likely to mislead a reasonable consumer acting reasonably under the circumstances. *See Boule v. Hutton*, 320 F. Supp.2d 132 (S.D.N.Y. 2004); *Champion Home Builder Co. v. ADT Sec. Services Inc.*, 179 F. Supp.2d 16 (N.D.N.Y. 2001) (same).

**Prohibited Practices:**
- Broad prohibition. *See* § 349.
- To state a claim for deceptive practices under New York's General Business Law, a plaintiff must show: (1) that the act or practice was consumer-oriented; (2) that the act or practice was misleading in a material respect, and (3) that the plaintiff was injured as a result of the deceptive practice or act. *In re Evergreen Mut. Funds Fee Litigation*, 423 F.Supp.2d 249 (N.Y. 2006).
- Omissions, as well as acts, may form the basis of a deceptive practices claim under New York's General Business Law. *In re Evergreen Mut. Funds Fee Litigation*, 423 F.Supp.2d 249 (N.Y. 2006).

**Reliance:**
- There is no reliance requirement. *Stutman v. Chemical Bank,* 731 N.E.2d 608, 612 (N.Y. 2000).
- Unlike a private action brought under false advertising provision of the New York Consumer Protection Act, a private action brought under the deceptive trade practices provision of the Act does not require proof of actual reliance. *Pelman ex rel. Pelman v. McDonald's Corp.,* 396 F.3d 508 (2d Cir. 2005).

**Trial by Jury:**
- Permitted. *See generally Goshen v. Mutual Life Ins. Co. of New York*, 730 N.Y.S.2d 46 (N.Y.A.D. 1 Dept. 2001).

**Statute of Limitations:**
- 3 years. *State ex rel. Spitzer v. Daicel Chemical Industries, Ltd.,* 840 N.Y.S.2d 8 (N.Y.A.D. 1 Dept. 2007).

**Conflicts with Florida Law:**
- Limit on private cause of action; public interest; scope; treble damages; test for deception; statute of limitations.

## 34.  NORTH CAROLINA

### N.C. Gen. Stat. §§ 75-1 through 75-49

**Private Cause of Action:**
- A private cause of action is allowed under § 75-16.  Based on injury to person or business.  Treble damages are available.  *Id.*

**Class Actions:**
- Class actions are permitted.  *See generally Curry v. First Federal Savings and Loan Ass'n of Charlotte*, 479 S.E.2d 286 (N.C. App. 1997).

**Scienter/Intent:**
- There is no intent requirement.  *Coltrane v. Mittelman*, 639 S.E.2d 142 (N.C.App. 2006).

**How "deceptiveness" is measured or defined:**
- A trade practice is "deceptive" if it has the capacity or tendency to deceive.  *Walker v. Fleetwood Homes of North Carolina, Inc.* 653 S.E.2d 393 (N.C. 2007).
- An unfair and deceptive trade practice claim requires plaintiffs to show: (1) that defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) plaintiffs were injured thereby. Plaintiffs must also establish they 'suffered actual injury as a proximate result of defendants' [unfair or deceptive act].'  *Strates Shows, Inc. v. Amusements of America, Inc.* 646 S.E.2d 418, 424 (N.C.App. 2007).

**Prohibited Practices:**
- An act or practice is "unfair" as an element to proving a violation when it offends established public policy.  *Griffith v. Glen Wood Co., Inc.* 646 S.E.2d 550 (N.C.App. 2007).

**Reliance:**
- Plaintiffs claiming unfair and deceptive trade practices must establish they suffered actual injury as a proximate result of defendants' unfair or deceptive act.  *Strates Shows, Inc. v. Amusements of America, Inc.* 646 S.E.2d 418, 424 (N.C.App. 2007).

**Trial by Jury:**
- Permitted.  *See generally Walker v. Fleetwood Homes of N.C., Inc.*, 653 S.E.2d 393 (N.C. 2007)

**Statute of Limitations:**
- Four years.  § 75-16.2.

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Treble damages; definition of deceptive; reliance.

### 35.  NORTH DAKOTA

### N.D.C.C. § 51-15-01 through 51-15-11

**Private Cause of Action:**
- A private cause of action is allowed under § 5-15-09.

**Class Actions:**
- Class actions are permitted.  See *generally Howe v. Microsoft Corp.*, 656 N.W.2d 285 (N.D. 2003).

**Scienter/Intent:**
- Required for some provisions.  *See* §§ 51-15-02 and 51-15-09. Treble damages are discretionary if knowing violation.

**Prohibited Practices:**
- The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice.  § 51-15-02; *State ex rel. Spaeth v. Eddy Furniture Co.*, 386 N.W.2d 901, 904 (N.D. 1986).

**Reliance:**
- Not likely.  *See* 15-15-02.

**Trial by Jury:**
- Likely permitted.  *See generally State v. Sabo*,  N.W.2d ----, 2007 WL 4341105 (N.D. 2007)(under criminal provision).

**Definition of "Person":**
- "Person," as used in Act, was not necessarily limited to "consumer" or "consumer transactions."  *See Jorgenson v. Agway, Inc.*  627 N.W.2d 391 (N.D. 2001).

**Statute of Limitations:**
- Six years.  *See* N.D. Cent. Code. § 29-01-16.2 (for actions or liability created by statute).

**Conflicts with Florida Law:**
- Intent/scienter; treble damages; statute of limitations.

## 36.  OHIO

**Ohio Rev. Code § 1345.01 through 1345.13 Consumer Sales Practices Act; Ohio Rev. Code § 4165.01 through § 4165.04 Deceptive Trade Practices Act**

**Private Cause of Action:**
- § 1345.09: A private cause of action is allowed under for actual damages or injunctive relief. Treble damages are available for certain violations.  Attorneys' fees for willful or knowing violations.
- § 4165.02: A private cause of action is allowed for actual damages and injunctive relief. No requirement of monetary damage.  Attorneys' fees for willful or knowing violations.

**Scope:**  § 4165:  In course of business, vocation or occupation.
§ 1345.01: Applies to acts by supplier, defined as seller, lessor, assignor, franchisors, or other person engaged in the business of effecting or soliciting consumer transactions whether or not that person deals directly with consumer. Must be a "consumer transaction." (defined below). Excludes: attorneys physicians, or dentists and clients or patients.

**Class Actions:**
- § 1345:  Class actions are permitted. *See generally Marrone v. Phillip Morris  USA, In*c., 2004 WL 2050485 (Ohio App. 9 Dist. 2004).
- Note that § 1345.10(b) precludes a consumer who has previously brought an action from being included in a later class action brought by the AG.  Class actions are permitted for actual damages or other appropriate relief.

**Scienter/Intent:**
- There is no intent requirement under § 1345.09. Note that this statute allows attorneys fees if the act or practice that violates the Chapter was "knowingly" committed.
- Additionally, R.C. 1345.09(B) entitles a consumer to recover three times the amount of actual damages suffered due to a supplier's deceptive acts or practices. In order to make a finding that a deceptive act or practice has occurred, the Ohio Administrative Code does not require proof of intent or knowledge; rather, any failure to comply with the regulations is deemed a "deceptive act or practice." *Grieselding v. Krischak*, 2007 WL 1575521, *3 (Ohio App. 6 Dist. 2007).

**How "deceptiveness" is measured or defined:**
- Defined in the statute. *See* § 4165.02; § 1345.02 (lists acts that are deceptive).
- "Under the Consumer Sales Practices Act, appellants have to show a material misrepresentation, deceptive act, or omission." *Mathias v. America Online, Inc.*, 2002 WL 377159, *5 (Ohio App. 8 Dist. 2002).
- In considering whether a defendant committed unfair or deceptive acts pursuant to the CSPA, the court must look to four sources. First, the court must look to R.C. 1345.02(A) and in so doing must consider that " 'the place to look to determine the presence of a deception is in the state of mind of the consumer, and not at the intent of the supplier. Thus, if the supplier does or says something, regardless of intent, which has the

likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts, then the act or statement is deceptive.' " *Teeters Constr. v. Dort,* 869 N.E.2d 756, 767 (Ohio Mun. 2006).

**Prohibited Practices:**
- Specifically enumerated in § 4165.02; § 1345.02.

**Reliance:**
- If a defendant has committed a deceptive consumer sales practice in violation of 1345.02 as it relates to an advertisement, the consumer must establish reliance on such an advertisement. *Washington v. Spitzer Management, Inc.*, 2003 WL 1759617, *6 (Ohio App. 8 Dist. 2003).

**Definition of "Consumers":**
- "Consumer" means a person who engages in a consumer transaction with a supplier. §. 1345.01(d). Person includes corporations, business and other legal entities. 1345(B).
- § 1345.09(d) states that any consumer may seek appropriate relief against an act or practice.
- "Consumer Transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. § 1345.01.

**Trial by Jury:**
- Permitted. *See generally Whitaker v. M.T. Automotive,* 2007 WL 4554457 (Ohio App. 9. Dist. 2007).

**Statute of Limitations:**
- § 1345: Two years after occurrence or one year after attorney general suit terminates. *See Luft v. Perry County Lumber & Supply Co,* 2003 WL 21027291 (Ohio App. 10 Dist. 2003).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Scope of private action; treble damages; class actions; attorneys' fees if knowing violation definition of deception; definition of consumer transaction; scope and enumeration of prohibited acts; statute of limitations.

## 37.  OKLAHOMA

### Okla. Stat. Ann. § 751-765

**Private Cause of Action:**
- A private cause of action is allowed under § 761.1.  To have a private right of action under § 761.1(A), a consumer must suffer some detriment or loss as a result of a violation of the OCPA. Accordingly, a person may not bring an action as an aggrieved consumer under § 761.1(A) solely as a result of his or her payment of the purchase price for that product. An essential element of a claim under § 761.1(A) is actual injury or damage caused by a violation of the OCPA. *See Walls v. American Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000)[1].

**Class Actions:**
- Class actions are permitted. *See Bilbrey v. Cingular Wireless, L.L.C.*, 164 P.3d 131 (Okla. 2007).

**Scienter/Intent:**
- There is an intent requirement under § 753.

**How "deceptiveness" is measured or defined:**
- Where an act does not have the capacity to deceive because the person knows the truth, it is not a "deceptive trade practice" under the Oklahoma Consumer Protection Act (OCPA). *Patterson v. Beall,* Okla., 19 P.3d 839 (2000).

**Prohibited Practices:**
- "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral.
- "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. § 752.
- Whether alleged conduct constitutes an unfair trade practice under the OCPA is a fact question that the trial court must determine on a case by case basis. *Patterson v. Beall* 19 P.3d 839, 847 (Okla. 2000).

**Reliance:**
- Likely not. § 752(13) states that a deceptive practice may occur before, during, or after a transaction. Case law did not state otherwise.

---

[1] "Although the parties have cited many cases from other states, these cases are not particularly helpful in interpreting § 761.1 because other states' consumer protection acts contain very different language." *Walls v. American Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000).

**Trial by Jury:**
- Permitted. *See generally Dentco Inv. Co., Inc. v. Oklahoma Natural Gas Co.*, 569 P.2d 512 (Okl.App. 1976).

**Statute of Limitations:**
- Three years. See *Brashears v. Sight "N Sound Appliance Centers, Inc.*, 981 P.2d 1270 (Okla.Civ.App. Div. 3,1999).

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limit on private cause of action; intent/scienter; definition of deception; statute of limitations.

## 38. <u>OREGON</u>

### Or. Rev. Stat. §§ 646.605 through 646.656

**Private Cause of Action:**
- A private cause of action is allowed under § 646.638 for actual damages. Punitive damages also allowed. *Id.* Private cause of action must be based on ascertainable loss of money or property as result of willful violation. *See Luedeman v. Tri-West Const. Co.*, 592 P.2d 281, 282 (Or.App. 1979) (Under ORS 646.638 no action lies unless the defendant's conduct was willful.).
- Businesses are "persons" under the statute that may sue but substantive violation requires purchases for personal, family or household use. *See F.D.S. Marine LLC v. Shaver Transp. Co.*, 2001 U.S. Dist. LEXIS 7800 (D. Or. Mar. 29, 2001).

**Class Actions:**
- Class actions are permitted. *See Turner v. Legacy Health System,* 2006 WL 657176 (Or. Cir. 2006). Court may award costs and fees to prevailing party in class action but not to prevailing defendant in class action.

**Scienter/Intent:**
- *See* § 646.607, 608.
- There is an intent requirement under § 646.638 to obtain damages.
- A private party who seeks to recover damages for a UTPA violation must plead and prove a "willful" violation of the statute by the defendant. "A willful violation occurs when the person committing the violation knew or should have known that the conduct of the person was a violation." ORS 646.605(10). *Rathgeber v. James Hemenway, Inc.*, 69 P.3d 710, 715 (Or. 2003).

**Prohibited Practices:**
- Numerous enumerated unlawful practices including general prohibition of unconscionable acts and unfair or deceptive conduct as defined by attorney general rule. § 646.607.

**Reliance:**
- Not under 646.638, which is statute for private actions, just requires ascertainable loss.
- Not for action by AG. § 646.608(3).
- Note: *Gemignani v. Pete*, 71 P.3d 87, 90 (Or.App. 2003) ("To recover under the UTPA, therefore, the ascertainable loss must have occurred 'as a result of' a defendant's violation of the statute.").

**Trial by Jury:**
- Permitted. § 646.638; *see generally Rathgeber v. Hemway*, 69 P.3d 710 (Or. 2003).

**Statute of Limitations:**
- One year from discovery. § 646.638(6).

**Notice Requirement:**
- Yes. § 646.638(2). No judgment rendered for a plaintiff unless plaintiff sends a copy of complaint to attorney general.

**Conflicts with Florida Law:**
- Limit of private cause of action; punitive damages; scienter/intent; scope and enumeration of prohibited practices; statute of limitations; notice.

## 39. PENNSYLVANIA

### 73 Pa. Stat. Ann. § 201-1 through 201-9.3

**Private Cause of Action:**

- A private cause of action is allowed under § 201-9.2. Limited to "any person who purchases or leases goods or services primarily for personal, family, or household purposes." *Id.; Balderston v. Medtronic Sofamor Danek, Inc.*, 152 F.Supp.2d 772, 776 (E.D. Pa. 2001) ("A plaintiff seeking to recover under section 201-9.2 must not only have suffered an ascertainable loss as the result of an 'unfair or deceptive act,' but also must be a 'person,' who made a 'purchase,' 'primarily for personal, family, or household purposes.'"). Business competitor has no private case of action. *See World Wrestling Entertainment, Inc. v. Big Dog Holdings, Inc.*, 280 F. Supp. 2d 413 (W.D. Pa. 2003).
- Treble damages are discretionary.

**Scienter/Intent:**

- "Deceptive" act, within meaning of catchall provision of Unfair Trade Practices and Consumer Protection law, is the act of intentionally giving false impression or tort arising from false representation made knowingly or recklessly with intent that another person should detrimentally rely thereon. *In re Patterson*, 263 B.R. 82 (Bkrtcy. E.D. Pa. 2001).

**How "deceptiveness" is measured or defined:**

- "[I]t need only be shown that the acts and practices are capable of being interpreted in a misleading way." *Com. ex rel. Corbett v. Peoples Ben. Servs., Inc.*, 923 A.2d 1230, 1236 (Pa. Cmwlth. 2007).

**Prohibited Practices:**

- In determining whether an act or a practice is deceptive or unfair under the Unfair Trade Practices and Consumer Protection Law the test for the court is to determine the overall impression arising from the totality of what is said, as well as what is reasonably implied, in the challenged advertisement or solicitation. *Com. ex rel. Corbett v. Peoples Ben. Servs., Inc.*, 923 A.2d 1230, 1236 (Pa. Cmwlth. 2007).
- Statute provides laundry list of definitions of "unfair" and "deceptive." *See* § 201-1(4)(i)-(xxi)

**Reliance:**

- Plaintiff alleging violations of the Unfair Trade Practices and Consumer Protection Law must prove justifiable reliance. *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186 (Pa. 2007).

**Statute of Limitations:**

- Six-year statute of limitations applies to causes of action under Pennsylvania Unfair Trade Practices and Consumer Protection Law. *In re Cabbagestalk*, 272 B.R. 865 (Bkrtcy. W.D. Pa. 2002).

**Conflicts with Florida Law:**
- Limits on private cause of action; treble damages; intent/scienter; test for deceptiveness; scope of prohibited practices; reliance; statute of limitations.

## 40.  RHODE ISLAND

### R.I. Gen. Laws § 6-13.1-1 through 6-13.1-27

**Private Cause of Action:**
- A private cause of action is allowed under § R.I. Gen. Laws § 6-13.1-5.2(a).  Limited to "any person who purchases or leases goods or services primarily for personal, family, or household purposes."  *Id.*  Attorney general may bring action for injunction if in the public interest and notice given.  *Id.*
- The Rhode Island Act only provides private rights of action to the Attorney General and to "person[s] who purchase or lease goods or services primarily for personal, family, or household purposes....".  Not to businesses.  *See Scully Signal Co. v. Joyal,* 881 F.Supp. 727, 741 (D.R.I. 1995).
- Punitive damages available.

**Class Actions:**
- Class actions are permitted under § R.I. Gen. Laws § 6-13.1-5.2(b).

**Scienter/Intent:**
- Not specified.

**Prohibited Practices:**
- Lists 21 enumerated unfair methods or competition and unfair or deceptive practices, plus special provisions of specific industries.  *See* § 6-13.1-1 and 6-13.1-2 (broad prohibitions).

**Reliance:**
- Not specified.

**Statute of Limitations:**
- Not specified in act.  R.I. Gen. Laws. § 9-1-13 (ten years for all actions not otherwise specified).

**Conflicts with Florida Law:**
- Limit on private cause of actions; damages; scope and enumeration of prohibited practices; statute of limitations.

## 41. SOUTH CAROLINA

### S.C. Code §§ 39-5-10 to 39-5-160

**Private Cause of Action:**
- A private cause of action is allowed under § 39-5-140.  Ascertainable loss of money or property, real or personal, required to bring private right of action.  *Id.*
- Must be deemed to have affected the public interest to be actionable.  *Wingard v. Exxon Co., U.S.A.,* 819 F.Supp. 497, 506 (D.S.C. 1992); *Williams-Garrett v. Murphy,* 106 F. Supp. 2d 834 (D.S.C. 2000).

**Class Actions:**
- Class actions are NOT permitted.  *See* § 39-5-140.

**Scienter/Intent:**
- Only actual damages are allowed unless there is a willful or knowing violation.  § 39-5-140.

**How "deceptiveness" is measured or defined:**
- "For purposes of the South Carolina Unfair Trade Practices Act ... an act is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is "deceptive" when it has a tendency to deceive."  *Johnson v. Collins Entertainment Co., Inc.,* 564 S.E.2d 653. (S.C. 2002).

**Prohibited Practices:**
- Broad prohibition on unfair and deceptive practices.  *See* § 39-5-20.

**Reliance:**
- Not specified.

**Statute of Limitations:**
- Three years after discovery.  § 39-5-150.

**Conflicts with Florida Law:**
- Limits on private actions to those affecting the public interest; treble damages; class actions; statute of limitations.

## 42. **SOUTH DAKOTA**

### S. D. Codified Law §§ 37-24-1 through 37-24-35

**Private Cause of Action:**
- A private cause of action is allowed under § 37-24-31.

**Class Actions:**
- Permitted. *See generally Nygaard v. Sioux Valley Hospitals & Health System*, 731 N.W.2d 184, 197 (S.D. 2007).

**Scienter/Intent:**
- Knowing and intentional act required. *See* § 37-24-6.

**How "deceptiveness" is measured or defined:**
- "Under § 37-24-6, it is a deceptive act or practice to '[k]nowingly and intentionally act, use or employ any deceptive act or practice, fraud, false pretense, false promises or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived or damaged thereby.'" *Brookings Mun. Utilities, Inc. v. Amoco Chemical Co.,* 103 F.Supp.2d 1169, 1178 (D.S.D. 2000).

**Prohibited Practices:**
- Lists 12 enumerated deceptive practices under § 37-24-6.

**Reliance:**
- None expressly required.  § 37-24-6.
- *See Nygaard,* 731 N.W.2d at 197 (causal connection between the alleged violation and the damages suffered needed).

**Statute of Limitations:**
- Two years after the occurrence or discovery of the conduct.  § 37-24-33.

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Intent/scienter; test for deceptiveness; scope and enumeration of prohibited practices; statute of limitations.

## 43.  TENNESSEE

### Tenn. Code Ann. §§ 47-18-101 through 47-18-125

**Private Cause of Action:**
- A private cause of action is allowed under § 47-18-109.  Must show ascertainable loss of money or property, but anyone "affected by" violation may seek injunction.

**Class Actions:**
- Not specified in statute.

**Scienter/Intent:**
- Willful or knowing scienter required for treble damages.  § 47-18-103.

**How "deceptiveness" is measured or defined:**
- Likelihood of customer confusion required for a violation of the Tennessee Consumer Protection Act.  *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d 913, 920 (E.D. Tenn. 2006).

**Prohibited Practices:**
- The act lists 43 enumerated prohibitions and special provisions for specific practices.  *See* § 47-18-104.

**Reliance:**
- *See Harvey v. Ford Motor Credit Co.*, 1999 WL 486894 *2 (Tenn. App. 1999)("The Tennessee Consumer Protections Act does not require reliance.").

**Definition of "Consumers":**
- "Any natural person."  § 47-18-103(2). But courts have said that the statute may include corporations. *See ATS Southeast, Inc v. Carrier Corp.*, 18 S.W.3d 626 (Tenn. 2000).

**Statute of Limitations:**
- One year from discovery and in no event more than five years from transaction.  § 47-18-110.

**Conflicts with Florida Law:**
- Treble damages; scope and enumeration of prohibited practices; definition of consumers; statue of limitations.

## 44.  TEXAS

### Tex. Bus. & Com. Code Ann. §§ 17.41 through 17.63

**Private Cause of Action:**
- A private cause of action is allowed under § 17.50. If acts were knowing consumer may recover for treble damages and mental anguish. *Id.*

**Class Actions:**
- May file class action after notifying consumer protection division and giving it the opportunity to intervene.

**Scienter/Intent:**
- Required under some of the deceptive trades practices enumerated in § 17.46.

**How "deceptiveness" is measured or defined:**
- Not specified.

**Prohibited Practices:**
- Includes but not limited to 27 enumerated prohibitions.  § 17.46.

**Reliance:**
- Reliance is required for some private causes of action under statute. *See* § 17.50(a)(1)(B).
- A plaintiff need not prove reliance to establish a claim based on unconscionability under the Deceptive Trade Practices Act (DTPA). V.T.C.A., Bus. & C. § 17.50(a)(3). *Mays v. Pierce*, 203 S.W.3d 564 (Tex.App.-Houston 14 Dist. 2006).
- Deceptive act or practice must be producing cause of actual damages. *See Weitzel v. Barnes*, 691 S.W.2d 598, 600 (Tex. 1985).

**Definition of "Consumers":**
- Does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more. § 17.45 (4).

**Statute of Limitations:**
- Two years from discovery of the violation.  § 17.656.

**Notice Requirements:**
- Defendant should be sent a detailed demand letter 60 days prior to filing a complaint. *See* § 17.505.

**Conflicts with Florida Law:**
- Intent/scienter; class action; treble damages; scope and enumeration of prohibited practices; reliance; definition of consumer; statute of limitations; notice.

## 45.  UTAH

### Utah Code Ann. §§ 13-2-1 through 13-2-8 and 13-5-8

**Private Cause of Action:**
- A private cause of action is allowed under § 13-11-19.  Consumer may recover, but not in class action, actual damages or $2,000, plus court costs.  *Id.*  Treble damages available.

**Class Actions:**
- May bring a class action for declaratory judgment, an injunction and appropriate ancillary relief.  § 13-11-19 (3).  A consumer may bring a class action only for damages caused by an act or practiced specified as a violation in a rule adopted by the enforcing authority before the act occurred, or by a court in a judgment that was either officially reprinted or made available for public dissemination 10 days before the action occurred.  *See* § 13-11-19(4).  § 13-11-20 specifies how a class action may be maintained under this act.

**Scienter/Intent:**
- Requirement to knowingly or intentionally engage in the deceptive act or practice.  § 13-11-4(2).

**Prohibited Practices:**
- Lists 21 enumerated prohibitions.  § 13-11-4.

**Reliance:**
- Not specified.
- Must show loss has been suffered as a result of the violation of the act.  *Andreason v. Felsted,* 137 P.3d 1, 4 -5 (Utah App. 2006) (may recover even de minimums or speculative damages if loss suffered from violation).

**Statute of Limitations:**
- Must be brought within two years after occurrence of a violation of this chapter, or within one year after the termination of proceedings by the enforcing authority with respect to a violation of this chapter.  § 13-11-19(8).

**Conflicts with Florida Law:**
- Intent/scienter; treble damages; class actions; definition of consumer; reliance; statute of limitations.

## 46. <u>VERMONT</u>

### Vt. Stat. Ann. Tit. 9 §§ 2451 through 2480

**Private Cause of Action:**
- A private cause of action is allowed under § 2461 if the consumer who contracts for the goods or services relies upon the false or fraudulent practices. A showing of injury or reliance is also likely required. *Id.*
- Limited to consumers: Those who purchase goods or services for specified purposes other than resale.

**Class Actions:**
- Permitted. *See generally Salatino v. Chase*, 2007 WL 2458773 (Vt. 2007).

**How "deceptiveness" is measured or defined:**
- "Deceptive act or practice," is material representation, practice or omission likely to mislead reasonable consumer. § 2453(a). Consumer must show that the representation or omission had the tendency or capacity to deceive a reasonable consumer. *Jordan v. Nissan North America, Inc.*, 176 Vt. 465, 468, 853 A.2d 40, 43 (Vt. 2004).
- The elements of "a deceptive act or practice" are set forth in *Poulin v. Ford Motor Co.*, 147 Vt. 120, 124-25, 513 A.2d 1168, 1171-72 (1986): (1) there must be a representation, practice, or omission likely to mislead [the] consumer[ ]; (2) the consumer[ ] must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be "material," that is, likely to affect [the] consumer[']s conduct or decision with regard to a product.

**Prohibited Practices:**
- Broad prohibition on unfair and deceptive practices. § 2453.

**Reliance:**
- Individual reliance is likely required for a consumer to bring a private cause of action. *See* § 2461.
- The Consumer Fraud Act provides a private right of action for a "consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453." *See Heath v. Palmer*, 915 A.2d 1290, 1296 (Vt. 2006); § 2461(b).

**Trial by Jury:**
- Expressly permitted according to § 2461(c).

**Statute of Limitations:**
- Six years. *See* Vt. Stat. Ann. tit. 12, § 511 (for civil actions generally).

**Conflicts with Florida Law:**
- Limit on private cause of action; test for deceptiveness; reliance; definition of consumers; trial by jury; statute of limitations.

## 47.  VIRGINIA

### Va. Code Ann. §§ 59.1-196 through 59.1-207

**Private Cause of Action:**
- A private cause of action is allowed under § 59.1-204. Does not allow actions by one competitor against another. *See H.D. Oliver Funeral Apartments, Inc. v. Dignity Funeral Services, Inc.*, 964 F. Supp. 1033 (E.D. Va. 1997).

**Scope:**
- Only when committed by a supplier in connection with a consumer transaction. § 59.1-200.

**Class Actions:**
- Not specified.

**Scienter/Intent:**
- Unintentional violations that can be proved by the supplier will only result in restitution damages and attorney's fees and court costs. § 59-1-204.
- Three times actual damages available for willful violation.

**Prohibited Practices:**
- Statute includes a list of 44 prohibitions. § 59.1-200.

**Reliance:**
- Virginia act requires a claimant to show reliance. *Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. 2005).

**Trial by Jury:**
- Right is preserved under § 59.1-206.

**Definition of "Consumer Transaction":**
- Advertisement, sale lease or offer for sale or lease of goods or services for personal, family or household purposes, certain business opportunities, layaway agreements and goods or services relating to the finding or obtaining of employment.

**Statute of Limitations:**
- Two years from accrual of cause of action, but tolled during any government suit. § 59.1-204.1.

**Conflicts with Florida Law:**
- Limits on private cause of action; intent/scienter; damages; scope and enumeration of prohibited practices; definition of consumer; reliance; jury trial; statue of limitations.

## 48.  WASHINGTON

### Wash. Rev. Code Ann. § 19.86.090 through 19.86.920

**Private Cause of Action:**
- A private cause of action is allowed under § 19.86.090.  Limited to any person who is injured in his or her business or property, excludes personal injury claims.  *Id.*
- *P Sorrel v. Eagle Healthcare, Inc.*, 38 P.3d 1024, 1028 (Wash. App. Div. 1 2002) ("To prevail on a CPA claim, a plaintiff must prove each of the following five elements: 1) That the defendant engaged in an unfair or deceptive act or practice; 2) occurring in trade or commerce; 3) that affects the public interest; and 4) causes injury; 5) to plaintiff in his or her business or property.").
- Treble damages are discretionary.

**Class Actions:**
- Not specified.

**Scienter/Intent:**
- "A plaintiff need not show that the act in question was intended to deceive, but that the alleged act had the capacity to deceive a substantial portion of the public."  *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (Wash. 1986).

**How "deceptiveness" is measured or defined:**
- Defined generally as "capacity to deceive."  *Id.*

**Prohibited Practices:**
- Violations of various statutes are *per se* violations of § 19.86.
- Broadly prohibits unfair and deceptive practices.  *See* § 19.86.020.
- Plaintiff must also show the prohibited act affects a public interest.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (Wash. 1986).  A causal link is required between the unfair or deceptive acts and the injury suffered by plaintiff.  *Id.*

**Reliance:**
- Requires reliance by placing the burden on the plaintiff to prove a causal connection between the alleged misrepresentation and the alleged damage.  *Id.*

**Statute of Limitations:**
- Four years after cause of action accrues.  Tolled if a government case is ongoing. § 19.86.120.

**Conflicts with Florida Law:**

- Limits on private cause of action, public interest requirement;[2] treble damages; scope and enumeration of prohibited practices; reliance.

---

[2] Significantly, Washington courts have observed that its practice of requiring a public interest requirement is in the minority of jurisdiction, but that it is the express purpose of the Consumer Protection Act and should be adhered too. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 537 (Wash. 1986) ("In observing the prevailing practices in other jurisdictions regarding a public interest requirement in private actions, we are mindful that we follow a minority view. We are also aware of the general criticism that a public interest requirement is unnecessarily restrictive as to private plaintiffs. Nevertheless, we continue to adhere to our position. ....The purpose section of the CPA, as set forth in RCW 19.86.920, states, in relevant part:  It is ... the intent of the legislature that this act shall not be construed to prohibit acts or practices which ... are not injurious to the public interest .")...

## 49,   WEST VIRGINIA

### W. Va. Code. §§ 46A-6-101

**Private Cause of Action:**
- A private cause of action is allowed under §§ 46A-6-106.  Private action allowed only to persons who purchase or lease goods or services and thereby suffer an ascertainable loss of money or property as a result of the violation.  *Id.*
- Not intended to cover acts which are "reasonable in relation to the development and preservation of business or which are not injurious to the public interest." § 46A-6-101(b).

**Class Actions:**
- Likely permitted.  *Orlando v. Fin. One of W. Virginia, Inc.,* 369 S.E. 882 (W.Va. 1988).

**Scienter/Intent:**
- Not specified.

**How "deceptiveness" is measured or defined:**
- Reasonableness standard.  *See McFoy v. Amerigas, Inc.,* 170 W.Va. 526, 295 S.E.2d 16 (W.Va. 1982).

**Prohibited Prohibitions:**
- Statute lists 16 enumerated prohibitions. § 46A-6-102.  Includes catchall provision. § 46A-6-104.

**Reliance:**
- Not specified.

**Definition of "Consumer":**
- Limited to natural persons.  § 46A-6-102(2).

**Statute of Limitations:**
- Not specified in statute. W.Va. Code § 55-1-1-12 provides for two year limitation for personal actions for which no limitation is specified; in action involving economic loss from defective good the limitation has been held to be four years.  *See Roxalana Hills, Ltd. v. Masonite Corp.,* 627 F Supp 1194 (S.D. W. Va. 1986).

**Notice Requirement:**
- Must inform lessor or seller in writing and by certified mail of the alleged violation and provide 20 days from receipt of this notice to cure before bringing suit.  § 46A-6-106(b). No attorney's fees or courts costs to consumer unless actual damages awarded exceed any cure offer.  *Id.*

**Conflicts with Florida Law:**
- Limits on private cause of action; prohibited practices; definition of consumer; notice.

## 50.  WISCONSIN

### Wis. Stat. Ann. § 100.18 and § 100.20 to 100.264

**Private Cause of Action:**
- A private cause of action is allowed under § 100.18 if person have suffered pecuniary loss.  Under § 100.20 private action only available for violations of regulations or special orders.  Also requires pecuniary loss.

**Class Actions:**
- One federal court also has predicted that class certification would be unlikely under the Wisconsin Act. *Demitropoulous v. Bank One Milwaukee*, N.A., 915 F. Supp. 1399, 1416 n.17 (N.D. Ill. 1996) (act requires a showing of actual damages proximately caused by particular misrepresentations or deceptions, thus class certification appears unlikely.).
- *But see Tietsworth v. Harley-Davidson*, 677 N.W. 2d 233, 237 (Wisc. 2004) (may be permitted).

**Scienter/Intent:**
- Under § 100.20 violations must be knowing.

**How "deceptiveness" is measured or defined:**
- "To prevail on such a claim, the plaintiff must prove three elements. First, that with the intent to induce an obligation, the defendant made a representation to "the public." Second, that the representation was untrue, deceptive or misleading. Third, that the representation caused the plaintiff a pecuniary loss." *K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, 732 N.W.2d 792, 798 - 799 (Wis. 2007).

**Prohibited Practices:**
- Detailed enumerated provisions on what is deemed deceptive.  § 100.18 (2)(a)(1.)-(11.)
- Law does not prohibit material misrepresentations/omissions. *See Tietsworth v. Harley-Davidson*, 677 N.W. 2d 233, 237 (Wisc. 2004).

**Reliance:**
- Individual reliance may be required. *See Lunde v. Chase*, 224 Wis. 2d 642, 590 N.W.2d 282 (Wis. App. 1999) (To recover under § 100.18, a plaintiff must show a causal connection between the illegal practice and the pecuniary loss suffered. The required causal connection includes an inquiry into whether the reliance on the information provided was justified.).
- *But see K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, 732 N.W.2d 792, 798 - 799 (Wis. 2007) (Although the reasonableness of a plaintiff's reliance may be relevant in considering whether the representation materially induced the plaintiff's pecuniary loss, the plaintiff does not have the burden of proving reasonable reliance.).

**Statute of Limitations:**
- Three years running from occurrence of unlawful act. § 100.18(11)(b)(3).

71

**Notice Requirement:**
- Not specified.

**Conflicts with Florida Law:**
- Limits on private cause of action; prohibition of omissions; scope and enumeration of prohibited practices; reliance; statute of limitations.

## 51.  WYOMING

### Wyo. Stat. Ann. §§ 40-12-101 to 40-12-114

**Private Cause of Action:**
- A private cause of action is allowed under § 40-12-18.  Private right of action only accrues if the unlawful deceptive trade practice is uncured after notice under the provisions below.  *Id.*

**Class Actions:**
- Class actions are permitted. *See* § 40-12-108.

**Scienter/Intent:**
- Requires knowing commission of deceptive trade practice.  *See* § 40-12-105.

**Prohibited Practices:**
- Lists 15 enumerated practices including a catchall provision generally prohibiting unfair or deceptive acts or practices. § 40-12-105.

**Reliance:**
- Individual reliance required.  *See* § 40-12-108(a) ("[a] person relying upon an uncured unlawful trade practice may bring an action.").

**Definition of "Consumer Transaction":**
- Means the "advertising, offering for sale, sale or distribution of any merchandise to an individual for purposes that are primarily personal, family or household." § 40-12-102.

**Statute of Limitations:**
- Must file suit within one year of giving notice.  § 40-12-109.

**Notice Requirement:**
- Notice is required to be given and defendant will have 15 days to effectuate a cure.  Consumer must give written notice to defendant within one year of discovery of violation or two years after consumer transaction.  § 40-12-109.

**Conflicts with Florida Law:**
- Limits on private cause of action; intent/scienter; scope and enumeration of prohibited practices reliance; definition of consumer transaction; notice; statute of limitations.