IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

    *Plaintiff*,

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

    *Defendants*,
_____/

Case No. 6:11-cv-01178-JA-DAB

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiff Lawrence Walewski, though his undersigned counsel and pursuant to Middle District of Florida Local Rule 3.01(c), hereby moves this Court for leave to file a reply, not to exceed fifteen (15) pages, to Defendants' Response in Opposition to Plaintiff's Motion for Class Certification. In support of the instant motion, Plaintiff states as follows:

1.    Plaintiff filed his Motion for Class Certification on November 16, 2011. Pursuant to Local Rule 4.04(c), Plaintiff properly requested that the Court postpone its ruling on the motion to allow the Parties to engage in class-related discovery, which will allow the Parties to fully develop the necessary facts needed for a decision on class certification.

2.    On November 30, 2011, Defendants filed an opposition to Plaintiff's class certification motion. In addition to setting forth numerous improper and unsupported factual assumptions—again, without the benefit of discovery—Defendants claim that Plaintiff's class certification "fails as a matter of law" such that "no amount of discovery could ever salvage Plaintiff's class allegations."

3. Defendants' Opposition misrepresents well-pleaded facts, assumes numerous facts that have not been established through discovery or otherwise, and relies on legal precedent that is inapposite and incomplete. Accordingly, a reply brief is necessary to allow Plaintiff to address the numerous facts and law introduced by Defendants that are outside of the scope of Plaintiff's Motion for Class Certification. *See Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. Jul. 13, 2011) ("The purpose of a reply brief is to rebut any new law or facts contained in the oppositions [sic] response to a request for relief before the Court.").

4. In particular, Defendants introduce new and inapposite facts and law in at least the following ways:

   a. Defendants improperly argue that the Court need not accept Plaintiff's substantive allegations as true at the class certification stage, in contrast to well-accepted law. *See Drayton v. Western Auto Supply Co.*, 2002 WL 32508918, at *6 (11th Cir. Mar. 11, 2002) (it "is proper to accept the substantive allegations contained in the complaint as true when assessing Rule 23 requirements.")

   b. Defendants misrepresent Plaintiff's proposed class definition—which simply consists of all purchasers of the *Oblivion* video game—and argues that class membership somehow depends on numerous other factors not contemplated by Plaintiff's proposed class definition.

   c. Defendants attempt to introduce and discuss statutory law from all fifty states, despite the fact that only Maryland law is relevant to this suit—and is indeed purportedly required by end user licensing agreements appearing in the instruction manual for several versions of *Oblivion* (though not Plaintiff's).

    d.   In other sections, Defendants rely solely on case law analyzing the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), despite the fact that Plaintiff does not even allege a claim under that statute.

    e.   Defendants misrepresent controlling law in arguing that unjust enrichment claims are "universally" inappropriate for class treatment, given that numerous courts have certified unjust enrichment claims where, as here, they are premised on uniform conduct by the defendant.  *See James D. Hinson Elec. Contracting Co. v. BellSouth Telecommunications, Inc.*, 275 F.R.D. 638, 647 (M.D. Fla. 2011) (citing several cases and finding that "common questions can predominate in unjust enrichment claims where the defendant's conduct is the same as to all members of the putative class.").

    f.   Defendants introduce new, inapposite law regarding the purported "dangers attendant to the improper delay" requested by Plaintiff.  Defendants attempt to rely on case law where the plaintiff sought to delay a class certification ruling even after the Parties have fully completed discovery; in contrast, Defendants here demand a ruling before discovery has even begun.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests leave to file a reply brief of no more than fifteen (15) pages in support of his Motion for Class Certification.

Dated:  December 7, 2011                                   Respectfully submitted,

                                                                         /s/ Bradley Baglien
                                                                         One of Mr. Walewski's Attorneys

                                                                         EDELSON MCGUIRE LLC

Steven Teppler
steppler@edelson.com
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

Jay Edelson (admitted *pro hac vice*)
Rafey Balabanian (admitted *pro hac vice*)
Bradley Baglien (admitted *pro hac vice*)
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
bbaglien@edelson.com

## **LOCAL RULE 3.01(g) CERTIFICATION OF COUNSEL**

On December 5, 2011, counsel for Defendants indicated that Defendants would not oppose a motion by Plaintiff for leave to file a reply brief in support of Plaintiff's Motion for Class Certification.

Dated:  December 7, 2011                    /s/ Bradley Baglien_____
                                            EDELSON MCGUIRE LLC
                                            350 North LaSalle St.
                                            Chicago, IL 60654
                                            Telephone: (312) 589-6370
                                            Facsimile: (312) 589-6378


                                            *Attorney for Plaintiff Lawrence Walewski*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that, on December 7, 2011, he caused the foregoing ***Plaintiff's Motion for Leave to File Reply Memorandum in Support of Class Certification*** to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated:  December 7, 2011           /s/ Bradley Baglien_____
                    EDELSON MCGUIRE LLC
                    350 North LaSalle St.
                    Chicago, IL 60654
                    Telephone: (312) 589-6370
                    Facsimile: (312) 589-6378

                    *Attorney for Plaintiff Lawrence Walewski*