**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

        *Plaintiff*,                              Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

        *Defendants*,

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO**
**MAGISTRATE JUDGE BAKER'S NOVEMBER 15, 2011 ORDER**

        Plaintiff Lawrence Walewski, through his counsel, submits this Opposition to Defendants

ZeniMax Media, Inc.'s and Bethesda Softworks LLC's (collectively, "Defendants") Objections to

Magistrate Judge Baker's November 15, 2011 Order (the "Order") that granted Plaintiff's Motion for

Leave to File a Motion for Class Certification (the "Motion for Leave") and denied Defendants' Motion

to Strike Class Allegations (the "Motion to Strike") (together, the "Preliminary Motions").  In support of

this Opposition, Plaintiff states as follows:

**INTRODUCTION**

        In a final effort to avoid the merits of Plaintiff's claims and to create the appearance of

non-existent prejudice stemming from Plaintiff's minor delay in moving for class certification as

required by Local Rule 4.04(b), Defendants assert several unfounded objections to the Order,

none of which should be sustained.  From the outset, Defendants' motivations are clear: to take

advantage of this District's local rules to dispose of Plaintiff's complaint and avoid any

meaningful discovery, while simultaneously seeking to deny Plaintiff access to those same rules that unambiguously allow Plaintiff to request necessary class discovery prior to a ruling on his class certification motion.  To that end, Defendants recast and mischaracterize Plaintiff's non-prejudicial, inadvertent factual mistake as a "mistake of law" regarding the meaning of Local Rule 4.04(b), while additionally (and incorrectly) arguing that they will suffer "further prejudice" if Plaintiff is allowed conduct class discovery pursuant to Local Rule 4.04(c).

Defendants' arguments rest entirely on irrelevant or misapplied law and facts, and this Court should overrule each of Defendants' objections and allow this case to proceed to the merits.  The Order properly considered and applied the governing "excusable neglect" standard, correctly determining that Defendants suffered no prejudice as a result of the minimal delay and that Plaintiff is committed to promptly moving this action forward.  Moreover, Magistrate Judge Baker did not err in failing to consider any "further" prejudice that Defendants claim they will suffer if forced to continue to litigate this case as a class action.  As the law in this Circuit makes clear, courts may only consider prejudice that results from the delay in filing, and it is clear that Defendants suffered none here.  For these reasons and as explained fully below, Defendants' objections should be overruled in their entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his class action complaint on July 18, 2011 on behalf of himself and a putative class of consumers who purchased *The Elder Scrolls IV: Oblivion* video game.[1] Plaintiff timely served Defendants through their shared registered agent, and Defendants'

---

[1]    As alleged in detail in the complaint, each copy of the *Oblivion* video game is hampered by a uniform, severe animation defect that suddenly and unexpectedly occurs during gameplay and renders the game unplayable.  While Defendants have long been aware of the defective nature of *Oblivion* and the impact on gameplay, they have intentionally chosen not to disclose the defect to consumers and have refused to patch or otherwise remedy the defect for prior purchasers.

response to the complaint was initially due on September 6, 2011.  Shortly before their response

deadline, Defendants requested—and with Plaintiff's consent, the Court granted—a 20-day

extension to answer or otherwise respond to the complaint.  (Dkt. No. 21.)  On September 26,

2011, Defendants filed a joint motion to dismiss under Fed. R. Civ. P. 12(b).  (Dkt. No. 25.)

Plaintiff filed a timely opposition on October 11, 2011, and Defendants submitted a court-

approved reply on October 28, 2011.  (Dkt. Nos. 27, 32).

Meanwhile, the Parties engaged in the first of a series of Rule 26(f) conferences on

October 5, 2011.  During this initial teleconference, counsel for the parties agreed to a

comprehensive discovery plan and set deadlines for the close of class, merits, and expert

discovery, among other things.  As Plaintiff discussed in detail in the context of the Preliminary

Motions, the Parties agreed that discovery relating to both class and merits issues would proceed

simultaneously and extend until October 1, 2012.  (Dkt. No. 35.)  The Parties further conferred

on October 17, 2011 and October 28, 2011, at which time Defendants did not request any

changes to the agreed discovery plan.  (*Id.*)  Accordingly, Plaintiff reasonably believed that

Defendants had assented to Plaintiff moving for class certification after the close of discovery.

On Friday, October 28—the same day on which Defendants filed their reply brief in

support of their motion to dismiss—Defendants filed their Motion to Strike.  (Dkt. No. 31.)

Plaintiff promptly filed an opposition on Monday, October 31, and separately filed his Motion

for Leave, which attached a proposed Motion for Class Certification.  (Dkt. Nos. 34, 35.)  As

Plaintiff conceded in the Motion for Leave, Local Rule 4.04(b) required Plaintiff to file a motion

for class certification on or before October 17, 2011, ninety days after the date of filing of the

complaint.  However, Plaintiff further demonstrated therein that his failure to file a timely class

certification motion was the result of excusable neglect.  In particular, and as the foregoing

procedural history makes clear, this action has been actively litigated from the outset, with Defendants filing their joint motion to dismiss only three weeks before the expiration of Rule 4.04(b)'s 90-day deadline. Because Defendants' challenge to the legal sufficiency of Plaintiff's complaint could potentially moot any class certification issues, counsel focused his efforts on opposing Defendants' motion to dismiss (filing Plaintiff's opposition to that motion only six days prior to the class certification deadline) and inadvertently failed to calendar the deadline imposed by Rule 4.04(b). However, because counsel's error was precisely the type of "innocent oversight" that courts routinely excuse, Plaintiff requested that the court allow him to file an untimely motion for class certification.

On November 15, 2011, Magistrate Judge Baker entered his Order granting Plaintiff's Motion for Leave and separately denying Defendants' Motion to Strike. (Dkt. No. 39.) As the Order makes clear, Magistrate Judge Baker determined that Plaintiff's delay in moving for class certification was "minimal and non-prejudicial" and that Plaintiff's prompt response showed that "plaintiff has clearly not abandoned the action." As a result, the Order concluded that the "overriding principle is to determine cases on the merits" and ordered Plaintiff to promptly file his class certification motion. Plaintiff did so on November 15, 2011.

## ARGUMENT

## I.   The "Clearly Erroneous or Contrary to Law" Standard of Review is Applicable Pursuant to Fed. R. Civ. P. 72(a)

With little discussion and even less legal support, Defendants incorrectly contend that the Court should review their objections to the Order *de novo* under Fed. R. Civ. P. 72(b). However, *de novo* review is only appropriate under Rule 72 when a district court considers timely objections to a magistrate judge's *Report and Recommendation* regarding a *dispositive* pretrial matter. Because the Order here properly and finally resolved only the nondispositive

Preliminary Motions, the Court should review Defendants' objections under the "clearly erroneous" or "contrary to law" standard provided by Fed. R. Civ. P. 72(a).

Fed. R. Civ. P. 72 implements the powers and scope of statutory authority granted to magistrate judges under 28 U.S.C. § 636(b)(1). *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). Consistent with § 636(b)(1), Rule 72 differentiates between dispositive and nondispositive pretrial matters for two fundamental purposes: (1) to define the authority of magistrate judges to issue binding orders, as opposed to non-binding reports and recommendations; and (2) to define the standards of review applicable to objections to magistrate judges' pretrial determinations. In particular, if "a pretrial matter [is] not dispositive of a party's claim or defense," a magistrate judge may enter an order deciding the matter, and the "district judge in the case must consider timely objections to modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In contrast, a magistrate judge may only issue a recommended determination for "a pretrial matter dispositive of a claim or defense," and the "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b).

The two motions considered by Magistrate Judge Baker in the Order—Plaintiff's request for leave to file an untimely motion and Defendants' motion to strike portions of Plaintiff's complaint—are precisely the types of nondispositive pretrial motions that may be fully and finally resolved by a magistrate judge pursuant to Rule 72(a). *See Johnson v. Cherian*, 48 Fed. App'x 481, at *1 (5th Cir. 2002) (finding that "the district court was not required to review the denial of [plaintiff's] nondispositive motion to strike *de novo*" because such motions are "reviewed for clear error"); *U.S. v. Davidson*, 2009 WL 2430826, at *1 (E.D. Tenn. Aug. 6, 2009) (magistrate judge issuing a final order resolving and granting the defendant's

"nondispositive . . . Motion for Leave to Late-File Motion to Dismiss"); *Rivera v. Golla*, 2007 WL 3353457, at *2 (W.D. Wash. Nov. 7, 2007) (a plaintiff's motion to extend time to respond to motion to dismiss pursuant to Fed. R. Civ. P. 6(b) was nondispositive, and review of magistrate judge's order was subject to "clearly erroneous or contrary to law" standard); *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 1363, 1365, n.1 (S.D. Fla. 2004) ("It is well settled that motions to amend or strike pleadings are non-dispositive motions that may be referred and ruled upon by a magistrate judge by order."). The fact that the Preliminary Motions tangentially involved class-related issues does not, as Defendants suggest, somehow alter the nature of the motions or the applicable standard of review. *See Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 238 (D. Mass. 2008) (finding that, while magistrate judges lack the authority to authorize "*final* class certifications," magistrate could issue an order preliminarily certifying the action as a FLSA collective action and requiring defendant to provide contact information for all class members); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 229 (W.D.N.Y. 2006) (same); *Proctor v. Applegate*, 2011 WL 2693232, at *5 (E.D. Mich. Jul. 11, 2011) (reviewing magistrate judge's order striking the plaintiff's motion for class certification under clearly erroneous standard).

In the end, what Defendants do not argue is perhaps most telling: that Magistrate Judge Baker lacked the authority to issue a final order resolving the Preliminary Motions, and should have instead issued a recommended disposition. Only then would a *de novo* standard of review be appropriate—an argument that Defendants do not make and cannot support. Accordingly, this Court should not modify or set aside any portions of the Order unless they are "clearly erroneous" or "contrary to law."

Rule 72(a)'s standard of review has been described as "extremely deferential." *Dochniak v. Dominium Management Services, Inc.,* 240 F.R.D. 451, 452 (D.Minn.2006); *see also Graham v. Mukasey,* 247 F.R.D. 205, 207 (D.D.C. 2008) (magistrate judge's ruling in discovery dispute "is entitled to great deference").  Under the "clearly erroneous" standard, district courts will overturn an order only if it "finds that the Magistrate judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006); *see also Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (clearly erroneous threshold is satisfied only if reviewing court "is left with the definite and firm conviction that a mistake has been committed").  Similarly, an order is "contrary to law [only] when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *S.E.C. v. Cobalt Multifamily Investors 1, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008); *see also Botta*, 475 F. Supp. 2d at 185.  Given the highly deferential standard of review, "it is extremely difficult to justify alteration of the magistrate judge's nondispositve actions by the district judge."  12 Wright, Miller & Marcus, *Federal Practice & Procedure Civ. 2d* § 3069.

Here, while Defendants' objections would fail even under a *de novo* standard of review, this court should review the Order under Rule 72(a)'s deferential "clearly erroneous" or "contrary to law" standard.  Under this standard, the Order should stand.

## II.    The Order Properly Concluded that Plaintiff's Delay in Moving for Class Certification was the Result of Excusable Neglect

Defendants' substantive challenges to the Order fare no better.  Defendants' primary objection is that Magistrate Judge Baker did not properly consider and apply Fed. R. Civ. P. 6(b)'s "good cause" and "excusable neglect" requirements, an argument that is both factually and legally incorrect.  As Plaintiff demonstrated in the context of the Preliminary Motions, the

Eleventh Circuit has uniformly held that an untimely filing resulting from a factual mistake or oversight—like that at issue here—typically constitutes excusable neglect, especially where (as here) counsel promptly remedies the defect and the opposing party does not suffer prejudice as a result of the delay.  In addition, while the Order does not analyze the excusable neglect standard in detail, it is nonetheless clear that Magistrate Judge Baker properly considered and applied the appropriate factors in denying Defendants' Motion to Strike and granting Plaintiff's Motion for Leave.  Accordingly, Defendants' primary objections to the Order are without merit and should be overruled.

### A.   "Excusable Neglect" is the Proper Governing Standard

Defendants first argue that the Order failed to assess the "good cause" requirement of Fed. R. Civ. P. 6(b), suggesting that the court must conduct some sort of two-prong inquiry to assess the merits of the Preliminary Motions.  But Defendants' argument is belied by the wealth of cases cited by Plaintiff and Defendants themselves—ranging from the Supreme Court, the Eleventh Circuit, and numerous courts within this District—that make clear that the excusable neglect standard alone governs the Court's consideration of whether to accept an untimely filing. *See Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (analyzing request for extension under Federal Bankruptcy Rule 9006(b), which contains identical operative language to Fed. R. Civ. P. 6(b), solely under excusable neglect standard); *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009) (setting aside default judgment and allowing plaintiff to file a late response to a motion to dismiss solely under "excusable neglect" standard); *Wilcox v. Taco Bell of America, Inc.*, 2011 WL 3444261, at *1 (M.D. Fla. Aug. 8, 2011) ("A court may grant a motion for extension of time made after a deadline has expired 'if the party failed to act because of excusable neglect.'") (citing Rule 6(b)).

8

Given the clear standard applicable to the resolution of the Preliminary Motions, it is little surprise that Defendants themselves opposed Plaintiff's Motion for Leave solely on the basis that Plaintiff allegedly failed to demonstrate excusable neglect. This standard alone governs and was properly applied in the Order.

### B.     The Order Properly Granted Plaintiff's Motion for Leave Because Counsel's Oversight was the Result of Excusable Neglect

In contrast to Defendants' rigid assertion that Plaintiff's failure to comply with Local Rule 4.04(b) "cannot constitute excusable neglect" as a matter of law, excusable neglect is in reality "an 'equitable inquiry' based upon the particular circumstances of the case." *Anthem*, 591 F.3d at 1355; *see also Pioneer*, 507 U.S. at 388 (endorsing a "flexible understanding" of excusable neglect and holding that the term encompasses "inadvertence, mistake, or carelessness"). The Supreme Court has enumerated four factors to consider when determining whether delay was the result of excusable neglect: "[1] the danger of prejudice to the [nonmovant,] [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* The Eleventh Circuit has further recognized that *Pioneer* "accorded primary importance to the absence of prejudice . . . and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Applying these factors to the Preliminary Motions, the Order properly determined that counsel's error was excusable and granted Plaintiff's Motion for Leave. Defendants' claim that Magistrate Judge Baker did "not appear to apply" the "excusable neglect requirement" is without merit. While the Order does not discuss the governing standard in detail, Magistrate Judge Baker made explicit findings bearing on the relevant *Pioneer* factors, including: (1) the danger of

prejudice to Defendants (describing the delay as "non-prejudicial"), (2) the length of the delay and its potential impact on judicial proceedings (describing the delay as "minimal" and recognizing the court's preference "to determine cases on the merits"), and (3) Plaintiff's good faith efforts to move the case forward (noting that "plaintiff has clearly not abandoned the action").  It is thus clear from the Order that Magistrate Judge Baker considered the excusable neglect requirement and found that the *Pioneer* factors weighed in favor of granting Plaintiff's Motion for Leave.

Even though the Parties had full opportunity to present any controlling authority in the Preliminary Motions, Defendants next argue that Magistrate Judge Baker erred by not considering "binding Eleventh Circuit precedent" that precluded a finding of excusable neglect. While Defendants are correct that such binding circuit precedent governs the Court's analysis, that precedent definitively holds that good faith, "factual" errors like that at issue here are routinely excused, especially when counsel promptly resolves any mistake and the opposing party does not suffer prejudice from the delay.  *See Anthem,* 591 F.3d 1337; *Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999); *Cheney*, 71 F.3d at 848.  The court reaffirmed this principle most recently in *Anthem*, where it excused a factual error—counsel's failure to file an appearance and thus receive electronic filing notifications—and allowed the plaintiff to vacate a judgment and file an untimely opposition to a motion to dismiss.  591 F.3d at 1356.  In *Anthem*, several plaintiffs filed individual actions against defendant Anthem, which were later designated as tag along cases to an ongoing MDL proceeding and temporarily stayed. *Id.* at 1354.  After several months of continued litigation in the MDL proceeding, the district court lifted the temporary stays and issued an order on the MDL docket instructing counsel to file new appearances and subsequent pleadings in their respective tag along cases.  *Id.*  While

plaintiffs' counsel did not dispute that they received the district court's instructions via the MDL docket's electronic notification system, counsel failed to enter an appearance in any of the individual actions.  *Id.* at 1355

The district court subsequently issued orders in each of plaintiffs' individual cases setting a uniform briefing schedule, and Anthem filed timely motions to dismiss each action.  *Id.* Because plaintiffs' counsel had not filed an appearance in the individual actions, counsel did not receive electronic notice of the briefing schedule or the filing of Anthem's motion to dismiss; however, plaintiffs' counsel admitted that they received paper copies of the motions by mail.  *Id.* Despite their apparent receipt of the motions, plaintiffs failed to respond to the motions to dismiss, and the district court entered judgment and dismissed plaintiffs' individual actions.  *Id.* The court then rejected plaintiffs' motions to vacate the judgments, filed 10 days after the orders of dismissal, finding that counsel's neglect was not excusable because it was the result of counsel's failure to understand and comply with the court's prior orders instructing counsel to file appearances and to comply with the uniform briefing schedule.  *Id.*

The Eleventh Circuit reversed, holding that the district court abused its discretion when it failed to properly consider the relevant *Pioneer* factors.  *Id.* at 1356.  The court determined that counsel's failure to timely respond was "a result of their single failure to file appearances" as directed by the district court.  *Id.*  In contrast to *Advanced Estimating Sys. Inc. v. Riney* (discussed below), which involved a "pure mistake of law" by counsel, the court characterized counsel's error as a "mistake of fact" that was "careless, but excusable, conduct."  *Id.* at 1357. The court further noted that the "brief" ten-day delay caused "no discernable prejudice" and that there was "no indication that [counsel] acted willfully" or in bad faith in failing to respond.  *Id.* Accordingly, the *Pioneer* factors warranted a finding of excusable neglect.

*Anthem* is in line with prior decisions within this Circuit that excuse "factual" mistakes made by counsel, even when those mistakes are the result of carelessness or negligence. In *Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999), the plaintiff failed to respond to a motion to dismiss, causing the district court to grant the motion over six weeks after the plaintiff's response deadline.  Upon receiving notice of the judgment, plaintiff's counsel promptly filed her response and, one week later, moved to set aside the district court's dismissal order.  The Eleventh Circuit reversed the district court's refusal to set aside the judgment and allow plaintiff to file her response.  The court determined that "all four [*Pioneer*] factors weigh in favor of [the plaintiff's] position" because: [1] the defendant "admitted that it had not suffered any prejudice from [the plaintiff's] delay"; [2] despite the one-month delay, "there is no reason to believe allowing [the plaintiff] to file the untimely response would have had an adverse impact on the district court or its resources"; [3] the reason for the delay was the failure of a former secretary of [the plaintiff's] attorney to record the applicable deadline," which was an "innocent oversight"; and [4] the defendant "concedes that [the plaintiff] did not act in bad faith."  *Id.*

Finally, in *Cheney*, the plaintiff attempted to move for a trial *de novo* following an adverse arbitration decision, but filed his request six days after the deadline had passed and three days after the district court had entered final judgment against him.  71 F.3d at 849.  While an associate attorney was aware of the impending deadline and need to file the motion for relief, he was out of town on the filing day and thus instructed a secretary to advise lead counsel of the deadline.  *Id.* at 850.  The secretary failed to do so, and lead counsel was not otherwise apprised of the deadline.  *Id.*  Applying the *Pioneer* factors on appeal, the Eleventh Circuit reversed the district court's order entering judgment against the plaintiff.  The court determined that the

"reason for the delayed filing was a failure of communication between the associate attorney and the lead counsel," which was "simply an innocent oversight by counsel." *Id.* In addition, the court found that the defendant could not show that it had suffered any prejudice from the delay, the six-day delay had no adverse impact on the district court, and that counsels' prompt filing of the necessary documents when they realized their mistake demonstrated a lack of bad faith. *Id.*

Here, much like *Pioneer*, *Anthem, Walter, and Cheney*, the balance of factors demonstrates that counsel's "innocent," factual oversight of not docketing the class certification deadline was the result of excusable neglect. Ignoring this wealth of authority, Defendants rely exclusively on *Advanced Estimating Sys. Inc. v. Riney*, a case involving a pure mistake of law that is readily distinguishable. 139 F.3d 996. In *Riney*, the plaintiff filed untimely motions for a new trial and for relief from judgment following an adverse jury verdict. *Id.* at 997. While counsel mistakenly believed that the applicable federal rules allowed him to file the post-trial motions within ten days of receiving a notice of judgment, Fed. R. Civ. P. 59 actually required that the plaintiff move for a new trial within 10 days of the *entry* of judgment. *Id.* Moreover, the plaintiff mistakenly believed that the post-trial motions tolled the time period for filing a notice of appeal, when in reality only *timely* post-trial motions extend the appeal deadline under applicable appellate procedural rules. *Id.* As a result of counsel's misunderstanding and misapplication of relevant law, the plaintiff allowed the notice of appeal deadline to pass while awaiting decision on the post-trial motions, and the district court rejected the plaintiff's request to file an untimely notice of appeal. *Id.*

On appeal of this decision, the Eleventh Circuit determined that counsel's "misunderstanding of the law" could not constitute excusable neglect. *Id.* at 999. While acknowledging that courts may excuse a factual oversight or "clerical error" from counsel, the

court determined that the applicable federal rules unambiguously provided that "a party has ten days from the entry of judgment to file the kind of post-trial motions that will toll the filing period for a notice of appeal." *Id*. Accordingly, counsel's mistaken belief that the ten-day filing period commenced from the date that counsel was first notified of the judgment, and counsel's further misunderstanding that the untimely motions would not toll the notice of appeal deadline, were properly characterized as mistakes of law that could not be excused. *Id*.

Following *Riney* and the more recent decisions in *Walter* and *Anthem*, the law in this circuit is abundantly clear. Where a party fails to meet a deadline solely as a result of counsel's misunderstanding or misapplication of the law, *Riney* provides that the mistake cannot constitute excusable neglect. *But see Pioneer*, 507 U.S. at 395, n. 14 (rejecting "a bright-line rule of the sort embraced by some Courts of Appeals [prior to *Pioneer*], erecting a rigid barrier against late filings attributable in any degree to the movant's negligence" as "irreconcilable with our cases."). However, where counsel's mistake is a result of a factual oversight or misunderstanding, inadvertence, or even carelessness, the court may properly excuse the error, particularly when the *Pioneer* factors weigh in favor of the mistaken party.

Despite Defendants' efforts to re-characterize Plaintiff's error as a "misunderstanding" of Local Rule 4.04(b), it is clear that Plaintiff's untimely filing was solely the result of a factual oversight by counsel. Plaintiff fully understands the meaning and requirements of Rule 4.04(b)—indeed, Plaintiff has conceded in the Preliminary Motions that he should have moved for class certification on or before October 17, 2011—and the failure to meet its requirements was the result of counsel and his docket assistant inadvertently failing to calendar the deadline. Counsel's failure to "record the applicable deadline" is precisely the type of "innocent [factual] oversight" that the Eleventh Circuit has expressly recognized as excusable. *Walter*, 181 F.3d at

1202.  Accordingly, Plaintiff's mistake is properly characterized as a "mistake of fact," and

Defendants' reliance on *Riney* is misplaced.

### III.    The Order Properly Concluded that the Brief Delay was Non-Prejudicial Because Plaintiff has Properly "Cured" any Violation of Local Rule 4.04(b)

Defendants' final objection that the Order fails to consider the "further" prejudice that

Defendants will suffer because Plaintiff has "failed to cure" his "violation of the local rules" can

be quickly rejected.  It is undisputed that the only alleged "violation" at issue in the Preliminary

Motions was Plaintiff's failure to move for class certification on or before October 17, 2011.

While Plaintiff has previously explained the reason for the delay—and Defendants' role in

contributing to the untimely filing—Plaintiff nonetheless promptly and fully "cured" any

violation of Rule 4.04(b) when he requested leave to move for class certification and

immediately filed his class certification motion once leave was granted.  Accordingly, Plaintiff is

now in compliance with Local Rule 4.04(b), and Defendants' suggestion that Plaintiff must also

immediately obtain a final ruling (without discovery) in order to comply with Rule 4.04(b) is

without merit.[2]

Given that Plaintiff has "cured" his violation of Local Rule 4.04(b), any prejudice that

Defendants may suffer from the "burden" and "expense" of discovery and continuing to litigate

this case is irrelevant to the resolution of the Preliminary Motions.  As the Eleventh Circuit has

made clear in the context of the excusable neglect standard, "the inquiry is whether prejudice

results from the *delay*, not from having to continue to litigate the case."  *Anthem*, 591 F.3d at

1357 (emphasis in original); *see also Walter*, 181 F.3d at 1202 (noting that the defendant

---

[2] Indeed, Rule 4.04(c) provides for the opposite, allowing a plaintiff to request that the court withhold its ruling where (as here) further discovery is necessary to determine the merits of the class certification motion.  Defendants do not contend that Plaintiff could not have made this request in a class certification motion filed on or before October 17, 2011, and thus Plaintiff does not suddenly lose this right to do so because of the modest and non-prejudicial filing delay.

"admitted that it had not suffered nay prejudice from Walter's *delay*") (emphasis added); *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case"); *Parks v. Doan*; 2007 WL 757649, at * 4 (N.D. Ga. Mar. 6, 2007) (finding that "Plaintiff has not suffered any prejudice for the motion being filed two days late.  That responding to the motion will be time consuming for Plaintiff is not a result of the late filing of the motion, but is a result of the nature of responding to summary judgment motions.").

The cases cited by Defendants only further reinforce that courts properly consider only the delay in complying with Rule 4.04(b) and resulting prejudice, rather than the impact on Defendants after the class certification motion is filed.  Put simply, in *Wilcox and Seyboth*, counsel for both plaintiffs responded to their violation of Rule 4.04(b) by requesting several additional months to *file their initial class certification motions*, rather than promptly complying with the rule and moving for class certification.  *See Seyboth v. General Motors Corp.*, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008) (noting that the plaintiff did not propose to "immediately remedy the delay, but instead request[ed] a four month extension of time to file the motion for class certification"); *Wilcox v. Taco Bell of Am., Inc.*, 2011 WL 3444261, at *2 (M.D. Fla. Aug. 8, 2011) (noting that the plaintiff did act to remedy the defect until "more than three weeks after Defendants' Motion put him on notice of his error" and then requested "an additional sixty days to file the motion for class certification rather than promptly remedying the delay").  In contrast, Plaintiff here immediately moved to comply with Rule 4.04(b) and has fully met its requirements by filing his class certification motion.  Moreover, while Defendants choose to ignore it, Local Rule 4.04(c) expressly allows Plaintiff to request the precise relief that he seeks in the motion: to withhold a ruling pending necessary class discovery.

16

As the Order properly concluded, the *delay* at issue here was minimal and manifestly non-prejudicial.  At the time Defendants filed their Motion to Strike, Defendants' Motion to Dismiss was still pending, the Parties had only recently engaged in their Rule 26(f) conference, and this Court had yet to issue a scheduling order.  Moreover, the modest delay had no impact on the progress of this action and did not alter Defendants' position in the litigation.  As a result, Magistrate Judge Baker's determination that Plaintiff's delay was "minimal and non-prejudicial" was fundamentally correct, and was certainly not clearly erroneous or contrary to law.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court overrule each of Defendants' objections and affirm the Order in its entirety.


Dated: December 13, 2011                    Respectfully submitted,

                                            LAWRENCE WALEWSKI, individually,
                                            and on behalf of all others similarly situated,


                                            /s/ Bradley Baglien_____
                                            One of Mr. Walewski's Attorneys


                                            EDELSON MCGUIRE LLC
                                            Steven Teppler
                                            steppler@edelson.com
                                            5715 Firestone Court
                                            Sarasota, FL 34238
                                            Telephone: (941) 487-0050
                                            Facsimile: (312) 572-7210

                                            Jay Edelson (admitted *pro hac vice*)
                                            Rafey Balabanian (admitted *pro hac vice*)
                                            Bradley Baglien (admitted *pro hac vice*)
                                            EDELSON MCGUIRE LLC
                                            350 North LaSalle, Suite 1300
                                            Chicago, IL 60654

Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
bbaglien@edelson.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on December 13, 2011, he caused the foregoing ***Opposition to Defendants' Objections to Magistrate Judge Baker's November 15, 2011 Order*** to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated:  December 13, 2011

/s/ Bradley Baglien_____
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorney for Plaintiff Lawrence Walewski*