**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

    *Plaintiff*,                                                                Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

    *Defendants*,
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
AND INCORPORATED MEMORANDUM OF LAW**

# INTRODUCTION

This case is readily and appropriately certifiable as a class action. Plaintiff's claims arise from a series of uniform acts and omissions, which have collectively harmed each putative class member in the same way and give rise to uniform questions of law. Nevertheless, Plaintiff has properly requested, pursuant to Local Rule 4.04(c), that the Court postpone its ruling on class certification to allow the Parties to conduct appropriate class discovery.  While not fatal to Plaintiff's Motion for Class Certification, in an effort to defeat certification, Defendants rely on numerous unsupported factual assumptions and criticize Plaintiff for failing to provide evidentiary support—issues that should be properly addressed through discovery on a class-wide basis.

This isn't to say, however, that Defendants can defeat certification if the Parties do not engage in discovery. To the contrary, each of Defendants' purported bases for denying class certification lacks merit. Defendants first argue that variations between state laws preclude certification. But this argument fails for two independent reasons: (1) Maryland law alone applies to Plaintiff and the class' claims; and (2) alternatively, the Court can readily manage and adjudicate the case as a class action even if multiple state laws are applied.

Defendants next assert that individual issues predominate with respect to each of Plaintiff's claims. However, Plaintiff demonstrates that none of these issues require individual resolution, and Defendants do not attempt to address the common questions of law and fact that overwhelm any individual inquiries. Finally, because Plaintiff's claims arise from a common core of facts, which affected Plaintiff and class members in a uniform manner, caused Plaintiff and the class to suffer the same injuries, and give rise to a common set of legal questions, Defendants' challenge to the Rule 23(a) certification requirements can be squarely rejected.

# ARGUMENT

## I.      The Court Should Withhold Its Ruling to Allow the Parties to Engage in Necessary Discovery

To the extent that Defendants' opposition demonstrates anything, it is the need for the Parties to engage in class discovery prior to a ruling on class certification. Indeed, Defendants improperly rely on

numerous unsupported factual assumptions that Plaintiff simply cannot refute, while simultaneously chiding Plaintiff for his inability to set forth evidence in support of certification. These issues can and should be easily addressed through appropriate class-wide discovery.

The decision to allow discovery prior to class certification "lies entirely within the discretion of the court." *Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011). "Discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action," and it is generally an abuse of discretion to deny discovery "where it is necessary to determine the existence of a class or set of subclasses." *Id.*; *see also State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 323 (5th Cir. 1978) (finding that it would be "unfair for us to make [a commonality] determination . . . since the plaintiffs have been placed at a severe disadvantage by the district court's decision to prohibit discovery").

This District has embraced these principles in Local Rule 4.04(c), which allows the court to postpone ruling on class certification pending additional discovery or other preliminary procedures. *See Butler-Jones v. Sterling Casino Lines, L.P.*, 2008 WL 5274384, at *5 (M.D. Fla. Dec. 18, 2008) (Baker, M.J.) (recommending that the district court "postpone certification" under Rule 4.04(c) to allow for "additional filings" necessary to resolve the parties' class certification dispute). Doing so is especially appropriate here, where: (a) there are numerous facts in dispute that bear on class certification; and (b) Defendants agreed in the Parties' Joint Case Management Report that class discovery would extend through October, 2012.[1] (Dkt. No. 45); *See Spinelli v. Capital One Bank*, 2009 WL 700705, at *4 (M.D. Fla. Mar. 14, 2009) (90-day class certification deadline was extended, and plaintiff was entitled to class discovery, where the parties submitted a joint case management report setting a nine month period for class discovery). Accordingly, this Court should withhold its ruling on Plaintiff's Motion for Class Certification and allow the Parties to engage in necessary class discovery.[2]

---

[1] Defendants did, however, reserve their rights to oppose Plaintiff's Motion for Class Certification at this stage notwithstanding the Parties' discovery schedule.

[2] To the extent necessary, Plaintiff requests that the Court set an appropriate deadline for Plaintiff to submit a memorandum, properly supported by evidence bearing on certification, following the close of discovery.

2

## II. Class Certification is Appropriate Based Solely on the Pleadings

While Plaintiff can and will substantiate his class allegations with discovery, it is nonetheless clear that all of the Rule 23 certification requirements are satisfied. Accepting Plaintiff's allegations as true—as is proper at the class certification stage[3]—Plaintiff has shown that his claims arise from Defendants' common course of conduct and present numerous common issues best resolved through the class action mechanism. Each of Defendants' arguments to the contrary are unavailing, and this Court should certify this case as a class action.

### A. Plaintiff's Proposed Class Definition is Proper as a Matter of Law

Contrary to Defendants' assertions, Plaintiff's class definition is proper because it allows the Court to readily and objectively ascertain membership in the class. A "class definition is viable if it is ascertainable by an objective standard." *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 308 (S.D. Fla. 2001); *see also Newton v. Southern Wood Piedmont Co.*, 163 F.R.D. 625, 631 (S.D. Ga. 1995), *aff'd*, 95 F.3d 59 (11th Cir. 1996) ("[a] proposed class is permissible under Rule 23 so long as it is not too amorphous or incapable of a reasonably precise definition"). While the identity of class members need not be known at the time of certification, the class definition "must be definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Neumont v. Monroe County, Fla.*, 198 F.R.D. 554, 558 (S.D. Fla. 2000).

Here, Plaintiff seeks to represent the following class: "All persons or entities residing in the United States who purchased any version of the *Elder Scrolls IV: Oblivion* video game." Membership in the proposed class is readily ascertainable through a single inquiry: whether a consumer purchased a copy of any version of *Oblivion*. Accordingly, Plaintiff's class definition is precise, objective, and readily meets the requirements of Rule 23. *See In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 651 (N.D. Cal. 2007) (approving class definition because "individuals would be able to determine, simply by reading the definition, whether they are members of the proposed class").

---

[3] *See Drayton v. Western Auto Supply Co.*, 2002 WL 32508918, at *6 (11th Cir. Mar. 11, 2002) (it is "proper to accept the substantive allegations contained in the complaint as true when assessing Rule 23 requirements").

3

### B. Plaintiff Meets the Predominance and Superiority Requirements of Rule 23(b)(3)

Rule 23(b)(3) requires that questions of law and fact common to the proposed class predominate over any questions affecting only individual members, and that a class action is the superior method of adjudicating the class' claims. Defendants assert that the Rule 23(b)(3) requirements are not met for two primary reasons: (1) that variations in state laws "preclude a finding of common issues;" and (2) that individual questions of law and fact "bar Plaintiff from proving predominance." Both arguments are unavailing.

#### 1. The Purported Differences Among State Laws is Not a Bar to Certification

##### a. *Maryland law alone applies to Plaintiff's and the Class' claims*

Defendants argue that variations between each state's applicable laws preclude nationwide certification of Plaintiff's consumer protection and breach of implied warranty claims. Defendants are mistaken. Florida choice of law rules, which the Parties agree apply to this suit, favor application of the law of a single state: Maryland, the location of Defendants' headquarters and the source of the intentional misrepresentations, omissions of material facts, and design of the defective product at issue in this litigation.[4]

As demonstrated in detail in Plaintiff's Opposition to Defendants' Motion to Dismiss, Maryland law has the most significant relationship to the claims in this action. Because this case involves Defendants' intentional misrepresentations and omissions of material facts, as well as a defective product design and the decisions that led thereto, the "location of Defendants' conduct" is given the "greatest weight" in determining which state law to apply. Restatement (Second) of Conflict of Laws § 145 cmt. f (1971). That conduct, including all of the primary acts and omissions giving rise to Plaintiff's claims, occurred in or emanated from Maryland. Accordingly, the relevant factors weigh heavily in favor of applying Maryland law, and the alleged conflicts between various state laws are irrelevant.

---

[4] While Defendants' terms of use do not govern this dispute, it is nonetheless puzzling that Defendants would argue that the laws of 50 states are potentially applicable when the terms of use that govern Defendants' websites, as well as end user licensing agreements in numerous Bethesda games, mandate application of Maryland law for any and all disputes. In other words, Defendants assert that Maryland law alone applies when it best suits them, but argue that everything but Maryland law applies in an attempt to defeat certification.

4

### b.     *Even if multiple state laws are applied, common issues predominate*

Even if the Court determines that multiple state laws should apply, the fact that there may be some variations in the applicable state laws is not an insurmountable obstacle to class certification. Instead, certification is appropriate unless variations in state law "swamp" common issues. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1261 (11th Cir. 2004). Here, there are not—as Defendants suggest—material differences between each state's consumer protection laws. Rather, all jurisdictions recognize the basic prohibition against deceptive practices, and each state's law shares a common goal of proscribing unfair, deceptive, and fraudulent practices that harm consumers. Similarly, breach of implied warranty claims in each state generally require a plaintiff to show a breach of warranty, *i.e.* that a product did not conform to a warranty or to advertised or expected specifications, and that the breach or defect caused damage or injury.

Under these circumstances, numerous courts have found that differences in state law can be appropriately managed when the core facts are common to the class.[5] *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022-23 (9th Cir. 1998) (finding that "the idiosyncratic differences between state consumer protection laws are not sufficiently substantive to predominate over the shared claims."). As Plaintiff has shown, the claims in this action arise form a core of common facts regarding Defendants' defective design of *Oblivion*, failure to disclose the Animation Defect, misrepresentations about the characteristics of the game, and consumers' unknowing purchase of the defective product. Common issues of law and fact thus remain the predominant focus of this litigation, notwithstanding the potential application of multiple states' laws.

Alternatively, as the Eleventh Circuit has recognized and as courts around the country have routinely done, the applicable state laws "may be sorted into a small number of groups, each containing materially identical legal standards," and the Court may certify subclasses "embracing each of the dominant legal standards." *Klay*, 382 F.3d at 1262; *see also Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 315 (3d Cir.

---

[5] *See also In re Sch. Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir. 1986); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 956-67 (E.D. Tex. 2000); *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59 (D. Mass. 1999); *Duhaime v. John Hancock Mut. Life. Ins. Co.*, 177 F.R.D. 54, 64 (D. Mass. 1997); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450 (D. N.J. 1997).

5

1998) (courts will certify nationwide classes "on the ground that relatively minor differences in state law could be overcome at trial by grouping similar state laws together"). This Court could readily manage this action by creating a small number of subclasses, as each state's consumer protection statute has substantially similar provisions that fall into readily ascertainable groups: (1) states that broadly prohibit any "unfair or deceptive act or practice" and often include an "including, but not limited to" list of prohibited practices; (2) states that limit claims to a list of specific practices (including that the product has qualities, uses, or benefits that it in fact does not); (3) states that fall within categories (1) or (2) that have added a *scienter* requirement (such as requiring that a defendant act "knowingly"); and (4) states that fall within categories (1) or (2) that have a reliance requirement.[6] With respect to Plaintiff's implied warranty claim, the Court could similarly create a subclass consisting solely of those states that do not require contractual privity between consumers and the defendant.

Accordingly, because Plaintiff's claims arise from a core of common facts that will not turn on the minor differences among state laws, and alternatively, because the Court could manage this action through a small number of subclasses, the fact that multiple state laws may apply is not a bar to certification.

### 2. Common Legal and Factual Issues Predominate

Defendants next manufacture a number of "individualized" questions of law and fact that purportedly defeat predominance, most of which are entirely irrelevant to whether Plaintiff can prove his claims on a class-wide basis, and all of which are dwarfed by the litany of common questions presented in this action. As shown below, individual inquiries into each of the questions posed by Defendants is unnecessary and improper.

#### a. *Plaintiff's consumer protection claim is appropriate for certification*

Defendants first provide an artificial list of "individualized issues of law and fact" that they claim must be resolved in connection with Plaintiff's state consumer protection claim. Contrary to Defendants' assertions, the court need not determine whether individual class members:

---

[6] If necessary, Plaintiff will submit additional briefing specifically categorizing each state or formally amend his complaint to reflect appropriate categories, as required by this Court.

6

- Were exposed to and received the "alleged misrepresentations," because Plaintiff's claims are based on a uniform omission of material information that was not received by any class member;

- Relied on Defendants' deceptive misrepresentations because: (1) the misrepresentations and omissions made to each class member were identical, such that any finding relating to those representations or omissions will affect the claims of the class as a whole;[7] and alternatively (2) reliance may be presumed because this case primarily involves a uniform omission;[8]

- Actually experienced the Animation Defect, because Plaintiff's allegations clearly establish that the value of the *Oblivion* video game has been reduced—and thus, class members have been damaged—by the mere existence of the inherent defect in each copy of the game;

- Can establish FDUTPA's causation requirement, because Plaintiff does not assert a claim under that statute and Plaintiff explicitly alleges that the Animation Defect reduced the value of each copy of the *Oblivion* video game; and

- May assert a claim under the applicable statute of limitations, because only Maryland's consumer protection statute applies and Plaintiff can readily limit the class definition(s) to comply with any applicable limitations period.

These purported individualized inquiries are dwarfed by common questions relating to Plaintiff's consumer protection claim, including but not limited to whether Defendants uniformly misrepresented the characteristics of the *Oblivion* video game, whether Defendants intentionally failed to disclose the Animation Defect to all consumers, and whether *Oblivion* failed to conform to the qualities expected by consumers. Accordingly, common issues of law and fact predominate with respect to Plaintiff's CPA claim.

### b.    *Plaintiff's breach of implied warranty claim should be certified.*

Similarly, Plaintiff's implied warranty claim does not present any of the individualized issues identified by Defendants. In particular, the court need not determine whether individual class members:

- Relied on deceptive misrepresentations, because reliance is not an element of Plaintiff's implied warranty claim[9] and any finding of reliance will be applicable to the entire class;

---

[7] *Smith v. Georgia Energy USA, LLC*, 259 F.R.D. 684, 691 (S.D. Ga. 2009) (quoting *Grainger v. State Sec. Life Ins. Co.*, 547 F.2d 303, 307 (5th Cir. 1977) ("The key concept in determining the propriety of class action treatment is the existence or nonexistence of material variations in the alleged misrepresentations.").

[8] *See Jenson v. Fiserv Trust Co.*, 256 F. App'x 924, 926 (9th Cir. 2007); *Wolf v. Acer America Corp.*, 272 F.R.D. 477, 488 (N.D. Cal. 2011); *Ackerman v. Price Waterhouse*, 683 N.Y.S.2d 179, 192 (1998)

[9] *See Lloyd v. General Motors Corp.*, 397 Md. 108, 157 (2007) (a plaintiff must establish that: (1) a warranty existed; (2) the product did not conform to the warranty and thus the warranty was breached; and (3) the breach of warranty by the seller was the cause of the injury to the user or third party.

7

- Can prove that they experienced the Animation Defect, because the existence of the defect alone has caused each class member to suffer damages; and

- Must prove contractual privity, because Maryland law has unambiguously abolished the privity requirement in implied warranty claims, and Plaintiff could readily limit an implied warranty subclass to those states that do not require privity if the Court found multiple state laws applied.

In contrast, the implied warranty claim will turn on numerous legal and factual issues common to Plaintiff and the class, including whether Defendants warrantied that *Oblivion* would function as advertised and be free of major defects, whether the game, as released, violated that warranty, and whether the defective nature of *Oblivion* devalued the game for all purchasers. As a result, Plaintiff's breach of implied warranty claim is similarly appropriate for certification.

### c.  *Plaintiff's unjust enrichment claim is appropriate for certification*

Defendants' assertion that Plaintiff's unjust enrichment claim "cannot be certified" on a class-wide basis once again overlooks the fact that Plaintiff's claim is based on a uniform set of facts, such that the equities between Defendants and each class member are identical. Defendants support their argument primarily with *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009). In *Vega*, a former employee brought a putative class action based on T-Mobile's practice of "charging back" commissions to retail employees after customers deactivated their prepaid phones in the 180-day period after an initial phone activation. *Id.* at 1261. Critically, in denying certification, the court determined that T-Mobile presented evidence demonstrating that numerous employees were fully informed of and understood T-Mobile's documented charge back system, and the determination of whether individual charge backs were "unjust" would depend on what each employee knew about the compensation system and "when and how commissions were 'earned.'" *Id.* at 1274-75.

In contrast, Plaintiff's unjust enrichment claim stems from Defendants' release of a universally defective product, their singular failure to disclose the existence of the Animation Defect, and consumers' purchase of *Oblivion* without knowledge of the defect. Accordingly, the determination of whether Defendants

8

were unjustly enriched depends on a single set of facts common to Plaintiff and all class members, and the "*Vega* court's concern that unjust enrichment claims 'typically require individualized inquiries into the equities' is not present, because, when the defendant's conduct is the same, 'it is difficult to conceive of any significant equitable differences between class members.'" *James D. Hinson Elec. Contracting Co., Inc. v. BellSouth Telecommunications, Inc.*, 275 F.R.D. 638, 647 (M.D. Fla. 2011). Accordingly, the equitable balance between Defendants and all putative class members is common, and certification of Plaintiff's unjust enrichment claim is appropriate.

### D. The Rule 23(a) Requirements are Readily Satisfied

Finally, Defendants assert several boilerplate arguments in an effort to show that Plaintiff cannot meet any of the certification requirements of Rule 23(a), each of which can be dispatched with ease.

**Numerosity.** There is no serious question that the proposed class is sufficiently numerous to render joinder impractical. The putative class consists of all consumers who purchased any version of *Oblivion*, which Defendants admit was released to "worldwide critical acclaim" and continues to have a "large, global fan base." As the numerosity requirement may be satisfied with as few as 40 class members, the Court may readily determine that the proposed class is sufficiently numerous. *Hively v. Northlake Foods, Inc.*, 191 F.R.D. 661, 666 (M.D. Fla. 2000) (the court "may make common sense assumptions in order to find" numerosity).

**Commonality.** Defendants challenge commonality by simply reasserting that "each of Plaintiff's alleged causes of action necessarily requires a determination of a host of individualized issues…" However, Rule 23(a)(2)'s commonality requirement is satisfied where there exists a single common issue of law or fact, even if the issues are not identical. *In re Managed Care Litig.*, 209 F.R.D. 678, 682 (S.D. Fla. 2002). Plaintiff's complaint identifies no less than ten common issues of law and fact affecting both Plaintiff and the other putative class members, and Plaintiff's class certification motion provides in detail how these common factual issues give rise to common legal questions. Accordingly, the commonality requirement is easily met.

9

**Typicality.** Rather than address the typicality requirement, Defendants reassert their flawed argument that proof of Plaintiff's claims depends on individualized proof and facts. However, a class representative must only show that "[he] and the class members received the same unlawful conduct" to meet the typicality requirement. *Rosario-Guerrro v. Orange Blossom Harvesting*, 265 F.R.D. 619, 627 (M.D. Fla. 2010). Once this is established, the typicality requirement is met irrespective of varying fact patterns which underlie the individual claims. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 687 (S.D. Fla. 2004). Here, Plaintiff establishes that he and the proposed class experienced a common course of conduct in which Defendants designed and released a uniformly defective game, made uniform, false representations regarding the capabilities and gameplay of *Oblivion*, failed to disclose the existence of the Animation Defect and its effect on gameplay, and refused to remedy the problems associated with the Animation Defect despite numerous complaints from consumers. The typicality requirement is satisfied.

**Adequacy.**[10] Defendants assert that Plaintiff lacks standing to bring his breach of implied warranty claim—and thus cannot satisfy Rule 23(a)'s adequacy requirement—because he is not in privity with Defendants. However, Plaintiff alleges his claims under Maryland law, which has abolished the contractual privity requirement for implied warranty claims. MD Comm. Law § 2-314. For similar reasons, Defendants' claim that Plaintiff only has standing to bring suit under Florida's consumer protection statute is without merit. Plaintiff properly asserts this claim under Maryland law because all the injury-causing conduct occurred in or emanated from Maryland. Finally, Defendants' claim that Plaintiff's "failure to timely file a motion for class certification" bears on Plaintiff's ability to adequately represent the class ignores two salient facts: (a) that Defendants agreed to extend class discovery until October, 2012; and (b) that Plaintiff promptly and fully "cured" any alleged non-compliance with Local Rule 4.04(b) by filing his Motion for Class Certification. No court has ever found us to be inadequate.

---

[10] Tellingly, Defendants do not contend that class counsel is inadequate. This is little surprise, as numerous courts throughout the country have appointed Edelson McGuire as class counsel in a wide variety of complex and high stakes litigation, and no court has ever found counsel to be inadequate. *See* Edelson McGuire Firm Resume; Exhibit B to Plaintiff's Motion for Class Certification.

10

## CONCLUSION

For the foregoing reasons, the Court should postpone ruling on Plaintiff's class certification motion to allow for necessary class-wide discovery; or alternatively, grant the motion in its entirety.

Dated:   December 16, 2011

Respectfully submitted,

LAWRENCE WALEWSKI, individually, and on behalf of all others similarly situated,

/s/ Bradley Baglien_____
One of Mr. Walewski's Attorneys

EDELSON MCGUIRE LLC
Steven Teppler
steppler@edelson.com
5715 Firestone Court
Sarasota, FL 34238
Telephone: (941) 487-0050
Facsimile: (312) 572-7210

Jay Edelson (admitted *pro hac vice*)
Rafey Balabanian (admitted *pro hac vice*)
Bradley Baglien (admitted *pro hac vice*)
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
bbaglien@edelson.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on December 16, 2011, he caused the foregoing *Plaintiff's Reply in Support of Motion for Class Certification* to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: December 16, 2011

/s/ Bradley Baglien
EDELSON MCGUIRE LLC
350 North LaSalle St.
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorney for Plaintiff Lawrence Walewski*