IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and
on behalf of all others similarly situated,

     *Plaintiff*,                                 Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware
Corporation, and BETHESDA SOFTWORKS,
LLC, a Delaware Limited Liability Company,

     *Defendants*,
_____/

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
JANUARY 30, 2012 REPORT AND RECOMMENDATION**

     Plaintiff Lawrence Walewski, through his counsel and pursuant to Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1) and M.D. Fla. L.R. 6.02, respectfully submits the following objections to the Report and Recommendation issued by Magistrate Judge David A. Baker, dated January 27, 2012 and filed on January 30, 2012 (the "Magistrate Report" or "Report"). In support of his objections, Plaintiff states as follows:

**I.    INTRODUCTION**

     Plaintiff Walewski respectfully asks that this Court overrule the Magistrate Report – which *sua sponte* recommends denying class certification and dismissing the case – in its entirety. The Report is inconsistent with this Court's November 28, 2011, Order denying Defendants' Joint Motion to Dismiss, improperly denies Plaintiff the ability to discover information relevant to class certification issues, misunderstands the

permanence and flexibility of class definitions, and incorrectly concludes – without any additional further development of the record – that Florida law applies and that the Complaint therefore must be dismissed due to a lack of standing. None of these conclusions has legal or factual support.

First, On November 28, 2011, this Court denied Defendants' Joint Motion to Dismiss with prejudice, specifically stating that, "issues of class certification, class scope, and choice of law may well be intertwined." Despite this Court's express finding that such issues were "better left for a later stage of this litigation," the Magistrate Report – issued a mere 8 weeks later on the exact same record – recommends both that class certification be denied and that the Complaint dismissed. A two-month period, during which time Zenimax objected to producing any discovery, hardly qualifies as the "later stage of this litigation" that this Court contemplated when denying the Defendants' Joint Motion to Dismiss.

Second, and related, the Magistrate Report deprives Plaintiff of the opportunity to conduct discovery into class certification issues as contemplated by the Parties' initial case management statement. (Dkt. No. 45.). It is well established that courts should refrain from determining class certification issues without first allowing for appropriate discovery.

Third, the Magistrate Report finds fault with the Plaintiff's class definition. Such concerns are exaggerated, however, as courts regularly certify classes of "purchasers" of products, even where secondary markets exist. Moreover, courts routinely refine class definitions during later stages of the litigation as appropriate following discovery.

Finally, and while Defendants did not oppose class certification on standing or choice of law grounds (and again notwithstanding this Court's Order finding that the choice of law question would be better left for later stages of the case), the Report *sua sponte* further determines that Florida law applies to Plaintiff's claims and thus recommends that the Court dismiss Plaintiff's Complaint for lack of standing since they are brought under Maryland law.

For these reasons, and as explained fully below, this Court should discount the Magistrate Report's conclusions and sustain each of the Plaintiff's objections.

## II.     STANDARD OF REVIEW

Where a magistrate judge issues a recommended disposition of a dispositive matter, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72. Motions "to dismiss or to permit maintenance of a class action" constitute dispositive motions and are subject to Rule 72(b)'s *de novo* standard of review. 28 U.S.C. § 636(b)(1)(a). Here, the Magistrate Judge has preliminarily resolved two dispositive motions, recommending that the Court both deny Plaintiff's Motion for Class Certification and that the Court dismiss Plaintiff's Complaint for lack of standing. Accordingly, the Court must review Plaintiff's objections to the recommended dispositions *de novo*. Fed. R. Civ. P. 72(b); *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009); *Pigott v. Sanibel Dev., LLC*, No. 07-0083-WS-C, 2008 WL 2937804, at *3 (S.D. Ala. Jun. 22, 2007).

### III. OBJECTIONS TO THE REPORT

#### A. The Magistrate Report contradicts this Court's November 28, 2011 Order denying the Defendants' Joint Motion to Dismiss.

The first major issue with the Magistrate Report is that it disregards this Court's November 28, 2011, Order denying Defendants' Joint Motion to Dismiss. In rejecting the Defendants' choice of law arguments and other defenses with prejudice "insofar as it challenges the sufficiency of the substance of the Complaint's allegations," this Court stated that "the issue of choice of law is better left for a later stage of this litigation," as "issues of class certification, class scope, and choice of law may well be intertwined." (Dkt. No. 43.)

The Magistrate Report comes only 8 weeks following this Court's denial of the motion to dismiss. During that time, the Defendants have not added a single piece of discovery to the factual record at all, let alone evidence or other material that would support a finding different from the one this Court reached when ordering that the case move forward. Accordingly, this Court should reject the Magistrate Report because it meaningfully departs from this Court's Order that the issue of class certification, class scope, and choice of law would be left to a later stage of the case on a more fully developed factual record.

As the Magistrate Report seeks to undo this Court's Order on the Defendants' Joint Motion to Dismiss, this Court should decline to adopt its recommendations.

#### B. The Report improperly denies Plaintiff the ability to discover information relevant to class certification issues.

Plaintiff was required under Local Rule 4.04(b) to move for class certification at

an early stage of this litigation, and Plaintiff's request that the Court postpone any ruling on certification pending additional discovery was entirely proper under Local Rule 4.04(c). The Report, however, misunderstands Plaintiff's request for discovery as seeking a "second chance" at certification should the initial motion fail. (Report at 5.) ("In essence, Plaintiff would like the Court to certify the class on the current showing, but, should the Court find this showing to be wanting, Plaintiff also wants leave to conduct discovery, file 'a full' memorandum upon conclusion of that discovery, and have the Court consider the whole thing again.") As explained below, this finding is inconsistent with this Court's local rules and misconstrues the relief sought.

Plaintiff filed his Motion for Class Certification on November 16, 2011—several weeks prior to the Court's Order denying Defendants' Joint Motion to Dismiss and approximately two months prior to the issuance of the scheduling order that set applicable discovery dates. Because Plaintiff was required to move for class certification while a dispositive motion was pending and prior to the commencement of the discovery period, Plaintiff requested that the Court withhold its ruling on the motion in order to allow the Parties to first engage in necessary class discovery.

Middle District of Florida Local Rule 4.04(c) allows for discovery in class actions prior to certification, providing that the Court may "order postponement of the [class certification] determination pending additional discovery or such other preliminary procedures as may appear appropriate under the circumstances." *See e.g. Butler-Jones v. Sterling Casino Lines, L.P.*, No. 6:08-cv-01186-Orl-35DAB, 2008 WL 5274384, at *5 (M.D. Fla. Dec. 18, 2008) (Baker, M.J.) (recommending that the district court "postpone

certification" under Rule 4.04(c) to allow for "additional filings" necessary to resolve the parties' class certification dispute). Local Rule 4.04(c) embraces the principle that, prior to ruling on a motion for class certification, "the Court should allow . . . the parties to conduct limited discovery and adduce evidence relevant to the class certification issue." *In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 610 (N.D. Ga. 1997) (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992)); *see also Heerwagen v. Clear Channel Commc'n*, 435 F.3d 219, 233-34 (2d Cir. 2006) ("Discovery on the prerequisites of Rule 23 is plainly appropriate," and remand is warranted "where the district court made a determination on the class certification question without any discovery"). Accordingly, the rule allows the court to "order postponement" of its ruling on a class certification motion filed pursuant to Rule 4.04(b) in order to allow for the discovery necessary for the resolution of a class certification motion.

As Plaintiff has previously demonstrated, postponement of a class certification ruling is especially appropriate here. The Parties dispute numerous facts that undoubtedly bear on the appropriateness of class certification, including where the challenged conduct occurred and emanated from, and whether objective criteria exist from which class members may be reasonably ascertained. Further, the Defendants agreed in the Parties' Joint Case Management Report that class discovery would extend through October, 2012 (Dkt. No. 45) but have refused to engage in any class-related discovery while Plaintiff's class certification motion remains pending—preventing Plaintiff from obtaining the discovery necessary to prove satisfaction of Rule 23. *See Artis v. Deere & Co.*, 276

F.R.D. 348, 351 (N.D. Cal. 2011) ("Discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action," and it is generally an abuse of discretion to deny discovery "where it is necessary to determine the existence of a class or set of subclasses."); *see also State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 323 (5th Cir. 1978) (finding that it would be "unfair for us to make [a commonality] determination . . . since the plaintiffs have been placed at a severe disadvantage by the district court's decision to prohibit discovery").

Accordingly, and consistent with this District's local rules and established law, Plaintiff did not seek, as the Report suggests, an early ruling on class certification followed by a class discovery period should Plaintiff's initial motion fail. Rather, Plaintiff requested precisely what Local Rule 4.04(c) allows: that the Court delay any ruling on class certification until after the Parties conduct necessary class-related discovery. Indeed, the Magistrate Report's concerns regarding procedural rules and "the proper conservation of judicial resources" are best served by this approach, allowing the Court to make a single, informed determination as to class certification based on a complete record and supporting evidence.

Ultimately, the Report fails to properly consider Local Rule 4.04(c)'s allowance for discovery in this case and, as a result, the Report strips the Plaintiff of his ability to adduce evidence that would satisfy Rule 23's requirements. This Court should thus decline to adopt the Magistrate Report.

      **C.**      **The Magistrate Report overlooks that courts routinely certify classes comprised of "purchasers" and that Plaintiff's class definition may be amended, as deemed appropriate, following discovery.**

              **1.**      **A class of "purchasers" is ascertainable.**

The Report recommends that Plaintiff's Motion for Class Certification be denied because the proposed class definition is impermissibly broad and unworkable for certification purposes. In so ruling, the Report fails to consider the objective nature of the proposed class definition and introduces several supposed "individualized" factual questions that do not bear on class membership. Moreover, even if Plaintiff's proposed class definition was inadequate, this Court should not deny class certification on this basis alone—the proposed class definition may be readily amended to correct any of the purported deficiencies identified in the Report. Accordingly, the Court should decline to adopt the Magistrate Report's recommendation to deny class certification. Alternatively, the Court should grant Plaintiff leave to amend the class definition.

      A proper class definition is "an implicit requirement which must be met before a Rule 23 analysis can be undertaken by the district court." *Singer v. AT&T Corp.*, 185 F.R.D. 681, 685 (S.D. Fla. 1998). While a class definition may not be overly vague or overbroad, the "definition requirement does not require an overly strict degree of certainty and is to be liberally applied." *Id*. at 685 (citing *Georgia Ass'n of Retarded Citizens v. McDaniel*, 716 F.2d 1565, 1571 n.3 (11th Cir. 1983)). Rather, a class is properly defined if the "definition makes it administratively feasible for the court to determine whether a particular individual is or is not a member of the proposed class." *Grillasca v. Hess Corp.*, No. 8:05-cv-1736-T-17-TGW, 2007 WL 2121726, at *3 (M.D.

Fla. Jul. 24, 2007); *Gibbs Prop. Corp. v. CIGNA Corp.*, 196 F.R.D. 430, 442-43 (M.D. Fla. 2000) ("The only requirement is that the description of the class be sufficiently definite to enable the court to determine if a particular individual is a member of the proposed class"). A proposed definition should "provide[] a court with tangible and practicable standards for determining who is and who is not a member of the class." *Grillasca*, 2007 WL 2121726 at *3; *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 625, 631 (S.D. Fla. 2001) (a "class definition is viable if it is ascertainable by an objective standard"); *Newton v. S. Wood Piedmont Co.*, 163 F.R.D. 625, 631 (S.D. Ga. 1995), *aff'd*, 95 F.3d 59 (11th Cir. 1996) ("[a] proposed class is permissible under Rule 23 so long as it is not too amorphous or incapable of a reasonably precise definition").

Here, Plaintiff seeks to represent the following class: "All persons or entities residing in the United States who purchased any version of the *Elder Scrolls IV: Oblivion* video game." Accordingly, the Court can readily and objectively ascertain whether any individual is a member of the proposed class through a single inquiry: whether the consumer purchased a copy of any version of *Oblivion*.

Class membership is not dependent on any of the "individualized" inquiries identified in the Magistrate Report. In particular, membership in the proposed class – and liability under Plaintiff's theory of the case – in no way turns on whether a consumer purchased a new or used copy of the game, or whether an individual actually experienced the Animation Defect during gameplay. Rather, Plaintiff alleges that the existence of the Animation Defect alone, whether or not it has actually manifested during gameplay, has devalued each copy of *Oblivion* and uniformly caused consumers to be harmed. This

theory is equally applicable to any consumer who paid money for any copy of the game, whether purchased directly from Defendants or in the secondary market from another consumer. The sole, objective inquiry required to determine class membership is whether a consumer purchased any version of the *Oblivion* video game.

It comes as no surprise, then, that courts readily and routinely certify classes consisting of "all purchasers" of a particular product, good or service. *See, e.g., Zeisel v. Diamond Foods, Inc.*, No. C 10-01192 JSW, 2011 WL 2221113, at *6 (N.D. Cal. Jun. 7, 2011) (certifying a class of "all persons who purchased Shelled Walnut Products in 6 ounce, 10 ounce, 16 ounce and/or 3 pound bags which bore labels bearing the [disputed claim]," and rejecting defendant's argument that it could not track consumer purchases from retailers); *Carrera v. Bayer Corp.*, No. 08-4716 (JLL), 2011 WL 5878376, at *1 (D.N.J. Nov. 22, 2011) (certifying class consisting of "all consumers who purchased One-A-Day WeighSmart [pills] in the state of Florida"); *Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 695 (S.D. Fla. 2010) (granting certification of class consisting of "all Florida consumers who purchased Enfamil LIPIL within the applicable statute of limitations"); *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 377 (N.D. Cal. 2010) (certifying class consisting of "all persons who purchased any beverage bearing the Blue Sky mark or brand in the United States"). As was the case in these other matters, a class consisting of "all persons who purchased any version of the *Elder Scrolls IV: Oblivion* video game" includes nothing but "objective characteristics that would permit a consumer to identify themselves as a member of the proposed class." *Zeisel*, 2011 WL 2221113, at *6. The opposite result would threaten to eviscerate product

liability class actions wherever consumers could purchase the given product on a secondary market.

> **2.  Denial of certification is inappropriate where, as here, the Plaintiff can cure any deficiency in the proposed class definition.**

Alternatively, the Court should not deny class certification – and certainly not with prejudice – based solely on a purported defect in the class definition. It is well established that the court may "grant certification but modify the definition of the proposed class to provide the necessary precision or to correct other deficiencies." *Grillasca*, 2007 WL 2121726, at *4; *see also Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D. Ga. 1985).

Here, the Report identifies two primary defects that purportedly render Plaintiff's proposed class definition improper: (1) the definition includes, in addition to consumers, "entities" that purchased *Oblivion*, and (2) the definition is not limited to persons who purchased original versions of *Oblivion* from Defendants. Both of these issues could be readily addressed by the Court in an order approving class certification, or by Plaintiff in an amended pleading or subsequent class certification motion.

Specifically, removing "entities" and limiting the class definition to all "persons" or "consumers" who purchased *Oblivion* would effectively address the Magistrate Report's concerns. Similarly, any issues regarding the identification of, and recovery by, purchasers of used copies of *Oblivion* could be readily addressed by limiting the class definition to purchasers of "new" or "retail" copies of *Oblivion*. Although discovery may reveal that such qualifiers are unnecessary, the fact remains that any perceived

deficiencies with Plaintiff's proposed class definition could be readily addressed by minimal adjustments to the definition. Accordingly, in the event that the Court accepts the Magistrate Report's recommendation to deny Plaintiff's Motion for Class Certification as outlined in the Report, Plaintiff requests that the Court do so without prejudice and with leave for Plaintiff to file an amended Motion for Class Certification.

### D. The Report erroneously concludes that Florida law applies.

While Defendants did not challenge the sufficiency of Plaintiff's Complaint or raise choice of law issues in connection with Plaintiff's Motion for Class Certification, the Report nonetheless recommends *sua sponte* that Plaintiff's complaint "be dismissed, for failure to state a claim" because Florida law purportedly applies to Plaintiff's claims. (Dkt. No. 54 at 15.) As discussed above, because this Court previously held that Plaintiff's substantive allegations state a claim regardless of the applicable law and further determined that it was premature to adjudicate the Parties' choice of law dispute at an early stage in the proceedings, this Court should decline to adopt the Magistrate Report's recommendation that the Complaint be dismissed. There simply has been no resolution of any of these issues that would compel the Court to now address the choice of law dispute with a record still devoid of necessary facts.

As was the case in the context of Defendants' Joint Motion to Dismiss, the Court cannot conduct a comprehensive choice of law analysis until the Parties engage in discovery relating to the numerous disputed or unknown facts that will determine which state's law applies to this action. *See Singer*, 185 F.R.D. at 691-92 ("It is well-established that consideration of choice of law issues at the class certification stage is generally

premature. Many courts find that it is inappropriate to decide choice of law issues incident to a motion for class certification."). Indeed, the Report concludes that there is "no evidence" relating to the location of the fraudulent conduct giving rise to Plaintiff's Complaint—the single factor that is entitled to the "greatest weight" in the choice of law analysis in this case. *See* Restatement (Second) of Conflict of Laws § 145 cmt. f (1971) (in cases involving "fraudulent misrepresentations . . . the principal location of the defendant's conduct is the contact that will usually be given the greatest weight in determining the state whose local law" applies); *see also Calixto v. Bowman Acme Corp.*, 637 F. Supp. 2d 1064, 1067 (S.D. Fla. 2007).

The Report similarly found "no evidence" relating to the location of the design of the allegedly defective product. Instead, the Report "assume[d]" that significant events giving rise to Plaintiff's claims occurred in Florida, thus mandating application of Florida law to all of Plaintiff's claims. This analysis, which required the Magistrate Judge to rely on "assumed" facts and a lack of evidence to support application of Florida law, is precisely what this Court sought to avoid by withholding its ruling on choice of law issues at the pleading stage. Such restraint should apply with equal force here, and the Court should decline to adopt the Magistrate Report's recommendation that Plaintiff's Complaint be dismissed on the supposed grounds that Florida law applies.

In the event that the Court adopts the Magistrate Report's recommendation that Florida law applies to Plaintiff's claims, it is clear that any dismissal should be without prejudice, particularly in light of the Court's prior ruling that Plaintiff's substantive allegations are sufficient to state a cognizable claim. While Plaintiff believes that

discovery will demonstrate that the application of Maryland law is appropriate, a determination that Florida law applies does not call into question the substantive merits of Plaintiff's claims. *See, e.g., Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1366 (S.D. Fla. 2007) (noting that "because this dismissal is solely predicated upon Florida choice of law standards, and thus does not bear upon the substantive sufficiency of the claims under New Jersey law, this dismissal is without prejudice"); *Pastor v. Union Central Life Ins. Co.*, 184 F. Supp. 2d 1301, 1303 (S.D. Fla. 2002) (granting motion to dismiss without prejudice where cause of action pled under incorrect state law).

Accordingly, in the event that the Court adopts Magistrate Judge Baker's recommendation that the Complaint be dismissed under choice of law principles, Plaintiff requests leave to file a conforming amended complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court sustain Plaintiff's objections to the Report.

                                                Respectfully Submitted,

Dated: February 13, 2012        **LAWRENCE WALEWSK**, individually
and on behalf of all others similarly situated,

By: /s/ Bradley M. Baglien
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
bbaglien@edelson.com
*Attorneys for Plaintiff Walewks*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that, on February 13, 2012, he caused the foregoing Objections to the Magistrate Judge's January 30, 2012 Order to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated:  February 13, 2012      /s/  Bradley M. Baglien