IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


LAWRENCE WALEWSKI, individually and
on behalf all others similarly situated,

       Plaintiff,

v.                                         Case No. 6:11-cv-01178-JA-DAB

ZENIMAX MEDIA INC., a Delaware
Corporation, and BETHESDA SOFTWORKS LLC,
a Delaware Limited Liability Company,

       Defendants.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S JANUARY 30, 2012 REPORT AND RECOMMENDATION**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION.................................................................................................... 1

STANDARD OF REVIEW .................................................................................... 3

ARGUMENT ........................................................................................................... 3

I.   MAGISTRATE JUDGE BAKER APPROPRIATELY DENIED PLAINTIFF'S MOTION
     FOR CLASS CERTIFICATION ........................................................................ 3

     A.   Plaintiff's Overbroad and Unascertainable Alleged Class Cannot be
          Adequately Defined and is Not Appropriate For Class Certification .................... 3

     B.   Plaintiff's Alleged Class of "All Purchasers" Cannot Provide the Basis
          for Certification ........................................................................ 7

     C.   Magistrate Judge Baker's Report Did Not Deprive Plaintiff of Discovery............. 8

     D.   Plaintiff's New Request for Leave to Amend Its Alleged Class Definition
          is Improper and Futile ................................................................ 10

II.  MAGISTRATE JUDGE BAKER PROPERLY DISMISSED PLAINTIFF'S COMPLAINT
     BECAUSE FLORIDA LAW, NOT MARYLAND LAW, GOVERNS PLAINTIFF'S CLAIMS ...... 12

     A.   Plaintiff Does Not Have Standing to Assert a Cause of Action Under
          Maryland Law Because Florida Law Governs Plaintiff's Claims ........................ 12

          1.   Florida law governs Plaintiff's tort claims because Florida has the most
               significant relationship with Plaintiff's claims ................................ 12

          2.   Plaintiff does not dispute that Florida law governs Plaintiff's breach of
               implied warranty and unjust enrichment counts.................................... 13

     B.   Magistrate Judge Baker's Report Wholly is Consistent with the Court's
          November 28, 2011 Order................................................................ 14

     C.   Magistrate Judge Baker Properly Determined the Choice of Law Issue
          Prior to Discovery...................................................................... 14

     D.   Plaintiff's Request for Leave to Amend Should be Denied Because
          Amendment Would be Futile. ............................................................. 16

III. PLAINTIFF'S CLAIMS CANNOT BE MAINTAINED AS A CLASS ACTION AND FAIL TO MEET THE REQUIREMENTS OF RULE 23 .......................................................... 16

   A. Plaintiff's Unjust Enrichment Count Cannot be Maintained as a Class Action as a Matter of Law ........................................................................................ 16

   B. Individualized Questions of Law and Fact Preclude a Finding of Predominance Under Rule 23(b)(3) ............................................................ 17

      1. Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's State Statutory Claims ............................... 17

      2. Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's Breach of Warranty Count ..................... 18

   C. Plaintiff Cannot Satisfy the Requirements of Fed.R.Civ.P. 23(a) ......................... 19

      1. Plaintiff Has Failed to Establish That The Numerosity Requirement Is Met .................................................................................................... 19

      2. Plaintiff Has Not Proved The Existence of Common Issues of Law and Fact Among Putative Class Members ............................................ 19

      3. Plaintiff Has Failed to Prove That His Alleged Experiences are Typical of Putative Class Members ................................................... 20

      4. Plaintiff Cannot Establish That He Can Adequately Represent the Interests of the Putative Nationwide Class ....................................... 20

CONCLUSION ............................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452 (M.D. Fla. 2001) .......................... 19

*Aerokinetic Energy Corp.*, No. 08 Civ. 1409, 2010 WL 5174509
    (M.D. Fla. Dec. 15, 2010) ......................................................................................... 3

*Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007) .............. 12, 15

*Brandner v. Abbott Labs., Inc.*, No. 10 Civ. 3242, 2012 WL 27696
    (E.D. La. Jan. 5, 2012) ............................................................................................. 8

*Breakstone v. Caterpillar, Inc.*, No. 09 Civ. 23324, 2010 WL 2164440
    (S.D. Fla. May 26, 2010) .......................................................................................... 5

*Brisson v. Ford Motor Co.*, 602 F. Supp. 2d 1227 (M.D. Fla. 2009) .......................................... 13

*Butler-Jones v. Sterling Casino Lines, L.P.*, No. 08 Civ. 1186, 2008 WL 5274384
    (M.D. Fla. Dec. 18, 2008) ........................................................................................ 9

*Cannova v. Breckenridge Pharmaceutical, Inc.*, No. 08 Civ. 81145, 2009 WL 64337
    (S.D. Fla. Jan. 9, 2009) ............................................................................................ 4

*City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630 (S.D. Fla. 2010) .................... 3

*Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617 (S.D. Fla. 2008) .................................... 6, 18

*Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671 (S.D. Fla. 2007)........................................... 11

*David v. American Suzuki Motor Corp.*, 629 F. Supp. 2d 1309 (S.D. Fla. 2009) ....................... 15

*Grimes v. Fairfield Resorts, Inc.*, 331 Fed. Appx. 630 (11th Cir. 2007)..................................... 11

*Hall v. United Ins. Co. of Am.*, 367 F.3d 1255 (11th Cir. 2004)................................................... 16

*In re Air Bag Prods. Liab. Litig.*, 7 F. Supp. 2d 792 (E.D. La. 1998) ......................................... 18

*Kirts v. Green Bullion Financial Services, LLC*, No. 10 Civ. 20312, 2010 WL 3184382
    (S.D. Fla. Aug 3, 2010).......................................................................................... 6, 19

*Lebel v. Rampage Sport Fishing Yachts,* No. 06-61890-CIV, 2007 WL 1724942
    (S.D. Fla. June 14, 2007) ........................................................................................ 20

*Long v. Satz*, 181 F.3d 1275 (11th Cir. 1999)............................................................................. 10

*Mardegan v. Mylan, Inc.*, No. 10 Civ. 14285, 2011 WL 3583743
    (S.D. Fla. Aug. 12, 2011)........................................................................................ 19

*Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729 (S.D. Fla. 2007) ......................................... 17

*Medi-Weightloss Franchising USA, LLC v. Sadek*, No. 09 Civ. 2421, 2010 WL 1837764
   (M.D. Fla. 2010) .......................................................................................................... 10

*Murray v. U.S. Bank Trust Nat'l Ass'n,* 365 F.3d 1284 (11th Cir. 2004)........................................ 1

*O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469 (S.D. Fla. 2006) .................. 4, 7, 17, 18

*Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262 (S.D. Fla. 2003)................................................ 4, 6

*Phillip Morris USA, Inc. v. Hines*, 883 So.2d 292 (Fla. 4th DCA 2004) ..................................... 17

*Simon v. Am. Tel. & Tel. Corp.*, No. 99 Civ. 11641, 2001 WL 34135273
   (C.D. Cal. Jan. 26, 2001) ............................................................................................... 8

*Tietsworth v. Sears*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010) ....................................................... 5

*Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110
   (11th Cir. 1996)............................................................................................................ 12

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) ......................................... 17, 19, 20

*Washington v. Vogel*, 158 F.R.D. 689 (M.D. Fla. 1994) .............................................................. 11

*Weaver v. Chrysler Corp.*, 172 F.R.D. 96 (S.D.N.Y. 1997)........................................................... 5

*Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009).................................................................... 10

## Rules

Fed.R.Civ.P. 23(a) ...................................................................................... 3, 16, 17, 19, 20

Fed.R.Civ.P. 23(b) ..................................................................................................... 16, 17

M.D. Fla. L.R. 2.02........................................................................................................... 1

M.D. Fla. L.R. 4.04(b) .................................................................................................. 1, 8

M.D. Fla. L.R. 6.02........................................................................................................... 1

## Treatises

Restatement (Second) of Conflict of Laws § 145 (1971) .............................................. 12

Restatement (Second) of Conflict of Laws § 148 (1971) .............................................. 12

# INTRODUCTION

Plaintiff's Objections to the Magistrate Judge's January 30, 2012 Report and Recommendation ("Objections")[1] fail to set forth a single reason why this Court should not affirm Magistrate Judge Baker's well-reasoned Report and Recommendation, dated January 30, 2012 ("Report").  Magistrate Judge Baker's Report properly held that: (1) Plaintiff has not set forth an ascertainable class and Plaintiff's Motion for Class Certification ("Motion") should be denied; and (2) Plaintiff's causes of action are governed by Florida law, not Maryland law, and Plaintiff's Class Action Complaint ("Complaint") should be dismissed for failure to state a claim. [Dkt. #54 at 15.]  Defendants respectfully request that this Court affirm the Report in its entirety.

Magistrate Judge Baker properly held that Plaintiff's Complaint does not set forth an ascertainable class because the alleged class improperly includes purchasers that: (i) have not experienced the alleged Animation Defect in *The Elder Scrolls IV: Oblivion*® ("*Oblivion*"); (ii) did not purchase *Oblivion* from Defendants and are not in privity with Defendants; and (iii) have no cause of action as a matter of law.  [Dkt. #54 at 7-8.]  Plaintiff's Objections do not dispute that the overbroad alleged class impermissibly includes these purchasers but offers no workable method to cull out proper class members from purchasers without standing or a cause of action. Certification should be denied and the Report affirmed for this reason alone.

Well-settled decisions in this District and around the country preclude standing to maintain a claim for putative class members that have not experienced the alleged deficiency,

---

[1] Plaintiff's Objections continue Plaintiff's pattern of failing to comply with the Court's Local Rules.  Plaintiff previously failed to comply with Local Rule 2.02 in moving for admission *pro hac vice* (*see* [Dkt. #9 (Order denying Motions for Admission Pro Hac Vice for violation of M.D. Fla. L.R. 2.02)]) and failed to comply with Local Rule 4.04(b) in moving for class certification (*see* [Dkt. #39 (Order denying Motion to Strike, stating that Plaintiff failed to show good cause for violation of M.D. Fla. L.R. 4.04(b))]).  Pursuant to M.D. Fla. L.R. 6.02, Plaintiff was required to file his Objections by February 13, 2012.  Plaintiff filed his untimely Objections on February 14, 2012.

and the litany of individualized inquiries into the circumstances of each purchaser's experiences with *Oblivion* necessarily prevent this case from being certified as a class action under either Maryland law or the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA").  The Report should be affirmed for these additional reasons.  Plaintiff's Objection that classes of "all purchasers" have been certified in other cases ignores the material deficiencies of the alleged class definition in this case and is contrary to the established case law in this District.  Plaintiff's request for discovery and new request for leave to amend should be denied because neither discovery nor amendment can cure the fundamental deficiencies in the alleged class definition that preclude the identification of any ascertainable class.

Magistrate Judge Baker further properly held that Plaintiff's claims are governed by Florida law and that the Complaint accordingly should be dismissed.  Plaintiff's two procedural Objections to Magistrate Judge Baker's choice of law determination are without merit.  Plaintiff first claims that the Report violates this Court's November 28, 2011 Order – but this Objection misapprehends this Court's November 28, 2011 Order, which correctly held that the choice of law issue "may well be intertwined" with the issue of class certification.  Magistrate Judge Baker properly ruled on the choice of law issue at this stage.  Plaintiff next claims that the Court should allow discovery into the choice of law issues – but discovery only would affirm facts not in dispute and would not alter the Court's choice of law analysis.  Plaintiff's Objections should be denied.  This Court should affirm the Report's application of Florida law and dismissal of Plaintiff's Complaint.

While it is not necessary for this Court to look beyond the Report, Plaintiff's putative class further fails to meet Plaintiff's burden under Rule 23 because Plaintiff: (i) has not and

cannot demonstrate that any claimed common issues of law or fact predominate; and (ii) has not and cannot meet the requirements of Rule 23(a).[2]

For at least these reasons, Defendants respectfully request that this Court deny Plaintiff's Objections to the Magistrate Judge's January 30, 2012 Report and Recommendation and affirm Magistrate Judge Baker's Report and Recommendation in its entirety.

## STANDARD OF REVIEW

A Magistrate Judge's denial of a motion for class certification is subject to *de novo* review by the District Court.  *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 635 (S.D. Fla. 2010) (adopting report and recommendation denying motion for class certification).  Pursuant to 28 U.S.C. § 636(b)(1), this Court is only required to make a "*de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection is made."  *Id.* at 635 n. 3.  "In making a *de novo* review, the Court has discretion to refuse additional evidence and to decline to consider arguments which were not presented to the Magistrate."  *S.E.C. v. Aerokinetic Energy Corp.*, Case No. 08 Civ. 1409, 2010 WL 5174509, at *1 (M.D. Fla. Dec. 15, 2010) (adopting report and recommendation and declining to consider evidence and arguments not presented to the Magistrate Judge).

## ARGUMENT

**I.    Magistrate Judge Baker Appropriately Denied Plaintiff's Motion For Class Certification**

**A.    Plaintiff's Overbroad and Unascertainable Alleged Class Cannot be Adequately Defined and is Not Appropriate For Class Certification.**

Magistrate Judge Baker correctly found that Plaintiff's class definition is overbroad and does not set forth an ascertainable class:

―――――――――――――――

[2] Defendants incorporate by reference the arguments and authorities set forth in Defendants' Response in Opposition to Plaintiff's Motion for Class Certification.  [Dkt. #46.]

> As stated, the proposed class includes all persons or "entities" nationwide, who purchased any version of the game, presumably from anyone, anywhere, at any time – whether or not they ever were injured by (or experienced) the alleged Animation Defect.  This overbroad definition is not limited in any way to persons who purchased *from Defendants*, and therefore presumably includes persons who purchased a copy of the game – new or used – from anyone else.  This definition is fraught with difficulties.

[Dkt. #54 at 7 (emphasis in original).]

"Before analyzing the Rule 23(a) requirements, or as a part of the numerosity inquiry, a court must determine whether the class definition is adequate."  *O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 477 (S.D. Fla. 2006) (denying motion for class certification where "[t]he problems with ascertaining class membership, given Plaintiff's overly broad definition, counsel against a finding that class certification is appropriate").  "A court should deny class certification where the class definitions are overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult."  *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) (denying motion for class certification where proposed class definitions were "overly broad and would require individualized determinations as to who are class members").

Magistrate Judge Baker properly found that Plaintiff's overbroad class definition is not ascertainable because, *inter alia*, Plaintiff's alleged class definition "is not limited in any way to persons who purchased *from Defendants*," purchasers not in privity with Defendants, and "members who have no cause of action as a matter of law."  [Dkt. #54 at 7-8 (italics in original).][3]  Plaintiff's Objections do not dispute that these alleged purchasers cannot be included

---

[3] The required individualized inquiries into whether a corporate entity acted as a consumer and therefore can maintain a claim under the FDUTPA preclude certification of any class including "entities" under Florida law.  *Cannova v. Breckenridge Pharmaceutical, Inc.*, Case No. 08 Civ. 81145, 2009 WL 64337, *3 (S.D. Fla. Jan. 9, 2009) ("While the statute has been amended to expand protection to corporate entities acting as consumers, Florida case law since the 1993

in any class and Plaintiff offers no "workable method for identifying which players and owners are correctly included within the class." [Dkt. #54 at 8.]   Class certification should be denied and the Report should be affirmed for this reason alone.

Class certification further should be denied because a class of purchasers that have actually experienced the alleged Animation Defect – and accordingly have sustained an alleged injury – cannot be ascertained.  Only purchasers that have actually experienced the alleged Animation Defect could have standing to assert any claim and may be members of any alleged class.  The Southern District of Florida recently held that "the requirement that [plaintiff] show an actionable defect also exists under FDUTPA" and therefore "**it is inappropriate to certify a class containing both individuals who have 'manifested a deficiency' and those whose product has 'performed satisfactorily'** since the injuries of the punitive class members with no manifest injury" are speculative.  *Breakstone v. Caterpillar, Inc.*, Case No. 09 Civ. 23324, 2010 WL 2164440, at *6 (S.D. Fla. May 26, 2010) (emphasis added) (*citing Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997) ("[i]t is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own"); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147-48 (N.D. Cal. 2010) (proposed class of "all California residents and entities who purchased" washing machine was unascertainable because the class definition "include[d] members who have not experienced any problems with their Machines' Electronic Control Boards – or for that matter with any other part of the machine" because "such members have no injury and no standing to sue") (internal quotation omitted).  Plaintiff's alleged class impermissibly includes

---

amendments still requires the plaintiff to act in some manner as a consumer in the conduct of trade or commerce").

purchasers who do not have standing to maintain a claim because they have not experienced the alleged Animation Defect.

The requisite individualized inquiries into whether each and every purported class member actually purchased and played *Oblivion* and experienced the alleged Animation Defect also preclude the alleged class from being held to be ascertainable – and Courts in this District consistently refuse to certify a class where such extensive individualized inquiries are required to determine class membership.  In *Kirts v. Green Bullion Financial Services, LLC*, the Court denied certification of the proposed class of "[a]ll individuals who submitted jewelry to [Cash 4 Gold] and were damaged because [Cash 4 Gold] broke it promised and advertised procedures to handle the jewelry with a high standard of care, or fairly appraise the jewelry, or provide an adequate return period" because under this definition "the Court would essentially have to make a determination that C4G is liable to an individual before it could conclude that the individual is a member of the class."  Case No. 10 Civ. 20312, 2010 WL 3184382, at *6 (S.D. Fla. Aug. 3, 2010); *Perez*, 218 F.R.D. at 268-69 (holding that proposed class definition improperly required individualized determinations of dosage and duration of ingestion of the supplement at issue and it was "unlikely that many of these putative class members will be able to produce objectively verifiable proof that they ingested the relevant amounts" and therefore qualified as class members); *Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 630-31 (S.D. Fla. 2008) (holding that the proposed class was inadequately defined where membership in the class would require the Court to "determine that each putative class member experienced a failure rate that was higher than warrantied by the defendant").  To determine membership in any alleged class in this case the Court likewise of necessity would be required to attempt to make a multitude of individual determinations to verify each purported member's purchase of *Oblivion* and the

manifestation of the alleged Animation Defect.  These individualized inquiries preclude a class from being properly certified in this case.

**B.      Plaintiff's Alleged Class of "All Purchasers" Cannot Provide the Basis for Certification.**

Plaintiff's third of his four Objections[4] erroneously argues that because classes of "all purchasers" have been certified in other cases, this Court should certify an "all purchasers" class here.  [Dkt. #55 at 8-9.]  Plaintiff's Objection – which exclusively relies on out of circuit and inapposite decisions[5] – ignores the particular facts of this case and does not undermine Magistrate Judge Baker's well-reasoned holding that Plaintiff's alleged class is overbroad and unascertainable, as detailed, *supra*.

Alleged classes of "all purchasers" have been rejected outright as unascertainable in cases with the same factual predicate as this case.  In *O'Neill v. The Home Depot U.S.A., Inc.*, the Court held that plaintiff's proposed class definition of "Florida customers who purchased damage waivers beginning November 30, 2000" was inadequate because: (i) "the proposed class would include many customers who, in contrast to Plaintiff, knew the damage waiver was optional, as well as understood the scope of the coverage … and chose to purchase the waiver;" and (ii) "includes individuals who may have purchased a damage waiver, and following damage to the rented equipment, were not required to pay for repairs they otherwise may have been responsible for" and "no objective criteria has been proposed to separate the individuals who did benefit from those who did not benefit from the challenged Home Depot practices."  243 F.R.D. at 477-48.  Plaintiff's proposed "all purchasers" class definition likewise improperly includes: (i) purchasers who neither received nor relied upon the alleged misrepresentations by Defendants;

---

[4] Plaintiff's Objections set forth four Objections to Magistrate Judge Baker's Report.  Each Objection is addressed herein *non seriatim*.
[5] Plaintiff tellingly has failed to cite even a single case in the Eleventh Circuit in which the court certified a nationwide class of "all purchasers."

(ii) purchasers who knew of the alleged Animation Defect and chose to purchase *Oblivion*; and

(iii) individuals who never experienced the alleged Animation Defect with no objective criteria

to separate those who allegedly have been damaged from those who have not.  A class of "all

purchasers" cannot be certified in this case.  *Id.*; *Tietsworth*, 720 F. Supp. 2d at 1147-48

(proposed class was unascertainable because the class definition "include[d] members who have

not experienced any problems" because "such members have no injury and no standing to sue")

(internal quotation omitted).

A generalized class of "all purchasers" further can never set forth an ascertainable class

because sales of *Oblivion* continue.  The inclusion of future purchasers in Plaintiff's proposed

class of "all purchasers" renders the proposed class of "all purchasers" forever unascertainable.

*Brandner v. Abbott Labs., Inc.*, Case No. 10 Civ. 3242, 2012 WL 27696, at *4 (E.D. La. Jan. 5,

2012) (denying motion for leave to amend class definition, holding that a proposed class of

"future purchasers is not 'clearly ascertainable'" and "because the membership would constantly

change depending on who purchased [the product], at no point could the class become

ascertainable") (*citing, inter alia, Simon v. Am. Tel. & Tel. Corp.*, Case No. 99 Civ. 11641, 2001

WL 34135273, at *3 (C.D. Cal. Jan. 26, 2001) (holding that a proposed class that included future

purchasers is not ascertainable because by "its very nature, a class definition that includes

members not presently aggrieved is imprecise")).  Plaintiff's proposed class of "all purchasers"

does not and cannot set forth an ascertainable class.

### C.      Magistrate Judge Baker's Report Did Not Deprive Plaintiff of Discovery.

Plaintiff's second of his four Objections incorrectly posits that Magistrate Judge Baker's

Report "denie[d] Plaintiff the ability to discover information relevant to class certification

issues." [Dkt. #55 at 4.][6] The record in this case starkly reveals that Plaintiff elected not to move for leave to take discovery on class issues – the Court did not "den[y]" Plaintiff's ability to do so. Plaintiff admits in his Objections, as he must, that he was required to move for class certification within 90 days of filing the Complaint. M.D. Fla. L.R. 4.04(b); [Dkt. #55 at 4-5.] But Plaintiff failed to comply with the filing deadline of Local Rule 4.04(b) and Defendants moved to strike Plaintiff's class allegations. [Dkt. #31.] Plaintiff cross-moved for leave to file a motion for class certification – but did not seek leave to take discovery on class issues. [Dkt. #33.] Magistrate Judge Baker found while there was "no good cause is shown for the delay," the Court would accommodate Plaintiff's request and granted Plaintiff five days to file "his tardy motion for class certification." [Dkt. #54 at 2.] Plaintiff had every opportunity to seek discovery on class issues pursuant to the Local Rules or to move for an extension of the deadline pursuant to M.D. Fla. L.R. 4.04(b) but did not do so. Plaintiff was not "denie[d]" the ability to conduct discovery by Magistrate Judge Baker – to the contrary, Plaintiff was afforded additional time beyond the limitations of the Local Rules "to marshal his arguments, draft his 'full briefing,' and make the necessary showing." [Dkt. #54 at 5.]

Discovery further is unwarranted because it cannot cure Plaintiff's failure to allege an ascertainable class. Plaintiff's reliance on *Butler-Jones v. Sterling Casino Lines, L.P.*, for his contention that a court "may order postponement of the class certification determination" to allow for discovery is misplaced. [Dkt. 55 at 5-6]; Case No. 08 Civ. 1186, 2008 WL 5274384 (M.D. Fla. Dec. 18, 2008). In *Butler-Jones*, District Judge Scriven denied the plaintiff's motion

---

[6] Magistrate Judge Baker also did not "misunderstand[]" Plaintiff's Motion or "misconstrue[] the relief sought[.]" [Dkt. #55 at 5.] The Report quotes the relief sought in Plaintiff's Motion verbatim in finding that "Plaintiff would like the Court to certify the class on the current showing, but, should the Court find this showing to be wanting, Plaintiff also wants leave to conduct discovery, file "a full" memorandum upon conclusion of that discovery, and have the Court consider the whole thing again." [Dkt. #54 at 4-5 (*quoting* [Dkt. #40 at 11]).]

for class certification and request for leave to conduct discovery because the proposed class definition was unascertainable, "inadequate and overly broad [where] the definition could potentially include individuals who were terminated for reasons not covered by the WARN Act" and have no standing to maintain a cause of action.  *Id.* at 5.  Under *Butler-Jones*, this Court should deny Plaintiff's request for discovery because discovery will not cure the deficiencies of Plaintiff's class definition.

> **D.     Plaintiff's New Request for Leave to Amend Its Alleged Class Definition is Improper and Futile.**

Plaintiff's new request for leave to amend the definition of the alleged class – made for the first time in Plaintiff's Objections – should be denied for at least the following three reasons. First, this Court should decline to consider Plaintiff's new request because Plaintiff failed to raise this argument before Magistrate Judge Baker.  *Medi-Weightloss Franchising USA, LLC v. Sadek*, Case No. 09 Civ. 2421, 2010 WL 1837764, at *3 (M.D. Fla. 2010) (stating that objectors "did not present the arguments included in their Objections to the Magistrate Judge; therefore, this Court is not required to consider these arguments now" and holding that "consideration of [the party's] new arguments set forth in their Objections would endorse an extraordinary waste of judicial resources") (*citing Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not presented to the magistrate judge")).[7]

_____

[7] Plaintiff further failed to properly request leave to amend in a separate motion and failed to set forth the specific substance of the proposed amendment, as required by the Eleventh Circuit. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (affirming denial of request for leave to amend where plaintiff "fail[ed] to properly request leave to amend" because "plaintiff did not file a motion for leave to amend … [t]he request for leave to amend was included in the memorandum she filed in opposition to the motion to dismiss" and plaintiff further "failed to attach the amendment or set forth the substance of the proposed amendment").  This Court should deny Plaintiff's request for this additional reason.

Second, Plaintiff's request impermissibly seeks another bite at the class certification apple. Magistrate Judge Baker aptly held that "[t]he Rule does not contemplate a second chance if the motion is denied." [Dkt. #54 at 5.] Plaintiff consciously chose to seek certification of a nationwide class and not to propose alternative subclasses. Plaintiff is not now entitled to relief from that tactical decision. *Washington v. Vogel*, 158 F.R.D. 689, 692 (M.D. Fla. 1994) (holding that "[g]iven that Plaintiffs' counsel are experienced litigators, their conduct in not seeking alternative certification must have been the product of a conscious tactical decision. The fact that Plaintiffs' counsel's tactical decisions did not work out as planned does not excuse the Plaintiffs' failure" to seek alternative certification and denying purported "renewed" motion for class certification).

Third, Plaintiff's request for leave to amend is futile. As detailed, *supra*, Plaintiff cannot cure the fundamental deficiencies in the class definition that preclude identification of an ascertainable class. These deficiencies will persist regardless of the geographic scope of any alleged class. Plaintiff's request for leave to amend the class definition should be denied. *Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (denying request for leave to amend class definition where, given the "insuperable problems of establishing typicality, predominance and superiority, and all the 23(b)(2) factors, which cannot be cured through modification of the class definition, it would have been, and continues to be, wasted effort to dwell on an amended class definition"); *Grimes v. Fairfield Resorts, Inc.*, 331 Fed. Appx. 630, 634 (11th Cir. 2007) (affirming denial of request for leave to amend class definition where "it is clear that neither subclassing nor redefining the class, as proposed by Appellants, would cure the actual and potential *fundamental* conflicts identified by the district court as fatal to the adequacy of representation requirement for class certification") (emphasis in original).

11

## II.     Magistrate Judge Baker Properly Dismissed Plaintiff's Complaint Because Florida Law, Not Maryland Law, Governs Plaintiff's Claims

Magistrate Judge Baker's ruling that Florida law governs each of Plaintiff's causes of

action and subsequent dismissal of Plaintiff's Complaint should be affirmed in its entirety.

### A.     Plaintiff Does Not Have Standing to Assert a Cause of Action Under Maryland Law Because Florida Law Governs Plaintiff's Claims.

#### 1.     Florida law governs Plaintiff's tort claims because Florida has the most significant relationship with Plaintiff's claims.

The undisputed facts establish that the State of Florida has the most significant

relationship to Plaintiff's tort counts and therefore that Florida law governs Count I and Count II

of the Complaint.  Florida courts apply the "most significant relationship" test under the

Restatement to determine the law to apply to a tort claim.  *Berry v. Budget Rent A Car Systems,*

*Inc.*, 497 F. Supp. 2d 1361, 1365 (S.D. Fla. 2007).  This test accounts for "the following

contacts: '(a) the place the injury occurred, (b) the place where the conduct causing the injury

occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of

the parties, and (d) the place where the relationship, if any, between the parties is centered.'"  *Id.*

(quoting Restatement (Second) of Conflict of Laws § 145 (1971) ("Restatement")).  The

following "specific choice of law principles for fraud and misrepresentation claims" under

Section 148 of the Restatement must also be weighed, including, *inter alia*, "(a) the place …

where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the

plaintiff received the representations, (c) the place where the defendant made the representations,

[and] (d) the domicile, residence, nationality, place of incorporation and place of business of the

parties[.]"  *Id.* (citing *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d

1110, 1118 (11th Cir. 1996)) (quoting Restatement § 148).  Magistrate Judge Baker correctly

applied these factors to the undisputed facts of this case in holding that Florida law applies to Count I and Count II of the Complaint.

Plaintiff is a citizen of Florida and alleges that "a substantial part of the events giving rise to the claims asserted herein occurred in this district." (Compl. ¶¶ 1, 5.) Plaintiff purchased *Oblivion* in Florida and, to the extent Plaintiff actually received and relied upon the alleged misrepresentations, his receipt and reliance occurred in Florida.[8] [Dkt. 54 at 13.] Under these facts, Magistrate Judge Baker held that "Florida has the most significant relationship to these counts" and dismissed Count I and Count II. *Id*. at 13-14. Plaintiff's Objections do not dispute that this holding is consistent with well-established case law in this District. *See, e.g., Berry* at 1365-66 (holding that Florida law governed consumer fraud count where plaintiffs "received[] the alleged misrepresentations" in Florida, plaintiffs "acted in reliance upon the alleged misrepresentations in Florida," and plaintiffs "are domiciled in those states"). Plaintiff's Objections further do not dispute Magistrate Judge Baker's dismissal of Count I and Count II for lack of standing. The Report's holding that Florida law applies to Count I and Count II and dismissal of those counts should be affirmed.

### 2. Plaintiff does not dispute that Florida law governs Plaintiff's breach of implied warranty and unjust enrichment counts.

Plaintiff does not object to Magistrate Judge Baker's ruling that Count III (breach of the implied warranty of merchantability under Md. Code § 2-314) and Count IV (restitution/unjust enrichment) of Plaintiff's Complaint are contract and quasi-contract claims governed by Florida

---

[8] Plaintiff does not dispute these facts, as detailed *infra*. Notwithstanding, Plaintiff's failure to properly allege these facts only further warrants the proper application of Florida law. *Brisson v. Ford Motor Co.*, 602 F. Supp. 2d 1227, 1231 (M.D. Fla. 2009) (applying Florida law despite plaintiff's failure to allege where goods were purchased because "[i]n a situation in which the facts alleged do not substantiate application of any particular foreign law, the forum generally applies the law of the state in which it sits").

law.  The Report's proper ruling and dismissal of Counts III and IV for failure to state a claim is unopposed and should be affirmed.  [Dkt. #54 at 14.]

**B.      Magistrate Judge Baker's Report is Wholly Consistent with the Court's November 28, 2011 Order.**

Plaintiff's first of his four Objections incorrectly claims that Magistrate Judge Baker's Report "seeks to undo this Court's Order on the Defendants' Joint [sic] Motion to Dismiss" and should be denied.  [Dkt. #55 at 4.]  Magistrate Judge Baker recognized that this Court's November 28, 2011 Order decided that "[t]he parties have previously briefed the issue of choice of law in the context of the Motion to Dismiss and the District Court postponed resolution of that issue, recognizing that 'the issues of class certification, class scope, and choice of law may well be intertwined'" and correctly determined that "[i]t is now appropriate to resolve that issue, in order to determine the merits of the instant motion."  [Dkt. # 54 at 10 (internal citation omitted).] Plaintiff's Objection is based on Plaintiff's argument that this Court's November 28, 2011 Order held that the choice of law issue must only be decided "on a more fully developed factual record."  [Dkt. #55 at 4.]  Plaintiff's argument misapprehends this Court's November 28, 2011 Order.  The November 28, 2011 Order held that the choice of law issue may be decided in conjunction with a ruling on the issues of "class certification [and] class scope."  [Dkt. #43 at 2.] Plaintiff further misrepresents this Court's November 28, 2011 Order by falsely claiming that the Court held that a ruling on Defendants' Motion to Dismiss should be reserved pending development of "a more fully developed factual record."

**C.      Magistrate Judge Baker Properly Determined the Choice of Law Issue Prior to Discovery.**

Plaintiff's fourth Objection incorrectly contends that Magistrate Judge Baker should have reserved ruling on the choice of law issue because "the Court cannot conduct a comprehensive choice of law analysis until the Parties engage in discovery relating to the numerous disputed or

unknown facts that will determine which state's law applies to this action."  [Dkt. #55 at 12.]

Plaintiff is wrong as a matter of law and fact.[9]  As a matter of law, the Court rightfully may – and

should – resolve the choice of law issues at the class certification stage.  *See, e.g., David v.*

*American Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1315 n. 2 (S.D. Fla. 2009) ("a choice-of-

law analysis for all potential class plaintiffs is generally conducted at the class certification

[stage]").

There further are no "disputed or unknown facts" that could impact this Court's choice of

law analysis as a matter of fact.  Plaintiff attempts to argue that the Report is flawed because it

"concludes that there is 'no evidence' relating to the location of the fraudulent conduct giving

rise to Plaintiff's Complaint[.]"  [Dkt. #55 at 13.]  Plaintiff's contention ignores Magistrate Judge

Baker's proper ruling that "[e]ven if Plaintiff's assumption that the alleged false statements

occurred in marketing materials prepared in Maryland [had been proved], this factor is not

determinative here."  [Dkt. #54 at 13 n. 5.]  The purported "unknown facts" would not impact the

choice of law ruling.

Plaintiff next claims – without support or legal citation – that the Report is in error

because Magistrate Judge Baker "'assumed' that significant events giving rise to Plaintiff's

claims occurred in Florida, thus mandating application of Florida law to all of Plaintiff's claims."

[Dkt. #55 at 13.]  But Plaintiff does not deny that these facts are true.  Plaintiff does not dispute

that he reviewed the marketing materials in Florida, purchased the game in Florida, and was

_____

[9] Plaintiff's claim that "Defendants did not challenge the sufficiency of Plaintiff's Complaint or
raise choice of law issues in connection with Plaintiff's Motion for Class Certification" and
characterization of Magistrate Judge Baker's ruling as *sua sponte* is false.  Defendants' Response
in Opposition to Plaintiff's Motion for Class Certification expressly incorporated by reference
the arguments and authorities of Defendants' Motion to Dismiss, and "respectfully submit[ted]
that the choice of law issue is ripe for resolution and should be decided at this stage."  [Dkt. #46
at 8 n. 1.]  Magistrate Judge Baker's Report was not entered *sua sponte*.

purportedly "injured" in Florida.  [Dkt. #54 at 13.]  Plaintiff's request for discovery only would confirm facts that are not in dispute.  *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d at 1364 (holding that "[n]o additional evidence is necessary to answer this choice of law question, so additional discovery will not be of assistance to the parties").

> **D.      Plaintiff's Request for Leave to Amend Should be Denied Because Amendment Would be Futile.**

Plaintiff's conclusory request for "leave to file a conforming amended complaint" – in which Plaintiff fails to identify even a single specific proposed "conforming" amendment – is futile and should be denied.  As detailed, *supra*, Plaintiff cannot properly allege an ascertainable class regardless of the substantive law under which Plaintiff seeks relief.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal") (internal quotation omitted).

**III.   Plaintiff's Claims Cannot Be Maintained As A Class Action And Fail To Meet The Requirements Of Rule 23**

It is not necessary to analyze Plaintiff's putative class pursuant to Fed.R.Civ.P.23(a) and 23(b) because Plaintiff has failed to allege an ascertainable class.  Should the Court be disposed to evaluate the merits of Plaintiff's Motion for Class Certification under Rule 23, however, Plaintiff's Complaint cannot be maintained as a class action for at least the following reasons.

> **A.      Plaintiff's Unjust Enrichment Count Cannot be Maintained as a Class Action as a Matter of Law.**

Magistrate Judge Baker properly found – and Plaintiff's Objections do not dispute – that "[t]o the extent Count IV of the Complaint may be interpreted as arising under the common law of Florida, it is inappropriate for class certification" under established Eleventh Circuit law because "common questions will rarely, if ever, predominate:"

> [B]efore it can grant relief on this equitable claim, a court must examine the particular circumstances of an individual case and assure itself that, without a remedy, inequity

16

would result or persist.  Due to the necessity of this inquiry into the individualized equities attendant to each class member, courts, including ours, have found unjust enrichment claims inappropriate for class action treatment.  In short, common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts.

[Dkt. 54 at 14 n. 7 (*quoting Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (quotation, citation omitted)).]  Certification should be denied as to Count IV as a matter of law.

> **B.** **Individualized Questions of Law and Fact Preclude a Finding of Predominance Under Rule 23(b)(3).**

Plaintiff cannot meet his burden to prove that claimed common issues of fact or law predominate over the substantial and fundamental individualized factual determinations that will be required to determine the merits of each purported individual class member's claims.  *See* Fed. R. Civ.P. 23(b)(3); *Vega*, 564 F.3d at 1270 (holding that "[w]here, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)").

> **1.** **Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's State Statutory Claims.**

Determination of Plaintiff's state statutory counts will require resolution of a litany of individualized issues of law and fact that preclude a finding of predominance.  *Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729, 737 (S.D. Fla. 2007) ("[T]he need for individualized determinations as to the existence of a deceptive act leads to the conclusion that common facts do not predominate as to Plaintiff's FDUTPA claim").  These issues include:

- First, each purported individual class member must prove he/she actually was exposed to and received any alleged misrepresentation.  *See O'Neill*, 243 F.R.D. at 481 ("Individual fact-finding would also be required to determine whether any particular class member received an alleged misrepresentation").

- Second, each purported individual class member must establish that he/she reasonably

relied on allegedly deceptive representations from Defendants. *Phillip Morris USA, Inc. v. Hines*, 883 So.2d 292, 294 (Fla. 4th DCA 2004) (denying certification because the reason "why the 'light cigarettes' were chosen by the particular smoker" was required).

- Third, each purported individual class member must establish that he/she had no knowledge of the alleged Animation Defect when purchasing the *Oblivion* video game. *Kia Motors Am. Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008) (denying class certification of FDUTPA claims because each individual plaintiff was required to prove that he or she did not have knowledge of the alleged brake defect when purchasing the vehicle).

- Fourth, each purported individual class member must establish that the alleged Animation Defect actually manifested in his/her *Oblivion* video game, as detailed *supra*.

- Fifth, each purported individual class member must prove that the alleged misrepresentations caused him/her actual injury or loss. *O'Neill,* 243 F.R.D. at 480 (the FDUTPA's causation requirement is not amenable to class action lawsuits because such claims "result in a series of mini-trials for each putative class member on the issue of causation, which strongly militates against a finding of predominance").

These fundamental elements of each Plaintiff's state statutory claims will require individualized issues of proof that preclude a finding of predominance.

## 2. Individualized Questions of Fact And Law Defeat Predominance With Respect to Plaintiff's Breach of Warranty Count.

Determination of Plaintiff's breach of the implied warranty of merchantability count also will require resolution of individualized issues of law and fact that preclude a finding of predominance, including:

- First, each purported individual class member must prove that he/she relied on allegedly deceptive misrepresentations from Defendants when purchasing *Oblivion*. *Cohen*, 259 F.R.D. at 624 (denying class certification because "reliance is a necessary element of a breach of implied warranty claim, and that, in turn, each putative class member in this case would therefore have to show reliance on an individualized basis").

- Second, each purported individual class member must prove that the alleged Animation Defect actually manifested in his/her respective *Oblivion* video game. *In re Air Bag Prods. Liab. Litig.,* 7 F. Supp. 2d 792, 805-06 (E.D. La. 1998) ("allegation of manifest injury or defect" is a "central tenet[] of a breach of implied warranty count").

- Third, each purported individual class member must prove that he/she was in privity with Defendants. *Mardegan v. Mylan, Inc.*, No. 10 Civ. 14285, 2011 WL 3583743, at *6

(S.D. Fla. Aug. 12, 2011) ("a plaintiff may not recover on a breach of implied warranty claim absent privity of contract").

Resolution of at least each of these issues on an individualized basis precludes a finding of predominance as to Plaintiff's breach of implied warranty of merchantability count.

### C.    Plaintiff Cannot Satisfy the Requirements of Fed.R.Civ.P. 23(a).

Class certification must be denied because Plaintiff further failed to establish the threshold requirements of Rule 23(a).

### 1.    Plaintiff Has Failed to Establish That The Numerosity Requirement Is Met.

Plaintiff asks this Court to assume that the numerosity requirement is met based solely on his speculation regarding Defendants' sales of *Oblivion* – but for the reasons set forth, *supra*, each and every purchaser of *Oblivion* is not an appropriate class member.  Plaintiff accordingly has not proved "with factual support that the numerosity requirement will be satisfied." *Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 669 (S.D. Fla. 2009); *Vega*, 564 F.3d at 1267 (noting that while "it might be tempting to assume [numerosity] . . . a plaintiff still bears the burden of establishing every element of Rule 23"); *Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 454 (M.D. Fla. 2001) ("mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)").

### 2.    Plaintiff Has Not Proved The Existence of Common Issues of Law and Fact Among Putative Class Members.

Fed.R.Civ.P. 23(a)(2) requires Plaintiff to prove "questions of law or fact common to the class."  As detailed, *supra*, resolution of each of Plaintiff's alleged causes of action necessarily requires a determination of a host of individualized issues of law and fact.  Plaintiff has not and cannot meet his burden of proof as to commonality.  *See Kirts*, 2010 WL 3184382, at *9 (where the only listed common issues of law and fact are "the amount of the Plaintiffs' damages and the

19

causes of action for which Defendant can be liable . . . [t]he question of whether Defendant's misconduct is legally actionable is a common question only 'at a very high level of abstraction'" and insufficient under Rule 23(a)(2)).

### 3.  Plaintiff Has Failed to Prove That His Alleged Experiences are Typical of Putative Class Members.

"[T]ypicality refers to the individual characteristics of the named plaintiff in relation to the class." *Vega*, 564 F.3d at 1275 (internal quotations omitted).  The individualized proof required to establish the *prima facie* elements of Plaintiff's causes of action preclude a finding that Plaintiff's unique personal experience are typical of the experiences of other purported individual class members (who have not been and cannot be ascertained).

### 4.  Plaintiff Cannot Establish That He Can Adequately Represent the Interests of the Putative Nationwide Class.

Plaintiff cannot satisfy the Rule 23(a)(4) adequacy requirement for at least the following two reasons.  First, Plaintiff lacks standing to bring his breach of implied warranty claim because he is not in privity with Defendants.  *Lebel v. Rampage Sport Fishing Yachts,* Case No. 06 Civ. 61890, 2007 WL 1724942, at *3 (S.D. Fla. June 14, 2007) ("a cause of action for breach of implied warranty of merchantability or fitness for a particular purpose cannot exist in the absence of privity").  Second, Plaintiff cannot represent a class of nationwide purchasers because he only has standing to assert claims under Florida law.  *Murray v. U.S. Bank Trust Nat'l Ass'n,* 365 F.3d 1284, 1289 (11th Cir. 2004) ("a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent").

## CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Objections to the Magistrate Judge's January 30, 2012 Report and Recommendation and affirm Magistrate Judge Baker's Report and Recommendation in its entirety.

Dated: February 27, 2012               Respectfully submitted,

s/ John T. Williams_____
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.
and Bethesda Softworks LLC***

21

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition to Plaintiff's Objections to the Magistrate Judge's January 30, 2012 Report and Recommendation was served upon all counsel of record by electronic mail through the ECF System on February 27, 2012.

s/ John T. Williams
HINKHOUSE WILLIAMS WALSH LLP
John T. Williams (admitted *pro hac vice*)
Jason H. Nash (admitted *pro hac vice*)
180 N. Stetson Avenue, Suite 3400
Chicago, Illinois  60601
Telephone: (312) 784-5400
Facsimile: (312) 784-5499
jwilliams@hww-law.com
jnash@hww-law.com

William F. Jung
FBN: 380040
JUNG & SISCO, P.A.
101 E. Kennedy Blvd., Ste. 3920
Tampa, FL 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
wjung@jungandsisco.com

***Attorneys For Defendants ZeniMax Media Inc.***
***and Bethesda Softworks LLC***

ND: 4832-7025-2558, v.  1

22