IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALEWSKI, individually and on behalf
of all others similarly situated,

    *Plaintiff*,                                Case No. 6:11-cv-01178-JA-DAB

v.

ZENIMAX MEDIA, INC., a Delaware Corporation,
and BETHESDA SOFTWORKS, LLC, a Delaware
Limited Liability Company,

    *Defendants*,
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
REPLY MEMORANDUM IN SUPPPORT OF OBJECTIONS TO
MAGISTRATE JUDGE BAKER'S JANUARY 30, 2012 REPORT**

Plaintiff Lawrence Walewski, though his undersigned counsel and pursuant to Middle District of Florida Local Rule 3.01(c), hereby moves this Court for leave to file a reply, not to exceed five (5) pages, to Defendants' Response in Opposition to Plaintiff's Objections to Magistrate Judge Baker's Report and Recommendation Dated January 30, 2012. In support of the instant motion, Plaintiff states as follows:

1. Plaintiff filed his Motion for Class Certification on November 16, 2011. On January 30, 2012, Magistrate Judge Baker issued a Report and Recommendation (the "Report"), which recommended that the Court deny class certification based solely on Plaintiff's proposed class definition and further recommended that the Court dismiss Plaintiff's complaint based solely on choice of law issues. Plaintiff filed timely Objections to the Report on February 14, 2012.

2. On February 27, 2012, Defendants filed an opposition to Plaintiff's Objections. In addition to inaccurately claiming that Plaintiff's Objections were untimely, Defendants raise numerous

issues beyond the scope of the Report and Plaintiff's Objections and argue, in conclusory fashion, that any amendment to Plaintiff's Complaint would be futile.

3. Defendants' Opposition misrepresents or assumes relevant facts, misapplies governing law, and distorts Plaintiff's valid Objections to the Report. Accordingly, a reply brief is necessary to allow Plaintiff to address numerous issued raised—many of them in the first instance—in Defendants' opposition. *See Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. Jul. 13, 2011) ("The purpose of a reply brief is to rebut any new law or facts contained in the oppositions [sic] response to a request for relief before the Court.")

4. In particular, Defendants misapply governing law and uncontroverted facts, as well as introduce new and inapposite facts and law, in at least the following ways:

    a. Defendants improperly contend that Plaintiff's Objections were "untimely" pursuant to M.D. Fla. L.R. 6.02. In reality, because Plaintiff was served with the Report by electronic means on January 31, 2012, Fed. R. Civ. P. 6(d) extends Local Rule 6.02's fourteen-day deadline by an additional three days, up to and including February 16, 2012. *See Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, 2008 WL 2943367 (M.D. Fla. Jul. 29, 2008) (in calculating a party's response deadline to Magistrate Judge's report and recommendation, "Rule 6(d) provides three additional days when service is made by electronic means, as it is here") (citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001). Accordingly, Plaintiff's Objections—which were filed on February 14, 2012, two days in advance of the deadline—were timely.

    b. Defendants go well beyond the scope of Plaintiff's Objections—which address only the Report's narrow findings regarding Plaintiff's proposed class definition and choice of law issues—by presenting arguments relating to (among other things) the legal sufficiency of Plaintiff's

allegations, each Rule 23 certification requirement, discovery issues, and Plaintiff's right to amend the complaint and proposed class definition.

        c.        Defendants improperly argue that any amendment to Plaintiff's complaint would be "futile," despite this Court's prior ruling that Plaintiff's substantive allegations are sufficient to state a claim under federal pleading standards. Indeed, the Report explicitly refused to "suggest[] that a class action can never be maintained on the alleged facts," and further premised its dismissal recommendation solely on choice of law grounds. As a result, the Report recognizes that the deficiencies identified therein can be readily addressed by amendment, and Defendants' argument to the contrary is without merit.

        d.        Defendants misapply governing law in suggesting that the purported lack of privity between Plaintiff and Defendants defeats class certification of each of Plaintiff's claims as a matter of law. Notably, Defendants do not (and cannot) provide any authority to suggest that Plaintiff's statutory and common law unjust enrichment claims require contractual privity as a prerequisite to certification.

        e.        Defendants continue to misrepresent the proposed class of consumers that Plaintiff seeks to represent—which consists simply of all consumers who purchased *Oblivion*—and argues that class membership is dependent on numerous factors not contemplated by Plaintiff's proposed class definition.

        WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests leave to file a reply brief of no more than five (5) pages in support of his Objections to the January 30, 2012 Report.

Dated:  March 12, 2012                              Respectfully submitted,

                                                      /s/ Bradley Baglien
                                                      One of Mr. Walewski's Attorneys

**LOCAL RULE 3.01(g) CERTIFICATION OF COUNSEL**

On March 2, 2012, counsel for Defendants indicated that Defendants do not consent to Plaintiff's request for leave to file a reply brief in support of Plaintiff's Objections To Magistrate Judge Baker's January 30, 2012 Report.

Dated: March 12, 2011

/s/ Bradley Baglien
EDELSON MCGUIRE LLC
350 North LaSalle St.
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorney for Plaintiff Lawrence Walewski*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on March 12, 2012, he caused the foregoing ***Plaintiff's Motion for Leave to File Reply Memorandum in Support of Objections to Magistrate Judge Baker's January 30, 2012 Report*** to be electronically filed using the Court's CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated: March 12, 2012                                          /s/ Bradley Baglien
                                                                                      EDELSON MCGUIRE LLC
                                                                                      350 North LaSalle St.
                                                                                      Chicago, IL 60654
                                                                                      Telephone: (312) 589-6370
                                                                                      Facsimile: (312) 589-6378

                                                                                      *Attorney for Plaintiff Lawrence Walewski*